IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES SPRINGER,

       Plaintiff,

v.

                                      Civil Action No. 1:23-cv-00499-MIS-JMR

SEVENTH JUDICIAL DISTRICT COURT,
MERCEDES MURPHY,
SHANNON MURDOCK-POFF, JASON JONES,
and SUSAN ROSSIGNOL,

       Defendants.

## REPLY IN SUPPORT OF THE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

### INTRODUCTION

    In what can only be described as a concerning lack of candor for a Defendant from the state judicial branch, the Defendants here elect to engage in mischaracterization and utter arrogance which appears to be based in the erroneous belief that they are a superior branch of government rather than a co-equal branch of our tripartite system. Specifically, Defendants argue on one hand, to say that the reason that plaintiff has been barred from public courthouses and intentionally excluded from public hearings is because he engaged in the First Amendment protected activities of speech and petitioning to argue with court staff but then on the other hand the Defendants claim that Plaintiff was excluded because his exercise of speech as a member of the press caused (by some unnamed and unknown persons not under the control of Plaintiff) to harass and threaten court staff. But, there is no explanation of how they were harassed and threatened, or why that is Plaintiff's responsibility such that it warrants stripping him of his constitutional rights with no pre or post deprivation due process. Nor is there any explanation for how such actions survive strict scrutiny by being narrowly tailored to meet a compelling government interest that would satisfy

1

substantive due process concerns.

Moreover, no explanation is offered as to why the defendant felt it was appropriate to threaten and to seek criminal prosecution in retaliation for Plaintiff's protected speech and petitioning though they admit to doing just that in their Response, offering mildly obstreperous conversations of Plaintiff with court staff as evidence of some sort of disruption. In essence, Defendants asked this court to ignore the clear protections afforded to Plaintiff by the federal and state Constitutions because his reporting exposed them to public criticisms and they are above criticisms, not to mention the Constitutions and the laws, because they are the judiciary.

## ARGUMENT

It is hard to fathom, much less respond to such unmoored and unsupported unconstitutional actions by the members and parts of the state judiciary. From a factual standpoint, Defendants argue that their limitations are content neutral, and then site to conversations that are argumentative of the court's policies, such dichotomy in their argument should strike this Court as extremely unpersuasive. They also argue that the requirements for an injunction are not met by relying on the overruled case of *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1100–01 (10th Cir. 1991).[1] Next, Defendants argue without authority, that Plaintiff is not a member of the press and that their wholly incorrect mischaracterization of spoliation that did not occur excuses their egregiously unconstitutional actions. Finally, Defendants argue that because Plaintiff argued in defiance of their unconstitutional administrative orders and attended the Court house to further argue in defiance of the same that they are justified in stripping away rights to speech, petitioning and press which is directly contrary to the Supreme Courts holding in *Shuttlesworth v. City of Birmingham,*

---

[1] Overruling recognized *Trial Lawyers Coll. v. Gerry Spence Trial Lawyers Coll. at Thunderhead Ranch*, 23 F.4th 1262, 1270 (10th Cir. 2022)

394 U.S. 147, 151, 89 S.Ct. 935, 22 L.Ed.2d 162 (1969) (finding that where a licensing scheme is facially invalid for lack of procedural safeguards or unbridled discretion, "a person faced with such an unconstitutional licensing law may ignore it and engage with impunity in the exercise of the right of free expression for which the law purports to require a license").

**I.     As Explained in the Motion, Plaintiff Meets the Requirements for a Preliminary Injunction**

    **A. Plaintiff Has Clearly Articulated Loss of First Amendment and Due Process Liberty as Irreparable Injury**

Plaintiff has clearly demonstrated that he is seeking to remove the prohibitions and limitations that are abridging his freedom of speech, of the press and to petition his government for redress of grievances by excluding him from public spaces and public hearings, including those held virtually, which Plaintiff has properly alleged has occurred and continues to occur clearly representing the irreparable injury of the abridgement of those freedoms contrary to the plain language of the Constitutions.

    **B. Defendants Argument Regarding Prejudice to Them is Farcical**

Defendants, amazingly, argue with a straight face that the two conversations that they have transcribed and included for the Court in their Response, which at best constitute minor disruptions, are reflective of a citizen mildly arguing with court staff to petition for a redress of grievances as highly prejudicial because court operations were inexplicably impeded. But such, a statement does not even begin pass the smell test. Courts regularly enforce rules and orders by means of contempt. Here, Plaintiff did not engage in anything resembling contempt of Court in the presence of a judge or in a courtroom. Nor, outside of minor argument with a hearing officer regarding masking policy can it be legitimately argued that Plaintiff disrupted Court proceedings. In fact, if the Defendants were honest with this Court, they should disclose that the reason they

retaliated against Plaintiff as explained in Defendant Jones's letters is because "court staff are being harassed *on your behalf* and has impacted court resources." *See* Exhibit 2, ECF Doc. No. 1-2 (emphasis added).  What this translates to is - *your reporting earned us the ire of your subscribers who exercised their own rights to speech and petition to complain and we don't like it so we are excluding you from further reporting in the future.* The judiciary is not immune from criticism by the public and they cannot claim prejudice as a means to exclude unfavorable press.

**C. Stopping Part of the State's Judiciary from Violating the Constitutional Rights of a Citizen Through Unappealable Administrative Orders is Not Adverse to the Public's Interest**

As explained in the Motion, the Tenth Circuit recognizes that "it is always in the public interest to prevent the violation of a party's constitutional rights." *Verlo v. Martinez*, 820 F.3d 1113, 1127 (10th Cir. 2016); *citing Pacific Frontier v. Pleasant Grove City*, 414 F.3d 1221, 1237 (10th Cir. 2005); *see also Utah Licensed Bev*., 256 F.3d at 1076; *Elam Constr., Inc. v. Regional Transp. Dist*., 129 F.3d 1343, 1347 (10th Cir.1997). It is in the public interest to not allow government to ban members of the press from public courthouses and hearings or to deny them the ability to make records request simply because they do not like the content of the speech or press of an individual reporter.  Quite frankly, despite the arrogant protestation of the Defendants, the fact that they represent part of the state judiciary does not alter that analysis.

**D. Defendants Utterly Fail to Rebut the Likelihood that Plaintiff will Prevail on the Merits**

"This cornerstone of First Amendment protections has been reaffirmed time and again by the Supreme Court,[] this Court,[] Texas courts [] of appeals,[] legal treatises,[] and even popular culture." *Kinney v. Barnes*, 443 S.W.3d 87, 90–91 (Tex. 2014); *citing* The Big Lebowski (PolyGram Filmed Entertainment & Working Title Films 1998) ("**For your information, the Supreme Court has roundly rejected prior restraint**.")(emphasis added).  Instead of addressing

4

how they have not violated Plaintiff's rights to speech, press and petitioning, not to mention substantive and procedural due process, by engaging in clear prior restraint, to explain why Plaintiff is unlikely to succeed on the merits, Defendants engage in an argument of non sequiturs about how Plaintiff has not shown the level of deference they believe they are entitled to for following court rules as well as unconstitutional administrative orders.  The presumption this Court should find is that Plaintiff is likely to succeed on the merits because "[a]ny system of prior restraints of expression comes to this Court bearing a heavy presumption against its constitutional validity." *Bantam Books, Inc. v. Sullivan,* 372 U.S. 58, 70, 83 S.Ct. 631, 9 L.Ed.2d 584 (1963).

Judge Browning has provided a clear analysis of the law regarding prior restraint stating:

> In the abstract, prior restraints are contrasted against restrictions that provide for subsequent punishment. Dean Erwin Chemerinsky provides the following guidance in his hornbook:
>> It is too broad to say that a prior restraint is a government action that prevents speech from occurring. All laws outlawing speech would constitute prior restraints by this definition. Nor is the traditional distinction between censorship before speech and after the fact punishments sufficient. All punishment for speech—whether under prior restraints or other laws- occurs after the expression takes place. All government actions regulating speech-whether prior restraints or not—exist before the speech occurs.
>> The clearest definition of prior restraint is as an administrative system or a judicial order that prevents speech from occurring....
>
> Erwin Chemerinsky, *Constitutional Law: Principles and Policies* § 11.2.3.1, at 949–50 (3d ed.2006).
> The best way to determine whether a given speech restriction is a prior restraint is to consider the reasons for the heightened skepticism towards prior restraints in the first place and determine whether the speech restriction in question implicates those reasons. It is not immediately obvious why prior restraints are disfavored.
> …
> Prior restraints, thus, have the effect of absolutely suppressing speech, with no opportunity for after-the-fact vindication by the speaker, at least until they are challenged and overturned. If the prior restraint is never challenged—for example, if the restrained individual lacks the resources to fight the government in court— then it acts to permanently prevent the restricted speech from entering the marketplace of ideas.
> Courts have been most likely to find that a speech restriction is a prior restraint when the collateral bar rule would apply to a violation of the restriction. "In practice, most prior restraints involve either an administrative rule requiring some

form of license or permit before one may engage in expression, or a judicial order directing an individual not to engage in expression, on pain of contempt." Rodney Smolla, *Smolla and Nimmer on Freedom of Speech* § 15:1 (2014).

*Griffin v. Bryant*, 30 F. Supp. 3d 1139, 1149,1152 (D.N.M. 2014)

It is clear that Defendants make no effort in hiding from the fact that they have engaged in prior restraint and First Amendment retaliation because Plaintiff had the audacity to argue with them and his reporting of their misfeasance and malfeasance exposed them to the public's ire. Moreover, they again argue without authority that Plaintiff is unlikely to succeed on his claims for abridgement of his rights to press as well as more importantly to procedural and substantive due process because they disliked his behavior or for minor violations of Court rules on a singular basis. Tellingly, Defendants dishonestly offer to this Court that the criminal contempt proceeding that was initiated in retaliation as a vindictive prosecution *remains pending* in the Thirteenth Judicial District Court, *see* Response at 5, **it does not** because the special prosecutor has determined that there is not enough information to support going forward with a charge of contempt. *See* Exhibit 1 attached hereto. Thus, Defendants cannot actually sustain that their actions to deny First Amendment freedoms and owing due process are justified by actual contemptuous actions by Mr. Springer and, therefore, Plaintiff is likely to succeed on the merits of his constitutional claims.

This clearly unconstitutional conduct by Defendants is likely why they have waived any legitimate argument supported by law that the Plaintiff is not likely to succeed on the merits in their response.

**II.    Defendants' Ad Hominem Characterizations of Plaintiff, and Discussions of Reasonableness, Lack of Rights of the Press to Special Treatment and the Role of Traditional Forum are Irrelevant to the Motion**

Quite obviously, reasonable restrictions can still be unconstitutional. Plaintiff only once

carried a camera or recording device into a Courtroom when he was ignorant of the rules. The next time he tried as a member of the press to observe and record an open court proceeding as a member of the press by appropriately giving notice to the presiding judge, that judge, Defendant Murdock-Poff issued an order prohibiting him from attending the hearing in any capacity. *See* Exhibit 5, ECF Doc. No. 1-5. The disruptive conduct that Defendants' now assert, different than their previously stated reasons, *see* Exhibit 2, ECF Doc. No. 1-2, are two conversations provided to the Court which can at best be described as cheeky, with no explanation or evidence for how they disrupted Court proceedings other than by causing annoyance of Court staff that somebody was not as polite with them as they might like.

Likewise, Defendants engage in mischaracterizing Plaintiff as not a member of the press. Luckily, we do not let the government decide who is press and who is not because that would of course abridge that right, but just to place the question beyond dispute, Plaintiff respectfully offers that he has over 440,000 subscribers to his YouTube channel which is approximately the same number of subscribers as the YouTube channels of KOAT, KRQE and KOB combined. More importantly, Plaintiff is not requesting special accommodations as a member of the press he is just asking for equal unabridged access to the public areas of the courthouses to be allowed to attend (and video with appropriate notice) public hearings.

Finally, Defendants dishonestly offered with no evidence that Plaintiff has engaged in spoliation. To begin with, the Defendant's mischaracterize the plain statement that Plaintiff made that as a prior practice that he deletes information that he receives from confidential informants. That has been his long-standing practice as a member of the press to protect his sources from government intrusion. It does not constitute spoliation, because information received by a member of the press from a confidential source is not discoverable by the government. *See Baker v. F &*

7

*F Inv.*, 470 F.2d 778, 782 (2d Cir. 1972).[2] Moreover, Plaintiff is clearly reiterating that he has been advised by counsel that he needs to preserve information going forward, even if it is protected by First Amendment privilege, even though he had not previously done so. This is a red herring, that even if true, is unsupported by any authority that determines that in a civil rights context that the government is excused from violations of rights or that injunction is improper if confidential source information was deleted *prior* to a preservation letter. The sheer audacity of the Defendants to claim that it needs Plaintiff's private information to justify their abridgement of his constitutionally protected rights after the abridgement has occurred is startling and beyond disappointing to have such a claim advanced by the government, much less part of the judicial branch, in America.

## CONCLUSION

It is worth noting Defendant's Response is not a pleading that comports with the requirements of Rule 12, meaning that they remain in default. Moreover, despite grace of this Court to *sua sponte* allow for additional unrequested time to respond to the Motion for TRO and PI following the Complaint, Defendants have failed to, in any reasonable or legitimate fashion, to explain to this Court, supported by authority, why the injunction requested by Plaintiff should not issue. For these reasons, the Plaintiff respectfully requests that the Court hold the Defendants to the same laws that the other branches of government must follow and enter a preliminary injunction for the pendency of this action without further delay.

---

[2] This argument, we believe, goes too far, for it would require disclosure of confidential sources in every case based upon federal question jurisdiction or, at least, in every case raising a claim under the civil rights acts. We can see no justification for either a blanket rule covering all federal question cases, or for a partial rule of disclosure for all civil rights actions.
*Baker v. F & F Inv.*, 470 F.2d 778, 783 (2d Cir. 1972)

Respectfully submitted,

WESTERN AGRICULTURE, RESOURCE
AND BUSINESS ADVOCATES, LLP

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.
Jared R. Vander Dussen, Esq.
400 Gold Ave SW, Suite 1000
Albuquerque, NM 87102
(505) 750-3060
abdunn@ablairdunn-esq.com
warba.llp.jared@gmail.com


Zach Cook, LLC

*/s/ Zach Cook*
Zach Cook
1202 Sudderth # 425
Ruidoso, NM 88345
(575) 937-7644
zach@zachcook.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2023, I filed the foregoing via the CM/ECF causing all parties of record to be served electronically.

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.