IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES SPRINGER,

    Plaintiff,

v.

                                                   Case No. 1:23-cv-00499-MIS-JMR

SEVENTH JUDICIAL DISTRICT
COURT, MERCEDES MURPHY,
SHANNON MURDOCK-POFF,
JASON JONES, and SUSAN
ROSSIGNOL,

    Defendants.

## ORDER DENYING PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION

**THIS MATTER** is before the Court on Plaintiff James Springer's Emergency Request for a Temporary Restraining Order—which the Court construes as a Motion for a Preliminary Injunction—that is contained within the Complaint he filed on June 9, 2023. ECF No. 1 at 11-15. Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon Murdock-Poff, Jason Jones, and Susan Rossignol filed a Response on September 5, 2023, ECF No. 29, to which Plaintiff filed a Reply on September 19, 2023, ECF No. 33. The Court has reviewed the Parties' submissions and finds that a hearing will not materially assist in the resolution of this matter.[1]

---

[1] "[N]either Fed. R. Civ. P. 65(a) nor [Tenth Circuit] precedent require the district court to hold an evidentiary hearing or oral argument before deciding a motion for a preliminary injunction." Northglenn Gunther Toody's, LLC v. HQ8-10410-10450 Melody Lane LLC, 702 F. App'x 702, 705 (10th Cir. 2017). "Whether to hold a hearing is within the district court's discretion, and a hearing is not necessary if the motion can be ruled on without a hearing." Smith v. Crockett, Civil Action No. 20-cv-00841-WJM-NYW, 2022 WL 366914, at *1 n.2 (D. Colo. Jan. 20, 2022) (citing Carbajal v. Warner, 561 F. App'x 759, 764 (10th Cir. 2014)). Here, the Court finds that it can decide the issues without a hearing. See id. (citing Nellson v. Barnhart, Civil Case No. 20-cv-00756-PAB, 2020 WL 3000961, at *5 (D. Colo. June 4, 2020)).

Upon review of the Complaint, Motion, Response, Reply, the record, and the relevant law, the Court will **DENY** the Motion.

## I. Background

According to the Complaint, "Plaintiff is an independent investigative journalist who produces content intended to expose to the general public cases of government fraud, waste, and abuse." ECF No. 1 ¶ 8(2).[2] Plaintiff displays content on a YouTube channel he operates called "James Freeman," which has approximately 444,000 subscribers. Id. ¶¶ 11-12. "The content Plaintiff posts on his YouTube channel and on other social media platforms often receives tens of thousands of views and frequently sparks robust debate about matters of public interest related to constitutional rights, the workings of government and other related matters." Id. ¶ 13.

On January 27, 2023, Plaintiff visited the Seventh Judicial District Court in Torrance County, New Mexico. ECF No. 29 at 2 (citing James Freeman, Sheriff And Deputies Stand Up Against Bad New Mexico Judiciary – Gordon Bennett, YouTube (posted Feb. 20, 2023) (hereafter, "Bennett Video")).[3] On that date, the State of New Mexico still had a mask mandate in effect for its courtrooms due to the public health emergency caused by the COVID-19 pandemic.[4] Id. See also Administrative Order No. 21-8500-015, In the Matter of the Amendment of the New Mexico Judiciary Public Health Emergency Protocols for the Safe and Effective Administration of the New

---

[2]  The Complaint contains two paragraphs numbered "8." The Court's citation to paragraph 8(2) refers to the second paragraph 8, sequentially.

[3]  Available at https://www.youtube.com/watch?v=KZ-EhXuOZNM (last visited Sept. 20, 2023).

[4]  The New Mexico Supreme Court rescinded the courtroom mask mandate on March 31, 2023. See Admin. Order No. 23-8500-010, In the Matter of Rescinding Order No. 22-8500-037 and the New Mexico Judiciary's Emergency Court Protocols Nos. 1, 2, and 3 (N.M. Mar. 31, 2023), available at https://firstdistrictcourt.nmcourts.gov/wp-content/uploads/sites/4/2023/04/Order-No.-23-8500-010-In-the-Matter-of-Rescinding-Order-No.-22-8500-037-and-the-New-Mexico-Judiciarys-Emergency-Protocols-Nos.-12-and-3-3.31.23.pdf (last visited Sept. 20, 2023).

Mexico Judiciary During the COVID-19 Public Health Emergency (N.M. June 29, 2021).[5] Additionally, the Judicial Branch of New Mexico had rules governing conduct and security in New Mexico's courts, including: (1) "No photographic or audio-visual equipment of any type including cameras, video or audio recorders or players are allowed without prior court approval."; (2) "No person other than members of the judiciary, attorneys, peace officers, and Court staff shall be allowed to carry a cell phone into the courtroom.  All cell phones must be turned off before entering a courtroom."; and (3) "Disruptive behavior will not be tolerated. Security staff may remove offenders from the building and judges may hold violators in contempt of court."  Courtroom Conduct, Security, and Attire, New Mexico Courts, https://www.nmcourts.gov/ccsa/ (last visited Sept. 20, 2023).

Nevertheless, on January 27, 2023, Plaintiff, who was not wearing a mask, entered a courtroom to observe a domestic violence hearing before Hearing Officer Gordon Bennett, who asked Plaintiff to put a mask on.  ECF No. 29 at 2; see also Bennett Video at 2:54.  Plaintiff refused and began surreptitiously recording the interaction on his cellphone.  Bennett Video at 4:00. Hearing Officer Bennett then instructed Plaintiff to leave the courtroom, but Plaintiff ignored the instruction.  Id. at 5:08.  Hearing Officer Bennett then went off the record, left the courtroom, and requested assistance from law enforcement officers.  Id. at 5:20.  When Hearing Officer Bennett returned to the courtroom, the following exchange occurred:

Bennett:       What's your name?

Plaintiff:       I didn't give it, I'm sorry.
                Just trying to spectate a public hearing, nothing more, nothing less.

---

[5]       Available at https://www.nmcourts.gov/wp-content/uploads/2021/06/Order-No_-21-8500-015-and-Amended-PHE-Protocols-29-Jun-21.pdf (last visited Sept. 20, 2023).

| | | |
|---|---|---|
| Bennett: | | I can appreciate your wish to spectate and I can appreciate that this is a public hearing, but you're not going to violate the rules of the courtroom. |
| Plaintiff: | | Which rules are those? |
| Bennett: | | Put a mask on. |
| Plaintiff: | | Oh, you want me to put a mask on?  Tell you what, if you threaten me with arrest I'll just leave. |
| Bennett: | | I'm not threatening you with anything.  I'm telling you that if you do not abide by the rules of my courtroom, you will leave.  If you choose not to leave of your own accord, you will be escorted. |
| Plaintiff: | | Would I be arrested or charged with anything? |
| Bennett: | | Well, if you continue this, I may charge you with contempt. |
| Plaintiff: | | Okay, so there's a threat of arrest then if I don't do what you say right now. |
| Bennett: | | Would you happen to have your phone out now recording this? |
| Plaintiff: | | I mean, if there's a threat of arrest, I'll just leave. |
| Bennett: | | Are you recording this conversation? |
| Plaintiff: | | The Court is.  There's a camera there. |
| Bennett: | | You're right, the Court is.  By statute and rule, I am allowed, I am required to record.  Well, by statute . . . . |
| Plaintiff: | | Tell you what, son.  I'll just get a bigger team and we'll come back, sweetheart.  All right.  We'll be back. |

Id. at 6:49.[6]  On February 20, 2023, Plaintiff posted the video of this interaction on his YouTube channel.  See id.

---

[6]     The Torrance County Sheriff's Office later informed Plaintiff that it would not enforce the mask mandate in the courtroom or anywhere else.  Bennett Video at 0:01.

According to a Letter from Defendant Jason Jones, Court Executive Officer of the Seventh Judicial District Court ("Mr. Jones"), to Plaintiff, after Plaintiff posted this video court staff were harassed "on [Plaintiff's] behalf," impacting the court's resources. "Letter of March 1, 2023," ECF No. 1-2.

Thus, on February 28, 2023, the Chief Judge of the Seventh Judicial Circuit, Defendant Mercedes C. Murphy ("Chief Judge Murphy"), issued an Administrative Order "in the interest of the safety and security of Judges, Special Commissioners, Hearing Officers, and other Court personnel," barring Plaintiff from entering the Torrance County District Courthouse in Estancia, New Mexico, "unless appearing for a hearing or having specific Court business, in which cases [Plaintiff] shall be escorted and accompanied by the Torrance County Sheriff's Office, while in the building." "Administrative Order," ECF No. 1-1. The Administrative Order requires that upon entering the Torrance County District Courthouse, Plaintiff shall enter the Sheriff's Office and identify himself "as being an obstinate visitor . . . alerting law enforcement that he must be escorted and accompanied pursuant to this Order, effective March 1, 2023." Id.

On March 1, 2023, two officers with the New Mexico State Police delivered a copy of the Administrative Order to Plaintiff.[7] ECF No. 1 ¶ 15.

According to Defendants, Plaintiff thereafter "sought to harass court staff at the courthouses in the Seventh Judicial District." ECF No. 29 at 4. For example, a March 23, 2023, Letter from Mr. Jones to Plaintiff accuses Plaintiff of "enter[ing] the Moriarty Magistrate Court for non-court business and . . . being disruptive and threatening in the courthouse." "Letter of March 23, 2023," ECF No. 1-4. Consequently, Chief Judge Murphy issued an Amended

---

[7] The officers also delivered to Plaintiff a copy of the Letter of March 1, 2023. ECF No. 1 ¶ 19.

Administrative Order barring Plaintiff from entering other courthouses within the Seventh Judicial District, and specifically those in Torrance County, Catron County, Soccoro County, and Sierra County, "unless appearing for a hearing or having specific Court business, in which cases [Plaintiff] shall be escorted and accompanied by the law enforcement, while in any of the buildings." "Amended Administrative Order," ECF No. 1-3.

Sometime after Chief Judge Murphy issued the Administrative Order, Plaintiff visited the Clerk's Office at the Torrance County Courthouse—without a law enforcement escort—and recorded the interaction. See James Freeman, Court Clerk Tries to Force an Escort On Me, YouTube (posted May 28, 2023).[8] During that visit, the following exchanged occurred:

| | |
|---|---|
| Clerk: | Where's your escort? |
| Plaintiff: | Excuse me? |
| Clerk: | Where's your escort? |
| Plaintiff: | What do you mean? |
| Clerk: | You are only supposed to be here on official business with an escort. I said where is your escort because per the court order you are required to be escorted by law enforcement. |
| Plaintiff: | An escort? |
| Clerk: | Yes sir. |
| Plaintiff: | Yeah, I'm pretty sure prostitution is illegal in New Mexico.  I don't know if you're trying to solicit me right now.  I don't know if you're trying to solicit me, but I don't appreciate it.  Matter of fact I think I'll head to the Sheriff's Department right now and let them know you're trying to solicit me.  Is that what you're doing? |
| Clerk: | No. |
| Plaintiff: | Are you trying to be my escort? |

---

[8]  Available at https://www.youtube.com/shorts/HAh-9kQpq6A (last visited Sept. 20, 2023).

| | |
|---|---|
| Clerk: | I said where is your escort because per the court order you are required to be escorted by law enforcement. |
| Plaintiff: | So you're trying to be my escort. |
| Clerk: | No sir. |
| Plaintiff: | How long have you been in the escort business? |

Id.

The Complaint alleges that on May 18, 2023, Plaintiff attempted to attend a public hearing "as [a] member of the press to report on the case in a criminal matter before the Honorable Mercedes Murphy by way of a video conferencing platform." ECF No. 1 ¶ 25. "After dialing in to the public hearing via the video conferencing platform, Judge Murphy summarily ejected Plaintiff from the video conferencing platform and from the public hearing without providing Plaintiff notice and an opportunity to be heard on the matter of whether he could attend the public hearing." Id. ¶ 26.

On May 24, 2023, "Judge Shannon Murdock-Poff issued an order . . . excluding Plaintiff from a hearing in a civil matter . . . that Plaintiff planned to attend as a member of the press and the public." Id. ¶ 27 (citing Order Excluding Presence, Luna v. Cooke-Lovato, Case No. D-722-DV-2019-00050 (7th Jud. Dist. Ct. (Torrance Cnty.) May 24, 2023), ECF No. 1-5).

The Complaint alleges that on multiple dates, Defendant Susan Rossignol "has either refused service in the clerk's office or has required police presence to harass and intimidate Plaintiff when he entered the Estancia District Court house [sic] for the purpose of conducting court business associated to making records requests." Id. ¶ 28. On June 8, 2023, Ms. Rossignol had a Sheriff's Deputy remove Plaintiff from the courthouse. Id.

7

On June 9, 2023, Plaintiff filed the instant Complaint for Declaratory and Injunctive Relief, asserting the following causes of action:

- Count I alleges a claim under 42 U.S.C. § 1983 predicated on violations of the First Amendment rights to freedom of the press and speech (which Plaintiff characterizes as "Viewpoint Discrimination")[9],[10] id. ¶¶ 29-30(2);[11]

- Count II alleges a claim under 42 U.S.C. § 1983 predicated on substantive due process violations,[12] id. ¶¶ 31(2)-35;[13]

- Count III alleges a claim under 42 U.S.C. § 1983 predicated on procedural due process violations,[14] id. ¶¶ 36-41;

- Count IV alleges a violation of Article II, Sections 17, 18, and 23 of the New Mexico Constitution against Defendant Seventh Judicial District Court only, id. ¶¶ 42-45.

Plaintiff attached to his Complaint the Administrative Order, ECF No. 1-1, the Letter of March 1, 2023, ECF No. 1-2, the Amended Administrative Order, ECF No. 1-3, the Letter of March 23, 2023, ECF No. 1-4, and Judge Murdock-Poff's Order Excluding Presence, ECF No. 1-5. Plaintiff

---

[9] It is unclear from the Complaint, the Motion, and Reply what "viewpoint" Defendants are allegedly discriminating against.

[10] The Complaint does not specify which Defendants Count I is asserted against, but Chief Judge Murphy and Judge Murdock-Poff are the only Defendants named in Count I.

[11] The Complaint contains two paragraphs numbered "30." The Court's citation to paragraph 30(2) refers to the second paragraph 30, sequentially.

[12] The Complaint does not specify which Defendants Count II is asserted against, but alleges that "Defendants' actions constitute deprivations of those rights contrary to substantive due process." Id. ¶ 34. Thus, Count II appears to be asserted against all Defendants.

[13] The Complaint contains two paragraphs numbered "31." The Court's citation to paragraph 31(2) refers to the second paragraph 31, sequentially.

[14] The Complaint does not specify which Defendants Count III is asserted against, but Chief Judge Murphy, Judge Murdock-Poff, Mr. Jones, and Ms. Rossignol are the only Defendants named in Count III.

seeks a declaratory judgment, damages, a temporary restraining order, preliminary and permanent injunctive relief, attorneys' fees and costs. ECF No. 1 at 10-11.

Plaintiff incorporated into his Complaint a Request for a Temporary Restraining Order. Id. at 11-15. Defendants subsequently appeared in this case, ECF No. 26, and filed a Response to the Request, ECF No. 29.

Because all Defendants have appeared in this case and have responded to the Complaint's Request for a Temporary Restraining Order, the Court will construe that request as a Motion for a Preliminary Injunction (hereafter, "Motion"). See People's Tr. Fed. Credit Union v. Nat'l Credit Union Admin. Bd., 350 F. Supp. 3d 1129, 1138 (D.N.M. 2018) ("The primary differences between a TRO and a preliminary injunction are that a TRO may issue without notice to the opposing party and that TROs are limited in duration.").

**II.    Legal Standard**

"A preliminary injunction is an extraordinary remedy; it is the exception rather than the rule." GTE Corp. v. Williams, 731 F.2d 676, 678 (10th Cir. 1984). As such, it "may only be awarded upon a clear showing that the [movant] is entitled to such relief." Winter v. Nat. Resources Def. Council, Inc., 555 U.S. 7, 22 (2008). See also Planned Parenthood of Kan. v. Andersen, 882 F.3d 1205, 1223 (10th Cir. 2018) ("Preliminary injunctions are extraordinary remedies requiring that the movant's right to relief be clear and unequivocal.").

> To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.

Gen. Motors Corp. v. Urban Gorilla, LLC, 500 F.3d 1222, 1226 (10th Cir. 2007).[15]  A party seeking a preliminary injunction must demonstrate that "all four of the equitable factors weigh in its favor," Sierra Club, Inc. v. Bostick, 539 F. App'x 885, 888 (10th Cir. 2013), and a "plaintiff's failure to prove any one of the four preliminary injunction factors renders its request for injunctive relief unwarranted[,]" Vill. of Logan v. U.S. Dep't of Interior, 577 F. App'x 760, 766 (10th Cir. 2014).  See also Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC, 562 F.3d 1067, 1070 (10th Cir. 2009) ("To prevail on a motion for a preliminary injunction, the movant must establish that four equitable factors weigh in its favor . . . .").

### III. Discussion

Plaintiff argues that all four factors weigh in favor of an injunction.  ECF No. 1 at 12-15; ECF No. 33 at 3-6.  Defendants argue that none of the factors weigh in favor of an injunction.[16]  ECF No. 29 at 7-9.

Plaintiff initially argues that he is likely to succeed on the merits.  ECF No. 1 at 12-13.  However, this section of Plaintiff's Motion mentions only the substantive Due Process claim, ECF No. 1 at 12, cites the legal standard governing Equal Protection claims, id. at 12-13 (citing Save Palisade FruitLands v. Todd, 279 F.3d 1204, 1210 (10th Cir. 2002)), and summarily concludes—

---

[15]    Moreover, three types of preliminary injunctions are disfavored and require a movant to satisfy a heightened standard.  Colorado v. U.S. Env't Prot. Agency, 989 F.3d 874, 883 (10th Cir. 2021) (citing N.M. Dep't of Game & Fish v. U.S. Dep't of the Interior, 854 F.3d 1236, 1246 n.15 (10th Cir. 2017)).  "They are '(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits.'"  Id. at 883-84 (quoting N.M. Dep't of Game & Fish, 854 F.3d at 1246 n.15) (quoting Fish v. Kobach, 840 F.3d 710, 723-24 (10th Cir. 2016)).  "When seeking a disfavored injunction, the movant 'must make a strong showing' both on the likelihood of success on the merits and on the balance of the harms."  Id. (quoting O Centro Espirita Beneficente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 976 (10th Cir. 2004)).  Here, Defendants do not argue that Plaintiff is requesting a disfavored type of preliminary injunction to which the heightened standard applies.

[16]    Defendants further accuse Plaintiff of spoliation of evidence, ECF No. 29 at 6, 13-15, but do not move for relief.

without citing any supporting authority—that "Plaintiff's fundamental rights protected by the First Amendment are clearly abridged and he was afforded no notice or opportunity to address the abridgment of those liberties[,]" id. at 13.

The Court finds that Plaintiff failed to satisfy his burden of establishing a substantial likelihood of success on the merits of his claims. Plaintiff's Motion wholly failed to identify the elements of his causes of action, much less demonstrate a substantial likelihood that the facts of this case satisfy those elements. Nor did Plaintiff file an affidavit in support of his Motion and unverified Complaint. Although an affidavit is not strictly required, "[e]vidence that goes beyond the unverified allegations in the pleadings and motion papers must be presented to support or oppose a motion for a preliminary injunction." Willey v. Sweetwater Cnty. Sch. Dist. No. 1 Bd. of Trs., __ F. Supp. 3d __, 2023 4297186, at *5 (D. Wyo. 2023) (citations omitted). "To meet this requirement, the parties may rely on affidavits and hearsay materials that would not normally be admissible, but the mere unverified allegations in the Complaint are not sufficient." Id. (citations omitted). Although Plaintiff attached to his Complaint Chief Judge Murphy's Administrative Orders, Judge Murdock-Poff's Order Excluding Presence, and Mr. Jones's Letters, those materials do not establish, for example, that Chief Judge Murphy "summarily ejected Plaintiff from the video conferencing platform and from the public hearing without providing Plaintiff notice and an opportunity to be heard on the matter of whether he could attend the public hearing[,]" ECF No. 1 ¶ 26, or that Ms. Rossignol, on multiple dates, "has either refused service in the clerk's office or has required police presence to harass and intimidate Plaintiff when he entered the Estancia District Court house for the purpose of conducting court business associated to making records requests[,]" id. ¶ 28.

Furthermore, Plaintiff failed to cite any legal authority supporting his claims, which is grounds alone for denying the Motion. D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced."); Quarrie v. Wells, Civ. No. 17-350 MV/GBW, 2020 WL 2526629, at *4 (D.N.M. May 18, 2020) (denying motion for failure to cite any supporting authority in violation of Local Rule 7.3(a)); JL v. N.M. Dep't of Health, 165 F. Supp. 3d 1048, 1069 (D.N.M. Feb. 24, 2016) (same). And at least one court addressing similar facts has determined that restricting an individual's access to a courthouse due to disruptive behavior did not constitute a violation of the individual's First and Fourteenth Amendment rights. See Mead v. Gordon, 583 F. Supp. 2d 1231, 1238-43 (D. Or. 2008). See also Huminski v. Corsones, 396 F.3d 53, 86-87 (2d Cir. 2005) ("[C]ourt administrative, judicial, and other officials must at least have the ability to close the courtroom door to any person whom they reasonably think may pose a threat to person, property, or decorum. A potential spectator may be excluded from a courtroom on a simple issue of propriety: reasonably unacceptable dress, unruly behavior, efforts inappropriately to communicate views in the courtroom, possession of personal property banned from the court (e.g., cell phones, cameras, or recording devices), and the like.").

In his Reply brief, Plaintiff argues—for the first time—that Defendants' actions constitute a "prior restraint" on the freedom of speech,[17] and he is substantially likely to succeed on the merits of his claims because "'[a]ny system of prior restraints of expression comes to th[e] Court bearing a heavy presumption against its constitutional validity.'" ECF No. 33 at 5 (quoting Bantam Books, Inc. v. Sullivan, 372 U.S. 58, 70 (1963)). However, assuming arguendo that this argument is properly before the Court, see Reedy v. Werholtz, 660 F.3d 1270, 1274 (10th Cir. 2011) ("[A]

---

[17] Neither the Complaint nor the Motion characterize Defendants' actions as a "prior restraint" on speech.

party waives issues and arguments raised for the first time in a reply brief"), Plaintiff cites no authority supporting his argument that the Defendants' actions in this case constitute a prior restraint on speech or expression. Neither the Administrative Order, the Amended Administrative Order, the Order Excluding Presence, Chief Judge Murphy's alleged act of excluding Plaintiff from the video teleconference hearing, nor Ms. Rossignol's alleged act of refusing to serve Plaintiff in the Clerk's Office actually restrain Plaintiff's speech or expression. Rather, they restrain his access to court hearings and files. Plaintiff has cited no authority—binding or persuasive—holding that restricting an individual's access to court hearings and documents constitutes a prior restraint on speech or expression in violation of the First Amendment. See Gannett Co., Inc. v. DePasquale, 443 U.S. 368, 399 (1979) (Powell, J., concurring) (finding that an order excluding the press from a courtroom "differs substantially" from a "gag order" prohibiting the press from publishing information already in their possession, which is "a classic prior restraint"); Resnick v. Patton, 258 F. App'x 789, 792 (6th Cir. 2007) (finding that a judge's refusal to permit the press to access a case file while the case was pending did not constitute a prior restraint on speech) (citing Application of NBC, Inc., 828 F.2d 340, 343 (6th Cir. 1987) ("This is not a prior restraint case. NBC is not restrained by the district court's order from publishing or broadcasting documents or information in its possession. Rather, the case concerns the right of the public and representatives of 'the media' to have access to documents filed in a district court at the preliminary stages of a criminal prosecution.")); United States v. Cianfrani, 573 F.2d 835, 861 (3d Cir. 1978) (finding that limiting the media's access to a pretrial suppression hearing did not constitute a prior restraint on speech and did not violate the First Amendment).

For these reasons, Plaintiff has failed to carry his burden of establishing a substantial likelihood of success on the merits of his claims. See Van Dyke v. Retzlaff, Civil Action No. 4:18-

13

CV-247, 2020 WL 1693023, at *3 (E.D. Tex. Apr. 7, 2020) (finding that the plaintiff failed to show a substantial likelihood of success on the merits where he offered only conclusory allegations and cited no case law in support of his claims); White v. Alcon Film Fund, LLC, 955 F. Supp. 2d 1381, 1383 (N.D. Ga. 2013) (finding that the plaintiff's conclusory statement that he had shown a substantial likelihood of success on the merits, "bereft of any legal support, is plainly insufficient to carry [his] burden of showing a substantial likelihood of success on the merits of his claims").

Because Plaintiff failed to establish a substantial likelihood of success on the merits, the Court must deny his Motion. See Vill. of Logan, 577 F. App'x at 766 ("[A] plaintiff's failure to prove any one of the four preliminary injunction factors renders its request for injunctive relief unwarranted."); Sierra Club, 539 F. App'x at 888 ("A party seeking a preliminary injunction must prove that all four of the equitable factors weigh in its favor . . . .").

### IV.   Conclusion

Therefore, it is **HEREBY ORDERED** that Plaintiff's Request for a Temporary Restraining Order, which the Court construes as a Motion for a Preliminary Injunction, ECF No. 1 at 11-15, is **DENIED**.

*Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE