IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES SPRINGER,

        Plaintiff,

v.

        Civil Action No. 1:23-cv-00499-MIS-JMR

SEVENTH JUDICIAL DISTRICT COURT,
MERCEDES MURPHY,
SHANNON MURDOCK-POFF, JASON JONES,
and SUSAN ROSSIGNOL,

        Defendants.

## *EXPEDITED[1]* MOTION TO RECONSIDER

COMES NOW, Plaintiff, by and through undersigned counsel of record, and hereby reconsider its Memorandum Opinion and Order. ECF Doc. No. 34, and for his reasons states:

The Court has erroneously concluded as the basis for denying injunctive relief that Plaintiff did not provide an affidavit verifying his Complaint and Request for Temporary Restraining Order and Preliminary Injunction. Instead, it appears in its rush to afford unrequested deference to judicial defendants who have to date provide no explanation for their willful refusal to follow Judge Riggs's order for a response, much less timely provide an answer to the complaint overlooked the declaration of Mr. Springer found at ECF Doc. No. 25-2, which expressly verifies the complaint/motion and directly contradicts the unsupported, by any legitimate evidence, allegations of misconduct upon which this Court relied to deny Mr. Springer an injunction to preserve his fundamental liberties. Moreover, this Court, concerningly, overlooks that this was

---

[1] Given that the loss of Plaintiff's constitutional freedoms has been extended through the failures of the state judiciary Defendants to timely respond and this Court's *sua sponte* granting of unrequested extensions of time for a Response even after Plaintiff had filed the Notice of Completion of Briefing, ECF Doc. No. 25, that included the very verification that the Court complains is absent from the record, it is requested that the Court consider the Motion on an expedited basis so that the record may be perfected for the immediate appeal to the Tenth Circuit if necessary. Defendants are opposed to the motion.

1

again immediately incorporated and brought to the Court's attention in ECF Doc. No. 34, which states "Plaintiff incorporates the previous Notice, ECF Doc. No. 25, filed August 10, 2023 and all attached exhibits therein."

Plaintiff respectfully offers the level of deference that facially appears to be afforded by this Court towards the state judicial Defendants and therefore against Plaintiff rises to the level of an inquiry under Section 144[2] which grants to a litigant the power to request that a district court judge disqualify him or herself when that judge has demonstrated a personal bias or prejudice as against the subject litigant. *United States v. Ritter*, 540 F.2d 459, 461-62 (10th Cir.), *cert. denied* 429 U.S. 951 (1976). The statute sets forth a procedure for that inquiry to be determined, as by the assignment of the proceeding to another sitting judge to (a) determine if the allegations in the submitted affidavit (or declaration) are truthful, (b) whether the allegations therein are legally sufficient, and (c) do they rise to the level of such demonstrated bias and prejudice to merit re-assignment of the case to another sitting judge. See *Berger v. United States*, 255 U.S. 22, 34-36 (1921) (ruling under preceding statute, Judicial Code § 21).  Because Plaintiff and his counsel wish to afford the Court opportunity to correct what may very well be just a mistake or deference in extending deadlines with good reason, Plaintiff is, at this time, only requesting that Court reconsider its decision in light of the clear omission of the verification on the record by Mr. Springer, which at a bare minimum verifies that he received no pre-deprivation procural due

---

[2] 28 U.S.C. § 144(emphasis added) provides, as follows,
> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or **prejudice either against him *or in favor of any adverse party***, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

process before he was deprived of fundamental liberties and no post-deprivation due process after the fact. Moreover, the Court has assumed as true the Defendants statements that Mr. Springer was harassing or caused others to unlawfully harass Court staff with zero evidentiary basis.

## CONCLUSION

The Court should reconsider the denial of justice to Mr. Springer because the Court has misapprehended the record and afforded Defendants' a substantial degree of deference for their Response that the Court did not also afford Plaintiff's briefing.

Respectfully submitted,

WESTERN AGRICULTURE, RESOURCE
AND BUSINESS ADVOCATES, LLP

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.
Jared R. Vander Dussen, Esq.
400 Gold Ave SW, Suite 1000
Albuquerque, NM 87102
(505) 750-3060
abdunn@ablairdunn-esq.com
warba.llp.jared@gmail.com


Zach Cook, LLC

*/s/ Zach Cook*
Zach Cook
1202 Sudderth # 425
Ruidoso, NM 88345
(575) 937-7644
zach@zachcook.com

3

CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2023, I filed the foregoing via the CM/ECF causing all parties of record to be served electronically.

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.