**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**JAMES SPRINGER,**

       **Plaintiff,**

v.

                                               **Civil Action No. 1:23-cv-00499-MIS-JMR**

**SEVENTH JUDICIAL DISTRICT COURT,**
**MERCEDES MURPHY,**
**SHANNON MURDOCK-POFF, JASON JONES,**
**and SUSAN ROSSIGNOL,**

       **Defendants.**

### *EXPEDITED* MOTION FOR THE HON. MARGARET STRICKLAND, U.S. DISTRICT JUDGE, TO RECUSE HERSELF FROM ALL PROCEEDINGS GOING FORWARD AND RE-ASSIGN THE CASE TO CONSIDER THIS MOTION PURUSANT TO 28 U.S.C. § 144

COMES NOW Plaintiff hereby respectfully moves this Honorable Court by and through his undersigned counsel of record for an Order from this Court:

1. Recusing the Hon. Margaret Strickland from all proceedings going forward in this case, pursuant to 28 U.S.C. § 455(a);

2. Re-assigning this matter to another U.S. District Judge for the District of New Mexico, pursuant to 28 U.S.C. § 144, and

3. For such other and further relief as this Court shall deem just and proper.

### BACKGROUND

This motion is not undertaken lightly or without great care. One or two instances of deference or understanding for procedural process violations for unsophisticated litigants is entirely understandable, but several acts of leniency for the most sophisticated litigants invokes a duty of counsel to request that another district court judge conduct an evaluation of

1

whether the leniency shown to counterpart state judicial defendants by Judge Strickland may reasonably question her impartiality.  Multiple instances of service of the orders requiring a response and of the complaint and summonses is well documented in the records at ECF Doc. Nos. 3-6, 8, 12, 24 and 25, however, instead of responding to the request for injunctive relief within 14 days of either June 21, 2023 (1st Service via Email) or July 13, 2023 (2nd Service via Process Server), Defendants, despite acknowledging this matter on the Show Cause proceeding record, ECF Doc. No. 25-1, selected to intentionally ignore the requirement to do so under the J. Riggs's Order, ECF Doc. No. 2.  Because, inexplicably, no response was filed within the 14 days as required by the Court, Plaintiff, following the Magistrate's Order setting a status conference, endeavored to achieve the injunctive relief he was entitled to have received upon the Defendants' default, by filing a Notice of Completion of Briefing, ECF Doc. No. 25, which contained his Declaration verifying the factual allegations of the Complaint which included a motion for temporary restraining order and preliminary injunction.

     Following the submission of ECF Doc. No. 25 with its attachments to Judge Strickland's proposed text email address, on August 10, 2023, Plaintiff received an email on August 16, 2023, from Chambers acknowledging receipt and providing that the Court was reviewing the submission, including the attachments, which included Plaintiff's Declaration. *See* Exhibit 1 hereto. On August 15, 2023, a day prior to the Court's email that it was reviewing the submitted packet on the defaulted motion, counsel for Defendants entered their appearances. ECF Doc. 26.  Almost a week later with no request made to the Court that Plaintiff was party to, the Court, sua sponte, excused the default of the judicial Defendants of well over two weeks and provided them with an additional 15 days to file a response.

Following the submission of the response from Defendants and the Reply from Plaintiff, the Court, without any affidavit or declaration from Defendants, proceed to determine facts in favor of the Defendants, to ignore the submitted declaration that Court had acknowledged receiving and to reviewing, and to ignore the deficiencies in the briefing of Defendants which argued conclusory statements regarding the requirements for injunctive relief, including ignoring the tacit omission that, at the very minimum, Plaintiff's claims for violations of his procedural due process rights because he was awarded absolutely no pre or post deprivation due process were valid and undisputed. Thus, Plaintiff made an uncontroverted showing that he was substantially likely to succeed on the procedural due claims to say nothing of the other claims when viewed in light of the facts contained in the then verified Complaint. Yet, despite uncontroverted showings of rights being violated and irreparable harm to Plaintiff, Judge Strickland took the statements of justification for the deprivations, as true regarding Plaintiff's "harassment" without verification to deny the injunctive relief requested twice. (First by relying on a lack of factual verification which the Court stated it had reviewed, and then following a second time without any consideration for the impact that it should have made to for Plaintiff to have verified facts and Defendants to have controverted none.)

In further deference to the judicial Defendants, Judge Strickland also required that the Plaintiff, show cause why, despite great effort evidenced on the record, his Complaint should not be dismissed for lack of prosecution because the *Defendants remain in default, refusing to file an answer to the Complaint* or that Plaintiff must file a disfavored motion for default. This is in spite of the fact that it is clear that Defendants are the party that should be required to show cause why they have not provided an answer to the Complaint and why they should

suffer default judgement. It is not reasonable to place a burden on the Plaintiff to show why his case should not be dismissed after he has undertaken and proven that he is suffering an irreparable injury at the hands of the Defendants who have appeared before the Court, and have inexplicably refused to follow Court orders or the Rules of Procedure requiring a responsive pleading.

## ARGUMENT

### Recusal of the Court and Re-Assignment is Merited Under the Circumstances

A. Re-Assignment of this Case to Another Article III Judge is Merited Under Section 144

28 U.S.C. § 144 provides, as follows,

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such **judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding**.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

*Id.*(emphasis added) Attached hereto is the Declaration of James Springer, made pursuant to 28 U.S.C. § 1746, filed in support of this demand for re-assignment. See generally *Pfeil v. Rogers*, 757 F.2d 850 (7th Cir. 1985), *cert. denied* 475 U.S. 1107 (1986) ("so long as the documents comply with 28 U.S.C. § 1746 . . . a district court should not be unnecessarily hypertechnical and overly harsh on a party who unintentionally fails to make certain that all technical, non-substantive requirements of execution are satisfied." *Id*. at 859.); *Capital Cities/ABC, Inc. v. Ratcliff*, 953 F. Supp. 1228, 1233 (D. Kan. 1997), aff'd 141 F.3d 1450 (10th Cir.), *cert. denied* 525 U.S. 873 (1998); *Davis v. Frapolly*, 765 F. Supp. 1065, 1067 (N.D. Ill. 1991).

A motion under Section 144 grants to a litigant the power to request that a district court judge disqualify him or herself when that judge has demonstrated a personal bias or prejudice as against the subject litigant. *United States v. Ritter*, 540 F.2d 459, 461-62 (10th Cir.), *cert. denied* 429 U.S. 951 (1976). The statute sets forth a procedure for that inquiry to be determined, as by the assignment of the proceeding to another sitting judge to (a) determine if the allegations in the submitted affidavit (or declaration) are truthful, (b) whether the allegations therein are legally sufficient, and (c) do they rise to the level of such demonstrated bias and prejudice to merit re-assignment of the case to another sitting judge. See *Berger v. United States*, 255 U.S. 22, 34-36 (1921) (ruling under preceding statute, Judicial Code § 21).

The merits of any motion filed pursuant to Section 144 hinge upon the accompanying sworn statement of the movant, as certified by his or her attorney. The sworn statement must show actual factual evidence that, according to the movant, demonstrates bias and prejudice that will infect the validity of the process. *Knoll v. Socony Mobil Oil Co.*, 369 F.2d 425 (10th Cir. 1966), *cert. denied* 386 U.S. 977, *reh'g denied* 386 U.S. 1043 (1967) ("In order for the affidavit to be sufficient it must contain something more than conclusions. Facts showing the existence of personal bias and prejudice on the part of the judge are essential." *Id*. at 430. Footnote omitted.). As this Circuit has succinctly put it,

> Affidavits of disqualification must allege personal rather than judicial bias. ... They must contain more than mere conclusions. They must show facts indicating the existence of a judge's personal bias and prejudice. Motions alleging bias and prejudice on the part of a judge which establish simply that the affiant does not like a particular judge are not adequate to require disqualification.

*United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976). Citations omitted.

Here, Mr. Springer's Declaration, EX 1, establishes that the appearance of the record and decisions of the Court give the appearance that Judge Strickland either takes personal issue with

5

the way that Mr. Springer lawfully conducted himself while exercising his fundamental liberties to speech that is critical of his government, to petition for redress of grievances and of the press. Or Judge Strickland has a bias towards the state judiciary supports that they enjoy a right to silence an individual who is not as polite or compliant as they want.  Mr. Springer's prior affidavit establish that he was never unruly, though he disagreed with the Court's rule about wearing a mask (and exercised his right to speech on that public policy) he eventually left, he did, though he was unaware at the time having recently come to New Mexico, take a video camera into the hearing room (the next time he tried to by following the proper procedures for the press he was denied entry by order of Defendant Murdock-Poff), and he did in a humorous fashion engage in speech with a clerk to express his displeasure at the actions of his government to harass him as member of the press, requiring that he be escorted by law enforcement though he had made no threats nor behaved in an unruly fashion.  The facts establish that at the time the Court proceed to grant an unrequested extension to the defaulting Defendants, the only information provided to the Court was what Plaintiff provided which are the videos that do not establish any legitimate or reasonable basis for denying him due process, for denying him his right to freely report on the Court as an independent journalist, his right to engage in protected speech that is critical of his government or to petition for redress of grievance, yet, Judge Strickland gave all benefit of the doubt to the judicial Defendants, to the point of excusing them from showing cause why they have failed to follow Judge Riggs's order or to comply with the Rules of Civil Procedure to file a responsive pleading within 21 days of service of the complaint and summons.

In accord see *Parkhurst v. Pittsburgh Paints, Inc.*, 399 Fed. App'x 341, 344 (10th Cir. 2010); *Hinman v. Rogers,* 831 F.2d 937 (10th Cir. 1987) ("A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Id*. at 939).

In accord see *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1050 (10th Cir. 2017).

Similarly, allegations that are "broad and conclusory" will not adequately support a motion filed under Section 144. *Smith v. Krieger*, 643 F. Supp.2d 1274, 1284 (D. Colo. 2009), *aff'd* 389 Fed. App'x 789 (10th Cir. 2010).

Here, as the declaration of Mr. Springer makes clear, rather than broad and conclusory, the allegations of evidence of prejudice and bias are concrete and succinct point to inexplicable deference towards the judicial defendants and against Mr. Springer to the detriment of the continued loss of his fundamental freedoms without any supported legitimate basis. It is a situation as the Tenth Circuit has described it, "of a personal nature and must be such as would likely result in a decision on some basis other than what the judge learned from his participation in the case," i.e. a decision based upon deference towards a counterpart judiciary based in the judge's personal position as member of a judiciary. *United States v. Irwin*, 561 F.2d 198, 200 (10th Cir. 1977), *cert. denied* 434 U.S. 1012 (1978).

In accord see *Lidstone v. Block*, 773 F.2d 1135, 1137 (10th Cir. 1985); *Broemmel v. Lappin*, 2012 WL 1205167 at *2 (D. Colo. 2010).

The Code of Conduct for United States Judges, Canons 1 and 2(A) read:

An independent and honorable judiciary is indispensable to justice in our society. A judge should maintain and enforce high standards of conduct and should personally observe those standards, so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective…

(A)   *Respect for Law*. A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

Moreover, specifically in this case the Canons provide at 3(C)(1)(a) that:

A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances

in which:
(a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

And though Plaintiff recognize that this Court is not bound by the New Mexico Rules of Judicial Conduct, Defendants believe that the New Mexico Rules shed light on what exactly would constitute a disqualifying condition. NMRA 2-211(A) states:

> A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:
> (1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.

Rule 21-211 NMRA. With all deference to this Court, the impartiality of Judge Strickland can reasonably be called into question when she has on multiple instances expressed deference or bias for the state judiciary defendants which is an understandably human response of sympathy towards individuals situated in similar circumstance even though there is a distinct difference between the state and federal judiciary. In fairness to Mr. Springer and the serious constitutional issues he deserves to have a jurist that is free from any reasonable question of impartiality.

## CONCLUSION

For all the foregoing reason, this Court should grant the relief sought herein.

Respectfully submitted this 29th day of September 2023.

Respectfully submitted,

WESTERN AGRICULTURE, RESOURCE
AND BUSINESS ADVOCATES, LLP

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.
Jared R. Vander Dussen, Esq.
400 Gold Ave SW, Suite 1000
Albuquerque, NM 87102

8

(505) 750-3060
abdunn@ablairdunn-esq.com
warba.llp.jared@gmail.com

Zach Cook, LLC

*/s/ Zach Cook*
Zach Cook
1202 Sudderth # 425
Ruidoso, NM 88345
(575) 937-7644
zach@zachcook.com

CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2023, I filed the foregoing via the CM/ECF causing all parties of record to be served electronically.

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.