## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**JAMES SPRINGER,**

        **Plaintiff,**

**v.**

                                        Civil Action No. 1:23-cv-00499-MIS-JMR

**SEVENTH JUDICIAL DISTRICT COURT,**
**MERCEDES MURPHY,**
**SHANNON MURDOCK-POFF, JASON JONES,**
**and SUSAN ROSSIGNOL,**

        **Defendants.**

## RESPONSE TO MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT

COMES NOW, Plaintiff, through undersigned counsel, with his Response to the Motion to Set Aside Entry of Default, ECF Doc. No. 41, and for his reasons states:

Plaintiff is and was not opposed to setting aside the Clerk's Entry of Default. Plaintiff merely wished, in order to comply with LR 7.1, to obtain through conferral some idea of when the Defendants intended to begin complying with the Federal Rules of Civil Procedure to file their responsive pleading as required under Rule 12. Instead, Defendants rushed to file the instant motion, ostensibly for the purposes of advancing their factually incorrect and what would be legally improper argument in an unopposed motion, in order to attempt to engender the animus of this Court towards Plaintiff and his counsel. *See* Exhibit 1 hereto.

In so acting, it appears that Defendants have run afoul of LR 7.1, at least in terms of acting in good faith for the conferral requirement and likely also contrary to Rule 11(b)(1) Fed. R. Civ. P. Again, it is worth nothing that state judicial defendants are not class of defendants that enjoy special privileges different from any other litigant in Federal District Court.

Though it was unnecessarily included in what should have been a simple unopposed

Motion and ultimately does not change the ultimate resolution of the motion that should be granted to set aside the default, out of an abundance of caution, Plaintiff respectfully addresses the raised arguments that incorrectly allege that service has not been properly made upon these Defendants. Specifically, Rule 4 states service is accomplished by "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Rule 4 Fed. R. Civ. P. Under the New Mexico Rules of Civil Procedure for District Courts, Rule 4 requires that "serving may be made upon the State of New Mexico or a political subdivision of the state … in any action in which a branch, agency, bureau, department, commission or institution of the state is named a party defendant, **by delivering a copy of the process** to the head of the branch, agency, bureau, department, commission or institution and to the attorney general[1]." Rule 1-004 NMRA(H)(1)(b)(emphasis added).

Here, a copy of the complaints and summonses were first delivered to the Chief Judge for the Seventh Judicial District Court by hand delivery to the Seventh Judicial District Court's clerk designated to receive documents, as indicated on the Returns of Service on June 9, 2023. In additions to delivering a pre-filed copy of the complaint with exhibits to Judge Murphy's proposed text email address on June 8, 2023, EX 2, a filed copy of the complaint as an exhibit to a motion to stay the criminal contempt proceedings was delivered to her proposed text email address on June 9, 2023, EX 3, and again on June 12, 2023, EX 4.  On June 21, 2023, a filed copy of the Complaint was again delivered to her proposed text email address along with a copy of this Court's Order, ECF Doc. No. 2, requiring a response, EX 5. Beyond question, a copy of the process required by the rules (Federal and State) to be delivered to the Chief Judge of the Seventh Judicial

---

[1] "Accordingly, service that complies with Rule 1–004 is not phrased as a mandatory statutory pre-condition to the district court's acquisition of jurisdiction over the appeal. *Derringer v. Turney*, 2001-NMCA-075, ¶ 18, 131 N.M. 40, 46, 33 P.3d 40, 46

District was hand delivered at the Seventh Judicial District's Court address for court business in Estancia, on June 9, 2023.  Any attempt to argue to the contrary is precisely the type of gamesmanship with service that even the state district courts in New Mexico tend to frown upon.

## **CONCLUSION**

For the foregoing reason that the Motion, ECF Doc. No. 41, is unopposed the Court should set aside the Clerk's Entries of Default, ECF Doc. Nos. 22 and 23 and should award Plaintiff any relief that the Court deems just and proper in responding to the Motion.

Respectfully submitted,

WESTERN AGRICULTURE, RESOURCE AND BUSINESS ADVOCATES, LLP

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.
Jared R. Vander Dussen, Esq.
400 Gold Ave SW, Suite 1000
Albuquerque, NM 87102
(505) 750-3060
abdunn@ablairdunn-esq.com
warba.llp.jared@gmail.com

Zach Cook, LLC

*/s/ Zach Cook*
Zach Cook
1202 Sudderth # 425
Ruidoso, NM 88345
(575) 937-7644
zach@zachcook.com

CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2023, I filed the foregoing via the CM/ECF causing all parties of record to be served electronically.

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.