IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES SPRINGER,

    Plaintiff,

v.                                                                     No. 1:23-cv-00499-MIS-JMR

SEVENTH JUDICIAL DISTRICT COURT
MERCEDES MURPHY,
SHANNON MURDOCK-POFF,
JASON JONES, and SUSAN ROSSIGNOL,

    Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR THE HONORABLE MARGARET STRICKLAND, U.S. DISTRICT JUDGE, TO RECUSE HERSELF FROM ALL PROCEEDINGS GOING FORWARD AND RE-ASSIGN THE CASE TO CONSIDER THIS MOTION PURSUANT TO 28 U.S.C. § 144**

    COMES NOW Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Suan Rossignol (collectively hereinafter "Defendants"), by and through their counsel of record, Garcia Law Group, LLC (Bryan C. Garcia, Rodney L. Gabaldon, and Jade Delfin), and, submits their Response to Plaintiff's Motion for the Honorable Margaret Strickland, U.S. District Judge, to Recuse Herself From All Proceedings Going Forward and Re-Assign the Case to Consider this Motion Pursuant To 28 U.S.C. § 144:

**INTRODUCTION**

    This matter arises from James Springer's ("Plaintiff") request for an injunction barring Defendants from limiting Plaintiff's presence in the Seventh Judicial District Courthouses to his own matters or specific court business, and with an law enforcement escort. Plaintiff also brought claims under 42 U.S.C. § 1983 alleging that Defendants had violated his constitutional rights, specifically his First Amendment and due process rights. See generally, *Complaint for Declaratory*

*Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § Violation s of Rights Protected by the New Mexico Civil Rights Act; Emergency Request for a Temporary Restraining Order; Request for Preliminary Injunction, Permanent Injunctive Relief and Damages* ("Complaint") [Doc. 1].

This Court correctly denied Plaintiff's request for preliminary injunction and temporary restraining order because Plaintiff failed to satisfy his burden of establishing a substantial likelihood of success on the merits of his claims. *Order Denying Plaintiff's Request for a Temporary Restraining Order/Preliminary Injunction* ("Order") [Doc. 34]. Shortly after entry of the Order, Plaintiff asked the Court to reconsider its ruling, alleging that the Court ruled against him due to personal bias. *Expedited Motion to Reconsider* [Doc. 36]. The Court granted the Motion in part, accepting that Plaintiff had filed a Declaration in support of his Motion to Reconsider and Complaint, and would issued an Amended Order taking such Declaration into account. *Order Granting in Part Plaintiff's Expedited Motion to Reconsider* [Doc. 37]. However, the amendments did not alter the Court's conclusion that Plaintiff has failed to satisfy his burden of establishing entitlement to a preliminary injunction, and denied the Motion to Reconsider in all other aspects. *Id*. The Court entered its *Amended Order Denying Plaintiff's Request for a Temporary Restraining Order/Preliminary Injunction* ("Order") [Doc. 37].

Plaintiff filed this instant Motion, alleging that Judge Strickland has a personal bias and improper deference to Defendants. *Motion for the Honorable Margaret Strickland, U.S. District Judge, to Recuse Herself From All Proceedings Going Forward and Re-Assign the Case to Consider this Motion Pursuant To 28 U.S.C. § 144* {"Motion") [Doc. 40]. In support of this Motion, Plaintiff submitted an Affidavit with the questionable claim that he did not know about the court rules and requested that a another judge review whether Judge Strickland is prejudiced against him or has a bias towards Defendants. The Affidavit of James Springer was attached to Plaintiff's Motion as Exhibit 2 and is incorporated hereby by reference.

Plaintiff has not demonstrated that Judge Strickland has a personal bias or prejudice concerning any party herein, nor personal knowledge of disputed evidentiary facts concerning this proceeding. Neither denying Plaintiff's request for injunction nor Defendants' status as a state court, judges, and court personnel are sufficient basis for disqualification. Accordingly, Defendants respectfully request that this Court deny Plaintiff's Motion because he fails to provide any facts that can form a valid basis for his Motion and fails to prove the Judge Strickland is not impartial.

## LEGAL STANDARD

28 U.S.C. sections 144 and 455 govern disqualification of judges. A judge whose recusal is sought under 28 U.S.C. section 144 or 455 need not transfer the matter to another judge but may decide the motion herself. *Salt Lake Tribune Pub. Co., LLC v. AT & T Corp.*, 353 F. Supp. 2d 1160, 1172 (D. Utah 2005) (citations omitted). Section 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge must also disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

The standard for disqualification under section 455 is objective. *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004). Under this standard:

> [D]isqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality. There must be a reasonable factual basis to question the judge's impartiality. The scope of inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *Section 455 does not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record*.

*Id.* at 1269-70 (citations omitted) (emphasis added).

# LEGAL ARGUMENT

## I. JUDICIAL RULING ALONE IS NOT PREJUDICE OR BIAS.

28 U.S.C. § 455(a) states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The general purpose of this statute is "to promote public confidence in the integrity of the judicial process" and to avoid the "appearance of partiality." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988). In the Tenth Circuit, the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (internal quotation and citation omitted).

The Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994). "Unfavorable judicial rulings do not in themselves call into question the impartiality of a judge." *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006). Such rulings can "only in the rarest circumstances evidence the degree of favoritism or antagonism required." *Liteky*, 510 U.S. at 555. Judge Strickland's finding and ruling do not evidence the degree of favoritism or antagonism required for recusal. Instead, Plaintiff appears to largely take issue with the correctness of these rulings. However, the proper vehicle to address judicial rulings is appeal[1], not recusal. *Id.*

Plaintiff's complaint is essentially with Judge Strickland's denial of his request for an injunction. However, an adverse ruling is insufficient to warrant recusal. *Cooley*, 1 F.3d at 993-94. Both the Order and Amended Order noted that Plaintiff's request for injunction failed to identify

---

[1] Plaintiff filed a Notice of Appeal concurrently with the instant Motion.

the elements of his causes of action, much less demonstrate a substantial likelihood that the facts of this case satisfy those elements, and that Plaintiff further failed to cite to any legal authority supporting his claims, which is grounds alone for denying the injunction. No reasonable person knowing all relevant facts would harbor doubts about Judge Strickland's impartiality, and there are no grounds for her to recuse.

The Supreme Court has held that "opinions formed by the judge on the basis of . . . events occurring in the course of the proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994). The Supreme Court further explained that "judicial remarks during the course of a trial that are critical or disapproving of . . . counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge" and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id*. at 555-56.

The denial of Plaintiff's request for injunction, nor the findings in support thereof, do not reveal a deep-seated favoritism or antagonism against him. Rather, the Order and Amended Order are rationally based on Judge Strickland's review of the record. Judge Strickland described an assessment of the facts, which then provided the basis for her ruling. The analysis and findings themselves are not proper grounds for recusal. *See id*. (noting that judicial "expressions of impatience, dissatisfaction, annoyance, and…anger" are not grounds for recusal). Notably, the Order, Amended Order, and the rest of the record lack any remarks that could even be tenuously construed as an expressions of impatience, dissatisfaction, annoyance, or anger. Nowhere in the record is any display of deep-seated antagonism that would make fair judgment impossible. Based

on the record, no reasonable person knowing all relevant facts would harbor doubts about Judge Strickland's impartiality. Accordingly, Plaintiff's Motion should be denied.

## II. THE RECORD DOES NOT DEMONSTRATE PREJUDICE OR BIAS AGAINST PLAINTIFF.

Plaintiff also contends that Judge Strickland must recuse under Section 455 because she showed judicial bias against Plaintiff by being deferential and lenient to Defendants. This claim is unfounded and has no merit. Plaintiff's accusation that a judge is biased because her ruling was favorable to a court official effectively insinuates that any ruling against him is rooted in bias, even if his claims are completely unsupported by fact or law, as they are here.

Plaintiff has not been prejudiced in this case by any of the docket activity he describes. First., Plaintiff overlooks that the Court is vested with inherent authority to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *See In re Peterson*, 338 F. App'x 763, 764 (10th Cir. July 24, 2009) (unpublished). District courts generally are afforded great discretion regarding trial procedure applications, including control of the docket and parties. *United States v. Nicholson*, 983 F.2d 983, 988 (10th Cir. 1993). *See Chambers v. NASCO*, 501 U.S. 32, 49, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (explaining the Court's inherent authority to manage its docket).

Further, service has not been perfected in this matter and the Court may, with its inherent authority, direct Plaintiff to send copies of pleadings to Defendants during the time they were unrepresented. Plaintiff offers no legal basis for how this amounts to prejudice let alone how this would justify the disqualification of Judge Strickland. This ground alone does not provide a sufficient basis for disqualification under either section 455 or section 144. *Barnett v. City of Chicago*, 952 F. Supp. 1265, 1269 (N.D. Ill. 1997) (noting that a judge's administration of his or her docket "should not be confused with animus or partiality"). Plaintiff does not provide any

specific facts that would call into question the impartiality of Judge Strickland and his Motion should be denied.

### III. PLAINTIFF'S AFFIDAVIT IS SELF-SERVING AND CONTRARY TO HIS PUBLICLY RECORDED BEHAVIOR.

An affidavit "is insufficient if it merely states conclusions, rumors, beliefs and opinions; it must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992) (quotations and citations omitted). "(Conclusory and self-serving affidavits are not sufficient"); *Conaway v. Smith*, 853 F.2d 789, 792 n.4 (10th Cir. 1988). "While an affidavit is certainly an appropriate vehicle to establish a fact for summary judgment purposes, the affidavit must set forth facts, not conclusory statements.") *BancOklahoma Mortgage Corp. v. Capital Title Co.*, 194 F.3d 1089, 1101 (10th Cir. 1999).

Plaintiff attached an Affidavit in support of his Motion to disqualify Judge Strickland. However, his Affidavit is rife with conclusions, rumors, beliefs and opinions, as is therefore insufficient. Plaintiff states that he did not know about the court's rules and claims to have followed them. <u>See generally</u>, *Affidavit of James Springer* ("Affidavit") [Doc 40.-2]. Notably, Plaintiff states that he has "never been obstructive, harassed…or instructed any person to unlawfully interfere with the business of the Seventh Judicial District Court." *Id* at ¶ 1. This statement alone contradicts evidence in the record in which Plaintiff gleefully shows himself disrupting a court hearing, refusing to wear mask after a hearing officer asked him to, sneaking a phone into the courtroom, soliciting law enforcement not to enforce court rules, deleting evidence after receipt of a preservation letter, and calling a court clerk a prostitute. [2] Just one of these acts in isolation would

---

[2]  <u>See generally</u>, *Sheriff And Deputies Stand Up Against Bad New Mexico Judiciary - Gordon Bennett*, YouTube (February 20, 2023), *Caught In A Bald Faced Lie By A Camera In His Own Court Room - Dishonorable Gordon Bennett*, YouTube (February 16, 2023), *Court Clerk Tries to Force an Escort on Me*,

be obstructive, harassing, and interfering with the business of the Seventh Judicial District Court. Plaintiff references additional videos in his *Declaration of James Springer* [Doc. 25-2], which is attached as Exhibit 2 to Plaintiff's Notice of Completion of Briefing [Doc. 25], and is incorporated herein by reference. The videos only underscore Plaintiff's lack of decorum in the courthouse and highlight his disruptive conduct that prompted the restriction of his access to the Seventh Judicial District.

The incongruity of Plaintiff's Affidavit and Declaration is not to question Plaintiff's credibility but to merely call attention to Plaintiff's conclusory and self-serving statements in his affidavit and pleadings. Contrary to Plaintiff's statements, his conduct, as shown in Plaintiff's own videos, was disruptive to court business and ran afoul of a number court rules of conduct. <u>See</u> New Mexico Courts, *Courtroom Conduct, Security, and Attire*, https://www.nmcourts.gov/ccsa/ (last visited October 13, 2023). Such conclusory and self-serving statements, even if presented in an affidavit, are insufficient to demonstrate prejudice or bias by Judge Strickland. Even the most liberal construction of Plaintiff's Affidavit and Declaration does not support recusal or disqualification in this matter.

A party who seeks to disqualify a judge under section 144 must file a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The affidavit must be timely and "state the facts and the reasons for the belief that bias or prejudice exists." *Id*. "Under § 144, the affidavits filed in support of recusal are *strictly construed against the affiant* and there is a

---

YouTube (May 28, 2023), and *I'm suing the Court for rights violations, but they just gave me the offer of a lifetime*, YouTube (August 30, 2023), which are attached as Exhibits A, B, C, and D to Defendant's Response to Plaintiff's Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § Violation s of Rights Protected by the New Mexico Civil Rights Act; Emergency Request for a Temporary Restraining Order; Request for Preliminary Injunction, Permanent Injunctive Relief and Damages, and are incorporated herein by reference.

*substantial burden* on the moving party to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (citation omitted) (emphasis added); see also *In re McCarthey*, 368 F.3d at 1269 (noting the party seeking disqualification bears burden to "demonstrate that the judge is not impartial, not a burden on the judge to prove that he is impartial" (citation omitted)).

Here, Plaintiff has failed to state in his Affidavit specific facts or reasons for the belief that prejudice or bias exists. Given that Plaintiff's Affidavit is conclusory and self-serving, and that that such affidavits are construed against the affiant, Plaintiff has failed to meet his substantial burden to demonstrate the Judge Strickland is not impartial. For these reasons, Plaintiff's Motion should be denied.

## CONCLUSION

Plaintiff has provided no evidence or specific acts of bias or prejudice. The Court's findings and rulings do not evidence the degree of favoritism or antagonism required for recusal. Neither the denial of Plaintiff's request for injunction, nor the record at large, reflect any bias, animosity, or partiality. Accordingly, Plaintiff's motion to disqualify Judge Strickland should be denied.

**WHEREFORE**, Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Suan Rossignol request that this Court deny Plaintiff's Motion for the Honorable Margaret Strickland, U.S. District Judge, to Recuse Herself From All Proceedings Going Forward and Re-Assign the Case to Consider this Motion Pursuant To 28 U.S.C. § 144, award Defendants their costs and fees associated with responding to Plaintiffs' Motion, and grant all other relief this Court deems just and proper.

Respectfully submitted,

**GARCIA LAW GROUP, LLC**

*/s/ Jade Delfin*
Bryan C. Garcia
Rodney L. Gabaldon
Jade Delfin
*Attorneys for Defendants*
6739 Academy Road NE, Suite 200
Albuquerque, NM 87109
(505) 629-1576 / (505) 652-1337 (fax)
bgarcia@garcialawgroupllc.com
rgabaldon@garcialawgroupllc.com
jdelfin@garcialawgroupllc.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CMECF on this the 13th day of October, 2023, which caused service to all counsel of record.

*/s/ Jade Delfin*
Jade Delfin