**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JAMES SPRINGER,

      Plaintiff,

v.                                                                  No. 1:23-cv-00499-MIS-JMR

SEVENTH JUDICIAL DISTRICT COURT
MERCEDES MURPHY,
SHANNON MURDOCK-POFF,
JASON JONES, and SUSAN ROSSIGNOL,

      Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR STAY
AND INJUNCTION PENDING APPEAL**

COMES NOW Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Suan Rossignol (collectively hereinafter "Defendants"), by and through their counsel of record, Garcia Law Group, LLC (Bryan C. Garcia, Rodney L. Gabaldon, and Jade Delfin), and, submits their Response to Plaintiff's Motion for Stay and Injunction Pending Appeal:

**INTRODUCTION**

This matter is before the court on *Plaintiff's Motion for Stay and Injunction Pending Appeal* ("Motion") [Doc. 42]. On September 21, 2023, this Court entered its *Order Denying Plaintiff's Request for a Temporary Restraining Order/Preliminary Injunction* ("Order") [Doc. 34]. On September 22, 2023, after reconsideration, this Court entered its *Amended Order Denying Plaintiff's Request for a Temporary Restraining Order/Preliminary Injunction* ("Amended Order") [Doc. 38]. Both the Order and Amended Order denied Plaintiff's request for preliminary injunction

and temporary restraining order because Plaintiff failed to satisfy his burden of establishing a substantial likelihood of success on the merits of his claims.

On September 29, 2023, Plaintiff filed a Notice of Appeal and the instant Motion. Plaintiff seeks a stay of this matter and for an injunction pending his appeal to the Tenth Circuit Court of Appeals. However, Plaintiff has not satisfied the factors that would justify a stay and an injunction pending appeal. Therefore, Plaintiff's request should be denied.

## LEGAL STANDARD

The purpose of a stay is to preserve the status quo pending appeal. *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996). Rule 62(c) provides that "[While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." USCS Fed Rules Civ Proc R 62. Rule 8(a)(1) of the Federal Rules of Appellate Procedure provides that a party must  ordinarily first move in the district court to obtain a stay of the judgment or order of a district court pending appeal. Fed. R. App. P. 8(a)(1).

The court considers the following four factors when considering a motion to stay pending appeal: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and, (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987). "With respect to the four stay factors, where the moving party has established that the three harm factors tip decidedly in its favor, the probability of success requirement is somewhat relaxed." *FTC v. Mainstream Mktg. Servs., Inc.*, 345 F.3d 850, 852 (10th Cir. 2003) (citations

omitted). If the movant "can meet the other requirements for a stay pending appeal, they will be deemed to have satisfied the likelihood of success on appeal element if they show 'questions going to the merits so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of more deliberate investigation.'" *McClendon*, 79 F.3d at 1020 (quoting *Walmer v. United States Dep't of Defense*, 52 F.3d 851, 854 (10th Cir.), *cert. denied*, 516 U.S. 974, 116 S. Ct. 474, 133 L. Ed. 2d 403 (1995).

## LEGAL ARGUMENT

### I.      PLAINTIFF IS UNLIKELY TO SUCCEED ON THE MERITS.

The Tenth Circuit has adopted a liberal definition of the "probability of success" requirement. *Tri-State Generation & Transmission Asso. v Shoshone River Power, Inc.*, 805 F.2d 351 (10th Cir. 1986). If a Plaintiff shows the presence of the other elements, it will ordinarily be enough that the Plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation. *Id.*

Here, even under the most liberal application of this factor, Plaintiff fails to meet the "probability of success" requirement. The Court has found that Plaintiff has not demonstrated a clear likelihood of success on the merits. *Amended Order* at 11. This finding was the basis for the denial of Plaintiff's request for a preliminary injunction. Plaintiff failed to identify the elements of his causes of action, much less demonstrate a substantial likelihood that the facts of this case satisfy those elements. *Id.* Plaintiff also failed to cite any legal authority supporting his claims, which is grounds alone for denying his request for injunction. *Id.* Further, the Court found that restricting an individual's access to a courthouse due to disruptive behavior did not constitute a violation of the individual's First and Fourteenth Amendment rights. *Id.* at 12. Neither did Defendants'

restriction of Plaintiff's access to court hearings and documents constitute a prior restraint on speech or expression in violation of the First Amendment. *Id.* at 13.

## II.     ISSUANCE OF THE STAY AND INJUNCTION PENDING APPEAL WILL SUBSTANTIALLY INJURE DEFENDANTS.

Defendants will suffer substantial harm from a stay and an injunction pending appeal. A stay would result in a delay in Defendants' defense against Plaintiff's claims. More concerning, however, is that if Plaintiff were granted an injunction pending appeals, Defendants would be forced to allow the very person who has posed a threat to the decorum of the Seventh Judicial District's courtrooms and business of the court. Plaintiff has refused to comply with the New Mexico Courts' rules for courtroom conduct *See* New Mexico Courts*, Courtroom Conduct, Security, and Attire*, https://www.nmcourts.gov/ccsa/ (last visited October 13, 2023). Plaintiff has disrupted court hearings, refused to wear mask after a hearing officer asked him to, snuck a phone into the courtroom, solicited law enforcement not to enforce court rules, deleted evidence after receipt of a preservation letter, and called a court clerk a prostitute. [1]

This misconduct, and more, are publicly available for viewing on Plaintiff's YouTube channel. It is this kind of misconduct that Defendants are excluding from the courthouse. New Mexico district judges have a broad jurisdictional grant to maintain order and decorum in the courtroom. *See* N.M. Stat. § 34-1-2 (1978) ("It shall be within the power of each and every presiding officer of the several courts of this state, whether of record or not of record, to preserve

---

[1]     *See generally, Sheriff And Deputies Stand Up Against Bad New Mexico Judiciary - Gordon Bennett,* YouTube (February 20, 2023), *Caught In A Bald Faced Lie By A Camera In His Own Court Room - Dishonorable Gordon Bennett*, YouTube (February 16, 2023), *Court Clerk Tries to Force an Escort on Me*, YouTube (May 28, 2023), and *I'm suing the Court for rights violations, but they just gave me the offer of a lifetime*, YouTube (August 30, 2023), which are attached as Exhibits A, B, C, and D to Defendant's Response to Plaintiff's Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § Violation s of Rights Protected by the New Mexico Civil Rights Act; Emergency Request for a Temporary Restraining Order; Request for Preliminary Injunction, Permanent Injunctive Relief and Damages, and are incorporated herein by reference.

order and decorum, and for that purpose to punish contempts by reprimand, arrest, fine or imprisonment, being circumscribed by the usage of the courts of the United States."). To issue a stay and injunction would allow Plaintiff to continue his misconduct in the courthouse and deprive Defendants of the ability to preserve order and decorum.

Accordingly, Defendants have demonstrated clear and irreparable harm if an injunction granted, even if limited the pendency of the appeal. The status quo currently requires Plaintiff to have a law enforcement escort while at the Seventh Judicial District Court and limits his access to appearing for a hearing or having specific Court business. *See generally Administrative Order* entered February 28, 2023, a copy of which is attached to Plaintiff's Complaint [Doc. 1] as Exhibit 1, and is incorporated herein by reference. While a stay in the litigation may not necessarily change that status quo, the issuance of an injunction pending appeal would certainly change the status quo and harm Defendants and the business of court at the Seventh Judicial District. For these reasons, the harm to Defendants outweighs the alleged harm to Plaintiff during the pendency of Plaintiff's appeal and his Motion should be denied.

## III.   ISSUANCE OF THE STAY AND INJUNCTION PENDING APPEAL WILL NOT IRREPARABLY INJURE PLAINTIFF.

Plaintiff fails to demonstrate how he would be irreparably harmed absent a stay. The only support he offers for this factor is that the Court made no finding for irreparable harm to Plaintiff. However, because Plaintiff failed to meet the first factor for granting him an injunction, that was sufficient basis for denying the request. *See Vill. of Logan v. U.S. Dep't of Interior*, 577 F. App'x 760, 766 (10th Cir. 2014). ("plaintiff's failure to prove any one of the four preliminary injunction factors renders its request for injunctive relief ")

The Court has the inherent power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants. *Pet*

*Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir.1963); *Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015). A court should stay proceedings to "preserve the status quo pending appeal so that the appellant may reap the benefit of a potentially meritorious appeal." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1267 (10th Cir. 2004) (citation omitted).

Issuing a stay on the matter would not be an efficient way of managing this lawsuit. Allowing the case to proceed cannot harm Plaintiff because his claims can be litigated independent of his request for injunction. The Court has discretion to proceed with the litigation of this case, since the only issue on appeal is the denial of Plaintiff's request for injunction. *See Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990) (on appeal, jurisdiction is transferred to court of appeal only for those issues involved in this appeal). If the litigation were to continue on the claims and the Tenth Circuit were to subsequently decide that Plaintiff was entitled to an injunction. Plaintiff's claims would still remain. This factor weighs in favor of Defendants in that issuing a stay would allow Defendants to defend themselves against Plaintiff's claims, and be more efficient for both parties and the Court.

## IV.   ISSUANCE OF A STAY AND INJUNCTION PENDING APPEAL WILL HARM THE PUBLIC INTEREST.

"Except as provided in the Children's Code [Chapter 32A NMSA 1978] and in other laws making specific provisions for exclusion of the public, all courts of this state shall be held openly and publicly, and all persons whatsoever shall be freely admitted to the courts and permitted to remain *so long as they shall observe good order and decorum*." N.M. Stat. Ann. § 34-1-1 (emphasis added). "Judicial proceedings should be conducted with fitting dignity and decorum, in a manner conducive to undisturbed deliberation, indicative of their importance to the people and to the litigants, and in an atmosphere that reflects the responsibilities of those who are charged with the administration of justice." Rule 23-104 NMRA.

An injunction pending stay will adversely affect members of the public who are at the courthouse. It would also condone Plaintiff's misconduct and embolden other members of the public to flagrantly disregard court rules and decorum. Even if Plaintiff were a member of the press, which Defendants deny, he has violated the rules for the recording of court proceedings. *See* 23-107(C) NMRA ("The decorum and dignity of the court, the courtroom, and the proceedings must be maintained at all times. Court customs must be followed, including appropriate attire.") *See also* 23-107(D) NMRA. ("The media shall maintain high journalistic standards regarding the fairness, objectivity, and quality of the coverage allowed under these guidelines.") However, as stated above, Plaintiff is a not member of the press and the "privileges granted by these rules may be exercised only by persons or organizations that are part of the news media." 23-107(F) NMRA.

The issuance of a stay and injunction pending appeal will harm the public interest. With respect to where the public interest lies, Plaintiff mentions members of the public who subscribe to his YouTube channel. Complaint [Doc. 1], ¶¶ 11-12. The court, however, must consider the interests of the public at large. The public has an interest in courthouses where judicial proceedings are conducted with fitting dignity and decorum. Misconduct such as Plaintiff has demonstrated interferes with the administration of justice and the business of the court, and ultimately harms public interest. Accordingly, public interest weights in favor of denying Plaintiff's motion.

## CONCLUSION

Plaintiff does not meet the factors necessary for a stay and injunction pending appeal. First, Plaintiff is unlikely to succeed on the merits. Second, issuance of a stay and injunction would cause substantial harm to Defendants. Conversely, issuance of a stay and injunction would not cause substantial harm to Plaintiff. Finally, the public interest in decorum in court business and the

administration of justice would be harmed. Therefore, Plaintiff has not met his burden of establishing the harm factors required for a stay pending appeal and his Motion should be denied.

**WHEREFORE**, Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Suan Rossignol request that this Court deny Plaintiff's Motion for Stay and Injunction Pending Appeal, award Defendants their costs and fees associated with responding to Plaintiffs' Motion, and grant all other relief this Court deems just and proper.

Respectfully submitted,

**GARCIA LAW GROUP, LLC**

*/s/ Jade Delfin*
Bryan C. Garcia
Rodney L. Gabaldon
Jade Delfin
*Attorneys for Defendants*
6739 Academy Road NE, Suite 200
Albuquerque, NM 87109
(505) 629-1576 / (505) 652-1337 (fax)
bgarcia@garcialawgroupllc.com
rgabaldon@garcialawgroupllc.com
jdelfin@garcialawgroupllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CMECF on this the 13th day of October, 2023, which caused service to all counsel of record.

*/s/ Jade Delfin*
Jade Delfin