IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES SPRINGER,

       Plaintiff,

v.                                                           No. 1:23-cv-00499-MIS-JMR

SEVENTH JUDICIAL DISTRICT COURT
MERCEDES MURPHY,
SHANNON MURDOCK-POFF,
JASON JONES, and SUSAN ROSSIGNOL,

       Defendants.

**DEFENDANTS' MOTION TO DISMISS NO. I: DISMISSAL FOR FAILURE TO STATE A CLAIM, QUALFIIED IMMUNITY AS TO INDIVIDUAL DEFENDANTS, AND NO SUPPLEMENTAL JURISDICTION AS TO STATE CLAIM**

      COMES NOW Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Susan Rossignol (collectively hereinafter "Defendants"), by and through their counsel of record, Garcia Law Group, LLC (Bryan C. Garcia, Rodney L. Gabaldon, and Jade Delfin), and, in lieu of an Answer, hereby moves to dismiss Plaintiff's Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § Violation s of Rights Protected by the New Mexico Civil Rights Act; Emergency Request for a Temporary Restraining Order; Request for Preliminary Injunction, Permanent Injunctive Relief and Damages[1]:

---

[1] As required by D.N.M. LR Civ. 7.1(a), Defendants notified counsel of this motion prior to its filing and have received notice that it is opposed.

## INTRODUCTION

This action arises from an incident that occurred on January 27, 2023 at the Seventh Judicial District Torrance County courthouse. On that day, James Springer ("Plaintiff") interrupted a hearing already in progress, without a mask as required by state mandate. and snuck a cellphone in the courtroom to secretly record his visit. As result of Plaintiff's misconduct, Chief Judge Mercedes Murphy ("Chief Judge Murphy") entered an Administrative Order and Amended Administrative Order (collectively, "Administrative Orders") limiting Plaintiff's presence in the Seventh Judicial District Courthouses to his own matters or specific court business, and with a law enforcement escort.

On June 9, 2023, Plaintiff filed his *Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § Violation s of Rights Protected by the New Mexico Civil Rights Act; Emergency Request for a Temporary Restraining Order; Request for Preliminary Injunction, Permanent Injunctive Relief and Damages* ("Complaint") [Doc. 1]. In Count I of Plaintiff's Complaint, Plaintiff alleges a claim under 42 U.S.C. § 1983 predicated on violations of the First Amendment rights to freedom of the press and speech. *Id*. ¶¶ 29-30(2). Count II of Plaintiff's Complaint alleges a claim under 42 U.S.C. § 1983 predicated on substantive due process violations. *Id*. ¶¶ 31(2)-35. In Count III, Plaintiff alleges a claim under 42 U.S.C. § 1983 predicated on procedural due process violations. *Id*. ¶¶ 36-41. Count IV of Plaintiff's Complaint alleges a violation of Article II, Sections 17, 18, and 23 of the New Mexico Constitution against Defendant Seventh Judicial District Court only. *Id*. ¶¶ 42-45. In his prayer for relief, Plaintiff requests a declaratory judgment that the Administrative Orders are unconstitutional and further request a temporary restraining and a preliminary and permanent injunction prohibiting

Defendants from enforcing the Administrative Orders. *Id*. at p. 10-11. Plaintiffs also seek actual and punitive damages for their alleged injuries. *Id*. at p. 11.

Defendants seek dismissal of this case against them for the following reasons. First, Plaintiff's complaint does not assert any factual allegations against any Seventh Judicial District official or employee upon which relief may be granted. Secondly, all claims against Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Susan Rossignol should be dismissed Defendants are entitled to qualified immunity. Finally, because Plaintiff's federals claims fail, this Court should decline supplemental jurisdiction over Plaintiff's state law claim.

## LEGAL STANDARD

The Court must dismiss a complaint under Rule 12(b)(6) if it fails "to state a claim upon which relief can be granted." "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (internal quotation marks and citation omitted). Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id. See also Mocek v. City of Albuquerque*, 813 F.3d 912, 921 (10th Cir. 2015) (stating that in reviewing a 12(b)(6) motion, courts should "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable"). Rather, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007).

"Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense" to decide whether any well-pleaded facts have shown any entitlement to relief by "permit[ting] the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

The "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555. If the allegations "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief. "*Robbins v. Okla. ex rel. Dep't of Human Serv*s., 519 F.3d 1242, 1247 (10th Cir. 2008) (internal citations and quotations omitted). Under this standard, "a plaintiff must nudge his claims cross the line from conceivable to plausible in order to survive a motion to dismiss." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Therefore, a plaintiff must "frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

When examining a complaint under Rule 12(b)(6), the Court must determine "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). In doing so, the Court should "consider the complaint as a whole, along with the documents incorporated by reference into the complaint." *Nakkhumpun v. Taylor*, 782 F.3d 1142, 1146 (10th Cir. 2015). The Court may also properly consider facts for which it may take judicial notice, such as those facts which are a matter of public record. *Harjo v. City of Albuquerque*, 307 F. Supp. 3d 1163, 1185 (D.N.M. 2018)

(Browning, J.) (quoting *GFF Corp. v. Associated Wholesale Grocers*, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997)).

## FACTUAL BACKGROUND

1. On or about January 27, 2023, Plaintiff entered a courtroom at the Seventh Judicial District Court to observe a hearing before Hearing Officer Gordon Bennett ("H.O. Bennett"). *See* James Freeman, *Sheriff And Deputies Stand Up Against Bad New Mexico Judiciary - Gordon Bennett,* YouTube (February 20, 2023)[2], which is attached as Exhibit A to Defendants' Response to Plaintiff's Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § Violation s of Rights Protected by the New Mexico Civil Rights Act; Emergency Request for a Temporary Restraining Order; Request for Preliminary Injunction, Permanent Injunctive Relief and Damages ("Response") [Doc. 29], and is incorporated herein by reference. *See also* James Freeman, *Caught In A Bald Faced Lie By A Camera In His Own Court Room - Dishonorable Gordon Bennett*, YouTube (February 16, 2023)[3], which is attached as Exhibit B to Defendant's Response, and is incorporated herein by reference.

2. The parties for this hearing were seated at the table and the hearing had already begun. *Id*.

3. At the beginning of 2023, the State of New Mexico had a mask mandate in effect for its courtrooms.[4]

---

[2]  Available at https://www.youtube.com/watch?v=KZ-EhXuOZNM (last visited October 17, 2023).

[3]  Available at https://www.youtube.com/watch?v=uuUvl-P2WLo&list=PLEHv5tmOgVtWcbMJjIl2psTeZSGZsMRs0 (last visited October 17, 2023).

[4]  See Supreme Court of the State of New Mexico, *In the Matter of the Amendment of the New Mexico Judiciary Public Health Emergency Protocols for the Safe and Effective Administration of the New Mexico Judiciary During the COVID-19 Public Health Emergency*, Order No. 21-8500-015, available at https://www.nmcourts.gov/wp-content/uploads/2021/06/Order-No_-21-8500-015-and-

4. **W**hen H.O. Bennett asked Plaintiff to put on a mask, Plaintiff refused. *Id*. At 4:04-5:20.

5. H.O Bennett went off the record and left the courtroom to ask for assistance from law enforcement. *Id* at 5:20-6:45.

6. Upon H.O. Bennett's return to the courtroom, he asked Plaintiff for his name and to put on a mask, which Plaintiff refused to do. *Id.*

7. Plaintiff told H.O. Bennett that if he threatened him with arrest, Plaintiff would leave. *Id.*

8. H.O. Bennett warned Plaintiff that if he continued his misconduct, he may charge Plaintiff with contempt. *Id.*

9. H.O. Bennett noticed that Plaintiff had brought his phone into the courthouse and was recording. *Id.*

10. Plaintiff left the courtroom, stating that he would be back. *Id*.

11. Plaintiff asked the Torrance County Sheriff's Office (hereinafter "TCSO") whether they would be enforcing the mask mandate. *Id.* at 0:01.

12. The sheriff told Plaintiff, ""We're not going to enforce a mask mandate in the courtroom or anywhere else, okay." *Id.* at 0:01.

13. On February 28, 2023, Chief Judge Murphy entered an Administrative Order (hereinafter "Order") in the interest of the safety and security of its Judges, Special Commissioners, Hearing Officers, and other Court personnel. *See generally* Administrative Order

---

Amended-PHE-Protocols-29-Jun 21.pdf#:~:text=NEW%20MEXICO%20JUDICIARY%20PUBLIC%20HEALTH%20EMERGENCY%20 PROTOCOLS%20EMERGENCY,Face%20Mask%20Requirements.%20On-Site%20Employees%20and%20Telework%20Procedures.

entered February 28, 2023, a copy of which is attached to Plaintiff's Complaint [Doc. 1] as Exhibit 1, and is incorporated herein by reference.

14. The Order further explains that Plaintiff is an obstinate visitor, is banned from the Torrance County District Court unless appearing for a hearing or having specific Court business, and must be escorted by the Torrance County Sheriff's Office while in the building. *Id.*

15. On March 1, 2023, the Executive Court Officer, Jason Jones, sent Mr. Springer a letter notifying him that court staff were being harassed on his behalf and provided him a copy of the Administrative Order. A copy of this letter is attached to Plaintiff's Complaint as Exhibit 2 and is incorporated herein by reference.

16. When Plaintiff visited the Torrance County courthouse in March 2023, the Court Clerk, Susan Rossignol ("Ms. Rossignol"), asked Plaintiff where his law enforcement escort was, pursuant to the Administrative Order. *See* James Freeman, Court Clerk Gets Super Weird, Then Calls the Cops, YouTube (May 26, 2023) at 3:56[5], which is cited in the Declaration of James Springer as Exhibit 2 to Plaintiff's Notice of Completion of Briefing [Doc. 25] and incorporated herein by reference.

17. Plaintiff responded, "Yeah, I'm pretty sure prostitution is illegal in New Mexico. I don't know if you're trying to solicit me right now but I don't appreciate it. As a matter of fact, I think I'll head over to the Sheriff's Department right now and let them know that you're trying to solicit me. Is that what you're doing?" *Id.*

18. Plaintiff continued to call Ms. Rossignol an escort (prostitute) while refusing a law enforcement escort. *Id*.

19. Ms. Rossignol gave Plaintiff a copy of the Administrative Order. *Id.*

---

[5] Available at https://www.youtube.com/watch?v=d-lFYUWxXoA (last visited October 17, 2023).

20. After receiving a copy of the Order, Plaintiff remarked, "I don't know what sua sponte is. I don't know what that is. I think it's something to do with the hooker that they're trying to have walk around the courthouse with me." *Id*. at 5:16.

21. Mr. Springer also entered the Moriarty Magistrate Court for non-court business. Court staff and personnel reported he was being disruptive and threatening in the courthouse. *See* letter from Jason Jones, which is attached to Plaintiff's Complaint as Exhibit 4 and is incorporated herein by reference.

22. As a result of these incidents, the Court amended the Order to include the courthouses in Torrance County, Catron County, Soccoro County, and Sierra County. *See generally* Amended Administrative Order entered March 23, 2023, a copy of which is attached to Plaintiff's Complaint as Exhibit 3, and is incorporated herein by reference.

**LEGAL ARGUMENT**

**I. DEFENDANTS MERCEDES MURPHY, SHANNON-MURDOCK-POFF, JASON JONES, AND SUSAN ROSSIGNOL ARE ENTITLED TO DISMISSAL OF ALL CLAIMS AGAINST THEM BECAUSE PLAINITIFF FAILS TO ALLEGE HOW THEY PERSONALLY PARTICIPATED IN THE ACTIONS GIVING RISE TO PLAINTIFF'S CLAIMS**

"It is axiomatic that, to prevail on a damages claim for a constitutional violation pursuant to §1983, the plaintiff must show that the defendant, acting under color of state law, 'personally participated in the alleged violation.'" *Robertson v. Las Animas County Sheriff's Dept*., 500 F.3d 185, 1193 (10th Cir.2007) (quoting *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir.1996)). "The plaintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation." *Jenkins*, 81 F.3d at 994. *See also Porro v. Barnes*, 624 F.3d 1322, 1327–28 (10th Cir.2010) ("To establish a violation of §1983...the plaintiff must establish a *deliberate, intentional* act on the part of the defendant to violate the

plaintiff's legal rights.") (further quotations omitted) (emphasis added); *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir.2010).

A review of the complaint illustrates a lack of allegations regarding the type of participation required to establish individual capacity liability. The complaint makes the following assertions for relief against individual capacity Seventh Judicial District defendants, Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Susan Rossignol, but does not assert any factual claims of liability.

The Tenth Circuit is clear that claims regarding cumulative "defendants" do not establish individual capacity personal participation. In *Brown v. Montoya*, 662 F.3d 1152 (10th Cir. 2011), the Court evaluated a claim where an inmate pled guilty to false imprisonment and served time in the correctional facility. When he was released, his probation officer directed him to register as a sex offender. The plaintiff sued to be removed from the sex offender registry and the sex offender section of the probation department; he prevailed. He then brought suit against the Secretary of Corrections and the probation officer in both their official capacities and their individual capacities. Among other rulings, the district court denied the Secretary's motion to dismiss. On appeal, the Tenth Circuit found that broad claims stated against groups of "defendants" did not establish individual capacity claims against the Secretary. The Court noted that only one paragraph identified the Secretary by name and held that the plaintiff needed to identify specific actions taken by particular defendants that could form the basis of a constitutional violation. In reversing the district court, the Tenth Circuit relied on *Iqbal* for the proposition that "it is particularly important that the complaint *make clear exactly who is alleged to have done what to whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state."  *Id*. at 1163 (quotation removed).

It is difficult to understand against whom Plaintiff alleges his claims. In Count I, Plaintiff alleges a claim under 42 U.S.C. § 1983 predicated on violations of the First Amendment rights to freedom of the press and speech. Plaintiff alleges that Chief Judge Murphy and Judge Murdock-Poff Murphy "engaged in viewpoint discrimination by banning and excluding Plaintiff from a public places and hearings prohibiting him attending and reporting on public matters." [Doc. 1], ¶ 31. However, the remaining Defendants are not named in the Count I heading and Plaintiff did not plead any facts to support any claims against them. Nor are there any factual allegations pled in the Complaint concerning any First Amendment violations committed, only conclusory statements. Plaintiff also alleges retaliatory actions but similarly fails to plead any factual allegations concerning retaliatory actions. It is unclear what actions Chief Judge Murphy and Judge Murdock-Poff Murphy took that could be characterized as "viewpoint discrimination" or what conduct were "retaliatory actions", much less how Plaintiff was allegedly injured.

In Count II, Plaintiff alleges a claim under 42 U.S.C. § 1983 predicated on substantive due process violations. *Id*. ¶¶ 31(2)-35. The heading in Count II does not specify which Defendants Count II is asserted against, but alleges that "Defendants' actions constitute deprivations of those rights contrary to substantive due process." *Id*. ¶ 34. Similar to Count I, there are no factual allegations pled in the Complaint concerning any substantive due violations committed, only conclusory statements, and it is unclear what actions any Defendant took that could be characterized as such.

In Count III, Plaintiff alleges a claim under 42 U.S.C. § 1983 predicated on procedural due process violations. *Id*. ¶¶ 36-41. Again, the heading in Count III does not specify which Defendants Count III is asserted against, but Chief Judge Murphy, Judge Murdock-Poff, Mr. Jones, and Ms. Rossignol are the only Defendants named in Count III. Plaintiff states that Administrative "Orders

issued by Defendants Murphy, Murdock-Poff, Jones and Rossignol deprive Plaintiff his fundamental liberty interests in speech, press and petitioning without due process of law, based solely upon discretion of the Defendants." *Id*. ¶ 40. Similar to Counts I and II, there are no factual allegations pled in the Complaint concerning any procedural due violations committed, only conclusory statements, and it is unclear what actions any Defendant took that could be characterized as such.

The Complaint, as in *Brown*, "fails to isolate the allegedly unconstitutional acts of" these named defendants. *Id*. at 1165. Accordingly, for the reasons expressed in *Brown*, Plaintiff's Complaint fails to state a plausible claim against the individual capacity defendants because it lacks any substantive allegations that the individual capacity defendants took any individual act which deprived plaintiff of a constitutional right. Further, the complaint contains no allegation which meets the Tenth Circuit's test for personal participation, including knowledge, policy making, deliberate indifference, and personal conduct. Because the Complaint contains broad, conclusory allegations that, the claims fail to state an individual capacity claim against these named defendants, the claims against Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Susan Rossignol should be dismissed.

## II. PLAINTIFFS' FEDERAL CLAIMS ARE BARRED BY QUALIFIED IMMUNITY.

Given Plaintiff's failures to state any valid claim for relief, Plaintiffs' request damages necessarily fails as well. Even if Plaintiff did assert a valid claim against Defendants, his request for damages based on federal claims are barred by qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks and citations omitted).

"After a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff." *Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1185 (10th Cir. 2001). Accordingly, the plaintiff must meet the following two-part burden: "the first inquiry must be whether a constitutional right would have been violated on the facts alleged; second, assuming the violation is established, the question whether the right was clearly established must be considered…" *Saucier v. Katz*, 533 U.S. 194, 200 (2001). The *Saucier* procedure is no longer mandatory, and courts may address either prong of the *Saucier* test first. *Pearson*, 555 U.S. at 236. If the plaintiff fails to satisfy either part of the heavy two-part burden, the Court must find that the defendant is protected by qualified immunity. *Gross v. Pirtle*, 245 F.3d 1151, 1156 (10 Cir. 2001).

If the facts alleged do not establish a constitutional violation, there is no need to proceed to the second step of the qualified immunity analysis. *Saucier*, 533 U.S. at 201. As discussed above, Plaintiff has failed to plead factual allegations to establish any constitution violations. Assuming, *arguendo*, if this Court were to find that Defendants violated Plaintiff's constitutional rights, "[t]he plaintiff carries the burden of convincing the court that the law was clearly established." *Pueblo Neighborhood Health Centers, Inc. v. Losavio*, 847 F.2d 642, 645 (10th Cir. 1988).

To be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson*, 483 U.S. at 640. "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right….[T]here must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Ullery v. Bradley*, 949 F.3d 1282, 1291 (10th Cir. 2020) (internal quotation marks and citations omitted).

The United States Supreme Court has repeatedly reiterated that the clearly established prong is a fact-intensive inquiry. *See White v. Pauly*, 137 S. Ct. 548, 552 (2017); *Mullenix v. Luna*, 136 S. Ct. 305, 308-09 (2015). "[C]learly established law" should not be defined "at a high level of generality." *White*, 137 S. Ct. at 548 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)). Otherwise, "[p]laintiffs would be able to convert the rule of qualified immunity ... into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights." *Id*.

Plaintiff has not pointed to any binding precedent or weight of persuasive authority demonstrating that a reason court official in Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Susan Rossignol's positions would know that limiting Plaintiff's access to the Seventh Judicial District Court in light of his persistent misconduct would violate Plaintiff's rights. Pursuant to § 34-1-2, N.M.S.A. 1978, a court may "preserve order and decorum, and for that purpose to punish contempts by reprimand, arrest, fine or imprisonment, being circumscribed by the usage of the courts of the United States." *State v. Clark*, 56 N.M. 123, 241 P.2d 328 (1952). As demonstrated in the record, Plaintiff engaged in conduct that clearly violated court rules and disrupted the courts. Accordingly, Defendants are entitled to qualified immunity as to Counts I, II, and III, and Plaintiff' federal claim for damages fails regardless of the merits underlying their claims.

### III. PLAINTIFF'S STATE CONSTITUTIONAL CLAIM SHOULD NOT BE SUBJECT TO SUPPLEMENTAL JURISDICTION.

Count IV alleges a violation of Article II, Sections 17, 18, and 23 of the New Mexico Constitution against Defendant Seventh Judicial District Court only. *Id*. ¶¶ 42-45. Plaintiff states that Defendant violated his constitutional rights of freedom of speech, freedom of press, freedom of assembly, and due process. *Id*., ¶ 43. Similar to Counts I, II, and III, there are no factual allegations pled in the Complaint concerning any constitutional violations committed, only

conclusory statements, and it is unclear what actions Defendant took that could be characterized as such.

Because Plaintiff has failed to state a viable federal claim in Counts I, II, and III, those claims should be dismissed, which leaves Plaintiff's state law claim in Count IV. Leaving immunity aside, such as qualified immunity, judicial immunity, or absolute immunity, the Court should decline supplemental jurisdiction over Plaintiff's state law claims given Plaintiff's failure to bring any viable federal claims. See Merrifield v. Bd. of Cty. Comm'rs, 654 F.3d 1073, 1085 (10th Cir. 2011) (stating that a district court may decline supplemental jurisdiction when it has "dismissed all claims over which it has original jurisdiction" (quoting 28 U.S.C. § 1367(c)(3)).

## CONCLUSION

Plaintiff's complaint does not assert any factual allegations against any Seventh Judicial District official or employee upon which relief may be granted. Further. Defendants Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Susan Rossignol are also entitled to qualified immunity. Because Plaintiff's federals claims fail, this Court should decline supplemental jurisdiction over Plaintiff's state law claim. Accordingly, Plaintiff's Complaint should be dismissed.

**WHEREFORE**, Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Suan Rossignol request that this Court dismiss Plaintiff's Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § Violation s of Rights Protected by the New Mexico Civil Rights Act; Emergency Request for a Temporary Restraining Order; Request for Preliminary Injunction, Permanent

Injunctive Relief and Damages, award Defendants their costs and fees associated with responding to Plaintiffs' Complaint, and grant all other relief this Court deems just and proper.

> Respectfully submitted,
>
> **GARCIA LAW GROUP, LLC**
>
> */s/ Jade Delfin*
> Bryan C. Garcia
> Rodney L. Gabaldon
> Jade Delfin
> *Attorneys for Defendants*
> 6739 Academy Road NE, Suite 200
> Albuquerque, NM 87109
> (505) 629-1576 / (505) 652-1337 (fax)
> bgarcia@garcialawgroupllc.com
> rgabaldon@garcialawgroupllc.com
> jdelfin@garcialawgroupllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CMECF on this the 23rd day of October, 2023, which caused service to all counsel of record.

*/s/ Jade Delfin*
Jade Delfin