IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES SPRINGER,

    Plaintiff,

v.                                                                                 No. 1:23-cv-00499-MIS-JMR

SEVENTH JUDICIAL DISTRICT COURT
MERCEDES MURPHY,
SHANNON MURDOCK-POFF,
JASON JONES, and SUSAN ROSSIGNOL,

    Defendants.

**DEFENDANTS' MOTION TO DISMISS NO. II: DISMISSAL FOR LACK OF SERVICE, FOR LACK OF JURSIDICTION, AND FOR SPOLIATION OF EVIDENCE**

    COMES NOW Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Suan Rossignol (collectively hereinafter "Defendants"), by and through their counsel of record, Garcia Law Group, LLC (Bryan C. Garcia, Rodney L. Gabaldon, and Jade Delfin), and state the following for their Motion to Dismiss No. II: Dismissal for Lack of Service, for Lack of Jurisdiction, and for Spoliation of Evidence[1]:

**INTRODUCTION**

    This action arises from an incident that occurred on January 27, 2023 at the Seventh Judicial District Torrance County courthouse. On that day, James Springer ("Plaintiff") interrupted a hearing already in progress, without a mask as required by state mandate. and snuck a cellphone in the courtroom to secretly record his visit. As result of Plaintiff's misconduct, Chief Judge Mercedes Murphy ("Chief Judge Murphy") entered an Administrative Order limiting Plaintiff's

---

[1] As required by D.N.M. LR Civ. 7.1(a), Defendants notified counsel of this motion prior to its filing and have received notice that it is opposed.

presence in the Seventh Judicial District Courthouses to his own matters or specific court business, and with a law enforcement escort.

On June 9, 2023, Plaintiff filed his *Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § Violation s of Rights Protected by the New Mexico Civil Rights Act; Emergency Request for a Temporary Restraining Order; Request for Preliminary Injunction, Permanent Injunctive Relief and Damages* ("Complaint") [Doc. 1]. In Count I of Plaintiff's Complaint, Plaintiff alleges a claim under 42 U.S.C. § 1983 predicated on violations of the First Amendment rights to freedom of the press and speech. *Id*. ¶¶ 29-30(2). Count II of Plaintiff's Complaint alleges a claim under 42 U.S.C. § 1983 predicated on substantive due process violations. *Id*. ¶¶ 31(2)-35. In Count III, Plaintiff alleges a claim under 42 U.S.C. § 1983 predicated on procedural due process violations. *Id*. ¶¶ 36-41. Count IV of Plaintiff's Complaint alleges a violation of Article II, Sections 17, 18, and 23 of the New Mexico Constitution against Defendant Seventh Judicial District Court only. *Id*. ¶¶ 42-45. For the reasons set forth below, Defendants are entitled to dismissal of Plaintiff's Complaint based upon lack of proper service, lack of jurisdiction, and spoliation of evidence.

## FACTUAL BACKGROUND

1. On June 9, 2023, James Springer ("Plaintiff") filed his *Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § Violations of Rights Protected by the New Mexico Civil Rights Act; Emergency Request for a Temporary Restraining Order; Request for Preliminary Injunction, Permanent Injunctive Relief and Damages*. [Doc. 1].

2. Plaintiff's Complaint named the Seventh Judicial District Court ("7th JDC"), Jason Jones ("Mr. Jones"), Chief Judge Mercedes Murphy ("Chief Judge Murphy"), Judge Shannon-Murdock-Poff ("Judge Murdock-Poff"), and Susan Rossignol ("Ms. Rossignol") as defendants. *Id.*

3. This Court noted that "Plaintiff asserts that he provided notice through e-mail to the Seventh Judicial District Court's proposed text e-mail." *Order Directing Service and Setting Briefing Schedule* [Doc. 2], p. 1.

4. This Court ordered "Plaintiff shall *serve* the complaint and summons, the TRO motion, and this order on the appropriate Defendants." *Id*. at 2.

5. Plaintiff filed *Summons Returns* for the Seventh Judicial District Court ("7th JDC") alleging service through Susan Rossignol on June 9, 2023. [Doc. 2].

6. Plaintiff filed *Summons Returns* for Jason Jones ("Mr. Jones") alleging personal service at the Seventh Judicial Court on June 9, 2023. [Doc. 4]

7. Plaintiff filed *Summons Returns* for Chief Judge Mercedes Murphy ("Chief Judge Murphy") alleging personal service at the Seventh Judicial Court on June 9, 2023. [Doc. 5].

8. Plaintiff filed *Summons Returns* for Judge Shannon-Murdock-Poff ("Judge Murdock-Poff") alleging personal service at the Seventh Judicial Court on June 9, 2023. [Doc.6].

9. Plaintiff filed *Summons Returns* for Susan Rossignol ("Ms. Rossignol") alleging personal service at the Seventh Judicial Court in Estancia, New Mexico on June 9, 2023. [Doc. 8].

10. On July 19, 2023, Plaintiff filed a *Certificate of Service* stating the Order Directing Service and Setting Briefing Schedule was served via Chief Judge Murphy proposed text email on June 21, 2023. [Doc. 12], p. 1.

11. The Affidavit of Service by Micheal Tinker stated that the Order Directing Service and Setting Briefing Schedule was served on the Court Clerk at the Seventh Judicial Court in Estancia, New Mexico on June 9, 2023. *Id*. at 2.

12. On August 8, 2023, Plaintiff filed a *Notice of Completion of Briefing* on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. [Doc. 25].

13. In support of the Notice, Plaintiff attached his *Declaration of James* Springer. [Doc. 25-2].

14. Two of the videos[2] Plaintiff referenced in his Declaration are no longer available[3].

15. On August 15, 2023, undersigned counsel filed an *Entry of Appearance* for Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Suan Rossignol. [Doc. 26].

16. On August 21, 2023, the Court entered a *Second Order Amending Briefing Schedule* permitting Defendants to file a Response to Plaintiff's Application for Temporary Restraining Order. [Doc. 27]

17. On August 29, 2023, counsel for Defendants served Plaintiff's counsel a preservation letter asking Plaintiff to preserve all evidence related to this matter. A copy of the Preservation Letter is as Exhibit D to Defendants' *Response to Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § Violation s of Rights Protected by the New Mexico Civil Rights Act; Emergency Request for a Temporary Restraining Order; Request for Preliminary Injunction, Permanent Injunctive Relief and Damages* ("Response") on September 5, 2023. [Doc. 29] and is incorporated herein by reference.

18. The day after service of the preservation letter, Plaintiff stated that he deleted some evidence:

> They also sent something to my attorneys saying that they want me to preserve all of my journalistic materials for them so that they can come and take those material

---

[2] The video links referenced in the Declaration are https://youtube/Kli3llfmuTE and https://www.youtube.com/watch?v=MzrvNNlYpQI, which undersigned counsel last attempted to access on October 22, 2023.

[3] This Court also noted that two of the videos in Plaintiff's Declaration were no longer available. *Amended Order Denying Plaintiff's Request for Temporary Restraining Order/Preliminary Injunction* [Doc. 38], FN 15.

> from me. They've said that they need me to preserve all my journalist materials because they intend to come and try to bully me and take those journalist materials from me, including any conversations, private conversations, that I've had with confidential informants because they know that there are people not just within their police departments and their legislature but within the judicial system in New Mexico that are giving me information. They know it. *It doesn't matter because I deleted it all* as soon as it's read but they know and they're trying to bully anybody who would be giving me information.

*See* James Freeman, *I'm suing the Court for rights violations, but they just gave me the offer of a lifetime*, YouTube (August 30, 2023), 13:32-14:33[4], which is attached as Exhibit E to [Doc. 29] and is incorporated herein by reference (emphasis added).

19. Defendants filed their *Response to Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § Violation s of Rights Protected by the New Mexico Civil Rights Act; Emergency Request for a Temporary Restraining Order; Request for Preliminary Injunction, Permanent Injunctive Relief and Damages* ("Response") on September 5, 2023. [Doc. 29].

20. Plaintiff filed his *Reply in Support of the Motion for Temporary Restraining Order and Preliminary Injunction* ("Reply") on September 19, 2023. [Doc,. 31].

21. The Court entered its *Order Denying Plaintiff's Request for a Temporary Restraining Order/Preliminary Injunction* on September 21, 2023. [Doc. 34]

22. Plaintiff filed a Motion for Reconsideration on September 21, 2023. [Doc. 36].

23. After granting the reconsideration motion in part, the Court later entered an *Amended Order Denying Plaintiff's Request for a Temporary Restraining Order/Preliminary Injunction* on September 22, 2023. [Doc. 38].

---

[4] Available at https://www.youtube.com/watch?v=Jn1lb58AFdA, last visited October 22, 2023.

**LEGAL STANDARD**

Motions to dismiss under Rule12(b)(6) of the Federal Rules of Civil Procedure test the "legal sufficiency of the allegations contained within the four corners of the complaint." *Jojola v. Chavez*, 55 F.3d 488, 494 (10 Cir. 1995) (citing *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 159, 1566 (10th Cir. 1993)). The court's objective in reviewing a motion to dismiss "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint *alone* is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) (emphasis added). Thus, the question that confronts the court in a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail but whether the allegations entitle the plaintiff to offer evidence to support his claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Fed. R. Civ. P. 12 also allows a defendant to move to dismiss on grounds other than a failure to state a claim. As a rule, when a court reviews a motion to dismiss, it must accept all well-pleaded factual allegations as true, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). However, this mandate applies only to a plaintiff's well-pleaded factual contentions. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court is under no mandate to accept a plaintiff's conclusory allegations. *Id*. ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."). Nor is it under a mandate to "accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (internal quotations omitted). Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Moreover, the complaint must "apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." *Perrington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1396, 1371 (10 Cir. 1979). Or, as the U.S. Supreme Court has phrased it, a complaint must contain sufficient factual allegations to show that the plaintiff has a plausible, not merely possible, claim for relief. *Iqbal*, 556 U.S. at 679. Determining whether a complaint states a plausible, as opposed to merely possible, claim for relief, is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has *alleged*–but it has not '*show[n]*'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (emphasis added).

Rules 12(b)(4) and 12(b)(5) allow a defendant to defend against a claim on the grounds of insufficiency of process and insufficiency of service of process. *See id*. A failure to serve a defendant as prescribed by Fed. R. Civ. P. 4 is a grounds for dismissal under Fed. R. Civ. P. 12(b)(4) and 12(b)(5). *See Whitsell v. United States*, 198 F.3d 260 (10th Cir. 1999) (holding because Rule 4 was not met, the district court was correct in finding that service was insufficient under Rules 12(b)(4) and 12(b)(5).).

**LEGAL ARGUMENT**

**I.    DEFENDANTS ARE ENTITLED TO DISMISSAL OF PLAINTIFF'S COMPLAINT BECAUSE PLAINTIFF HAS NOT EFFECTED SERVICE.**

**A.    Plaintiff Has Not Properly Served Defendants.**

The Federal Rules of Civil Procedures establishes service of process for individuals and governmental defendants:

> (e) SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless federal law provides otherwise, an individual—other

than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

    (2) doing any of the following:

    (A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

(j) SERVING A FOREIGN, STATE, OR LOCAL GOVERNMENT.

…

(2) State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

(A) delivering a copy of the summons and of the complaint to its chief executive officer; or

(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j).

Plaintiff's first option under Rule 4(j) is to deliver a copy of the summons and complaint to Defendants' chief executive officers. Here, Plaintiff served Ms. Rossignol personally [Doc. 8]. Plaintiff attempted to serve the 7th JDC through Ms. Rossignol. [Doc. 3]. However, the 7th JDC was not served delivering a copy of the summons and of the complaint to its chief executive officer, nor as prescribed by the State of New Mexico's laws for serving a summons or like process on other state-created governmental organization. Plaintiff alleges that Chief Judge Murphy, Judge

Murdock-Poff, and Mr. Jones were personally served. [Docs. 4, 5, and 6]. It is unclear who, other than Ms. Rossignol, was personally served, though it appears that Plaintiff attempted to serve Chief Judge Murphy, Judge Murdock-Poff, and Mr. Jones through Ms. Rossignol or other person not authorized to accept service on their behalf. *See Plaintiff's Response to Motion to Set Aside the Clerk's Entry of Default* [Doc. 48], p. 2.

However, the New Mexico Rules of Civil Procedure do not authorize a court clerk to accept service for the court or court officer, official or employee. Rule 1-004(H)(1) NMRA. By contrast, those same rules authorize a county clerk to be served for a county and for a city clerk to be served for a municipal corporation. *See* Rule 1-004(H)(1)(f) NMRA and Rule 1-004(H)(1)(g) NMRA. The rules expressly designate a particular officer to whom process must be delivered and with whom it may be left, and provide no other substitute. Because Plaintiff served the summons and complaint to an individual not authorized to accept service on Defendants' behalf, Plaintiff has failed to satisfy the Rules of Civil Procedure. Accordingly, Plaintiff has not shown effective service on the 7th JDC, Chief Judge Murphy, Judge Murdock-Poff, and Mr. Jones under Rule 4(e) nor under Rule 4(j).

**B.     Plaintiff's Delivery Attempts Are Insufficient for The Purpose of Service of Process.**

Under the Fed. R. Civ. P. 4(j)(2), 7th JDC must be served by delivering a copy of the summons and complaint to its chief executive officer. Under New Mexico's service rules, the 7th JDC must be served by delivering a copy of the process to the head of the 7th JDC, which is the Chief Judge. Rule 1-004(H)(1)(b) NMRA. With respect to Chief Judge Murphy, Judge Murdock-Poff, and Mr. Jones, they must be served by delivering a copy of the process to by delivering a copy of the process to the officer, official or employee. Rule 1-004(H)(1)(c) NMRA.

Plaintiff acknowledges that "a copy of the complaint and summones were first delivered to the Seventh Judicial District Court's clerk". *Response to Motion to Set Aside Clerk's Entry of Default* [Doc 48], p. 2. Plaintiff further states that a pre-filed copy of the Complaint was sent to Chief Judge Murphy's proposed text email address on June 8, 2023; that a filed copy of the Complaint as an exhibit to a motion to stay the contempt proceedings was sent to Chief Judge Murphy's proposed text email address on June 9, 2023 and on June 12, 2023; and that a filed copy of the Complaint and Order Directing Service and Setting Briefing Schedule was sent to Chief Judge Murphy's proposed text email address on June 21, 2023. *Id.*

A courtesy copy via email fails to meet the meaning of delivery for the purposes of service. Delivery under Fed. R. Civ. P. 4(j)(2) requires use of a process server. *See Allen v. Knowlton, No. 22-4049-EFM, 2022 U.S. Dist. LEXIS 204496, at *4 (D. Kan. Nov. 9, 2022)* ("'Delivery' under Rule 4(j)(2)(A) cannot be accomplished by the use of certified mail." Other jurisdictions have rejected also mailing to be delivery. *See Nashville Cmty. Bail Fund v. Gentry,* 446 F. Supp. 3d 282, 299 (M.D. Tenn. 2020) (Interpreting Rule 4(j)(2), "courts have generally held that 'delivery,' as a 'term of art,' requires more than service by mail."); *Jewel v. Florida Dep't of Revenue*, 2016 U.S. Dist. LEXIS 178638, 2016 WL 7440951 (M.D. Fla. Dec. 27, 2016) (holding service by mail on the governor was deficient under Rule 4(j)(2)(A), because "mailing is not delivering under [Rule] 4"). Similarly, email is insufficient under state Rule 1-004(H) because mail is insufficient for service for federal Rule 4(j). Therefore, Plaintiff has not met his burden to show service on a designated registered agent, the chief executive officer, and/or any other person authorized by law to accept service of process.

**C.     Plaintiff Has Not Served the Attorney General.**

The second option for service under Rule 4(j)(2) is to serve a copy of the summons and complaint in the manner prescribed by the law of the State of New Mexico. The New Mexico Rules of Civil Procedures establishes service of process for governmental defendants:

> H.  Process; service upon state or political subdivisions.
>
> (1)     Service may be made upon the State of New Mexico or a political subdivision of the state:
>
> …
>
> (b) in any action in which a branch, agency, bureau, department, commission or institution of the state is named a party defendant, by delivering a copy of the process to the head of the branch, agency, bureau, department, commission or institution *and* to the attorney general;
>
> (c) in any action in which an officer, official, or employee of the state or one of its branches, agencies, bureaus, departments, commissions or institutions is named a party defendant, by delivering a copy of the process to the officer, official or employee *and* to the attorney general;
>
> …
>
> (2) Service may be made on a person or entity described in Subparagraph (1) of this paragraph by mail or commercial courier service in the manner provided in Subparagraph (3) of Paragraph E of this rule.

Rule 1-004(H) NMRA (emphasis added).

Plaintiff's attempt to effect service upon all Defendants is also insufficient because he has not demonstrated service on the New Mexico Attorney General, as required by Rule 1-004(H) (1)(b) NMRA and Rule 1-004(H) (1)(c) NMRA. For a state governmental entity and an officer, official, or employee thereof, both the named defendant and the New Mexico Attorney General must be served. The purpose of requiring service upon the Attorney General or an Assistant Attorney General is to insure the prompt notification of the Attorney General's office of all legal

actions against the state. Such service allows for the subsequent coordination and supervision of the defense by the Attorney General. *Knight v. State of Kansas*, 1990 U.S. Dist. LEXIS 13520, 1990 WL 154206, at *2 (D. Kan. 1990) (quoting *Amy v. City of Watertown*, 130 U.S. 301, 316-17, 9 S. Ct. 530, 32 L. Ed. 946 (1889)).

Notably, there is not a single summons returns for the Attorney General on any Defendant named herein, nor were any summons even issued for the Attorney General on said Defendants. Neither has Defendant demonstrated or asserted anywhere in the record that the Attorney General has been served. Accordingly, Plaintiff has failed to show effective service under Fed. R. Civ. P. 4(j) and Rule 1-004(H) NMRA, and the Complaint should be dismissed.

**II.    DEFENDANTS ARE ENTITED TO DISMISSAL OF PLAINTIFF'S COMPLAINT BECAUSE PLAINTIFF DID NOT SERVE DEFENDANTS WITHIN NINETY (90) DAYS OF FILING HIS COMPLAINT.**

Fed. R. Civ. P. 4(m) requires that complaints be served within ninety (90) days after the complaint is filed with the Court. Accordingly, Plaintiff was required to serve Defendants with his Complaint by September 7, 2023. See [Doc. 1], filed on June 9, 2023 (plus ninety (90) days). As discussed above, Plaintiff has not effected service on Defendants. Importantly, Plaintiff has failed to serve both Defendants and the New Mexico Attorney General as required by Rule 1-004(H) (1)(b) NMRA and Rule 1-004(H) (1)(c) NMRA. More than ninety (90) days have since the filing of the Plaintiff's Complaint. Accordingly, Defendants are entitled to dismissal for Plaintiff's failure to comply with Fed. R. Civ. P. 4(m).

**III.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE THIS COURT DOES NOT HAVE JURISDICTION OVER THIS MATTER.**

The *Rooker-Feldman* doctrine provides that United States District Courts "do not have jurisdiction…over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Dist.*

*of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923).

Under the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments. *Lance v. Dennis*, 546 U.S. 459, 463, 126 S. Ct. 1198, 163 L. Ed. 2d 1059 [*817] (2006) (per curiam). If the state-court decision was wrong, "that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding." *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 68 L. Ed. 362, 44 S. Ct. 149. Federal district courts lack the requisite appellate authority, for their jurisdiction was "strictly original." *Id*. at 416. The doctrine applies to federal cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).

Here, Plaintiff is disputing a state court decision, specifically, the Administrative Order and Amended Administrative Order limiting his access to the Seventh Judicial District courthouses. His claim therefore depends on this court finding that the state courts erred in entering the Orders. *Rooker-Feldman* prohibits such review. *See Exxon Mobil Corp.*, 544 U.S. at 284.

Although Plaintiff alleges claims under § 1983 and the New Mexico Constitution, he fails to state a federal claim. The basis for Plaintiff's Complaint originates from the Administrative Order and Amended Administrative Order limiting his access to the Seventh Judicial District courthouses. Procedurally, the Orders should be reviewed by the New Mexico Court Appeals and New Mexico Supreme Court. *See* Rule 12-201(A)(1)b) NMRA. *See also State v. Morris*, 1961-NMSC-120, ¶ 5, 69 N.M. 89, 90-91, 364 P.2d 348, 349 ("In the absence of an express statute or

rule, no appeal will lie from anything other than a formal written order or judgment signed by the judge and filed in the case or entered upon the records of the court and signed by the judge thereof.") .Instead, Plaintiff is attempting to appeal his state claim to this Court. *Rooker-Feldman* prohibits such review and Plaintiff's complaint should be dismissed for lack of subject-matter jurisdiction.

IV. **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS SANCTION FOR INTENTIONAL SPOLIATION OF EVIDENCE.**

It is well-established that "litigants are under an obligation to preserve evidence when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Browder v. City of Albuquerque*, 209 F. Supp. 3d 1236, 1243 (D.N.M. 2016) (citation and internal quotations omitted). "Spoliation sanctions are proper when (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." *Turner v. Pub. Serv. Co. of Colorado*, 563 F.3d 1136, 1149 (10th Cir. 2009) (quoting *Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007)). Furthermore, the "court has discretion to fashion an appropriate remedy depending on the culpability of the responsible party and whether the evidence was relevant to proof of an issue at trial." *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 862 (10th Cir. 2005).

A federal court has the inherent power to sanction a party who has abused the judicial process. *Chambers v. NASCO*, 501 U.S. 32, 44, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). The spoliation of evidence is one such abuse. *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 611 (S.D. Tex. 2010). Spoliation is the "destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably

foreseeable litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) (citing *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999))

### A.     Plaintiff Has a Duty to Preserve Evidence.

"[A] party's duty to preserve arises when it has notice that the [evidence] might be relevant to a reasonably-defined future litigation." *Zbylski v. Douglas Cty. Sch. Dist.*, 154 F. Supp. 3d 1146, 1164 (D. Colo. 2015). While the duty to preserve evidence is often triggered by the filing of a lawsuit, this duty may arise earlier if a party knows or should have known that the material may be relevant to future litigation. *OTO Software, Inc.*, 2010 U.S. Dist. LEXIS 101516, 2010 WL 3842434, at *7 (*citing Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998) (the obligation to preserve evidence arises when a party should have known) *overruled on other grounds by Rotella v. Wood*, 528 U.S. 549, 120 S. Ct. 1075, 145 L. Ed. 2d 1047 (2000)). In determining whether a party's duty to preserve has been triggered, courts evaluate facts such as the likelihood that a certain kind of incident will result in litigation. Ultimately, a party's duty to preserve arises when it has notice that the documents might be relevant to a reasonably-defined future litigation.

The court's decision as to when a party was on notice must be guided by the particular facts of each case. *Cache La Poudre*, 244 F.R.D. at 621. Once it is established that a party's duty to preserve has been triggered, the inquiry into whether a party has honored its obligation to preserve evidence turns on reasonableness, which must be considered in the context of whether "what was done or not done was *proportional* to that case and consistent with clearly established applicable standards." *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 613 (S.D. Tex. 2010) (emphasis in original).

Here, Plaintiff had sufficient notice of potential litigation because he is the party who initiated this lawsuit. Plaintiff contemplated litigation against the Seventh Judicial District, and

publicly announced his intentions to do so. James Freeman, *Court Retaliated Against me for YOU exercising Rights*, YouTube (March 1, 2023), 3:46.[5] Consequently, Plaintiff had a duty to preserve his raw videos, edited videos, notes, and other potential evidence. Defendants listed evidence Plaintiff should preserve from that time forward. However, Plaintiff publicly admits to spoliation the day after his counsel is served a preservation letter. [Doc. 29], Exhibit D at 14:22.

**B.      Plaintiff's Immediate Deletion of Evidence Demonstrates Culpability and Intent.**

Culpability refers to the "degree of fault to be assigned to the offending party." *Baker v. Cmty. Health Sys., Inc.*, No. CIV. 05-279 WJ/ACT, 2012 U.S. Dist. LEXIS 146865, 2012 WL 12294413, at *12 (D.N.M. Aug. 31, 2012). Courts have not been uniform in defining the level of culpability—be it negligence, gross negligence, willfulness, or bad faith—that is required before sanctions are appropriate for evidence destruction. *Ashton v. Knight Transp., Inc.*, 772 F. Supp. 2d 772, 800 (N.D. Tex. 2011). "Culpability can range along a continuum from destruction intended to make evidence unavailable in litigation to inadvertent loss of information for reasons unrelated to the litigation." *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 611, 613 (S.D. Tex. 2010).

The Tenth Circuit requires bad faith for spoliation of evidence. *See Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997). The general rule is that bad faith destruction of a document relevant to proof of an issue at trial gives rise to an inference that production of the document would have been unfavorable to the party responsible for its destruction. *See Coates v. Johnson & Johnson*, 756 F.2d 524, 551 (7th Cir. 1985). Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case. *Vick v. Tex. Emp't Com, 514 F.2d 734, 737 (5th Cir. 1975)* Conversely, willfulness is equivalent to

---

[5]      Available at https://www.youtube.com/watch?v=DkALoekXxWQ, last accessed October 22, 2023.

intentional, purposeful, or deliberate conduct. *Buckley v. Mukasey,* 538 F.3d 306, 323 (4th Cir. 2008). "While bad faith requires destruction for the purpose of depriving the adversary of the evidence, for willfulness, it is sufficient that the actor intended to destroy the evidence. *Id.* (internal quotation and citations omitted). Here, Plaintiff's publicly declared that he deleted evidence just after receiving a spoliation letter. The near-immediate timing of Plaintiff's spoliation conduct demonstrates it was intentional, purposeful, and deliberate. Such culpability rises to bad faith and willfulness.

C. **Plaintiff's Spoliation of Evidence Prejudices Defendants.**

The moving party carries the burden "to establish a reasonable possibility, based on concrete evidence rather than a fertile imagination, that access to the lost material would have produced evidence favorable to his cause." *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 167 F.R.D. 90, 104 (D. Colo. 1996). "At the same time, courts must be careful that the application of this burden is not too onerous, otherwise the spoliating party might be allowed to profit from its own misconduct." *Ashton v. Knight Transp., Inc.*, 772 F. Supp. 2d 772, 801 (N.D. Tex. 2011).

Plaintiff's blatant destruction of evidence immediately after the preserved has prejudiced Defendants. Given Plaintiff's documented misconduct in the Seventh Judicial District, it is reasonable to infer that Plaintiff took down videos and deleted evidence which demonstrate additional acts of misconduct. Such the spoliation is highly prejudicial to Defendants because the spoliation denies Defendants access to evidence from which they may adequately develop defenses. Accordingly, Plaintiff's complaint should be dismissed as a sanction for intentional spoliation of evidence.

## CONCLUSION

Plaintiff has not met his burden to show service on a designated registered agent, the chief executive officer, and/or any other person authorized by law to accept service of process, nor on the New Mexico Attorney General. Further, the *Rooker-Feldman* prohibits this Court from reviewing state decisions. Finally, Plaintiff has intentionally spoliated evidence in bad faith and should be sanctioned accordingly. For the reasons described above, Defendants are entitled to dismissal of Plaintiff's Complaint.

**WHEREFORE**, Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Suan Rossignol request that this Court dismiss Plaintiff's Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § Violation s of Rights Protected by the New Mexico Civil Rights Act; Emergency Request for a Temporary Restraining Order; Request for Preliminary Injunction, Permanent Injunctive Relief and Damages, award Defendants their costs and fees associated with responding to Plaintiffs' Complaint, and grant all other relief this Court deems just and proper.

Respectfully submitted,

**GARCIA LAW GROUP, LLC**

*/s/ Jade Delfin*
Bryan C. Garcia
Rodney L. Gabaldon
Jade Delfin
*Attorneys for Defendants*
6739 Academy Road NE, Suite 200
Albuquerque, NM 87109
(505) 629-1576 / (505) 652-1337 (fax)
bgarcia@garcialawgroupllc.com
rgabaldon@garcialawgroupllc.com
jdelfin@garcialawgroupllc.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CMECF on this the 23rd day of October, 2023, which caused service to all counsel of record.

*/s/ Jade Delfin*
Jade Delfin