IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES SPRINGER,

        Plaintiff,

v.

                                    Civil Action No. 1:23-cv-00499-MIS-JMR

SEVENTH JUDICIAL DISTRICT COURT,
MERCEDES MURPHY,
SHANNON MURDOCK-POFF, JASON JONES,
and SUSAN ROSSIGNOL,

        Defendants.

### REPLY IN SUPPORT OF *EXPEDITED* MOTION FOR THE HON. MARGARET STRICKLAND, U.S. DISTRICT JUDGE, TO RECUSE HERSELF FROM ALL PROCEEDINGS GOING FORWARD AND RE-ASSIGN THE CASE TO CONSIDER THIS MOTION PURUSANT TO 28 U.S.C. § 144

COMES NOW Plaintiff, by and through undersigned counsel and hereby respectfully offers his reply in support of his motion for the recusal of Judge Strickland, and for his reasons states:

### FACTS PUT SUFFICENTLY AT ISSUE BY PLAINTIFF'S AFFIDAVIT

Defendants attempt in their Response to mischaracterize the facts and the support that Plaintiff's affidavit provides as merely a dispute over the determination by this Court to deny Plaintiff injunctive relief, but as the Court is aware, Plaintiff has already filed an appeal of right of the order at issue and while the Court's overly differential evaluation of the briefing in favor of the Defendants is invoked as evidence of reasonable question concerning a bias or lack of impartiality toward judicial Defendants, it is but one of several examples. In fact, the majority of the examples that give cause to reasonably question Judge Strickland's impartiality were present, as referenced in Plaintiff's affidavit in support of this Motion, before her decision denying the injunctive relief sought by Plaintiff. Plaintiff does not repeat

1

the facts confirmed by Plaintiff's affidavit, but does note that Defendants ignore and do not address or explain how the deference reasonably inferred from Judge Strickland's actions is not factually accurate. In short, Plaintiff, through his affidavit, has merely confirmed what the docket shows to be true and what animates the reasonable question of whether or not Judge Strickland has demonstrated a bias toward judicial colleagues from the state court bench.

This is not a run of the mill case where this type of impartiality could reasonable occur and it is fair (though these defendants clearly take issue with having their judgement questioned) for Plaintiff to request review when presented with Defendants that were served pursuant to NMRA 1-004 by hand delivering a copy to the Defendants at a location where they can typically be found (no affidavit has presented by Defendant Rossignol, that she was not authorized to receive a delivery of copies for the other defendants or that she did not deliver the copy she received to the other defendants), but have failed to follow the Rules of Civil Procedure following that compliant service only to have Judge Strickland apparently assume that the issue is with Plaintiff's service.    To be perfectly clear, the facts Plaintiff confirms in his affidavit or those of the procedural deference towards the judicial defendants, i.e., excusing without any request or explanation, the failure of Defendants to comply with Judge Riggs's order requiring a response 14 days after the Defendants were served on June 21, 2023 (or certainly no later than the hand delivery on July 13, 2023) pursuant to Rule 5(b)(2).*See* Rule 5 Fed. R. Civ. P.  In essence, the evidence supported by Plaintiff's Affidavit is that appears to be a reasonable assumption that Judge Strickland took on faith, that these Defendants could not possible be at fault for failing to follow Court rules and that it must be Plaintiff that is not following the Rules.  This action exhibits either a bias against Plaintiff or in favor of these defendants which is precisely what the law establishes a process for Plaintiff

to test in front of another district court judge, once he has sufficiently by *these* facts at issue in an affidavit.

However, here Defendants misrepresent the law, what Judge Strickland may do is evaluate Plaintiff's affidavit to see if *sufficiently* puts facts at issue that *could* be evidence that reasonable questions the impartiality of Judge Strickland. But, if Plaintiff has put sufficient facts forth, to reasonably question the issue, then the reasonableness question must be resolved by another judge under the statute. It this regard, *Salt Lake Tribune Pub. Co., LLC v. AT & T Corp.*, 353 F. Supp. 2d 1160, (D. Utah 2005), cited by Defendants but largely avoided for what the case *actually* provides for this process is instructive because both Section 455 and Section 144 are invoked. Under Section 144, the District of Utah Court, clarified that:

> Under 28 U.S.C. § 144, the standard for recusal is higher, but the procedural requirements are different. Section 144 states that a judge "shall proceed no further" in the case if the party seeking recusal files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party ...."[25] If properly pleaded, all of the factual allegations in the affidavit must be taken as true for purposes of the motion under § 144, and the court decides *1173 only whether the affidavit is timely and legally sufficient.[26]

*Id*. at 1172–73. Thus, in the present case the affidavit is timely because it is presented the clarifying event was the order to show cause directed at solely at Plaintiff to explain delay in the case while assuming that no explanation was due from Defendants. Moreover, the affidavit is sufficient because it confirms the facts already apparent from the record regarding procedural irregularities and deference in filings towards the judicial defendants. Finally, on this point Plaintiff's affidavit confirms and verifies the procedural facts contained in the motion, Plaintiff read and verified the facts in the Motion, he does not have restate them in his affidavit as well, as the Defendants erroneously argue here.

3

Moreover, Section 455 is to be interpreted to be applied deferentially in favor of the Plaintiff here.  Again from *Salt Lake Tribune*:

> Under 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned."[17] As noted by the Tenth Circuit earlier in this litigation, § 455(a) contains an objective standard which requires disqualification "only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality."[18] **This means that the judge "must recuse himself when there is the appearance of bias, regardless of whether there is actual bias."[19] Where the question is close, the judge should recuse.**[20]
>
> But § 455(a) does not require recusal "based on unsubstantiated suggestions of personal bias or prejudice."[21] Rather, the inquiry is "limited to outward manifestations and reasonable inferences drawn therefrom."[22] Finally, while § 455(a) does not explicitly contain a timeliness requirement, the Tenth Circuit has held that " § 455(a) motions for recusal must be timely filed."[23] A recusal motion is untimely if the party seeking recusal fails "to act promptly once it knows of the facts on which it relies in its motion."

*Id*. at 1172 (emphasis added).

## CONCLUSION

For all the foregoing reasons, in deference to process that the statutes set forth, Judge Strickland should transfer this Motion to another judge and this Court should grant the relief sought herein.

Respectfully submitted this 26th day of October 2023.

    Respectfully submitted,

    WESTERN AGRICULTURE, RESOURCE
    AND BUSINESS ADVOCATES, LLP

    */s/ A. Blair Dunn*
    A. Blair Dunn, Esq.
    Jared R. Vander Dussen, Esq.
    400 Gold Ave SW, Suite 1000
    Albuquerque, NM 87102
    (505) 750-3060
    abdunn@ablairdunn-esq.com
    warba.llp.jared@gmail.com

Zach Cook, LLC

*/s/ Zach Cook*
Zach Cook
1202 Sudderth # 425
Ruidoso, NM 88345
(575) 937-7644
zach@zachcook.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2023, I filed the foregoing via the CM/ECF causing all parties of record to be served electronically.

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.