UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE DOUGLAS METZ, II
Plaintiff,
V.

CIVIL ACTION NO.

8:19cv2818-T-30AEP

CORPORAL RON LEVY PINELLAS COUNTY SHERRIF,
STEVEN SANTAMARIA
Defendants

## PLANTIFF'S COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, George Douglas Metz,II ["Metz"], complaining of Defendants,

Corporal Ron Levy and Steven Santa-Maria, hereby files this Plaintiffs Complaint

and Jury Demand and respectfully shows the

following:

## I.   NATURE OF THE ACTION

TPA0580105

1. This is a civil rights action for declaratory relief and damages arising under the Constitution of the United States and under the laws of the United States. Metz was lawfully exercising his First Amendment rights under the Constitution by using his video camera to gather information on matters of public interest to disseminate to other citizens. Metz was in an area he was legally allowed to be in and was not interfering with any business being conducted. At no time was Metz suspected of violating any law or policy. Nonetheless, the defendants treated Metz as if he did. They harassed, disrespected and trespassed Metz from a public area for practicing his First Amendment right.

## II. DEMAND FOR JURY TRIAL

2. Plaintiff demands a trial by jury. …

## III. PARTIES

3 . Plaintiff, Metz, is a Caucasian male citizen and adult resident of Florida, U.S.A.

4. Defendant, Corporal Ron Levy, is a Caucasian male individual citizen and adult resident of Florida who at all relevant times, was employed by the Pinellas County Sheriff office as a deputy sheriff. He is sued in his individual capacity and can be served with Summons at his work address at the Pinellas County Sheriff,

5. Defendant, Steven Santa-Maria, is a Caucasian male individual citizen and resident of Florida. He is Sued in his individual capacity.

## IV. JURISDICTION

8. This action to vindicate Plaintiff's rights protected by the First, and Fourteenth amendments to the U.S. Constitution is brought under under 42 U.S.C. §§1983 and 1988. This court has jurisdiction to hear the merits of Plaintiff's claims under under 28 U.S.C. §§1331 and 1343(a) (3) and (4).The court also has Jurisdiction under 28 U.S.C. §§2201 and 2202 and Bivens v. SixUnknown Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed. 2Nd 619 (1971) to declare the rights of the parties and to grant all further relief found necessary and proper. Plaintiff further invokes the pendent jurisdiction of the court to hear and decide claims arising under the Florida State Law.

## V. Venue

9.    Venue is under 28 U.S.C. §1391 (b) because one or more defendants reside in the middle of the District of Florida. Venue is also proper under 28 U.S.C. §1391 (b)because all of the event or omissions giving rise to the claims occurred in the middle of the District of Florida.

## VI FACTS

## A. INTRODUCTION

10.  At the time of the events, Metz was employed as an event coordinator. Photography and videography are hobbies of Metz.

11. Metz decided to videotape Saint Pete TSA at Clearwater airport located at 14700 Terminal Blvd #221, Clearwater, FL 33762

12. On January 30th during mid-morning, Metz was standing in an area off to the side out of the way.

13. Metz was simply recording the check point, which is within his first amendment

rights along with TSA policy.

14. Metz was not armed, nor suspected of violating any laws or airport policies.

15. Metz was not threatening anyone, neither by word or action.

16. Further, Metz was not interfering with the operations of the airport.

17. Metz was simply standing in an area he was allowed to be in, recording his public officials in the course of their duties.

## B. SHERIFF HARRASSMENT AND SOLICITATION OF TRESPASS

18. At all times relevant to the acts alleged in this complaint, Defendants were acting under the color of the statutes, ordinances, regulations, customs, and usages of the Pinellas County Sheriff, the St. Pete/Clear water airport and the State of Florida and the individual Defendants were acting under the authority of their respective offices as a Deputy Sheriff and airport operations official.

19. Within 65 seconds of Metz starting his recording he was approached by Deputy White and asked "I'm just curious to why you're filming".

20. Metz, realizing this was a consensual encounter decided to not answer Deputy Whites questions, at which time he called his supervisor over.

21. At which point Deputy Levy approached and questioned Metz as to why he was videotaping.

22. Metz informed Deputy Levy that he had a copy of TSA policy that allowed him to record the checkpoint.

23. At which point Deputy Levy stated he did not need a refresher course and that he could ask Metz to leave the property.

24. Deputy White asks Deputy Levy if they should get Airport Operations to trespass Metz.

25. Upon the arrival of Steven Santa-Maria the deputies conspired to have Metz

trespassed .

26. Metz discussed with Steven Santa-Maria the fact that he had the TSA policy, allowing him to record the checkpoint in question.

27. Upon Metz asking why he was being trespassed, Steven Santa-Maria replied "for filming".

28. Metz did not violate any law or policy. It appears that they trespassed him from public property due to him practicing he First Amendment Right to free press.

## VII. ACTION AGAINST ALL DEFENDANTS UNDER 42 U.S.C. §1983 FOR VIOLATIONSOF THE FIRST AND FOURTEENTH AMENDMENTS

29. Metz adopts by reference the facts and allegations set forth in paragraphs 1-28 as though fully set forth herein.

30.     Observing public police activities, without interfering with those duties, is a legitimate means of gathering information for public dissemination and is expressive conduct protected by the First Amendment. This First Amendment right to gather information includes the right to record actions of police, subject to reasonable time, place, and manner restrictions. In this instance, Metz was standing on a public sidewalk videotaping apparently normal activities of the Sheriff during broad daylight from a public sidewalk, which activity is protected by the First Amendment to the United States Constitution.

31.     Metz was not engaged in any unlawful activity or interfering with the duties of public activities.

32. None of Metz activities were being conducted in an unreasonable time, place or manner.

33. In fact it is apparent from the actions of the officers in the statements made by the officers that the entire incident was an illegal attempt to chill Metz first

amendment rights.

34. Defendants acting under color of law deprived plaintiff of certain constitutionally protected rights as follows:

A. Deputy Levy and Whites conspired with Airport Operations to restrict the well of information that the public and press can draw from.

B. The deputies surrounded Metz in an attempt to block his view of the public areas in which he was trying to record.

C. The deputies followed Metz to his vehicle in the parking lot in order to illegally identify him.

35. Defendant Officers acted willfully, deliberately, maliciously, or with reckless disregard for Metz' exercise of his clearly established rights protected by the First Amendment, Fourth Amendment and Fourteenth Amendment to the U.S. Constitution.

36. Upon information and belief, Defendant, Deputy Levy is responsible for the violations of Metz's constitutional rights because the Defendant Officers' actions resulted from the Deputy's deliberate indifference:

A.    in failing to formulate policies and procedures of providing for First Amendment rights or, if such policies and procedures existed, in failing to follow and enforce them;

B. in chilling Metz' First Amendment Rights by customarily allowing officers to trespass individuals for their expressive conducting videotaping police undertaking their official duties; or

C. in failing to properly train and supervise officers who engage in such conduct.

37. Defendant had a duty under the first and fourteenth amendment of the

constitution of the United States to refrain from enforcing or allowing policies and

procedures or customs that created a substantial likelihood that citizens would be

subjected to being trespassed on public property merely for exercising their first

amendment rights.

38. As a direct and proximate result of one or more of defendants wrongful acts or

omissions, Plaintiff sustained violations of his rights under the First and Fourteenth

Amendments to the Constitution of the United States.

## VIII. LACK OF QUALIFIED IMMUNITY

39. Metz adopts by reference the facts and allegations set fourth in paragraphs 1-38

as though fully set fourth herein.

40. It is clearly established law that a person has a First Amendment right to gather

information and videotape police activity, subject to reasonable time , place, and

manner restrictions.

41. Defendants did not observe Metz engage in any criminal conduct and had no

reasonable suspicion or probable cause to believe that Metz had committed or was

committing and criminal conduct.

42. Metz was merely videotaping TSA at work, which was protected by the First

Amendment of the U.S. Constitution in a publicly accessible area without interfering

with normal operating procedures.

43. None of Metz' activities were conducted at an unreasonable time, place or

manner.

44. It is also clearly established law in Florida that a person does not have to identify

himself or answer any questions until he has been lawfully arrested.

45. At all times, Metz was non-violent, was unarmed, and made no threats to the

safety of the defendant or others prior to the illegal acts of the defendants.

46. Defendants actions violated clearly established statutory and constitutional rights

of which a reasonable officer would have known.

47. Defendants should not be entitled to any protection of qualified immunity to

avoid accountability in this case.

## IX. DAMAGES AND ATTORNEY'S FEES

48. Metz adopts by reference the facts and allegations set fourth paragraph 1-47 as though fully set fourth herein.

49. As a direct and proximate result of defendants unlawful actions Metz suffered deprivations of his constitutional rights guaranteed by the First and Fourteenth amendments of the U.S. Constitution.

50. Metz incurred damages for loss of reputation, shame, embarrassment, humiliation, mental anguish, pan ad suffering, and other such compensatory and consequential damages as the law entitles Plaintiff to recover.

51. Metz seeks punitive damages against the individual defendants for their intentional, willful and wanton acts completely ignoring "clearly established statutory and Constitutional rights of which a reasonable officer would have knows."

52. Metz hereby sues for these damages and prays for the just and fair recovery thereof.

## X. PRAYER FOR RELIEF

53. For the foregoing reasons, Plaintiff respectfully request the following.

A. Enter a declaratory judgment that the Defendants violated Plaintiffs First and Fourteenth Amendment right to be free from unreasonable search and/or seizure.

B. Award actual/compensatory damages against all Defendants, jointly and severally, in an amount to be determined at trial
C. Alternatively award nominal damages for the violations of the Plaintiffs Constitutional rights;
D. Award Punitive damages against the individual defendants. .
E. Enter such other relief as this Honorable Court may deem just and deserving.
Dated this 11th day of November, 2019
Respectfully Submitted,

George Metz, Pro Se
6787 Se 125th st #34
Belleview Florida 34420
352-446-8145

Subscribed and sworn before me. this 12th
day of november 2019 a Notary Public
in and for Marion County.
State of Florida

(Signature)
**NOTARY PUBLIC**
My Commission expires 05/06 /2022



Notary Public State of Florida
Danielle Shelor
My Commission GG 214690
Expires 05/06/2022