**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JAMES SPRINGER,

      Plaintiff,

v.                               No. 1:23-cv-00499-MIS-JMR

SEVENTH JUDICIAL DISTRICT COURT
MERCEDES MURPHY,
SHANNON MURDOCK-POFF,
JASON JONES, and SUSAN ROSSIGNOL,

      Defendants.

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF FOR CIVIL RIGHTS
VIOLATIONS UNDER 42 U.S.C.A. § VIOLATION S OF RIGHTS PROTECTED BY
THE NEW MEXICO CIVIL RIGHTS ACT; EMERGENCY REQUEST FOR A
TEMPORARY RESTRAINING ORDER; REQUEST FOR PRELIMINARY
<u>INJUNCTION, PERMANENT INJUNCTIVE RELIEF AND DAMAGES</u>**

COMES NOW Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon-

Murdock-Poff, Jason Jones, and Susan Rossignol (collectively hereinafter "Defendants"), by and

through their counsel of record, Garcia Law Group, LLC (Bryan C. Garcia, Rodney L. Gabaldon,

and Jade Delfin), and, in lieu of an Answer, hereby moves to dismiss Plaintiff's Complaint for

Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. §

Violation s of Rights Protected by the New Mexico Civil Rights Act; Emergency Request for a

Temporary Restraining Order; Request for Preliminary Injunction, Permanent Injunctive Relief

and Damages[1]:

---

[1]     As required by D.N.M. LR Civ. 7.1(a), Defendants notified counsel of this motion prior to its
filing and have received notice that it is opposed.

## INTRODUCTION

This action arises from an incident that occurred on January 27, 2023 at the Seventh Judicial District Torrance County courthouse. On that day, James Springer ("Plaintiff") interrupted a hearing already in progress, without a mask as required by state mandate. and snuck a cellphone in the courtroom to secretly record his visit. As result of Plaintiff's misconduct, Chief Judge Mercedes Murphy ("Chief Judge Murphy") entered an Administrative Order and Amended Administrative Order (collectively, "Administrative Orders") limiting Plaintiff's presence in the Seventh Judicial District Courthouses to his own matters or specific court business, and with a law enforcement escort.

On June 9, 2023, Plaintiff filed his *Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § Violation s of Rights Protected by the New Mexico Civil Rights Act; Emergency Request for a Temporary Restraining Order; Request for Preliminary Injunction, Permanent Injunctive Relief and Damages* ("Complaint") [Doc. 1]. In Count I of Plaintiff's Complaint, Plaintiff alleges a claim under 42 U.S.C. § 1983 predicated on violations of the First Amendment rights to freedom of the press and speech. *Id*. ¶¶ 29-30(2). Count II of Plaintiff's Complaint alleges a claim under 42 U.S.C. § 1983 predicated on substantive due process violations. *Id*. ¶¶ 31(2)-35. In Count III, Plaintiff alleges a claim under 42 U.S.C. § 1983 predicated on procedural due process violations. *Id*. ¶¶ 36-41. Count IV of Plaintiff's Complaint alleges a violation of Article II, Sections 17, 18, and 23 of the New Mexico Constitution against Defendant Seventh Judicial District Court only. *Id*. ¶¶ 42-45. In his prayer for relief, Plaintiff requests a declaratory judgment that the Administrative Orders are unconstitutional and further requests a temporary restraining and a preliminary and permanent injunction prohibiting

Defendants from enforcing the Administrative Orders. *Id*. at p. 10-11. Plaintiffs also seek actual and punitive damages for their alleged injuries. *Id*. at p. 11.

Defendants seek dismissal of this case against them for the following reasons: Defendants are entitled to dismissal of Plaintiff's Complaint based upon lack of proper service, lack of jurisdiction, and spoliation of evidence. Further, all claims against Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Susan Rossignol should be dismissed because Defendants are entitled to qualified immunity. Plaintiff's complaint does not assert any factual allegations against any Seventh Judicial District official or employee upon which relief may be granted. Finally, because Plaintiff's federals claims fail, this Court should decline supplemental jurisdiction over Plaintiff's state law claim.

## LEGAL STANDARD

The Court must dismiss a complaint under Rule 12(b)(6) if it fails "to state a claim upon which relief can be granted." "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id. See also Mocek v. City of Albuquerque*, 813 F.3d 912, 921 (10th Cir. 2015) (stating that in reviewing a 12(b)(6) motion, courts should "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable"). A court is under no mandate to accept a plaintiff's conclusory allegations. *Id*. ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."). Nor is it under a mandate to "accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (internal quotations omitted).

Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

When examining a complaint under Rule 12(b)(6), the Court must determine "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). In doing so, the Court should "consider the complaint as a whole, along with the documents incorporated by reference into the complaint." *Nakkhumpun v. Taylor*, 782 F.3d 1142, 1146 (10th Cir. 2015). Thus, the question that confronts the court in a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail but whether the allegations entitle the plaintiff to offer evidence to support his claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). However, the Court may also properly consider facts for which it may take judicial notice, such as those facts which are a matter of public record. *Harjo v. City of Albuquerque*, 307 F. Supp. 3d 1163, 1185 (D.N.M. 2018) (Browning, J.) (quoting *GFF Corp. v. Associated Wholesale Grocers*, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997)).

Rules 12(b)(4) and 12(b)(5) allow a defendant to defend against a claim on the grounds of insufficiency of process and insufficiency of service of process. *See id*. A failure to serve a defendant as prescribed by Fed. R. Civ. P. 4 is a grounds for dismissal under Fed. R. Civ. P. 12(b)(4) and 12(b)(5). *See Whitsell v. United States*, 198 F.3d 260 (10th Cir. 1999) (holding because Rule 4 was not met, the district court was correct in finding that service was insufficient under Rules 12(b)(4) and 12(b)(5).).

## FACTUAL BACKGROUND

1.      At the beginning of 2023, the State of New Mexico had a mask mandate in effect for its courtrooms.[2]

2.      On or about January 27, 2023, Plaintiff entered a courtroom at the Seventh Judicial District Court to observe a hearing before Hearing Officer Gordon Bennett ("HO Bennett"). *See* [Doc. 25-2, ¶ 4]. *See also* [Doc. 29, Ex. A[3]] and [Doc. 29, Ex. B[4]].

3.      Plaintiff posted videos of his interactions with HO Bennett on his YouTube channel. [Doc. 1, ¶ 14], [Doc. 25-4, ¶ 4] and [Doc. 38, p. 4].

4.      At this hearing, HO Bennett asked Plaintiff to put on a mask, identify himself, and whether he was recording with a cell phone. [Doc. 29, Exhibit A at 4:04-6:45] and [Doc. 38, p. 3-4].

5.      Plaintiff refused to put on a mask, to identify himself, and confirm that he was recording with a cell phone. *Id.*

6.      HO Bennett warned Plaintiff that if he continued his misconduct, he may charge Plaintiff with contempt. *Id.*

7.      Plaintiff left the courtroom, stating that he would be back. *Id.*

---

[2]      <u>See</u> Supreme Court of the State of New Mexico, *In the Matter of the Amendment of the New Mexico Judiciary Public Health Emergency Protocols for the Safe and Effective Administration of the New Mexico Judiciary During the COVID-19 Public Health Emergency*, Order No. 21-8500-015, available at <u>https://www.nmcourts.gov/wp-content/uploads/2021/06/Order-No_-21-8500-015-and-Amended-PHE-Protocols-29-Jun 21.pdf#:~:text=NEW%20MEXICO%20JUDICIARY%20PUBLIC%20HEALTH%20EMERGENCY%20 PROTOCOLS%20EMERGENCY,Face%20Mask%20Requirements.%20On-Site%20Employees%20and%20Telework%20Procedures</u>.

[3]      Available at <u>https://www.youtube.com/watch?v=KZ-EhXuOZNM</u> (last visited October 17, 2023).

[4]      Available at <u>https://www.youtube.com/watch?v=uuUvl-P2WLo&list=PLEHv5tmOgVtWcbMJjIl2psTeZSGZsMRs0</u> (last visited October 17, 2023).

8.      Plaintiff asked the Torrance County Sheriff's Office whether they would be enforcing the mask mandate, who responded, "We're not going to enforce a mask mandate in the courtroom or anywhere else, okay." . [Doc. 29, Exhibit A at 0:01] and [Doc. 38, FN 6].

9.      On February 28, 2023, Chief Judge Murphy entered an Administrative Order ("Administrative Order") in the interest of the safety and security of its Judges, Special Commissioners, Hearing Officers, and other Court personnel. *See* [Doc. 1, Exhibit 1].

10.     The Administrative Order further explained that Plaintiff is an obstinate visitor, is banned from the Torrance County District Court unless appearing for a hearing or having specific Court business, and must be escorted by the Torrance County Sheriff's Office while in the building. *Id.* [Doc. 1, ¶¶ 16-18]

11.     On March 1, 2023, Mr. Springer received a letter notifying him that court staff were being harassed on his behalf and provided him a copy of the Administrative Order. [Doc. 1, ¶ 15, 19]. *See* [Doc. 1, Exhibit 2].

12.     When Plaintiff visited the Torrance County courthouse in March 2023, the Court Clerk, Ms. Rossignol, asked Plaintiff where his law enforcement escort was, pursuant to the Administrative Order. *See* [Doc. 25-2, ¶ 4[5]].

13.     Plaintiff responded, "Yeah, I'm pretty sure prostitution is illegal in New Mexico. I don't know if you're trying to solicit me right now but I don't appreciate it. As a matter of fact, I think I'll head over to the Sheriff's Department right now and let them know that you're trying to solicit me. Is that what you're doing?" *Id.*

---

[5]      Available at https://www.youtube.com/watch?v=d-lFYUWxXoA (last visited October 17, 2023).

14.     Ms. Rossignol gave a copy of the Administrative Order to Plaintiff, who remarked, "I don't know what sua sponte is. I don't know what that is. I think it's something to do with the hooker that they're trying to have walk around the courthouse with me." *Id*. at 5:16.

15.     Mr. Springer also entered the Moriarty Magistrate Court for non-court business. Court staff and personnel reported he was being disruptive and threatening in the courthouse. [Doc. 1, ¶ 23].

16.     The Court amended the Order to include the courthouses in Torrance County, Catron County, Socorro County, and Sierra County. [Doc. 1, ¶ 22]. *See* Doc. 1, Ex. 3].

17.     On May 18, 2023, Mr. Springer was removed from hearing over which Chief Judge Murphy was presiding. [Doc. 1, ¶¶ 25-26].

18.     On May 24, 2023, Judge Murdock-Poff entered an Order Excluding Presence in Cause No. D-722-DV-2019-00050, citing that Mr. Springer was still banned from the Torrance County Courthouse and specifically banning him from the hearing. [Doc. 1, ¶ 27].

19.     On June 9, 2023, Plaintiff filed his *Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § Violations of Rights Protected by the New Mexico Civil Rights Act; Emergency Request for a Temporary Restraining Order; Request for Preliminary Injunction, Permanent Injunctive Relief and Damages*. [Doc. 1].

20.     Plaintiff's Complaint named the Seventh Judicial District Court, Chief Judge Mercedes Murphy, Ms. Rossignol, Judge Shannon-Murdock-Poff ("Judge Murdock-Poff"), and Jason Jones ("Mr. Jones") as defendants. [Doc. 1, ¶¶ 2-6].

21.     This Court noted that "Plaintiff asserts that he provided notice through e-mail to the Seventh Judicial District Court's proposed text e-mail." [Doc. 2, p. 1].

22.     This Court ordered "Plaintiff shall *serve* the complaint and summons, the TRO motion, and this order on the appropriate Defendants." *Id*. at 2.

23.     Plaintiff filed *Summons Returns* for the Seventh Judicial District Court ("7th JDC") alleging service through Susan Rossignol on June 9, 2023. [Doc. 2].

24.     Plaintiff filed *Summons Returns* for Jason Jones ("Mr. Jones") alleging personal service at the Seventh Judicial Court on June 9, 2023. [Doc. 4]

25.     Plaintiff filed *Summons Returns* for Chief Judge Mercedes Murphy ("Chief Judge Murphy") alleging personal service at the Seventh Judicial Court on June 9, 2023. [Doc. 5].

26.     Plaintiff filed *Summons Returns* for Judge Shannon-Murdock-Poff ("Judge Murdock-Poff") alleging personal service at the Seventh Judicial Court on June 9, 2023. [Doc.6].

27.     Plaintiff filed *Summons Returns* for Susan Rossignol ("Ms. Rossignol") alleging personal service at the Seventh Judicial Court in Estancia, New Mexico on June 9, 2023. [Doc. 8].

28.     On July 19, 2023, Plaintiff filed a *Certificate of Service* stating the Order Directing Service and Setting Briefing Schedule was served via Chief Judge Murphy proposed text email on June 21, 2023. [Doc. 12, p. 1].

29.     The Affidavit of Service by Micheal Tinker stated that the Order Directing Service and Setting Briefing Schedule was served on the Court Clerk at the Seventh Judicial Court in Estancia, New Mexico on June 9, 2023. *Id*. at 2.

30.     On August 8, 2023, Plaintiff filed a *Notice of Completion of Briefing* on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. [Doc. 25].

31.     In support of the Notice, Plaintiff attached his *Declaration of James* Springer. [Doc. 25-2].

32.     Two of the videos[6] Plaintiff referenced in his Declaration are no longer available[7].

33.     On August 15, 2023, undersigned counsel filed an *Entry of Appearance* for Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Suan Rossignol. [Doc. 26].

34.     On August 21, 2023, the Court entered a *Second Order Amending Briefing Schedule* permitting Defendants to file a Response to Plaintiff's Application for Temporary Restraining Order. [Doc. 27]

35.     On August 29, 2023, counsel for Defendants served Plaintiff's counsel a preservation letter asking Plaintiff to preserve all evidence related to this matter. *See* [Doc. 29, Ex. D].

36.     The day after service of the preservation letter, Plaintiff stated that he deleted evidence. [Doc. 29, Ex. E, 13:32-14:33[8]].

37.     Defendants filed their *Response to Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § Violation s of Rights Protected by the New Mexico Civil Rights Act; Emergency Request for a Temporary Restraining Order; Request for Preliminary Injunction, Permanent Injunctive Relief and Damages* ("Response") on September 5, 2023. [Doc. 29].

38.     Plaintiff filed his *Reply in Support of the Motion for Temporary Restraining Order and Preliminary Injunction* ("Reply") on September 19, 2023. [Doc. 31].

39.     The Court entered its *Order Denying Plaintiff's Request for a Temporary Restraining Order/Preliminary Injunction* on September 21, 2023. [Doc. 34]

40.     Plaintiff filed a Motion for Reconsideration on September 21, 2023. [Doc. 36].

---

[6]     The video links referenced in the Declaration are https://youtube/Kli3llfmuTE and https://www.youtube.com/watch?v=MzrvNNlYpQI, which undersigned counsel last attempted to access on October 22, 2023.

[7]     This Court also noted that two of the videos in Plaintiff's Declaration were no longer available. [Doc. 38, FN 15].

[8]     Available at https://www.youtube.com/watch?v=Jn1lb58AFdA, last visited October 22, 2023.

41.     After granting the reconsideration motion in part, the Court later entered an *Amended Order Denying Plaintiff's Request for a Temporary Restraining Order/Preliminary Injunction* on September 22, 2023. [Doc. 38].

## LEGAL ARGUMENT

I.     **DEFENDANTS ARE ENTITED TO DISMISSAL OF PLAINTIFF'S COMPLAINT BECAUSE PLAINTIFF HAS NOT EFFECTED SERVICE.**

### A.     Plaintiff Has Not Properly Served Defendants.

The Federal Rules of Civil Procedures establishes service of process for individuals and governmental defendants. *See* Fed. R. Civ. P. 4(e) and Fed. R. Civ. P. 4(j). Plaintiff's first option under Rule 4(j) is to deliver a copy of the summons and complaint to Defendants' chief executive officers. Here, Plaintiff served Ms. Rossignol personally [Doc. 8]. Plaintiff attempted to serve the 7th JDC through Ms. Rossignol. [Doc. 3]. However, the 7th JDC was not served delivering a copy of the summons and of the complaint to its chief executive officer, nor as prescribed by the State of New Mexico's laws for serving a summons or like process on other state-created governmental organization. *See* Rule 1-004(H) NMRA. Plaintiff alleges that Chief Judge Murphy, Judge Murdock-Poff, and Mr. Jones were personally served. [Docs. 4, 5, and 6]. It is unclear who, other than Ms. Rossignol, was personally served, though it appears that Plaintiff attempted to serve Chief Judge Murphy, Judge Murdock-Poff, and Mr. Jones through Ms. Rossignol or other person not authorized to accept service on their behalf. *See* [Doc. 48, p. 2].

However, the New Mexico Rules of Civil Procedure do not authorize a court clerk to accept service for the court or court officer, official or employee. Rule 1-004(H)(1) NMRA. By contrast, those same rules authorize a county clerk to be served for a county and for a city clerk to be served for a municipal corporation. *See* Rule 1-004(H)(1)(f) NMRA and Rule 1-004(H)(1)(g) NMRA. The rules expressly designate a particular officer to whom process must be delivered and with

whom it may be left, and provide no other substitute. Because Plaintiff attempted to serve the summons and complaint to an individual not authorized to accept service on Defendants' behalf, Plaintiff has failed to satisfy the Rules of Civil Procedure. Accordingly, Plaintiff has not shown effective service on the 7th JDC, Chief Judge Murphy, Judge Murdock-Poff, and Mr. Jones under Rule 4(e) nor under Rule 4(j).

**B.      Plaintiff's Delivery Attempts Are Insufficient for the Purpose of Service of Process.**

Under the Fed. R. Civ. P. 4(j)(2), 7th JDC must be served by delivering a copy of the summons and complaint to its chief executive officer. Under New Mexico's service rules, the 7th JDC must be served by delivering a copy of the process to the head of the 7th JDC, which is the Chief Judge. Rule 1-004(H)(1)(b) NMRA. With respect to Chief Judge Murphy, Judge Murdock-Poff, and Mr. Jones, they must be served by delivering a copy of the process to by delivering a copy of the process to the officer, official or employee. Rule 1-004(H)(1)(c) NMRA.

Plaintiff states that "a copy of the complaint and summones were first delivered to the Seventh Judicial District Court's clerk". [Doc 48, p. 2]. Plaintiff further states that a pre-filed copy of the Complaint was sent to Chief Judge Murphy's proposed text email address on June 8, 2023; that a filed copy of the Complaint as an exhibit to a motion to stay the contempt proceedings was sent to Chief Judge Murphy's proposed text email address on June 9, 2023 and on June 12, 2023; and that a filed copy of the Complaint and Order Directing Service and Setting Briefing Schedule was sent to Chief Judge Murphy's proposed text email address on June 21, 2023. *Id.*

However, a courtesy copy via email fails to meet the meaning of delivery for the purposes of service. Delivery under Fed. R. Civ. P.  4(j)(2) requires use of a process server. *See Allen v. Knowlton, No. 22-4049-EFM, 2022 U.S. Dist. LEXIS 204496, at *4 (D. Kan. Nov. 9, 2022)* ("'Delivery' under Rule 4(j)(2)(A) cannot be accomplished by the use of certified mail.") Other

jurisdictions have similarly rejected also mailing to be delivery. *See Nashville Cmty. Bail Fund v. Gentry,* 446 F. Supp. 3d 282, 299 (M.D. Tenn. 2020) (Interpreting Rule 4(j)(2), "courts have generally held that 'delivery,' as a 'term of art,' requires more than service by mail."); *Jewel v. Florida Dep't of Revenue*, 2016 U.S. Dist. LEXIS 178638, 2016 WL 7440951 (M.D. Fla. Dec. 27, 2016) (holding service by mail on the governor was deficient under Rule 4(j)(2)(A), because "mailing is not delivering under [Rule] 4"). Equivalently, email is insufficient under state Rule 1-004(H) because mail is insufficient for service for federal Rule 4(j). Therefore, Plaintiff has not met his burden to show service on a designated registered agent, the chief executive officer, and/or any other person authorized by law to accept service of process.

### C.       Plaintiff Has Not Served the Attorney General.

The second option for service under Rule 4(j)(2) is to serve a copy of the summons and complaint in the manner prescribed by the law of the State of New Mexico. The New Mexico Rules of Civil Procedures establishes service of process for governmental defendants:

H.  Process; service upon state or political subdivisions.

(1)      Service may be made upon the State of New Mexico or a political subdivision of the state:

…

(b) in any action in which a branch, agency, bureau, department, commission or institution of the state is named a party defendant, by delivering a copy of the process to the head of the branch, agency, bureau, department, commission or institution *and* to the attorney general;

(c) in any action in which an officer, official, or employee of the state or one of its branches, agencies, bureaus, departments, commissions or institutions is named a party defendant, by delivering a copy of the process to the officer, official or employee *and* to the attorney general;

…

(2) Service may be made on a person or entity described in Subparagraph (1) of this paragraph by mail or commercial courier service in the manner provided in Subparagraph (3) of Paragraph E of this rule.

Rule 1-004(H) NMRA (emphasis added).

Plaintiff's attempt to effect service upon all Defendants is also insufficient because he has not demonstrated service on the New Mexico Attorney General ("NMAG"), as required by Rule 1-004(H) (1)(b) NMRA and Rule 1-004(H) (1)(c) NMRA. For a state governmental entity and an officer, official, or employee thereof, both the named defendant and the New Mexico Attorney General must be served. The purpose of requiring service upon the Attorney General or an Assistant Attorney General is to insure the prompt notification of the Attorney General's office of all legal actions against the state. Such service allows for the subsequent coordination and supervision of the defense by the Attorney General. *Knight v. State of Kansas*, 1990 U.S. Dist. LEXIS 13520, 1990 WL 154206, at *2 (D. Kan. 1990) (quoting *Amy v. City of Watertown*, 130 U.S. 301, 316-17, 9 S. Ct. 530, 32 L. Ed. 946 (1889)).

Notably, there is not a single summons returns for the NMAG on any Defendant named herein, nor were any summons even issued for the NMAG on said Defendants. Neither has Defendant demonstrated that the NMAG has been served under New Mexico's procedural rules by delivering the summons for any Defendant and the Complaint to the Attorney General. *See* Rule 1-004(H)(b) NMRA and Rule 1-004(H)(c) NMRA. *See also* Rule 1-004(E)(3) ("Service may be made by mail or commercial courier service provided that the envelope is addressed to the named defendant and further provided that the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope or package containing the summons and complaint, writ or other process.")

There is no evidence that Plaintiff complied with these requirements. While Plaintiff may have attempted service by mail, there is no evidence that an acknowledgment was signed by the NMAG in the form required by New Mexico's rules. Simply mailing a summons and complaint to the general address for the Attorney General is insufficient. Accordingly, Plaintiff has failed to show effective service under Fed. R. Civ. P. 4(j) and Rule 1-004(H) NMRA, and the Complaint should be dismissed.

## II.   DEFENDANTS ARE ENTITLED TO DISMISSAL OF PLAINTIFF'S COMPLAINT BECAUSE PLAINTIFF DID NOT SERVE DEFENDANTS WITHIN NINETY (90) DAYS OF FILING HIS COMPLAINT.

Fed. R. Civ. P. 4(m) requires that complaints be served within ninety (90) days after the complaint is filed with the Court. Accordingly, Plaintiff was required to serve Defendants with his Complaint by September 7, 2023. *See* [Doc. 1], filed on June 9, 2023 (plus ninety (90) days). As discussed above, Plaintiff has not effected service on Defendants. Importantly, Plaintiff has failed to serve both Defendants and the New Mexico Attorney General as required by Rule 1-004(H) (1)(b) NMRA and Rule 1-004(H) (1)(c) NMRA. More than ninety (90) days have since the filing of the Plaintiff's Complaint. Accordingly, Defendants are entitled to dismissal for Plaintiff's failure to comply with Fed. R. Civ. P. 4(m).

## III.   DEFENDANTS MERCEDES MURPHY, SHANNON-MURDOCK-POFF, JASON JONES, AND SUSAN ROSSIGNOL ARE ENTITLED TO DISMISSAL OF ALL CLAIMS AGAINST THEM BECAUSE PLAINTIFF FAILS TO ALLEGE HOW THEY PERSONALLY PARTICIPATED IN THE ACTIONS GIVING RISE TO PLAINTIFF'S CLAIMS.

"It is axiomatic that, to prevail on a damages claim for a constitutional violation pursuant to §1983, the plaintiff must show that the defendant, acting under color of state law, 'personally participated in the alleged violation.'" *Robertson v. Las Animas County Sheriff's Dept*., 500 F.3d 185, 1193 (10th Cir.2007) (quoting *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir.1996)). "The

plaintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation." *Jenkins*, 81 F.3d at 994. *See also Porro v. Barnes*, 624 F.3d 1322, 1327–28 (10th Cir.2010) ("To establish a violation of §1983...the plaintiff must establish a *deliberate, intentional* act on the part of the defendant to violate the plaintiff's legal rights.") (further quotations omitted) (emphasis added); *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir.2010).

The Tenth Circuit is clear that claims regarding cumulative "defendants" do not establish individual capacity personal participation. In *Brown v. Montoya*, 662 F.3d 1152 (10th Cir. 2011), the Court evaluated a claim where an inmate pled guilty to false imprisonment and served time in the correctional facility. When he was released, his probation officer directed him to register as a sex offender. The plaintiff sued to be removed from the sex offender registry and the sex offender section of the probation department; he prevailed. He then brought suit against the Secretary of Corrections and the probation officer in both their official capacities and their individual capacities. Among other rulings, the district court denied the Secretary's motion to dismiss. On appeal, the Tenth Circuit found that broad claims stated against groups of "defendants" did not establish individual capacity claims against the Secretary. In reversing the district court, the Tenth Circuit relied on *Iqbal* for the proposition that "it is particularly important that the complaint *make clear exactly who is alleged to have done what to whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Id*. at 1163 (quotation removed) (emphasis added).

A review of the complaint illustrates a lack of allegations regarding the type of participation required to establish individual capacity liability. The complaint makes general, conclusory assertions for relief against Chief Judge Murphy, Judge Murdock-Poff, Mr. Jones, and Ms.

Rossignol, but does not assert any factual claims of liability. Plaintiff does not identify specific actions, beyond conclusory allegations without supporting factual averments, taken by particular defendants that could form the basis of a constitutional violation.

It is difficult to understand against whom Plaintiff alleges his claims or what factual allegations support those claims. In Count I, Plaintiff alleges a claim under 42 U.S.C. § 1983 predicated on violations of the First Amendment rights to freedom of the press and speech. Plaintiff alleges that Chief Judge Murphy and Judge Murdock-Poff Murphy "engaged in viewpoint discrimination by banning and excluding Plaintiff from a public places and hearings prohibiting him attending and reporting on public matters." [Doc. 1], ¶ 31. However, the remaining Defendants are not named in the Count I heading and Plaintiff did not plead any facts to support any claims against them. Nor are there any factual allegations pled in the Complaint concerning any First Amendment violations committed, only conclusory statements. Plaintiff also alleges retaliatory actions but similarly fails to plead any factual allegations concerning retaliatory actions. It is unclear what actions Chief Judge Murphy and Judge Murdock-Poff Murphy took that could be characterized as "viewpoint discrimination" or what conduct were "retaliatory actions", much less how Plaintiff was allegedly injured.

In Count II, Plaintiff alleges a claim under 42 U.S.C. § 1983 predicated on substantive due process violations. *Id*. ¶¶ 31(2)-35. The heading in Count II does not specify which Defendants Count II is asserted against, but alleges that "Defendants' actions constitute deprivations of those rights contrary to substantive due process." *Id*. ¶ 34. Similar to Count I, there are no factual allegations pled in the Complaint concerning any substantive due violations committed, only conclusory statements, and it is unclear what actions any Defendant took that could be characterized as such.

In Count III, Plaintiff alleges a claim under 42 U.S.C. § 1983 predicated on procedural due process violations. *Id.* ¶¶ 36-41. Again, the heading in Count III does not specify which Defendants Count III is asserted against, but Chief Judge Murphy, Judge Murdock-Poff, Mr. Jones, and Ms. Rossignol are the only Defendants named in Count III. Plaintiff states that Administrative "Orders issued by Defendants Murphy, Murdock-Poff, Jones and Rossignol deprive Plaintiff his fundamental liberty interests in speech, press and petitioning without due process of law, based solely upon discretion of the Defendants." *Id.* ¶ 40. Similar to Counts I and II, there are no factual allegations pled in the Complaint concerning any procedural due violations committed, only conclusory statements, and it is unclear what actions any Defendant took that could be characterized as such.

The Complaint, as in *Brown*, "fails to isolate the allegedly unconstitutional acts of" these named defendants. *Id.* at 1165. Accordingly, for the reasons expressed in *Brown*, Plaintiff's Complaint fails to state a plausible claim against the individual capacity defendants because it lacks any substantive allegations that the individual capacity defendants took any individual act which deprived plaintiff of a constitutional right. Further, the complaint contains no allegation which meets the Tenth Circuit's test for personal participation, including knowledge, policy making, deliberate indifference, and personal conduct. Because the Complaint contains broad, conclusory allegations, the claims fail to state an individual capacity claim, and the claims against Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Susan Rossignol should be dismissed.

## IV.    PLAINTIFFS' FEDERAL CLAIMS ARE BARRED BY QUALIFIED IMMUNITY.

Given Plaintiff's failures to state any valid claim for relief, Plaintiffs' request for damages necessarily fails as well. Even if Plaintiff did assert a valid claim against Defendants, which Defendants argue he has not, his request for damages based on federal claims are barred by

qualified immunity.  "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks and citations omitted).

"After a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff." *Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1185 (10th Cir. 2001). Accordingly, the plaintiff must meet the following two-part burden: "the first inquiry must be whether a constitutional right would have been violated on the facts alleged; second, assuming the violation is established, the question whether the right was clearly established must be considered…" *Saucier v. Katz*, 533 U.S. 194, 200 (2001). The *Saucier* procedure is no longer mandatory, and courts may address either prong of the *Saucier* test first. *Pearson*, 555 U.S. at 236. If the plaintiff fails to satisfy either part of the heavy two-part burden, the Court must find that the defendant is protected by qualified immunity. *Gross v. Pirtle*, 245 F.3d 1151, 1156 (10  Cir. 2001).

If the facts alleged do not establish a constitutional violation, there is no need to proceed to the second step of the qualified immunity analysis. *Saucier*, 533 U.S. at 201. As discussed above, Plaintiff has failed to plead factual allegations to establish any constitution violations. Assuming, *arguendo*, if this Court were to find that Defendants violated Plaintiff's constitutional rights, "[t]he plaintiff carries the burden of convincing the court that the law was clearly established." *Pueblo Neighborhood Health Centers, Inc. v. Losavio*, 847 F.2d 642, 645 (10th Cir. 1988).

To be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson*, 483 U.S. at 640. "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right….[T]here must be a Supreme Court

or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Ullery v. Bradley*, 949 F.3d 1282, 1291 (10th Cir. 2020) (internal quotation marks and citations omitted).

The United States Supreme Court has repeatedly reiterated that the clearly established prong is a fact-intensive inquiry. *See White v. Pauly*, 137 S. Ct. 548, 552 (2017); *Mullenix v. Luna*, 136 S. Ct. 305, 308-09 (2015).  "[C]learly established law" should not be defined "at a high level of generality." *White*, 137 S. Ct. at 548 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)). Otherwise, "[p]laintiffs would be able to convert the rule of qualified immunity ... into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights." *Id.*

Plaintiff has not pointed to any binding precedent or weight of persuasive authority demonstrating that a reasonable court official in Chief Judge Murphy, Judge Murdock-Poff, Mr. Jones, and Ms. Rossignol's positions would know that limiting Plaintiff's access to the Seventh Judicial District Court in light of his persistent misconduct would violate Plaintiff's rights. Pursuant to § 34-1-2, N.M.S.A. 1978, a court may "preserve order and decorum, and for that purpose to punish contempts by reprimand, arrest, fine or imprisonment, being circumscribed by the usage of the courts of the United States." *State v. Clark*, 56 N.M. 123, 241 P.2d 328 (1952). As demonstrated in the record, Plaintiff engaged in conduct that clearly violated court rules and disrupted the courts[9]. Accordingly, Defendants are entitled to qualified immunity as to Counts I, II, and III, and Plaintiff' federal claim for damages fails regardless of the merits underlying their claims.

---

[9]      *See* New Mexico Courts, *Courtroom Conduct, Security, and Attire*, https://www.nmcourts.gov/ccsa/ (last visited October 25, 2023).

## V.   PLAINTIFF'S STATE CONSTITUTIONAL CLAIM SHOULD NOT BE SUBJECT TO SUPPLEMENTAL JURISDICTION.

Count IV alleges a violation of Article II, Sections 17, 18, and 23 of the New Mexico Constitution against Defendant Seventh Judicial District Court only. *Id*. ¶¶ 42-45. Plaintiff states that Defendant violated his constitutional rights of freedom of speech, freedom of press, freedom of assembly, and due process. *Id*., ¶ 43. Similar to Counts I, II, and III, there are no factual allegations pled in the Complaint concerning any constitutional violations committed, only conclusory statements, and it is unclear what actions Defendant took that could be characterized as such.

Because Plaintiff has failed to state a viable federal claim in Counts I, II, and III, those claims should be dismissed. Counts I, II, and III should also be dismissed because the individual capacity defendants are entitled to qualified immunity. This leaves Plaintiff's state law claim in Count IV. Even leaving qualified immunity aside, the Court should decline supplemental jurisdiction over Plaintiff's state law claims given Plaintiff's failure to bring any viable federal claims. *See Merrifield v. Bd. of Cty. Comm'rs*, 654 F.3d 1073, 1085 (10th Cir. 2011) (stating that a district court may decline supplemental jurisdiction when it has "dismissed all claims over which it has original jurisdiction" (quoting 28 U.S.C. § 1367(c)(3)).

## VI.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE THIS COURT DOES NOT HAVE JURISDICTION OVER THIS MATTER.

The *Rooker-Feldman* doctrine provides that United States District Courts "do not have jurisdiction…over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923).

Under the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments. *Lance v. Dennis*, 546 U.S. 459, 463, 126 S. Ct. 1198, 163 L. Ed. 2d 1059 [*817] (2006) (per curiam). If the state-court decision was wrong, "that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding." *Rooker v. Fidelity Trust Co*., 263 U.S. 413, 415, 68 L. Ed. 362, 44 S. Ct. 149 (emphasis added). Federal district courts lack the requisite appellate authority, for their jurisdiction was "strictly original." *Id*. at 416. The doctrine applies to federal cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).

Here, Plaintiff is disputing a state court decision, specifically, the Administrative Orders limiting his access to the Seventh Judicial District courthouses. His claim therefore depends on this court finding that the state courts erred in entering the Orders. *Rooker-Feldman* prohibits such review. *See Exxon Mobil Corp.*, 544 U.S. at 284. Although Plaintiff alleges claims under § 1983 and the New Mexico Constitution, he ultimately fails to state a federal claim. The basis for Plaintiff's Complaint originates from the Administrative Orders limiting Plaintiff's presence in the Seventh Judicial District Courthouses to his own matters or specific court business, and with a law enforcement escort. Procedurally, the Orders should be reviewed by the New Mexico Court Appeals and New Mexico Supreme Court. *See* Rule 12-201(A)(1)b) NMRA. *See also State v. Morris*, 1961-NMSC-120, ¶ 5, 69 N.M. 89, 90-91, 364 P.2d 348, 349 ("In the absence of an express statute or rule, no appeal will lie from anything other than a formal written order or judgment signed by the judge and filed in the case or entered upon the records of the court and signed by the

judge thereof.") .Instead, Plaintiff is attempting to appeal what is fundamentally a state claim to this Court. *Rooker-Feldman* prohibits such review and Plaintiff's complaint should be dismissed for lack of subject-matter jurisdiction.

## VII.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS SANCTION FOR INTENTIONAL SPOLIATION OF EVIDENCE.

It is well-established that "litigants are under an obligation to preserve evidence when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Browder v. City of Albuquerque*, 209 F. Supp. 3d 1236, 1243 (D.N.M. 2016) (citation and internal quotations omitted). "Spoliation sanctions are proper when (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." *Turner v. Pub. Serv. Co. of Colorado*, 563 F.3d 1136, 1149 (10th Cir. 2009) (quoting *Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007)). Furthermore, the "court has discretion to fashion an appropriate remedy depending on the culpability of the responsible party and whether the evidence was relevant to proof of an issue at trial." *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 862 (10th Cir. 2005).

A federal court has the inherent power to sanction a party who has abused the judicial process. *Chambers v. NASCO*, 501 U.S. 32, 44, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). The spoliation of evidence is one such abuse. *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 611 (S.D. Tex. 2010). Spoliation is the "destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) (citing *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999))

### A.      Plaintiff Has a Duty to Preserve Evidence.

"[A] party's duty to preserve arises when it has notice that the [evidence] might be relevant to a reasonably-defined future litigation." *Zbylski v. Douglas Cty. Sch. Dist.*, 154 F. Supp. 3d 1146, 1164 (D. Colo. 2015). While the duty to preserve evidence is often triggered by the filing of a lawsuit, this duty may arise earlier if a party knows or should have known that the material may be relevant to future litigation. *OTO Software, Inc.*, 2010 U.S. Dist. LEXIS 101516, 2010 WL 3842434, at *7 (*citing Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998) (the obligation to preserve evidence arises when a party should have known) *overruled on other grounds by Rotella v. Wood*, 528 U.S. 549, 120 S. Ct. 1075, 145 L. Ed. 2d 1047 (2000)). In determining whether a party's duty to preserve has been triggered, courts evaluate facts such as the likelihood that a certain kind of incident will result in litigation. Ultimately, a party's duty to preserve arises when it has notice that the documents might be relevant to a reasonably-defined future litigation.

The court's decision as to when a party was on notice must be guided by the particular facts of each case. *Cache La Poudre*, 244 F.R.D. at 621. Once it is established that a party's duty to preserve has been triggered, the inquiry into whether a party has honored its obligation to preserve evidence turns on reasonableness, which must be considered in the context of whether "what was done or not done was *proportional* to that case and consistent with clearly established applicable standards." *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 613 (S.D. Tex. 2010) (emphasis in original).

Here, Plaintiff had sufficient notice of potential litigation because he is the party who initiated this lawsuit. Plaintiff contemplated litigation against the Seventh Judicial District, and publicly announced his intentions to do so. *See* James Freeman, *Court Retaliated Against me for*

*YOU exercising Rights*, YouTube (March 1, 2023), 3:46.[10] Consequently, Plaintiff had a duty to preserve his raw videos, edited videos, notes, and other potential evidence. Defendants listed evidence Plaintiff should preserve from that time forward. Nonetheless, Plaintiff publicly admits to spoliation the day after his counsel is served a preservation letter. [Doc. 29, Exhibit D at 14:22].

### B.    Plaintiff's Deletion of Evidence Demonstrates Culpability and Intent.

Culpability refers to the "degree of fault to be assigned to the offending party." *Baker v. Cmty. Health Sys., Inc.*, No. CIV. 05-279 WJ/ACT, 2012 U.S. Dist. LEXIS 146865, 2012 WL 12294413, at *12 (D.N.M. Aug. 31, 2012). Courts have not been uniform in defining the level of culpability—be it negligence, gross negligence, willfulness, or bad faith—that is required before sanctions are appropriate for evidence destruction. *Ashton v. Knight Transp., Inc.*, 772 F. Supp. 2d 772, 800 (N.D. Tex. 2011). "Culpability can range along a continuum from destruction intended to make evidence unavailable in litigation to inadvertent loss of information for reasons unrelated to the litigation." *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 611, 613 (S.D. Tex. 2010).

The Tenth Circuit requires bad faith for spoliation of evidence. *See Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997). The general rule is that bad faith destruction of a document relevant to proof of an issue at trial gives rise to an inference that production of the document would have been unfavorable to the party responsible for its destruction. *See Coates v. Johnson & Johnson*, 756 F.2d 524, 551 (7th Cir. 1985). Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case. *Vick v. Tex. Emp't Com, 514 F.2d 734, 737 (5th Cir. 1975)* Conversely, willfulness is equivalent to intentional, purposeful, or deliberate conduct. *Buckley v. Mukasey,* 538 F.3d 306, 323 (4th Cir.

---

[10]       Available at https://www.youtube.com/watch?v=DkALoekXxWQ, last accessed October 22, 2023.

2008). "While bad faith requires destruction for the purpose of depriving the adversary of the evidence, for willfulness, it is sufficient that the actor intended to destroy the evidence. *Id.* (internal quotation and citations omitted). Here, Plaintiff's publicly declared that he deleted evidence just after receiving a spoliation letter. The near-immediate timing of Plaintiff's spoliation conduct demonstrates it was intentional, purposeful, and deliberate. Such culpability rises to bad faith and willfulness.

### C.      Plaintiff's Spoliation of Evidence Prejudices Defendants.

The moving party carries the burden "to establish a reasonable possibility, based on concrete evidence rather than a fertile imagination, that access to the lost material would have produced evidence favorable to his cause." *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 167 F.R.D. 90, 104 (D. Colo. 1996). "At the same time, courts must be careful that the application of this burden is not too onerous, otherwise the spoliating party might be allowed to profit from its own misconduct." *Ashton v. Knight Transp., Inc.*, 772 F. Supp. 2d 772, 801 (N.D. Tex. 2011).

Plaintiff's blatant destruction of evidence immediately after the preserved has prejudiced Defendants. Given Plaintiff's documented misconduct in the Seventh Judicial District, it is reasonable to infer that Plaintiff took down videos and deleted evidence which demonstrate additional acts of misconduct. Such the spoliation is highly prejudicial to Defendants because the spoliation denies Defendants access to evidence from which they may adequately develop defenses. Accordingly, Plaintiff's complaint should be dismissed as a sanction for intentional spoliation of evidence.

### CONCLUSION

Plaintiff has not met his burden to show service on a designated registered agent, the chief executive officer, and/or any other person authorized by law to accept service of process, nor on

the New Mexico Attorney General. Further, Plaintiff's complaint does not assert any factual allegations against any Seventh Judicial District official or employee upon which relief may be granted. Importantly, Defendants Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Susan Rossignol are also entitled to qualified immunity. Because Plaintiff's federals claims fail, this Court should decline supplemental jurisdiction over Plaintiff's state law claim. The *Rooker-Feldman* also prohibits this Court from reviewing state decisions. Finally, Plaintiff has also intentionally spoliated evidence in bad faith and should be sanctioned accordingly. For the reasons described above, Defendants are entitled to dismissal of Plaintiff's Complaint.

 **WHEREFORE**, Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Suan Rossignol request that this Court dismiss Plaintiff's Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § Violation s of Rights Protected by the New Mexico Civil Rights Act; Emergency Request for a Temporary Restraining Order; Request for Preliminary Injunction, Permanent Injunctive Relief and Damages, award Defendants their costs and fees associated with responding to Plaintiffs' Complaint, and grant all other relief this Court deems just and proper.

    Respectfully submitted,

    **GARCIA LAW GROUP, LLC**

    */s/ Jade Delfin*
    Bryan C. Garcia
    Rodney L. Gabaldon
    Jade Delfin
    *Attorneys for Defendants*
    6739 Academy Road NE, Suite 200
    Albuquerque, NM 87109
    (505) 629-1576 / (505) 652-1337 (fax)
    bgarcia@garcialawgroupllc.com
    rgabaldon@garcialawgroupllc.com
    jdelfin@garcialawgroupllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CMECF

on this the 26th day of October, 2023, which caused service to all counsel of record.

*/s/ Jade Delfin*
Jade Delfin