IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES SPRINGER,

    Plaintiff,

v.

SEVENTH JUDICIAL DISTRICT
COURT, MERCEDES MURPHY,
SHANNON MURDOCK-POFF,
JASON JONES, and SUSAN
ROSSIGNOL,

    Defendants.

Case No. 1:23-cv-00499-MIS-JMR

**ORDER DENYING EXPEDITED MOTION FOR THE HON. MARGARET STRICKLAND, U.S. DISTRICT JUDGE, TO RECUSE HERSELF FROM ALL PROCEEDINGS GOING FORWARD AND RE-ASSIGN THE CASE TO CONSIDER THIS MOTION PURSUANT TO 28 U.S.C. § 144**

**THIS MATTER** is before the Court on Plaintiff James Springer's Expedited Motion for the Hon. Margaret Strickland, U.S. District Judge, to Recuse Herself from All Proceedings Going Forward and Re-assign the Case to Consider this Motion Pursuant to 28 U.S.C. § 144 ("Motion for Recusal"), filed September 29, 2023. ECF No. 40. Defendants filed a Response on October 13, 2023, ECF No. 49, to which Plaintiff filed a Reply on October 26, 2023, ECF No. 55. Having considered the Parties' submissions, the record, and the relevant law, the Court **DENIES** the Motion.

    **I.**    **Relevant Background**

On June 9, 2023, Plaintiff filed a Complaint for Declaratory and Injunctive Relief, alleging violations of his rights under the First and Fourteenth Amendments to the United States Constitution, ECF No. 1 ¶¶ 29-41, and Article II, Sections 17, 18, and 23 of the New Mexico Constitution, id. ¶¶ 42-45. Plaintiff's claims arise out of interactions between Plaintiff and

personnel at New Mexico's Seventh Judicial District Court which resulted in an Amended Administrative Order barring Plaintiff from entering courthouses within the Seventh Judicial District "unless appearing for a hearing or having specific Court business, in which cases [Plaintiff] shall be escorted and accompanied by the law enforcement, while in any of the buildings." ECF No. 1-3.  Plaintiff incorporated into his Complaint a Request for a Temporary Restraining Order ("TRO").  Id. at 11-15.  The case was assigned to United States District Judge Kea Riggs who issued an Order Directing Service and Setting a Briefing Schedule on the Request for a TRO.  ECF No. 2.  The Order required Defendants to respond to the Request for a TRO within fourteen days of service of the Request and Judge Riggs's Order.  Id.

Plaintiff filed Returns of Service indicating that Defendants were served with Summons and the Complaint on June 9, 2023.  ECF Nos. 3-6, 8.

On June 14, 2023, the case was reassigned to the Undersigned United States District Judge. ECF No. 10.

On July 19, 2023, Plaintiffs filed a Certificate of Service indicating that Judge Riggs's Order Directing Service and Setting a Briefing Schedule was served upon the Seventh Judicial Circuit Court via a process server on July 13, 2023, and was emailed to the proposed text email address for Defendant Mercedes Murphy, Chief Judge of the Seventh Judicial District Court ("Chief Judge Murphy"), on June 21, 2023.  ECF No. 12.

On August 7, 2023, Plaintiff filed an Application for Clerk's Entry of Default as to Particular Defendants.[1]  ECF No. 20.

---

[1] Despite its title, the Application appears to request entry of default against all Defendants.  See ECF No. 20.

On August 8, 2023, the Clerk entered default against all Defendants for failing to plead or otherwise defend this action. ECF Nos. 22, 23.

On August 10, 2023, Plaintiff filed a Notice of Completion of Briefing, Service, and Additional Information ("First Notice of Completion of Briefing"), ECF No. 25, to which he attached the Declaration of James Springer ("Springer Declaration"), ECF No. 25-2. The Springer Declaration states, inter alia, that (1) Plaintiff is "familiar with the contents of the Complaint and the Motion for TRO and Preliminary Injunction . . . and I verify that they are true and correct to the best of my knowledge"; and (2) he has "never been obstructive . . . with the business of the Seventh Judicial District Court." Id. ¶¶ 2-3. The Springer Declaration also provides links to videos on Plaintiff's YouTube channel of Plaintiff's interactions with employees of the Seventh Judicial District Court.[2] Id. ¶ 4.

On August 15, 2023, attorney Jade Delfin entered an appearance on behalf of all Defendants. ECF No. 26.

On August 21, 2023, the Court sua sponte ordered Defendants to respond to the Request for a TRO by September 5, 2023, and provided Plaintiff until September 19, 2023, to file a Reply, ECF No. 27.

On September 5, 2023, Defendants filed a Response to the Request for a TRO, ECF No. 29, and a Notice of Lodging Media Exhibits indicating that they submitted a CD-ROM containing videos published on Plaintiff's YouTube channel, ECF No. 30. The Clerk's Office subsequently provided the CD-ROM to the Undersigned Judge's Chambers.

---

[2]     Two of the videos are no longer available.

On September 19, 2023, Plaintiff filed a Reply in support of his Request for a TRO. ECF No. 33.

Also on September 19, 2023, Plaintiff filed a Second Notice of Completion of Briefing, in which he incorporated by reference the First Notice of Completion of Briefing "and all attached exhibits therein." ECF No. 32 ¶ 3.

On September 21, 2023, the Court entered an Order Denying Plaintiff's Request for a TRO/Preliminary Injunction, finding that Plaintiff failed to satisfy his burden of establishing a substantial likelihood of success on the merits of his claims. ECF No. 34 at 11. Specifically, the Court found that "Plaintiff's Motion wholly failed to identify the elements of his causes of action, much less demonstrate a substantial likelihood that the facts of this case satisfy those elements[,]" id., and "failed to cite any legal authority supporting his claims, which is grounds alone for denying the Motion[,]" id. at 12 (citing D.N.M.LR-Civ. 7.3(a); Quarrie v. Wells, Civ. No. 17-350 MV/GBW, 2020 WL 2526629, at *4 (D.N.M. May 18, 2020); JL v. N.M. Dep't of Health, 165 F. Supp. 3d 1048, 1069 (D.N.M. Feb. 24, 2016)). The Court also stated, incorrectly, that Plaintiff failed to file an affidavit in support of his Motion and unverified Complaint. Id. at 11.

Also on September 21, 2023, the Court issued an Order observing that Defendants still had not responded to the Complaint and requiring Plaintiff to (1) file a motion for default judgment or (2) show cause why this case should not be dismissed for lack of prosecution. ECF No. 35.

Also on September 21, 2023, Plaintiff filed an "Expedited Motion to Reconsider" the Court's Order denying his Request for a TRO/Preliminary Injunction on the grounds that the Order erroneously found that he failed to provide an affidavit in support of his Request for a TRO/Preliminary Injunction or verifying his Complaint. ECF No. 36. Therein, Plaintiff admonished the Court for overlooking his Declaration because (1) he had attached the Declaration

as an exhibit to his First Notice of Completion of Briefing and (2) had incorporated into his Second Notice of Completion of Briefing the exhibits attached to the First Notice of Completion of Briefing.  Id.

On September 22, 2023, the Court entered an Order Granting in Part Plaintiff's Expedited Motion to Reconsider, finding that Plaintiff had, in fact, filed a Declaration in support of his Request for a TRO and Complaint, and indicating that it would issue an Amended Order accounting for the Declaration and omitting the offending language.  ECF No. 37 at 1-2.  However, because the amendments did not alter the Court's conclusion that Plaintiff failed to carry his burden of establishing entitlement to a preliminary injunction, the Court denied the Motion to Reconsider in all other respects.  Id. at 2.

On September 22, 2023, the Court entered an Amended Order Denying Plaintiff's Request for a TRO/Preliminary Injunction ("Amended Order").  ECF No. 38.

On September 29, 2023, Plaintiff filed the instant Motion for Recusal.  ECF No. 40.

On October 3, 2023, Plaintiff's Counsel filed a Certificate of Good Faith stating that Plaintiff's "Motion to Disqualify Judge Strickland . . . is made with the utmost deference and with all benefit of the doubt possible in good faith pursuant to 28 U.S.C. § 144; United States v. Bray, 546 F.2d 851, 857 (10th Cir. 1976)."  ECF No. 45.

Defendants filed a Response to the Motion for Recusal, ECF No. 49, to which Plaintiff filed a Reply, ECF No. 55.

## II. Discussion

Plaintiff seeks recusal of the Undersigned Judge pursuant to 28 U.S.C. §§ 144 and 455(a). ECF No. 40 at 1.[3] The Court will first address why recusal under Section 144 is unmerited and then address why disqualification under Section 455(a) is improper.

### A. Recusal under 28 U.S.C. § 144

Pursuant to 28 U.S.C. § 144, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." "The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . ." 28 U.S.C. § 144. "A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith." Id.

"Section 144 requires that where an affidavit of personal bias or prejudice is filed, the judge must cease to act in the case and proceed to determine the legal sufficiency of the affidavit." Bell v. Chandler, 569 F.2d 556, 559 (10th Cir. 1978). When considering the sufficiency of an affidavit filed under Section 144, "the judge may not consider the truth of the facts alleged." Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987) (citing United States v. Gigax, 605 F.2d 507, 511 (10th Cir. 1979); Bell, 569 F.2d at 559). "The test for the affidavit's adequacy is whether it satisfies the requirement that the facts and reasons stated therein 'must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.'" Bell, 569 F.2d at 559 (quoting Berger v. United States, 255 U.S. 22, 33-34 (1921)). "However, conclusions, rumors, beliefs, and

---

[3] Although the introduction to Plaintiff's Motion requests recusal under 28 U.S.C. §§ 144 and 455(a), its Argument section limits its analysis to recusal under Section 144, and does not separately discuss recusal under Section 455(a).

6

opinions are not sufficient to form a basis for disqualification." Hinman, 831 F.2d at 939 (citing Berger, 255 U.S. at 34). "To sustain disqualification under § 144 . . . there must be demonstrated bias and prejudice of the judge arising from an 'extrajudicial source' which renders his trial participation unfair in that it results in an opinion formed by the judge on the merits on some basis other than that learned from his participation in the case." United States v. Bray, 546 F.2d 851, 859 (10th Cir. 1976) (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966); Davis v. Cities Serv. Oil Co., 420 F.2d 1278, 1282 (10th Cir. 1970)). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." Hinman, 831 F.2d at 939. "The affidavit is strictly construed against the affiant, and there is a substantial burden on the moving party to demonstrate the judge is not impartial." Id. (citing United States v. Hall, 424 F. Supp. 508, 534 (W.D. Okla. 1975)).

Here, the only possible allegation of bias asserted in Plaintiff's Affidavit appears in paragraph 8,[4] which states, in full:

---

[4] Paragraphs 1 through 7 of Plaintiff's Affidavit state:

1. I have reviewed the filings of this case with my attorneys.
2. I have never been obstructive, harassed (within any reasonable definition of that term) or instructed any person to unlawfully interfere with the business of the Seventh Judicial District Court.
3. I have never instructed or used any language that would incite any other person to act unlawfully towards the Seventh Judicial District or any employee thereof.
4. I was unaware of the prohibition on members of the press recording in courtrooms or hearing rooms in New Mexico without first giving notice until after my encounter with Gordon Bennett, which occurred shortly after I moved to New Mexico.
5. After learning of the requirement, the next time I tried to attend a public hearing for the purposes of reporting, I gave proper notice of my intention to attend to record and report to Judge Shannon Murdock-Poff, but after I gave notice she issued an order barring me from attending a public proceeding.
6. I was unaware of the mask mandate when I attended a public hearing in front of Gordon Bennett in early 2023. At that point, I was completely unaware of any other venue in the Country that was requiring masking as it had been admitted to be completely ineffective by the CDC. I believe that masking interferes with my right to engage in expressive speech by infringing upon my non-verbal communications expressed by my facial expressions. I did argue with Gordon Bennett about the policy and when he expressed that I would comply with the rule on pain of contempt, I abridged my protest and reporting of the mask policy and left.
7. My YouTube channel used for reporting on the affairs of governments has over 440,000 subscribers which is roughly the same number of subscribers as the three Albuquerque news TV stations combined on their YouTube channels.

> It appears that despite filing and serving my case in mid-June as a result of the threat of criminal prosecution by the Defendants' in this matter because I could not comply with requirements to have a law enforcement escort whenever I entered a court facility (both the Torrance County Sheriff and the Moriarity [sic] Police refused to provide the same because they could not spare the resources for such an unnecessary action), that the Defendants have refused to comply with the requirements of the Court's order and the rules of civil procedure, but rather than hold them to the same standard for those violations that the Court has instead allowed them extra months worth of time, including extensions of time they did not request, and has not required them to explain why they are excused from following court orders or the rules. Instead, it is my understanding that Court [sic] is requiring that I must show cause why my case should not be dismissed for lack of prosecution in essence explaining why I shouldn't suffer the loss of my constitutional freedoms because the Defendants have failed to follow court order to provide an answer to my complaint as required by the rules as my attorneys have explained to me.

ECF No. 40-2 ¶ 8 (footnote omitted).

The Court finds that Plaintiff's Affidavit is insufficient under Section 144 for several reasons. First, the Affidavit fails to assert that the Undersigned Judge's alleged bias against Plaintiff (or in favor of Defendants) arises from an extrajudicial source. Indeed, the Affidavit fails to assert that the Undersigned Judge has any knowledge of Plaintiff or Defendants that was not learned from her participation in this case. For this reason alone, Plaintiff's Affidavit is insufficient. Davis, 420 F.2d at 1282 (affirming district judge's decision to not disqualify himself under Section 144 because the plaintiffs' assertions of bias "all have their origin in judicial proceedings and the decision was on the record made in the judicial proceedings"); Winslow v. Lehr, 641 F. Supp. 1237, 1241 (D. Colo. 1986) (denying motion to disqualify because affidavit did not allege bias based on extrajudicial source).

---

ECF No. 40-2 ¶¶ 1-7. Paragraph 9 states: "I specifically request that this matter upon these facts be reviewed by a different judge to examine if it may be reasonably questioned that Judge Strickland has prejudice against me or a bias towards the defendants who are also judges or court personnel." Id. ¶ 9.

8

Second, the only bases for disqualification reflected in Plaintiff's Affidavit are judicial rulings. Specifically, Plaintiff appears to argue that one could infer that the Undersigned Judge is biased against Plaintiff because she: (1) sua sponte provided Defendants an extension of the deadline to respond to the Request for a TRO after they entered an appearance; and (2) ordered Plaintiff to either file a motion for default judgment or show cause why the case should not be dismissed for lack of prosecution, but it has not required Defendants to show cause for failure to comply with deadlines to respond to the Request for a TRO and the Complaint. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion[,]" Liteky v. United States, 510 U.S. 540, 555 (1994) (citing Grinnell Corp., 384 U.S. at 583), and Plaintiff has not demonstrated that the rulings discussed above would meet an exception to that rule.

Indeed, extending a filing deadline "does not in and of itself demonstrate bias against" Plaintiff. Fregia v. Miranda, Case No. 1:21-cv-01068-AWI-BAM (PC), 2022 WL 4135090, at *2 (E.D. Cal. Aug. 2, 2022). The Court finds this to be especially true where, as here, the filing is a response to a request for a temporary restraining order and/or preliminary injunction. "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008)). "In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" Id. (quoting Amoco Prod. Co. v. Vill. of Gambell, AK, 480 U.S. 531, 542 (2008)). As such, extending the deadline to respond to Plaintiff's request for the extraordinary remedy of a TRO or preliminary injunction was entirely appropriate, does not give fair support to Plaintiffs' claim of bias, and is therefore insufficient to support Plaintiff's request for recusal. Fregia, 2022 WL 4135090, at *2.

9

Furthermore, ordering Plaintiff to either file a motion for default judgment or show cause why the case should not be dismissed for lack of prosecution does not evince bias—it was simply the Court's way of attempting to get Plaintiff's counsel to do what he should have done several weeks prior. Plaintiff filed Returns of Service indicating that all Defendants were served on June 9, 2023. ECF Nos. 3-6, 8. Pursuant to the Federal Rules of Civil Procedure, Defendants had twenty-one days—until and including June 30, 2023—to respond to the Complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Defendants failed to timely respond to the Complaint. On August 7, 2023—more than five weeks after Defendants' deadline to respond to the Complaint—Plaintiff filed an Application for Clerk's Entry of Default. ECF No. 20. On August 8, 2023, the Clerk entered default against Defendants pursuant to Rule 55(a) for failing to plead or otherwise defend this action. ECF No. 22, 23. Pursuant to Rule 55(b), Plaintiff was then required to "apply to the court for a default judgment." Fed. R. Civ. P. 55(b). However, he did not do so. Instead, on August 10, 2023, he filed his First Notice of Completion of Briefing. ECF No. 25. Five days later, on August 15, 2023, counsel for Defendants entered an appearance, ECF No. 26, and on September 5, 2023, Defendants filed a Response to the Request for a TRO/Preliminary Injunction. ECF No. 29. However, Defendants did <u>not</u> respond to the Complaint. Thereafter, Plaintiff filed a Reply in support of his Request for a TRO/Preliminary Injunction, ECF No. 33, and on September 21, 2023, the Court entered an Order denying the Request for a TRO/Preliminary Injunction, ECF No. 34. As of that date, Defendants <u>still</u> had not responded to the Complaint, even though they had entered an appearance over a month prior.[5] Consequently, on September 21, 2023, the Court issued an

---

[5] Defendants later filed a Motion to Set Aside Entry of Default. ECF No. 41. Plaintiff responded that he was unopposed to the Motion, ECF No. 48, and on October 13, 2023, the Court entered an Order granting the motion, setting aside the Clerk's Entries of Default, and instructing Defendants to respond to the Complaint. ECF No. 51.

Order providing Plaintiff until and including October 5, 2023, to file a motion for default judgment or show cause why this case should not be dismissed for lack of prosecution, ECF No. 35—not because the Court is biased against Plaintiff, but because the next logical step in the prosecution of this case was for Plaintiff to file a motion for default judgment, the Clerk having entered default against Defendants more than six weeks prior.[6]  Fed. R. Civ. P. 55(b).

Under these facts, the Court finds that issuing an Order instructing Plaintiff to file a motion for default judgment or show cause why this case should not be dismissed for lack of prosecution does not give fair support to Plaintiffs' claim of bias and is therefore insufficient to support Plaintiff's request for recusal.  See Henry v. United States, Civil Action No. 20-3689 (CKK), 2021 WL 6619330, at *5 (D.D.C. Sept. 30, 2021) (finding that issuing order to show cause for party's failure to follow the Federal Rules of Civil Procedure did not "evidence any extrajudicial bias or prejudice and are therefore insufficient to support Plaintiff's request for recusal").

Because Plaintiff's Affidavit (1) fails to assert that the Undersigned Judge's alleged bias arises from an extrajudicial source and (2) contains no facts or reasons giving "'fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment[,]'" Bell, 569 F.2d at 559 (quoting Berger, 255 U.S. at 33-34), the Affidavit is insufficient, and recusal under 28 U.S.C. § 144 is therefore unmerited.  See Hinman, 831 F.2d at 939.

However, even if Plaintiff's Affidavit was sufficient—and it is not—recusal under Section 144 would still be unmerited because the Certificate of Counsel is deficient.  Specifically, Section 144 requires that a party's affidavit "shall be accompanied by a certificate of counsel of record stating that it is made in good faith."  Here, the Certificate of Counsel filed by Plaintiff's attorney

---

[6] Remarkably, Plaintiff did not file a motion for default judgment or show cause for his failure to do so, but instead filed the instant Motion for Recusal.  ECF No. 40.

certifies only that Plaintiff's "Motion to Disqualify Judge Strickland (Doc. 40) is made with the utmost deference and with all benefit of the doubt possible in good faith pursuant to 28 U.S.C. § 144; United States v. Bray, 546 F.2d 851, 857 (10th Cir. 1976)." ECF No. 45. The Certificate of Counsel does not certify that the Affidavit is made in good faith. It is therefore deficient, and for that independent reason recusal under Section 144 is unmerited. W. Watersheds Project v. Interior Bd. of Land Appeals, 434 F. Supp. 3d 1257, 1261 (D. Utah 2020) (denying motion to recuse for failure to satisfy Section 144's procedural requirements because the certificate of counsel certified only that the motion was made in good faith, but did not certify that the affidavit was made in good faith); Armenian Assembly of Am., Inc. v. Cafesjian, 783 F. Supp. 2d 78, 88 (D.D.C. 2011) (same); Sataki v. Broad. Bd. of Governors, 733 F. Supp. 2d 54, 60 (D.D.C. 2010) (same) (citing S.E.C. v. Loving Spirit Found. Inc., 392 F.3d 486, 496 (D.C. Cir. 2004)); see also Nichols v. Dwyer, Case No. 18-14041, 2023 WL 3391415, at *4 (E.D. Mich. May 11, 2023) (denying motion for recusal under Section 144 because the affidavit was not supported by certificate of counsel, and even if an attorney's affidavit could be construed as a certificate of counsel, it was insufficient because it only certified that parts of the motion—not the plaintiff's affidavit—were factually accurate and made in good faith).

Accordingly, Plaintiff's request for recusal under Section 144 is denied.

**B. Recusal under 28 U.S.C. § 455(a)**

Pursuant to 28 U.S.C. § 455(a), a judge of the United States "shall disqualify [her]self in any proceeding in which h[er] impartiality might reasonably be questioned." "The basic test is whether a reasonable person armed with the relevant facts would harbor doubts about the judge's impartiality." Maez v. Mountain States Tel. and Tel., Inc., 54 F.3d 1488, 1508 (10th Cir. 1995) (citations omitted). "There is as much obligation for a judge not to recuse when there is no

occasion for [her] to do so as there is for [her] to do so when there is." Hinman, 831 F.2d at 939. As with Section 144, the judge's bias must arise from an extrajudicial source for disqualification to be appropriate under Section 455(a). Liteky, 510 U.S. at 554. However, recusal is appropriate even if the bias did not arise from an extrajudicial source if "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, . . . display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. at 555.

Plaintiff's Motion does not assert that the Court's alleged bias against Plaintiff (or in favor of Defendants) arises from an extrajudicial source. Rather, the Motion appears to argue that the Undersigned Judge's alleged bias against Plaintiff (or in favor of Defendants) can be gleaned from her judicial rulings. See ECF No. 40 at 7 (arguing that the Court's impartiality is evidenced by the "inexplicable deference towards the judicial defendants and against [Plaintiff] to the detriment of the continued loss of his fundamental freedoms without any supported legitimate basis").

However, as previously discussed, see Section II(A), supra, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555 (citing Grinnell Corp., 384 U.S. at 583); United States v. Cooley, 1 F.3d 985, 993-94 (10th Cir. 1993) (observing that prior adverse rulings of the court will not ordinarily satisfy the requirements for disqualification under Section 455(a)). And the Court finds that Plaintiff has failed to identify any opinions or rulings displaying "a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555. The Court further finds that a reasonable person would not harbor doubts about the Undersigned Judge's impartiality based on her: (1) sua sponte providing Defendants an extension of the deadline to respond to the Request for a TRO six days after they first appeared in this case, ECF No. 27; and (2) ordering Plaintiff to either file a motion

for default judgment or show cause why the case should not be dismissed for lack of prosecution six weeks after the Clerk entered default against Defendants, ECF No. 35.[7]  See Section II(A), supra.

Accordingly, Plaintiff's request for disqualification under 28 U.S.C. § 455(a) is denied.

### III. Conclusion

Therefore, it is **HEREBY ORDERED** that Plaintiff's Expedited Motion for the Hon. Margaret Strickland, U.S. District Judge, to Recuse Herself from All Proceedings Going Forward and Re-Assign the Case to Consider this Motion Pursuant to 28 U.S.C. § 144 is **DENIED**.

*/s/ Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[7] Although not argued in the instant Motion, Plaintiff argued in his Motion to Reconsider the Court's Order Denying his Request for a TRO/Preliminary Injunction that "the Court has assumed as true the Defendants statements that Mr. Springer was harassing or caused others to unlawfully harass Court staff with zero evidentiary basis." ECF No. 36. The Court made no such assumption. While the Court's Order and Amended Order Denying Plaintiff's Request for a TRO/Preliminary Injunction characterize Plaintiff's behavior at the Seventh Judicial District Court as "disruptive," ECF No. 34 at 12; ECF No. 38 at 12, that was the Court's own observation based on its review of Plaintiff's YouTube videos of his interactions with personnel at the Seventh Judicial District Court—videos which Plaintiff provided the Court hyperlinks to and which Defendants provided the Court copies of. See ECF No. 34 at 3-4,6-7; ECF No. 38 at 3-4, 6-7. In one of the videos, Plaintiff is sitting in the gallery of a courtroom and surreptitiously recording a hearing to which he was not a party. See ECF No. 34 at 3-4; ECF No. 38 at 3-4 (transcribing James Freeman, Sheriff And Deputies Stand Up Against Bad New Mexico Judiciary – Gordon Bennett, at 6:49, YouTube (posted Feb. 20, 2023), available at https://www.youtube.com/watch?v=KZ-EhXuOZNM). When the hearing officer instructs Plaintiff to wear a mask, per the court's rules, Plaintiff becomes disruptive. Id. When the hearing officer tells Plaintiff that he must either wear a mask or leave the courtroom, Plaintiff announces: "Tell you what, son, I'll just get a bigger team and we'll come back, sweetheart. All right. We'll be back." Id. In another video, Plaintiff asks a clerk's office employee whether she is a prostitute and asks her how long she has been "in the escort business." ECF No. 34 at 6-7; ECF No. 38 at 6-7 (transcribing James Freeman, Court Clerk Tries to Force an Escort On Me, at YouTube (posted May 28, 2023), available at https://www.youtube.com/shorts/HAh-9kQpq6A).  In the instant Motion, Plaintiff describes the statements he made to the clerk's office employee as "humorous." ECF No. 40. Based on the Court review of the video, the clerk's office employee did not appear to think being called a prostitute was humorous. Regardless, the Court's characterization of Plaintiff's behavior at the Seventh Judicial District Court as "disruptive" was based on the Court's review of the videos in the record, not based on Defendants' description of Plaintiff's behavior.