IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES SPRINGER,

        **Plaintiff,**

v.

                                Civil Action No. 1:23-cv-00499-MIS-JMR

SEVENTH JUDICIAL DISTRICT COURT,
MERCEDES MURPHY,
SHANNON MURDOCK-POFF, JASON JONES,
and SUSAN ROSSIGNOL,

        **Defendants.**

**PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT[1]**

COMES NOW, Plaintiff, through undersigned counsel of record, and respectfully moves this court for leave to amend the Complaint.

## BACKGROUND

1. Plaintiff's Complaint was filed June 9, 2023 and was served consistent with NMRA 1-004(F) as required by FRCP 4 on Defendants on the same day.

2. Plaintiffs seeks to amend the Complaint to additional facts of violative actions undertaken by the Defendants that support the existing counts in the Complaint and preliminary injunctive relief. Specifically, the Fifth Circuit has recently held that:

> To be sure, this modified injunction still "restricts government communications not specifically targeted to particular content *posted by plaintiffs themselves*," as the officials protest. But that does not mean it is still overbroad. To the contrary, an injunction "is not necessarily made overbroad by extending benefit or protection to persons other than prevailing parties in the lawsuit—even if it is not a class action—if such breadth is necessary to give prevailing parties the relief to which they are entitled." *Pro. Ass'n of Coll. Educators, TSTA/NEA v. El Paso Cnty. Cmty. Coll. Dist.*, 730 F.2d 258, 274 (5th Cir. 1984) (citations omitted); *see also Bresgal v. Brock*, 843 F.2d 1163, 1170–71 (9th Cir. 1987). Such breadth is plainly necessary, if not inevitable, here. **The officials have engaged in a broad pressure campaign designed to coerce social-media companies into suppressing speakers, viewpoints, and content disfavored by the government.** The harms that radiate

---

[1] Counsel for Defendants has been consulted and does opposes amendment of the Complaint.

from such conduct extend far beyond just the Plaintiffs; it impacts every social-media user. Naturally, then, an injunction against such conduct will afford protections that extend beyond just Plaintiffs, too. *Cf. Feds for Med. Freedom v. Biden*, 63 F.4th 366, 387 (5th Cir. 2023) ("[A]n injunction [can] benefit non-parties as long as that benefit [is] merely incidental." (internal quotation marks and citation omitted)).

*Missouri v. Biden*, 83 F.4th 350, 398 (5th Cir. 2023), *cert. granted sub nom. Murthy v. Missouri*, 2023 WL 6935337 (U.S. Oct. 20, 2023)(emphasis added). Here the allegation, made upon information and belief is that Defendants or employees of Defendants acting on their behalf have engaged in a campaign to have Mr. Springer's content suppressed by the social media company YouTube. There is plainly no futility to Mr. Springer's additional claims because if proven true they support the injunctive relief he seeks and the declaratory relief that Defendants here have engaged in additional unconstitutional actions beyond those already pleaded.

3. Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *See Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir.1993) *(citing Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)).

4. Plaintiff seeks to amend the complaint to add an additional cause of action to this matter and to request damages for the alleged constitutionally violative conduct of Defendants. Plaintiff's proposed Amended Complaint in redline is attached hereto as Exhibit 1.

Respectfully submitted this 2nd day of November 2023.

    Respectfully submitted,

    WESTERN AGRICULTURE, RESOURCE
    AND BUSINESS ADVOCATES, LLP

    */s/ A. Blair Dunn*
    A. Blair Dunn, Esq.

Jared R. Vander Dussen, Esq.
400 Gold Ave SW, Suite 1000
Albuquerque, NM 87102
(505) 750-3060
abdunn@ablairdunn-esq.com
warba.llp.jared@gmail.com


Zach Cook, LLC

*/s/ Zach Cook*
Zach Cook
1202 Sudderth # 425
Ruidoso, NM 88345
(575) 937-7644
zach@zachcook.com


CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2023, I filed the foregoing via the CM/ECF causing all parties of record to be served electronically.

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.