**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**JAMES SPRINGER,**

    **Plaintiff,**

**v.**
                                      **Civil Action No. 1:23-cv-00499-MIS-JMR**

**SEVENTH JUDICIAL DISTRICT COURT,**
**MERCEDES MURPHY,**
**SHANNON MURDOCK-POFF, JASON JONES,**
**and SUSAN ROSSIGNOL,**

    **Defendants.**

***AMENDED* COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C.A. §1983; VIOLATIONS OF RIGHTS PROTECTED BY THE NEW MEXICO CIVIL RIGHTS ACT;** ~~EMERGENCY REQUEST FOR A TEMPORARY RESTRAINING ORDER; REQUST FOR PRELIMINARY INJUNCTION, PERMANANT INJUNCTIVE RELIEF AND DAMAGES~~

COMES NOW Plaintiffs ~~hereby respectfully move this Honorable Court for a temporary restraining order, preliminary injunction, and permanent injunctive relief pursuant to Federal Rule of Civil Procedure 65, and~~ with his Amended Complaint for declaratory relief only against the individually named Defendants acting in their individual capacities under the color of law, and for damages against the Seventh Judicial District Court pursuant to the New Mexico Civil Rights Act, and states as follows in support thereof.

**INTRODUCTION**

Thomas Paine in <u>American Crisis</u> stated that: "tyranny, like hell, is not easily conquered, yet, we have this consolation with us, that the harder the conflict, the more glorious the triumph." Alexander Hamilton said, "There is no liberty if the power of judging be not separated from the legislative and executive powers." Federalist 78, Federalist Papers (Clinton Rossiter, ed., New York: Penguin Books, 1961). Robert Bork articulated well that a respect

# EXHIBIT 1

by the judiciary for the balance of powers as originally intended by the framers must:

> appeal to a common sense of what judges' roles ought to be in a properly functioning constitutional democracy. Judges are to not overturn the will of legislative majorities absent a violation of a constitutional right, as those rights were understood by the Framers.

John E. Thompson, "What's the Big Deal? The Unconstitutionality of God in the Pledge of Allegiance", 38 Haw. C.R.-C.L.L. Rev. 563, Summer: citing Robert Bork, the Tempting of America: The Usurpation of Law By Politics (1999)."There is in all of us a strong disposition to believe that anything lawful is also legitimate. This belief is so widespread that many persons have erroneously held that things are 'just' because law makes them so." Frédéric Bastiat, *The Law*, The Foundation for Economic Education, Inc., Irvington-on-Hudson, New York 10533. Here, the Seventh Judicial District's employees appear to have fallen prey to the fallacy that just because the operate with the authority of the judiciary that they themselves are above the law and must pay no heed to the rights of the citizens and of the press.

## PARTIES AND JURISDICTION

1. Plaintiff James Springer is currently a resident of Torrance County, New Mexico. Plaintiff is reporter who acts as member of the press to inform citizens on the happenings of their government.

2. Defendant New Mexico Seventh Judicial District Court is as public body as defined in NMSA 1978, §41-4A-2 who is sued for damages and injunctive relief against its employees from taking further actions that interfere with Plaintiff's rights protected by the New Mexico Bill of Rights.

3. Defendant Mercedes Murphy is the chief judge of the Seventh Judicial District Court of New Mexico who is sued pursuant 42 U.S.C.A. §1983 for *only* declaratory and injunctive relief under for actions taken individually under the color of law.

2

4. Defendant Shannon Murdock-Poff is a judge of the Seventh Judicial District Court of New Mexico who is sued for declaratory and injunctive relief *only* for actions taken individually under the color of law.

5. Defendant Jason Jones is the Court Executive Officer of the Seventh Judicial District Court of New Mexico who is sued for declaratory and injunctive relief *only* for actions taken individually under the color of law.

6. Defendant Susan Rossignol is a clerk of the Seventh Judicial District Court of New Mexico who is sued for declaratory and injunctive relief *only* for actions taken individually under the color of law.

7. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983 because, Plaintiffs allege a current and imminent continuing violation of their rights under the laws and Constitution of the United States. Additionally, the Court in its discretion may exercise pendant jurisdiction to address claims arising under the state law of New Mexico, specifically NMSA § 41-4A-1 *et. seq.*

8. The Court may declare the legal rights and obligations of the parties in this action pursuant to 28 U.S.C. § 2201 because this action presents an actual controversy within the Court's jurisdiction.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b). All Defendants are residents of and/or perform their official duties in this district. In addition, all of the events giving rise to the claims in this Complaint arose in this district.

**GENERAL ALLIGATIONS**

8. Plaintiff is an independent investigative journalist who produces content intended to expose to the general public cases of government fraud, waste, and abuse.

9. In the first quarter of 2023, Plaintiff engaged in investigative journalism at the Moriarty Magistrate Courthouse.

10. While most of Plaintiff's investigative journalism focuses on police misconduct and abuse of power, Plaintiff also exercises his First Amendment rights to produce content related to other government officials besides police officers, including (but not limited to) local elected officials and government employees, and judicial officers and administrators.

11. Plaintiff displays the content described in Paragraphs 8 thru 10 above on a YouTube channel he operates called James Freeman.

12. Approximately 444,000 people around the world subscribe to and enjoy Plaintiff's YouTube channel called James Freeman.

13. The content Plaintiff posts on his YouTube channel and on other social media platforms often receives tens of thousands of views and frequently sparks robust debate about matters of public interest related to constitutional rights, the workings of government and other related matters.

14. In February of 2023, Plaintiff posted one or more videos featuring interactions with a domestic relations hearing officer in the Seventh Judicial District Court for Torrance County, as well as with court personnel and employees of the Torrance County Sheriff's Office.

15. On or about March 1, 2023, two officers with the New Mexico State Police hand delivered to Plaintiff an Administrative Order entered on March 28, 2023 and signed by the Honorable Mercedes Murphy, Chief Judge of the Seventh Judicial District. See exhibit attached hereto and incorporated herein by reference as Exhibit "1."

4

16. Pursuant to the Administrative Order attached hereto as Exhibit "1," Plaintiff is banned from entering the Torrance County District Court at the Neil Mertz Judicial Complex, 903 N. 5th Street, Estancia, NM 87016 unless appearing for a hearing or having specific court business.

17. In the event that Plaintiff is to appear at the location described above in Paragraph 13, the Administrative Order attached hereto as Exhibit "1" requires that Plaintiff is escorted by and accompanied by the Torrance County Sheriff's Office while in the building.

18. The Administrative Order attached hereto as Exhibit "1" further orders, adjudges and decrees that, upon entering the Neil Mertz Judicial Complex, Plaintiff shall enter the Torrance County Sherriff's Office and identify himself as being an obstinate visitor and alert law enforcement that Plaintiff must be escorted and accompanied pursuant to the Administrative Order.

19. On or about March 1, 2023, at the same time officers of the New Mexico State Police hand delivered to Plaintiff the Administrative Order attached hereto as Exhibit "1," those same officers also hand delivered to Plaintiff a letter from Jason Jones, Court Executive Officer of the Seventh Judicial District Court. See exhibit attached hereto and incorporated herein by reference as Exhibit "2."

20. The letter attached hereto as Exhibit "2" describes the contents of the Administrative Order attached hereto as Exhibit "1," but provides no notice of wrongdoing Plaintiff is alleged to have committed such that he could legally be deprived of his rights under the New Mexico Bill of Rights.

21. On March 23, 2023, the Chief Judge of the Seventh Judicial District Court entered an Amended Administrative Order amending the Administrative Order attached hereto as Exhibit "3" to include a ban on Plaintiff entering various other properties of the Seventh Judicial District. See exhibit attached hereto and incorporated herein by reference as Exhibit "3."

22. On March 23, 2023, Jason Jones, Seventh Judicial District Court Executive Officer signed a letter addressed to Plaintiff in which Mr. Jones explains the content of the Amended Administrative Order attached hereto as Exhibit "3." See exhibit attached hereto and incorporated herein by reference as Exhibit "4."

23. In the letter attached hereto as Exhibit "4," Jason Jones alleges that Plaintiff entered the Moriarty Magistrate Court for non-court business and was being "disruptive and threatening" in the courthouse.

24. Plaintiff was never given notice and an opportunity to be heard on the matter of the deprivation of his rights under the First Amendment, Fourteenth Amendment or Article II of the New Mexico Constitution that resulted from the actions of the Defendants as described in Paragraphs 15 through 23 herein.

25. On May 18, 2023, Plaintiff attempted to exercise his rights as guaranteed under the United States Constitution and the New Mexico Constitution by attending a public hearing as member of the press to report on the case in a criminal matter before the Honorable Mercedes Murphy by way of a video conferencing platform.

26. After dialing in to the public hearing via the video conferencing platform, Judge Murphy summarily ejected Plaintiff from the video conferencing platform and from the public hearing without providing Plaintiff notice and an opportunity to be heard on the matter of whether he could attend the public hearing.

27. On May 24, 2023, Judge Shannon Murdock-Poff issued an order, Exhibit 5 attached hereto, excluding Plaintiff from a hearing in a civil matter D-722-DV-2019-00050m that Plaintiff planned to attend as a member of the press and the public.

28. On multiple dates, Susan Rossignol has either refused service in the clerk's office

or has required police presence to harass and intimidate Plaintiff when he entered the Estancia District Court house for the purpose of conducting court business associated to making records requests. This culminated in an outright refusal to accept Plaintiff's requests for service on June 8, 2023 and Ms. Rossignol requiring that Torrance County Sheriff's Deputy Young chase Plaintiff from the building which he did.

29. On October 31 and November 1, 2023, Plaintiff entered the public areas of the Torrance County Courthouse facility in fully compliance with the 7th Judicial District Court's Administrative orders at issue in this matter and made several videos as part of his reporting and as expressive conduct:

https://www.youtube.com/watch?v=QUhGqPBXzF4&t=1s

https://www.youtube.com/watch?v=krTXlwzlKbw

30. In retaliation for Plaintiff's reporting and protected speech contained in the first video noted in the paragraph above, upon information and belief, the Defendants or employees of the Defendants acting at their direction conspired to have YouTube censor Plaintiff's video resulting in the following:



8

31. This type of government action is violative of the rights protected by the United States and New Mexico Constitutions and is precisely the type of conduct that Fifth Circuit has affirmed to warrant preliminary injunctive relief in *Missouri v. Biden*, 83 F.4th 350, 362 (5th Cir. 2023), *cert. granted sub nom.*, *Murthy v. Missouri*, 2023 WL 6935337 (U.S. Oct. 20, 2023)

28.32. Plaintiff has been able to successfully appeal the actions to censor his speech and press, but upon information and belief, understand that that Defendants will continue to undertake these actions censor Plaintiff's reporting and speech unless enjoined by this Court.

**COUNT I: VIOLATION OF FREEDOM OF THE PRESS AND SPEECH - VIEWPOINT DISCRIMINATION – 42 U.S.C. § 1983**

29.33. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30. The First Amendment of the United States Constitution protects an individual's freedom of expression/freedom of speech and the individual's right to petition their government for redress, moreover the First Amendment prohibits infringement on the freedom of the press to report on the affairs of government by the government.

31. As a government actors, individually, acting under the color of law, Judge Murphy and Judge Murdock-Poff engaged in viewpoint discrimination by banning and excluding Plaintiff from a public places and hearings prohibiting him attending and reporting on public matters.

32. Judge Murphy and Judge Murdock-Poff do not enjoy judicial immunity here for their administrative orders. "A judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Forrester v. White*, 484 U.S. 219, 227-29 (1988); *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)). This important legal principle was recently applied to bail in the context of suing members of

the judiciary in *Schultz v. State*, Case No. 5:17-cv-00270-MHH (N.D. Ala. 2018) wherein the district court there applied the guidance from the Eleventh Circuit that a court looks to the "nature and function" of the act, "not the propriety of the act itself, and consider[s] whether the nature and function of the particular act is judicial." *See* ECF Doc. 198 p. 13 (applying *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018). Under *McCullough*, a court should consider:

> the nature and functions of the alleged acts are judicial by considering four factors:
>
> > (1) the precise act complained of is a normal judicial function; (2) the events involved occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the confrontation arose directly and immediately out of a visit to the judge in his official capacity.

*McCullough*, 907 F.3d at 1331. None of the conduct complained of fits within the *Mireles* definition of judicial conduct warranting absolute judicial immunity.

30.34.  As a direct and proximate result of the retaliatory actions, Plaintiff suffered injuries consisting of deprivation of a Constitutional Right, Plaintiff seeks declaratory relief and injunctive relief to halt the continuation of these deprivations.

**COUNT II – SUBSTANTIVE DUE PROCESS - 42 U.S.C. § 1983**

31.35.  Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

32.36.  The Plaintiffs have protected liberty interests in free speech, free press and petitioning for redress under the First Amendment made applicable to the states under Fourteenth Amendment.

33.37.  Substantive Due Process prevents the government from engaging in conduct that "shocks the conscious" or that interferes with fundamental liberty without narrowly tailoring such interference to achieve a compelling government interest which must withstand strict scrutiny.

34.38.  Defendants' actions constitute deprivations of those rights contrary to substantive

10

due process.

~~35.~~39. Plaintiff seeks declaratory and injunctive relief to halt these deprivations of due process.

**COUNT III - PROCEDURAL DUE PROCESS - 42 U.S.C. § 1983**

~~36.~~40. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

~~37.~~41. The Fourteenth Amendment to the United States Constitution forbids a state from depriving anyone of life, liberty, or property without due process of law.

~~38.~~42. No due process protections have been afforded to Plaintiff, as required by the United States Constitution of a pre-deprivation or post deprivation process that allows for any opportunity, much less a meaningful opportunity, to be heard and address the propriety of the government's actions.

~~39.~~43. All fundamental rights comprised within the term liberty, including but not limited to, the rights to be free from bodily restraint, the right to contract and engage in the common occupations of life, the right to acquire useful knowledge, to worship God according to the dictates of one's own conscience, and to generally enjoy the privileges long associated with the rights of free people are guaranteed substantive due process rights under the Fourteenth Amendment.

~~40.~~44. The Orders issued by Defendants Murphy, Murdock-Poff, Jones and Rossignol deprive Plaintiff his fundamental liberty interests in speech, press and petitioning without due process of law, based solely upon discretion of the Defendants.

~~41.~~45. Plaintiff seeks declaratory and injunctive relief to halt these deprivations of due process.

**COUNT IV: VIOLATION OF N.M. CONST. ART. II, § 17, ART. II, §18, and ART. II, §23 (ONLY AS TO THE DEFENDANT SEVENTH JUDICIAL DISTRICT COURT)**

~~42.~~46. Plaintiff herein incorporates all the foregoing paragraphs.

11

43.47. Defendant Seventh Judicial District Court violated Plaintiff's constitutional rights of freedom of speech, freedom of press, freedom of assembly, and due process when that Defendant entered the Administrative Order and Amended Administrative Order attached hereto as Exhibits "1" "3" and "5" and when that Defendant had those Orders and the letters attached hereto as Exhibits "2" and "4" served on Plaintiff with no notice and opportunity to be heard.

44.48. For the exercise of speech protected by N.M. CONST. ART. II, § 17, Defendant Seventh Judicial District Court retaliated against Plaintiff by ejecting him from the public hearing on May 18, 2023.

45.49. Because the Defendant acting through its agents have violated Plaintiff's rights protected by the Bill of Rights of the New Mexico Constitution with disregard for the harm it would cause Plaintiff, the Plaintiff is entitled to judgement establishing that his rights were violated and for actual damages associated to those violations as well as attorney's fees and costs.

## JURY DEMAND

Plaintiffs request a trial by a jury of twelve (12) persons.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs demand judgment in their favor, against Defendants jointly and severally, and seek relief as follows:

(1) a Declaratory Judgment that issuance and enforcement of the administrative orders and the denial of access to court property and services is unconstitutional for the reasons stated herein, and that the actions of the individual Defendants were unlawful and unconstitutional;

(2) a Declaratory Judgment that the actions of the Seventh Judicial District Court through its employees violated Plaintiff's rights protected by the New Mexico Bill

    of Rights by interfering with his protected speech, his right to freedom of the press and interfering with his right to petition his government for redress;

(3) for an award of actual damages against the Seventh Judicial District under the New Mexico Civil Rights Act;

(4) a temporary restraining order to prohibit individual Defendants from enforcing the administrative orders at issue, issuing any further orders or taking any action to ban or exclude Plaintiff from any public space or hearing or to deny him any service afforded to the public included but not limited to requesting records;

(5) a preliminary and permanent injunction to prohibit Defendants from enforcing the administrative orders or promulgating new ones that prohibit Plaintiff from entering public spaces or attending public hearings without first affording him due process of law;

(6) award of costs and expenses, including reasonable attorneys' fees under 42 U.S.C. § 1988 and NMSA 1978, §41-4A-3; and,

(7) such other relief as this Court deems appropriate.

~~**REQUEST FOR TEMPORARY RESTRAING ORDER**~~

~~**Plaintiff Has a Liberty Interest in Freedom of Speech, Freedom of the Press and to Petition the Government for Redress That Requires Due Process of Law Before He is Deprived of Liberty.**~~

~~Plaintiff has a liberty interest in activities protected by the First Amendment to speech, press and petitioning. Banning him from courthouses, excluding him from hearings and denying him public services most certainly runs afoul of those protections. Moreover, depriving him of that liberty with absolutely no notice or opportunity to be heard deprives him of owing due process.~~

**A Temporary Restraining Order is Necessary to Prevent Irreversible Harm**

Unless the Court enters this Temporary Restraining Order and Preliminary Injunction, Plaintiff will cut off from exercising his rights in any sort of significant way in a number of locations in Torrance County.

I. **Standards for Issuance of a Preliminary Injunction**

A movant may obtain a preliminary injunction if: (1) the movant will be irreparably injured by denial of the relief; (2) the movant's injury outweighs any damage the injunction may cause the opposing party; (3) granting the preliminary relief would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Keirnan v. Utah Transit Auth.*, 339 F.3d 1217, 1220 (10th Cir. 2003) (citation omitted). For the reasons that follow, the standards for granting a temporary and preliminary injunction have been met in this case.

II. **Plaintiffs are Likely to Succeed on the Merits.**

    A. *Defendants' Administrative Orders, Letters and Actions are viewpoint discrimination in violation the First Amendment and the corresponding New Mexico Constitution provision in the Bill of Rights.*

To determine whether a government act violates the substantive component of the Due Process Clause, courts begin by determining the proper level of scrutiny to apply for review. "Even though citizens of statutory counties are not a suspect class, we will still apply strict scrutiny if the state's classification burdens the exercise of a fundamental right guaranteed by the U.S. Constitution. *Save Palisade FruitLands v. Todd*, 279 F.3d 1204, 1210 (10th Cir. 2002). An act passes strict scrutiny only if it "narrowly tailored to further a compelling government interest." *Id.* "If no heightened scrutiny applies, the statute need only be rationally related to a legitimate government purpose." *Id.* "In deciding whether to recognize additional classifications as suspect,

14

courts traditionally look to see if the classification is 'based on characteristics beyond an individual's control,'[] and whether the class is 'saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness as to command extraordinary protection from the majoritarian political process.'" *Id.* (citations omitted). Here, Plaintiff's fundamental rights protected by the First Amendment are clearly abridged and he was afforded no notice or opportunity to address the abridgment of those liberties.

### III. The Plaintiff Will Suffer Irreparable Injury if Injunctive Relief Is Denied

The loss of [constitutional] freedoms, *for even minimal periods of time*, unquestionably constitutes irreparable injury." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1190 (10th Cir. 2003) (*quoting Elrod v. Burns*, 427 U.S. 347, 373 (1976)) (emphasis added); Banning Plaintiff from Courthouse, excluding him from public hearings and denying him public services unquestionably deprives him of his ability speak freely, publish in the press and to petition his government for redress. There is no adequate legal remedy for these "intangible harms." *Cmty. Television of Utah, LLC v. Aereo, Inc.*, 997 F. Supp. 2d 1191, 1210 (D. Utah 2014) ("Rather, the court looks to intangible harms that are difficult to quantify when it determines whether irreparable harm warrants a preliminary injunction). Moreover, deprivation of constitutionally protected rights – including the rights to due process and equal protection – inexorably creates irreparable harm. *See Elrod v. Burns* 427 U.S. 347, 373 (1976).; *see also Kikumura v. Hurley*, 242 F.3d 950, 963 (10th Cir. 2001) ("When an alleged constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary.") (citations omitted).

The fact that Due Process and First Amendment rights are burdened if not outright denied, as they are in this case, establishes the preliminary injunction's "irreparable harm" standard. Thus, under the Tenth Circuit Court of Appeals' jurisprudence, irreparable injury has occurred and will

~~continue to occur until an injunction issues.~~

**IV.     ~~The Balance of Harms Favors Issuance of Injunctive Relief~~**

~~Plaintiff has established both likelihood of success on the merits as well as a clear irreparable injury. In addition, the balance of harms tips decidedly in favor of Plaintiff. In the Tenth Circuit, "the [government's] potential harm must be weighed against [plaintiffs'] actual [constitutional] injury." *Summum v. Pleasant Grove City*, 483 F.3d 1044, 1056 (10th Cir. 2007) *rvs'd other grounds by* 555 U.S. 460 (2009). Where the government's perception of harm is speculative (if not outright nonexistent) such speculative harm cannot outweigh an injury to the Due Process and First Amendment rights of a Plaintiff who has established a substantial likelihood of success on the merits.~~

~~If preliminary injunctive relief is not granted, and the Court later finds that the challenged laws impermissibly infringe constitutional rights, the Plaintiffs will have suffered irreparable harm. After the fact, this Court will be unable to make things right again. By contrast, if this Court grants preliminary injunctive relief and later finds against the Plaintiff, the Defendants will not have suffered any hardship. Because the Defendant cannot show any sort of reasonably anticipated harm if an injunction is granted, and the Plaintiffs will suffer certain harm in the absence of injunctive relief, the balance of hardships favors the Plaintiff. When plaintiffs establish that a case raises constitutional issues, as the Plaintiffs have in this case, the Court should presume that the balance of harms tips in their favor. *Sammartano v. First Judicial District Court*, 303 F.3d 959, 973 (9th Cir. 2002).~~

**V.     ~~An Injunction Is in the Public Interest~~**

~~Finally, Plaintiff establishes that issuance of a preliminary injunction is in the public interest. The Tenth Circuit Court of Appeals recognizes "it is always in the public interest to~~

16

Case 1:23-cv-00499-MIS-JMR   Document 64-1   Filed 11/02/23   Page 17 of 18

~~prevent the violation of a party's constitutional rights." *Verlo v. Martinez*, 820 F.3d 1113, 1127 (10th Cir. 2016); *citing Pacific Frontier v. Pleasant Grove City*, 414 F.3d 1221, 1237 (10th Cir. 2005); *see also Utah Licensed Bev.*, 256 F.3d at 1076; *Elam Constr., Inc. v. Regional Transp. Dist.*, 129 F.3d 1343, 1347 (10th Cir.1997). It is in the public interest to not allow government to ban members of the press from public courthouses and hearings or to deny them the ability to make records request simply because they do not like the content of the speech or press of an individual reporter.~~

**CONCLUSION**

~~French mathematician and philosopher, Blaise Pascal, stated that *"[j]ustice without force is powerless; force without justice is tyrannical."*~~  This Court should give force to justice and for all the foregoing reasons, Plaintiffs respectfully request this Court grant a Temporary Restraining Order.

Respectfully submitted this 2nd~~8th~~ day of ~~June~~November 2023.

                                 WESTERN AGRICULTURE, RESOURCE
                                 AND BUSINESS ADVOCATES, LLP

                                 */s/ A. Blair Dunn*
                                 A. Blair Dunn, Esq.
                                 Jared R. Vander Dussen, Esq.
                                 400 Gold Ave SW, Suite 1000
                                 Albuquerque, NM 87102
                                 (505) 750-3060
                                 abdunn@ablairdunn-esq.com
                                 warba.llp.jared@gmail.com


                                 Zach Cook, LLC

                                 */s/ Zach Cook*
                                 Zach Cook
                                 1202 Sudderth # 425
                                 Ruidoso, NM 88345
                                 (575) 937-7644

17

zach@zachcook.com

18