## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JAMES SPRINGER,

      Plaintiff,

v.                                No. 1:23-cv-00499-MIS-JMR

SEVENTH JUDICIAL DISTRICT COURT
MERCEDES MURPHY,
SHANNON MURDOCK-POFF,
JASON JONES, and SUSAN ROSSIGNOL,

      Defendants.

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
### TO AMEND COMPLAINT

COMES NOW Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Suan Rossignol (collectively hereinafter "Defendants"), by and through their counsel of record, Garcia Law Group, LLC (Bryan C. Garcia, Rodney L. Gabaldon, and Jade Delfin), and submits their Response to Plaintiff's Motion to Amend Complaint:

### INTRODUCTION

This matter arises from James Springer's ("Plaintiff") motion for leave file an amended complaint. Plaintiff initially brought claims under 42 U.S.C. § 1983 alleging that Defendants had violated his constitutional rights, specifically his First Amendment and due process rights. See generally, [Doc. 1]. On January 27, 2023 at the Seventh Judicial District Torrance County courthouse, James Springer ("Plaintiff") interrupted a hearing already in progress, without a mask as required by state mandate. and snuck a cellphone in the courtroom to secretly record his visit. On other occasions, Plaintiff also harassed the Court Clerk as the service window. As result of Plaintiff's misconduct, Chief Judge Mercedes Murphy ("Chief Judge Murphy") entered an

Administrative Order and Amended Administrative Order (collectively, "Administrative Orders") limiting Plaintiff's presence in the Seventh Judicial District Courthouses to his own matters or specific court business, and with a law enforcement escort. Thus, Plaintiff also requested a preliminary injunction and temporary restraining order. *Id.* This Court denied the request for preliminary injunction and temporary restraining order because Plaintiff failed to satisfy his burden of establishing a substantial likelihood of success on the merits of his claims. [Doc. 34]. Defendants thereafter filed a Motion to Dismiss [Doc. 57], which is pending completion of briefing. Plaintiff subsequently filed his Motion for Leave to File Amended Complaint, largely on the basis of a decision from Fifth Circuit. However, Plaintiff's proposed amendment is futile and does not relate back to the original complaint. Accordingly, Defendants respectfully request that this Court deny Plaintiff's Motion because the amended complaint would still be subject to dismissal.

## LEGAL STANDARD

A motion for leave to amend the complaint should be granted where the amendment will yield a meritorious claim. *See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001). Courts "generally refuse leave to amend only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999). Moreover, in determining whether to grant leave to amend, the court may consider such factors as undue delay on the part of the plaintiff in raising the claim, *see Smith v. Aztec Well Serv. Co.*, 462 F.3d 1274, 1285 (10th Cir. 2006), bad faith on the part of the moving party, and any undue prejudice to the opposing party by virtue of allowance of the amendment, *see Minter v. Prime Equipment*

*Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Ultimately, whether to grant leave to amend a complaint is within the discretion of the district court. *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006).

## LEGAL ARGUMENT

### I.     PLAINTIFF'S PROPOSED AMENDMENTS WOULD BE FUTILE.

"While Rule 15 provides that leave to amend a complaint shall be freely given when justice so requires, a district court may refuse to allow amendment if it would be futile." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013). An amendment to a complaint is futile if the Plaintiff can prove no set of facts in support of his amendment that would entitle him to relief. *Smith v. Colorado Dept. of Corrections*, 23 F.3d 339, 340 (10th Cir. 1994) (citing *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). A proposed amendment is also futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001); *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999). Courts are justified in denying motions to amend as futile if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim. *Schepp v. Fremont County, Wyo.*, 900 F.2d 1448, 1451 (10 Cir. 1990) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989); *Glick v. Koenig*, 766 F.2d 265, 269 (7th Cir.1985); *DeLoach v. Woodley*, 405 F.2d 496, 497 (5th Cir.1968).

Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, the complaint "must plead sufficient facts, taken as true, to provide plausible grounds that discovery will reveal evidence to support the

plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). However, a pleading "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks and citation omitted).

Plaintiff's proposed amendment is futile because he fails to state a viable claim under § 1983. Plaintiff's complaint and proposed amended complaint contain vague and conclusory allegations that Defendants violated his First Amendment and due process rights but lack sufficient factual detail to meet the plausibility standard to survive a motion to dismiss under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678. ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.") Plaintiff must bring forth more than mere conclusory allegations to establish a claim under § 1983 yet fails to identify which of the allegations in his proposed amendment include facts sufficient to support his claims beyond a speculative level. Importantly, this Court has found that that Plaintiff failed to satisfying his burden of establishing a likelihood of success on the merits of his claims. [Doc. 38, p. 11].

The amendment to Plaintiff's complaint would be futile because Plaintiff has further failed to allege facts that would sustain claims of violation of the First Amendment and due process given his vague allegations of misconduct. Plaintiff does not address the elements of each cause of action and any superficial restatement of the elements of his claims are insufficient. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting Fed. R. Civ. P. 8, second alteration original, citations omitted). Here, Plaintiff's proposed amendments remain conclusory labels that do not meet the minimal pleading be considered factual allegations. Thus, Plaintiff has failed to state a claim and amendment to his complaint would be futile.

Plaintiff relies almost exclusively on *Missouri v. Biden*, 83 F.4th 350 (5th Cir. 2023), in support of his Motion. However, this Fifth Circuit case is not binding in the Tenth Circuit and the case is distinguishable from *Missouri*. In *Missouri*, a group of social-media users and two states alleged that federal officials had coerced social-media platforms into censoring certain social-media content, in violation of the First Amendment. The officials were employees of the White House who allegedly flagged content on social media, monitored those platforms' moderation activities, and urged the social media platforms to curtail misinformation. That is not the case here. In contrast, Plaintiff disrupted court business and harassed court staff, which resulted in a reasonable restriction of his access to the Seventh Judicial Court. The Plaintiff's allegation that Defendants have engaged in a campaign to have his content suppressed is completely unsupported by the facts in the record and his reliance on *Missouri* similarly lacks the legal analysis as to how it remotely applies to this case.

Plaintiff's Motion should also be denied because Defendants are entitled to qualified immunity as a matter of law, rendering the proposed amendments futile. Defendants have filed a Motion to Dismiss which outlines multiple bases for dismissal: failure to state a claim, lack of proper service, lack of jurisdiction under the *Rooker-Feldman* doctrine, qualified immunity, and sanctions for spoliation. Even if Plaintiff were to plead any plausible facts to state a claim against

Defendants and even if Plaintiff were to properly serve an Amended Complaint on Defendants, which Defendants deny, the other deficiencies remain. Plaintiff's proposed Amended Complaint would still be subject to dismissal due to Defendants' immunity, *Rooker-Feldman*, and spoliation. Nonetheless, Plaintiff has failed to make the requisite showing that they are entitled to amend their Complaint under Rule 15 and the proposed amendments are futile. Accordingly, Plaintiff's proposed amendment would not survive a dispositive motion, and leave to amend should be denied on the basis of futility.

## II.   PLAINTIFF'S PROPOSED AMENDMENTS DO NOT RELATE BACK TO THE DATE OF THE ORIGINAL PLEADING.

Fed. R. Civ. P. 15 provides the applicable law to determine whether to grant Plaintiff leave to amend. "An amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." USCS Fed Rules Civ Proc R 15(c)(1)(B).

The purpose of 15(c)(1)(B) is that "a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n. 3, 104 S. Ct. 1723, 80 L. Ed. 2d 196 (1984) (citation omitted). So long as there is a "factual nexus" between the original and amended complaints, the amended claim "is liberally construed to relate back to the original complaint if the defendant had notice of the claim and will not be prejudiced by the amendment." *Benton v. Bd. of Cnty. Comm'rs*, No. 06-cv-01406-PSF, 2007 U.S. Dist. LEXIS 84157, 2007 WL 4105175, at *3 (D. Colo. Nov. 14, 2007), aff'd, 303 Fed. Appx. 625 (10th Cir. Dec. 17, 2008) (unpublished) (quoting *Grattan v. Burnett*, 710 F.2d 160, 163 (4th Cir.1983)).

In *Benton*, the Court summarized the law governing the application of the relation back doctrine as follows:

> As a general rule, amendments will relate back if they amplify the facts previously alleged, correct a technical defect in the prior complaint, assert a new legal theory of relief, or add another claim arising out of the same facts. For relation back to apply, there is no additional requirement that the claim be based on an identical theory of recovery. On the other hand, amendments generally will not relate back if they interject entirely different facts, conduct, transactions or occurrences. It is a matter committed to the district court's sound discretion to decide whether a new claim arises out of the same transaction or occurrence.

*Benton*, 2007 U.S. Dist. LEXIS 84157, 2007 WL 4105175, at *3 (quoting *Kidwell v. Bd. of Cnty. Comm'rs of Shawnee Cnty.*, 40 F. Supp. 2d 1201, 1217 (D. Kan. 1998).

Plaintiff has not met these requirements. First, the original complaint alleged that the conduct which has caused Plaintiff injury occurred when Chief Judge Murphy entered the Administrative Order limiting Plaintiff's access the Seventh Judicial District courthouses to appearing for hearings or specific Court business, while accompanied by a law enforcement escort. The proposed amended complaint seeks to interject different facts, conduct, and occurrences; specifically, the amendment alleges that the Torrance County Courthouse has a picture posted of Plaintiff at the security desk and accuses Defendants of censoring his November 1, 2023 YouTube video. However, the amendments continue to fail to clarify which defendant was responsible for what conduct is the basis of each claim. Plaintiff fails to state what rights are violated by the security desk having his picture. Plaintiff's allegation of censorship is speculative at best, and Defendants deny any conduct of censorship. Further, the proposed amendments pertain to conduct that occurred after the original complaint was filed. Thus, the claims asserted in plaintiff's proposed amended complaint do not arise out of the same conduct set forth in his original complaint. Accordingly, the Plaintiff's proposed amended complaint does not relate back to the date its

original complaint was filed, August 3, 2023. For these reasons, Plaintiff's Motion should be denied.

## III.     DEFENDANTS' MOTION TO DISMISS IS PENDING BEFORE THIS COURT.

It is not uncommon a motion to dismiss to be filed and, shortly thereafter, a motion for leave to amend the complaint. This Court has the discretion to consider either (or both) motions in light of the other. For example, in *Bauer v. City and County of Denver*, 642 Fed. Appx. 920 (10th Cir. 2016) (unpublished decision), the district court simultaneously considered a pending motion to dismiss and a motion for leave to file an amended complaint. *Id*. at 923-25. The district court conducted a futility analysis in deciding the motion for leave to amend, assuming the facts in the proposed amended complaint were true and concluded that dismissal was warranted even if the complaint were amended. *Id*. at 925. The Tenth Circuit affirmed the district court's dismissal and agreed with its reasoning. *Id*. at 923-25. Thus, where it assists the orderly and expeditious resolution of a case, it would be appropriate for this Court to consider Defendants' Motion to Dismiss and Plaintiff's Motion for Leave to Amend Complaint concurrently. The issues raised in the pending Motion to Dismiss are pertinent to the futility analysis in deciding the Motion for Leave to Amend Complaint. If Defendants' Motion to Dismiss is found to be meritorious, and leave to amend would not correct the deficiencies, the claims against Defendants must be dismissed.

## CONCLUSION

Plaintiff has failed to make the requisite showing that they are entitled to amend their Complaint under Rule 15 and the proposed amendments are futile. Accordingly, Plaintiff's proposed amendment would not survive a dispositive motion, and leave to amend should be denied on the basis of futility.

**WHEREFORE**, Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Suan Rossignol request that this Court deny Plaintiff's Motion for Leave to File Amended Complaint, award Defendants their costs and fees associated with responding to Plaintiffs' Motion, and grant all other relief this Court deems just and proper.

Respectfully submitted,

**GARCIA LAW GROUP, LLC**

*/s/ Jade Delfin*
Bryan C. Garcia
Rodney L. Gabaldon
Jade Delfin
*Attorneys for Defendants*
6739 Academy Road NE, Suite 200
Albuquerque, NM 87109
(505) 629-1576 / (505) 652-1337 (fax)
bgarcia@garcialawgroupllc.com
rgabaldon@garcialawgroupllc.com
jdelfin@garcialawgroupllc.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CMECF on this the 16th day of November, 2023, which caused service to all counsel of record.

*/s/ Jade Delfin*
Jade Delfin