IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES SPRINGER,

    Plaintiff,

v.                                                             No. 1:23-cv-00499-MIS-JMR

SEVENTH JUDICIAL DISTRICT COURT
MERCEDES MURPHY,1
SHANNON MURDOCK-POFF,
JASON JONES, and SUSAN ROSSIGNOL,

    Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND MOTION FOR TEMPORARY RESTRAINING ORDERAND PRELIMINARY INJUNCTION**

    COMES NOW Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Suan Rossignol (collectively hereinafter "Defendants"), by and through their counsel of record, Garcia Law Group, LLC (Bryan C. Garcia, Rodney L. Gabaldon, and Jade Delfin), and hereby submit their response to Plaintiff's Second Motion for Temporary Restraining Order and Preliminary Injunction:

**INTRODUCTION**

    James Springer ("Plaintiff") again seeks an injunction barring Defendants from limiting Plaintiff's presence in the Seventh Judicial District Courthouses to his own matters or specific court business, and with a law enforcement escort. Plaintiff's Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § 1983 Violations of Rights Protected by the New Mexico Civil Rights Act; Emergency Request for a Temporary Restraining Order; Request for Preliminary Injunction, Permanent Injunctive Relief and Damages [Doc. 1] contained a request for temporary restraining order and preliminary injunction ("First TRO

Motion"), which this Court denied because Plaintiff failed to establish a substantial likelihood of success on the merits. [Doc. 38, p. 14]. Plaintiff files his Second Motion for Temporary Restraining Order and Preliminary Injunction ["Second TRO Motion"] on the same premises as the First TRO Motion, which contains the same deficiencies the First TRO Motion: 1) Plaintiff does not meet the legal requirements for an injunction; 2) the restrictions on Plaintiff's access to the court are content neutral and reasonable in light of the disruption his refusal to follow court rules has caused to official court business; and, 3) Plaintiff's acts of spoliation have negatively impacted Defendants' ability to defend themselves in this litigation. In addition to the reasons raised in Defendants' Response to Plaintiff's Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § 1983 Violations of Rights Protected by the New Mexico Civil Rights Act; Emergency Request for a Temporary Restraining Order; Request for Preliminary Injunction, Permanent Injunctive Relief and Damages [Doc. 29] ("Response to First TRO Motion"), Defendants add that Plaintiff's request for relief is barred by lack of jurisdiction for this Court as to the injunction while it on appeal, that Plaintiff's Second TRO Motion is an improper Motion for Reconsideration, and that Plaintiff continues to disregard court rules. Further, Plaintiff does not meet the requirements for a disfavored injunction. Therefore, Defendants respectfully request that this Court deny Plaintiff's Second TRO Motion.

## FACTUAL BACKGROUND

The events giving rise to this action are set out more fully in Defendants' Response to First TRO Motion. Therefore, Defendants incorporate herein the Factual Background from their Response [Doc. 29, p. 2-6], which are summarized below:

On or about January 27, 2023, Plaintiff entered a courtroom at the Seventh Judicial District Court to observe a hearing before Hearing Officer Gordon Bennett (hearinafter "H.O. Bennett").

*Id.*, p.2-3]. During this time, the State of New Mexico had a mask mandate in effect for its courtrooms. *Id.* However, when H.O. Bennett asked Plaintiff to put on a mask, Plaintiff refused. *Id.* The hearing was already in progress and H.O. Bennett went off the record to speak with Plaintiff. *Id.* Plaintiff also refused to identity himself and acknowledged that he had brought a camera into the courtroom. *Id.* Sometime thereafter, Plaintiff asked the Torrance County Sheriff's Office (hereinafter "TCSO") whether they would be enforcing the mask mandate. *Id.*, p. 4. The sheriff stated, "We're not going to enforce a mask mandate in the courtroom or anywhere else, okay." *Id.*

Court staff were harassed and threatened after this incident. A copy of the voicemails and emails the Seventh Judicial District Court has received following Plaintiff's court disturbances is attached hereto respectively as **Exhibit A** and **Exhibit B**. On February 28, 2023, the Seventh Judicial Court entered an Administrative Order in the interest of the safety and security of its Judges, Special Commissioners, Hearing Officers, and other Court personnel. [Doc. 1, Ex. 1]. The Administrative Order further explains that Plaintiff is an obstinate visitor, is banned from the Torrance County District Court unless appearing for a hearing or having specific Court business and must be escorted by the Torrance County Sheriff's Office while in the building. *Id.* When Plaintiff sought to harass court staff at the courthouses in the Seventh Judicial District, the Court amended the Order to include the courthouses in Torrance County, Catron County, Socorro County, and Sierra County. [Doc. 1, Ex. 3]. (The Administrative Order and Amended Administrative Order are collectively referred to as "Administrative Orders".)

Plaintiff still refused comply with Court orders. When a Torrance County court clerk asked Plaintiff where his law enforcement escort was during one of his visits, Plaintiff responded with hostility and repeatedly called her an escort (prostitute). [Doc. 29, Ex. C][1].

Due to Plaintiff's continued refusal to follow Court rules orders, the Seventh Judicial District Court sent Plaintiff a Notice of Order to Show Cause Hearing set for June 16, 2023. A copy of the Notice is attached hereto as **Exhibit C**. A week before the hearing, Plaintiff filed the present Complaint. Because they were named as Defendants in this matter, Chief Judge Mercedes Murphy ("Chief Judge Murphy") and Judge Shannon Murdock-Poff ("Judge Murdock-Poff") recused themselves from the state court proceedings.

On August 29, 2023, counsel for Defendants served Plaintiff's counsel a preservation letter asking Plaintiff to preserve all evidence related to this matter. [Doc. 29, Ex. D]. The following day, Plaintiff admitted that he deleted some evidence. [Doc. 29, Ex. E].

Since Plaintiff's First TRO Motion, Plaintiff has continued to visit the Torrance County Courthouse.

On October 31, 2023, Plaintiff appeared at the Torrance County Courthouse with one of his associates, Mayor Nathan Dial ("Mayor Dial"), who had a firearm strapped to his belt. *See* James Freeman, "District 7 Court Is Out Of Control Still And Sheriff's 'Open Door Policy' = Locked Door" YouTube (October 31, 2023) at 24:12, which is attached hereto as **Exhibit D**[2]. New Mexico State Police ("NMSP") were called to the Courthouse to investigate the situation. A law enforcement officer from another agency asked another of Plaintiff's associates about what

---

[1]    The video link is no longer publicly available on Plaintiff's YouTube channel.
[2]    Publicly available at https://www.youtube.com/watch?v=krTXlwzlKbw, last accessed November 21, 2023.

happened. The associate responded, "We could not come in if we were recording or armed.[3]" *Id*. at 54:43. While Plaintiff's law enforcement escort was down the hall, he remarked, "How does this escort cost?" *Id*. at 55:31. The NMSP Captain arrived, he suggested that a demonstration of respect would have better outcomes. Plaintiff' interjected, "The court staff don't deserve any respect." *Id*. at 1:42:12. Plaintiff and Mayor Dial asked NMSP to "get the judiciary to stay in their lane so there wouldn't be any drama." *Id*. at 1:45:22. Plaintiff also asked NMSP to arrest court staff, and specifically Ms. Rossignol. *Id*. at 1:45:28 and 1:48:01.

On November 13, 2023, Plaintiff appeared at the Torrance County Courthouse with one of his associates, Fred (last name unknown). When Plaintiff went through the security screening area, he was carrying a firearm. *See* James Freeman, "Fred checking on status of court proceedings" YouTube (November 13, 2023) at 7:02, which is attached hereto as **Exhibit E**[4]. The security guard reminded Plaintiff that firearms are not allowed in Court and asked him to remove it.

Later that day, Plaintiff returned to the Torrance County Courthouse. The security guard reminded Plaintiff that he needed a law enforcement escort, who would meet Plaintiff at the TCSO entrance door at the end of the hallway. Plaintiff told Fred he should pretend to need the restroom, which was by the security screening area and see what would happen. *See* James Freeman, "Government Creates Problems So They Have Problems to solve" YouTube (November 13, 2023) at 1:18, which is attached hereto as **Exhibit F**[5].

---

[3]  The officer told Plaintiff and his associates they could have recording devices and firearms as long as they did not go into the courtrooms with them. *Id*. at 54:30. The Torrance County Sherriff's Office also advised State Police that they would not enforce the firearm ban. *Id*. at 1:28.12.
[4]  Publicly available at https://www.youtube.com/watch?v=UYO2LYmcuBI, last accessed November 21, 2023.
[5]  Publicly available at https://www.youtube.com/watch?v=psdf9iEqXyI, last accessed November 21, 2023.

**STANDARD OF REVIEW**

Because "a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991). A preliminary injunction is "never awarded as of right," *Winter v. NRDC, Inc.*, 555 U.S. 7, 24, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008), but only when "the movant's right to relief is 'clear and unequivocal.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003). As such, the party requesting a preliminary injunction under Fed. R. Civ. P. 65 must establish: "(1) he . . . will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Schrier v. Univ. of Co.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Whether to issue an injunction is within the discretion of the court. *See Kansas v. United States*, 249 F.3d 1213, 1227 (10th Cir. 2001). A party seeking a preliminary injunction must prove that all four of the equitable factors weigh in its favor. If Plaintiff fails to meet the any factor for granting him an injunction, that will be sufficient basis for denying the request. *See Vill. of Logan v. U.S. Dep't of Interior*, 577 F. App'x 760, 766 (10th Cir. 2014) (A plaintiff's failure to prove *any one of the four* preliminary injunction factors renders its request for injunctive relief unwarranted") (emphasis added). In relation to the case at hand, Plaintiff has not met any of these factors.

**LEGAL ARGUMENT**

**I.      INCORPORATION BY REFERENCE.**

The basis for Plaintiff's Second TRO Motion [Doc. 65] is the same as his First TRO Motion [Doc. 1]. Therefore, Defendants incorporate their arguments from their Response [Doc. 29] herein.

In summary, Defendant's Response argues that Plaintiff's Motion should be denied because Plaintiff family to meet the necessary requirements for a preliminary injunction; Plaintiff's restriction of access was reasonable; and Plaintiff's acts of spoliation impede Defendants' ability to defend themselves. In addition to Defendants' arguments incorporated from their Response, Defendants argue that Plaintiff's Second Motion should be denied for the following reasons.

## II.  THIS COURT DOES NOT HAVE JURISDICTION OVER PLAINTIFF'S SECOND MOTION.

It is well established "that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982) (per curiam); *see also Barnes v. Sec. Life of Denver Ins. Co.*, No. 18-cv-718-WJM-SKC, 2019 U.S. Dist. LEXIS 4037, 2019 WL 142113, at *1 (D. Colo. Jan. 9, 2019) ("While an interlocutory appeal is pending, jurisdiction generally transfers from the district court to the court of appeals." (*citing Griggs*, 459 U.S. at 58)).

However, there are pertinent limitations on this transfer of jurisdiction. "First, no transfer occurs if the appeal is taken from a non-appealable order. Second*, the transfer affects only those aspects of the case involved in the appeal*. Thus, when an appeal is taken from a limited interlocutory ruling, as opposed to one that affects the litigation as a whole, the district court may proceed with the case." *Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227, 1229 (10th Cir. 1998) (citations omitted) (emphasis added). "Even when an order is appealable, the district court is divested of control only over 'those aspects of the case involved in the appeal.'" *Barnes* at *2-3 (quoting *Howard*, 150 F.3d at 1229).

Shortly after this Court denied Plaintiff's First TRO Motion, Plaintiff appealed the Order to the Tenth Circuit Court of Appeals, where the Order is currently pending. Therefore, this Court has been divested of control over the issues of preliminary injunction and temporary restraining order. This Court should not attempt to assert jurisdiction over those issues while they are simultaneously before the Tenth Circuit. Because the appeal here is taken from a ruling that impacts only part of the case, specifically the denial of Plaintiff's request for preliminary injunction, the remainder of the case may proceed. However, jurisdiction over a preliminary injunction and temporary restraining order has been conferred on the Tenth Circuit. Accordingly, Plaintiff's Second TRO should be denied.

### III. PLAINTIFFS' SECOND MOTION IS AN IMPROPER MOTION FOR RECONSIDERATION

Although labeled as a Second Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiff's Motion functions as a motion for reconsideration of the First TRO Motion. This Court has already denied the First TRO Motion, as well as Plaintiff's Motion for Reconsideration on the First TRO Motion. Although Plaintiff has appealed the denial of his First TRO Motion, he nonetheless brings the issue to this Court again through his Second TRO Motion by attempting to revisit issues already addressed or advance arguments that could have been raised in the First TRO Motion.

The Court has discretion whether to grant a motion to reconsider. The Federal Rules of Civil Procedure do not formally recognize a motion to reconsider. For its part, the Tenth Circuit has found instructive the standard used to review a motion made under Rule 59(e). *See Ankeney v. Zavaras*, 524 Fed. Appx. 454, 458 (10th Cir. 2013) (unpublished). A motion for reconsideration under Rule 59(e) "gives the court an opportunity to correct manifest errors of law or fact and to review newly discovered evidence." *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483

(D. Kan. 1994) (citing *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.1992)). The court should alter or amend its judgment where the court has misapprehended the facts, the parties' positions, or the controlling law. *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks omitted) (citation omitted). "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel*, 846 F. Supp. at 1483. Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. "Absent extraordinary circumstances, ... the basis for the second motion must not have been available at the time the first motion was filed." *Id.*; *see also Matosantos Com. Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1209 n. 2 (10th Cir. 2001) (holding that a court, in reviewing a motion to reconsider, need not address new arguments raised by the parties); *United States v. Castillo-Garcia*, 117 F.3d 1179, 1197 (10th Cir. 1997) (emphasizing that "arguments raised for the first time in a motion for reconsideration are not properly before the court and generally need not be addressed"). *See also Albright v. Attorney's Title Ins. Fund*, No. 2:03-cv-00517, 2008 U.S. Dist. LEXIS 10875, 2008 WL 376247, at *2 (D. Utah. Feb. 11, 2008) (denying motion for reconsideration where Plaintiffs "merely disagree with the order, restate their previous arguments and assert new arguments that were available to them at the time of the original briefing"); *The SCO Group, Inc. v. Novell, Inc.*, No. 2:04-cv-00139, 2007 U.S. Dist. LEXIS 68371, 2007 WL 2746953, at *1 (D. Utah Sept. 14, 2007) ("A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court.").

Here, there has been no intervening change in the controlling law, no new evidence that was previously unavailable, nor a need to correct clear error or prevent manifest injustice. Neither has this Court misapprehended the facts, a party's position, nor the controlling law. It is evident from the cautionary admonitions at the beginning of Plaintiff's Second TRO Motion that Plaintiff disagrees not only with this Court's decision to deny his First TRO Motion, but also to deny his Motion to Recuse [Docs. 40 and 61] and to deny his Motion to Stay Pending Appeal [Docs. 42 and 62]. Plaintiff then restates the facts and issues from his First TRO Motion, while adding a speculative allegation of censorship without evidence to support it. Plaintiff also attempts to cure the deficiencies of legal analysis in the First TRO Motion with a mere restatement of the elements and conclusory statements. However, a motion to reconsider "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in a prior briefing." *Huntingford v. Pharmacy Corp. of Am.*, No. 1:17-cv-01210-RB-LF, 2019 U.S. Dist. LEXIS 14871, at *2 (D.N.M. Jan. 29, 2019), citing *Servants of Paraclete* at 1012. Further, '[a] motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Id.* Plaintiff improperly seeks a second bite of the proverbial apple and, accordingly, his Second TRO Motion should be denied.

## IV.  PLAINTIFF FAILS TO MEET THE NECESSARY REQUIREMENTS FOR A DISFAVORED INJUNCTION.

### A.  Three Types of Disfavored Injunctions.

In the Tenth Circuit, certain types of injunctions are disfavored: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Schrier v. University of Colo.*, 427 F.3d 1253, 1259 (10th Cir. 2005) (quoting *O Centro Espirita Beneficente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 977 (10th Cir. 2004)).

"Such disfavored injunctions 'must be more closely scrutinized to assure that the exigencies of that case support the granting of a remedy that is extraordinary even in the normal course.'" *Id*.

"Although mandatory injunctions also generally alter the status quo, that is not always the case." *Schrier*, 427 F.3d at 1260. (citations omitted). An injunction is mandatory if it will "affirmatively require the nonmovant to act in a particular way, and as a result . . . place[s] the issuing court in a position where it may have to provide ongoing supervision to assure the nonmovant is abiding by the injunction." *Id*. at 1261. The Tenth Circuit has recognized that "[t]here is no doubt that determining whether an injunction is mandatory as opposed to prohibitory can be vexing." *O Centro,* 389 F.3d at 1006. "In many instances, this distinction is more semantical than substantive. For to order a party to refrain from performing a given act is to limit his ability to perform any alternative act; similarly, an order to perform in a particular manner may be tantamount to a proscription against performing in any other." *Id*. (citation omitted).

If the preliminary injunction that Plaintiff seeks is one of these three types, the Court must closely scrutinize the motion "to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 975. Further, "a party seeking such an injunction must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms…." *Id*. at 976.

Here, Plaintiff does not demonstrate exigency in his request for an injunction. Plaintiff still has access to the Seventh Judicial District Courthouse; he is required to have a law enforcement escort pursuant to the Administrative Orders. Plaintiff continues to post content on YouTube and Defendants, nor anyone on behalf of Defendants, have not prevented, nor attempted to prevent, him from doing so. Accordingly, there is no exigency. Further, Plaintiff has not shown a likelihood

of success on the merit nor that the balance of harms support granting him the extraordinary relief of a disfavored injunction.

### B. Plaintiff Is Unlikely to Succeed on the Merits.

The Tenth Circuit has adopted a liberal definition of the "probability of success" requirement. *Tri-State Generation & Transmission Asso. v Shoshone River Power, Inc.*, 805 F.2d 351 (10th Cir. 1986). Here, even under the most liberal application of this factor, Plaintiff fails to meet the "probability of success" requirement. The Court has found that Plaintiff has not demonstrated a clear likelihood of success on the merits. [Doc. 38, p. 11]. This finding was the basis for the denial of Plaintiff's request for a preliminary injunction. Plaintiff failed to demonstrate a substantial likelihood that the facts of this case satisfy those elements. *Id.* Further, the Court found that restricting an individual's access to a courthouse due to disruptive behavior did not constitute a violation of the individual's First and Fourteenth Amendment rights. *Id.* at 12. Neither did Defendants' restriction of Plaintiff's access to court hearings and documents constitute a prior restraint on speech or expression in violation of the First Amendment. *Id.* at 13.

### C. Issuance of the Injunction Will Substantially Injure Defendants.

Defendants will suffer substantial harm from an injunction. If Plaintiff were granted an injunction pending appeals, Defendants would be forced to allow the very person who has posed a threat to the decorum of the Seventh Judicial District's courtrooms and business of the court. Plaintiff has refused to comply with the New Mexico Courts' rules for courtroom conduct.[6] Plaintiff has disrupted court hearings, refused to wear mask after a hearing officer asked him to, snuck a phone into the courtroom, solicited law enforcement not to enforce court rules, deleted

---

[6] . *See* New Mexico Courts, Courtroom Conduct, Security, and Attire, https://www.nmcourts.gov/ccsa/ (last visited November 21, 2023).

evidence after receipt of a preservation letter, and called a court clerk a prostitute. Since the filing of his Complaint, Plaintiff has continued to spoil evidence, encouraged law enforcement to arrest court staff, and brought a gun to court.

This misconduct, and more, are publicly available for viewing on Plaintiff's YouTube channel. It is this kind of misconduct that Defendants are excluding from the courthouse. New Mexico district judges have a broad jurisdictional grant to maintain order and decorum in the courtroom. *See* N.M. Stat. § 34-1-2 (1978) ("It shall be within the power of each and every presiding officer of the several courts of this state, whether of record or not of record, to preserve order and decorum, and for that purpose to punish contempts by reprimand, arrest, fine or imprisonment, being circumscribed by the usage of the courts of the United States."). To issue an injunction would allow Plaintiff to continue his misconduct in the courthouse and deprive Defendants of the ability to preserve order and decorum. Accordingly, Defendants have demonstrated clear and irreparable harm if an injunction is granted.

   **D.**  **Issuance of an Injunction Will Not Irreparably Injure Plaintiff.**

Plaintiff fails to demonstrate how he would be irreparably harmed without an injunction. As discussed above, Plaintiff continues to be able to access the Seventh Judicial District Court and continues to freely post his content on YouTube. Although Plaintiff may be inconvenienced by the law enforcement escort requirement, that does not rise to the level of harm, much less irreparable harm.

   **E.**  **Issuance of an Injunction Will Harm The Public Interest.**

"Except as provided in the Children's Code [Chapter 32A NMSA 1978] and in other laws making specific provisions for exclusion of the public, all courts of this state shall be held openly and publicly, and all persons whatsoever shall be freely admitted to the courts and permitted to

remain *so long as they shall observe good order and decorum*." N.M. Stat. Ann. § 34-1-1 (emphasis added). "Judicial proceedings should be conducted with fitting dignity and decorum, in a manner conducive to undisturbed deliberation, indicative of their importance to the people and to the litigants, and in an atmosphere that reflects the responsibilities of those who are charged with the administration of justice." Rule 23-104 NMRA.

An injunction will adversely affect members of the public who are at the courthouse. It would also condone Plaintiff's misconduct and embolden other members of the public to flagrantly disregard court rules and decorum. Even if Plaintiff were a member of the press, which Defendants deny, he has violated the rules for the recording of court proceedings. *See* 23-107(C) NMRA ("The decorum and dignity of the court, the courtroom, and the proceedings must be maintained at all times. Court customs must be followed, including appropriate attire.") *See also* 23-107(D) NMRA. ("The media shall maintain high journalistic standards regarding the fairness, objectivity, and quality of the coverage allowed under these guidelines.") However, as stated above, Plaintiff is a not member of the press and the "privileges granted by these rules may be exercised only by persons or organizations that are part of the news media." 23-107(F) NMRA. Plaintiff has demonstrated that he will not follow court rules, that he has no respect for the court, and that he will not maintain its dignity and decorum.

The issuance of an injunction will harm the public interest. With respect to where the public interest lies, Plaintiff mentions members of the public who subscribe to his YouTube channel. Complaint [Doc. 1], ¶¶ 11-12. The court, however, must consider the interests of the public at large. The public has an interest in courthouses where judicial proceedings are conducted with fitting dignity and decorum. Misconduct such as Plaintiff has demonstrated interferes with the

administration of justice and the business of the court, and ultimately harms public interest. Accordingly, public interest weighs in favor of denying Plaintiff's motion.

## V. RESTRICTION OF ACCESS WAS, AND STILL IS, REASONABLE.

Plaintiff refused and continues to refuse to comply with Court rules of conduct. Plaintiff contends that Defendants' Order is unconstitutional because it impermissibly abridges the First Amendment. However, Plaintiff fails to appreciate that while court hearings are open to the public, the court has rules and escalates his misconduct of challenging those rules. In addition to the rules for courtroom conduct listed above, during the January 27, 2023 incident, the State of New Mexico had a mask mandate for its courtrooms[7]. This mandate remained in force until March 31, 2023[8].

Nonetheless, Plaintiff refused to comply with the court rules. Plaintiff did not get court approval for video or audio recording. Plaintiff brought a cell phone into the courtroom and did not turn it off. Plaintiff was disruptive during a court proceeding. Plaintiff did not wear mask into the courtroom and, when asked to do so, refused. Plaintiff harasses court staff and expects law enforcement to arrest staff who report an armed visitor to the courthouse. Plaintiff himself brought a firearm to the courthouse a couple of weeks after an armed visitor appeared at the Torrance

---

[7]     *See* Supreme Court of the State of New Mexico, *In the Matter of the Amendment of the New Mexico Judiciary Public Health Emergency Protocols for the Safe and Effective Administration of the New Mexico Judiciary During the COVID-19 Public Health Emergency*, Order No. 21-8500-015, available at https://www.nmcourts.gov/wp-content/uploads/2021/06/Order-No_-21-8500-015-and-Amended-PHE-Protocols-29-Jun 21.pdf#:~:text=NEW%20MEXICO%20JUDICIARY%20PUBLIC%20HEALTH%20EMERGENCY%20PROTOCOLS%20EMERGENCY,Face%20Mask%20Requirements.%20On-Site%20Employees%20and%20Telework%20Procedures.

[8]     *See* Supreme Court of the State of New Mexico, *In the Matter of Rescinding Order No. 22-8500-037 and the New Mexico Judiciary's Emergency Court Protocols Nos. 1, 2, and 3*, Order No. 23-8500-010, available at https://firstdistrictcourt.nmcourts.gov/wp-content/uploads/sites/4/2023/04/Order-No.-23-8500-010-In-the-Matter-of-Rescinding-Order-No.-22-8500-037-and-the-New-Mexico-Judiciarys-Emergency-Protocols-Nos.-12-and-3-3.31.23.pdf.

County Courthouse. Plaintiff has documented his noncompliance on his YouTube channel. In light of such persistent disregard for court conduct, the Administrative Orders were a reasonable restriction to ensure the safety of court staff as well as the administration of justice.

## CONCLUSION

Plaintiff's Second TRO Motion contains the same deficiencies the First TRO Motion. Defendants incorporate the facts and arguments from their Response to Plaintiff's First TRO Motion: 1) Plaintiff does not meet the legal requirements for an injunction; 2) the restrictions on Plaintiff's access to the court are content neutral and reasonable in light of the disruption his refusal to follow court rules has caused to official court business, and 3) Plaintiff's acts of spoliation have negatively impacted Defendants' ability to defend themselves in this litigation. Plaintiff's Second TRO Motions is barred by lack of jurisdiction for this Court as to the injunction while it on appeal. Further, Plaintiff's Second TRO Motion is an improper Motion for Reconsideration. Plaintiff continues to disregard court rules and has escalated his misconduct. Finally, Plaintiff does not meet the requirements for a disfavored injunction. For these reasons, Plaintiff's Second TRO Motion should be denied.

WHEREFORE, Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Suan Rossignol request that this Court deny Plaintiff's Second Motion for Temporary Restraining Order and Preliminary Injunction, award Defendants their costs and fees associated with responding to Plaintiffs' Complaint, and grant all other relief this Court deems just and proper.

Respectfully submitted,

**GARCIA LAW GROUP, LLC**

*/s/ Jade Delfin*

        Bryan C. Garcia
        Rodney L. Gabaldon
        Jade Delfin
        *Attorneys for Defendants*
        6739 Academy Road NE, Suite 200
        Albuquerque, NM 87109
        (505) 629-1576 / (505) 652-1337 (fax)
        bgarcia@garcialawgroupllc.com
        rgabaldon@garcialawgroupllc.com
        jdelfin@garcialawgroupllc.com

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CMECF on this the 21st day of November, 2023, which caused service to all counsel of record.

*/s/ Jade Delfin*
Jade Delfin