IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES SPRINGER,

       Plaintiff,

v.

                                       Civil Action No. 1:23-cv-00499-MIS-JMR

SEVENTH JUDICIAL DISTRICT COURT,
MERCEDES MURPHY,
SHANNON MURDOCK-POFF, JASON JONES,
and SUSAN ROSSIGNOL,

       Defendants.

### RESPONSE TO MOTION TO DISMISS ECF DOC. NO. 57

    COMES NOW, Plaintiff, through undersigned counsel, with his Response to the Motion to Dismiss, ECF Doc. No. 57, and for his reasons states:

### INTRODUCTION

    As James Madison once said, "Our First Amendment freedoms give us the right to think what we like and **say what we please**. And if we the people are to govern ourselves, we must have these rights, *even if they are misused by a minority*."(emphasis added)  It is clear that that Defendants and concerningly perhaps this Court, based upon the Court's Amended Memorandum Opinion and Order denying Mr. Springer's Motion for Temporary Restraining Order and Preliminary Injunction, view the judiciary's authority to curtail the speech and decorum outside of the Courtroom as absolute and Mr. Springer's rights to press and speech as subservient.  That may be a popular belief in wokeism, but that is far from the truth surrounding the adoption of our Bill of Rights by the Founders. The instant motion and this case really isn't about Mr. Springer's one instance of breaking the state judiciary's rules regarding cameras *in the courtroom*, wearing masks *in the courtroom* or breaching decorum *in the courtroom* to have a mild argument with a hearing officer.  The instant Motion reflects that this case about Mr. Springers speech and press *outside of*

1

*the courtroom* that Defendants found to be an affront to their elevated authority over the citizens *they serve* and offensive to the elevate station they believe they hold to immunize them from criticism. These notions of Defendants are directly contrary to the foundations of our Republic and reek of desired tyranny.

### MISCHARACTERIZED FACTUAL AVERMENTS IN THE MOTION TO DISMISS

Defendants' Motion is incorrect on certain factual statements or misconstrues certain facts which Plaintiff address and clarifies as follows:

1. Contrary to paragraph 29, the Affidavit of Service of Michael Tinker, ECF Doc. No. 12-1, certifies that the Court's Order, ECF Doc. No. 2, was served on July 13, 2022, not June 9, 2023.

2. Contrary to paragraph 32 the two video are still available at https://youtu.be/Kli31IfmuTE and https://www.youtube.com/watch?v=MzrvNN1YpQI .[1] It appears that Defendants mis-keyed the links.

3. Contrary to statement of paragraph 36, Plaintiff did not state that he deleted evidence. He stated that it was his practice to delete emails once read, *prior* to receiving the letter.

### PLAINTIFF HAS SERVED THE PARTIES CONSISTENT WITH NMRA 1-004

Plaintiff respectfully addresses the raised arguments that incorrectly allege that service has not been properly made upon these Defendants. Specifically, Rule 4 states service is accomplished by "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Rule 4 Fed. R. Civ. P. Under the New Mexico Rules of Civil Procedure for District Courts, Rule 4 requires that "service may be made upon the State of New

---

[1] Last visited on November 22, 2023.

2

Mexico or a political subdivision of the state … in any action in which a branch, agency, bureau, department, commission or institution of the state is named a party defendant, **by delivering a copy of the process** to the head of the branch, agency, bureau, department, commission or institution and to the attorney general[2]." Rule 1-004 NMRA(H)(1)(b)(emphasis added).

      Here, a copy of the Complaint and Summonses were first delivered to the Chief Judge for the Seventh Judicial District Court by hand delivery to the Seventh Judicial District Court's clerk designated to receive documents, as indicated on the Returns of Service on June 9, 2023. It is of equal importance to note that receipt of that delivery to Judge Murphy on the same day can be confirmed, because not long after the delivery of the Complaint and Summonses was made upon Ms. Rossignol, upon information and belief, New Mexico Supreme Court Justice Shannon Bacon was witnessed telling multiple judicial attendees to the annual New Mexico Judicial Conclave that she was convening a meeting to discuss a lawsuit that was just filed against the Seventh Judicial District. Upon information and belief, Defendants Judge Murphy and Judge Murdock-Poff were in attendance at the judicial conclave that day, and while it is certainly plausible that Defendant Rossignol did not deliver the copies that had been delivered to her for Judge Murphy and Judge Murdock-Poff to them, instead notifying the Chief Justice directly, it is far more likely that she forwarded the documents to the Defendants and thus, delivery under NMRA 1-004(H)(1)(b) is confirmed to have been accomplished. The disingenuous efforts at gamesmanship with service recited in the instant motion, regarding whether or not delivery occurred, should not be rewarded, as it displays a lack of candor with this Court that should not be countenanced. Nor should the Court waste the parties time with further inquiry into this matter, such as requiring the deposition

---

[2] "Accordingly, service that complies with Rule 1–004 is not phrased as a mandatory statutory pre-condition to the district court's acquisition of jurisdiction over the appeal. *Derringer v. Turney*, 2001-NMCA-075, ¶ 18, 131 N.M. 40, 46, 33 P.3d 40, 46

of the Chief Justice to discover how she learned of the lawsuit the same day that it was delivered along with the Summonses to the Defendants.

Just to drive home the point that delivery was accomplished, despite the lack of candor from the Defendants, that they received the Complaint and Summonses the same day that a process server delivered them, Plaintiff respectfully offers the legal definition of "delivery" for the Defendants' edification as "[t]he formal act of voluntarily transferring something; esp., the act of bringing goods, letters, etc. to a particular person or place. DELIVERY, Black's Law Dictionary (11th ed. 2019). This is important, because though no New Mexico jurisprudence exists directly on the subject, Judge Browning has noted that other federal courts in Tenth Circuit generally do not demand *strict* compliance but rather demand *substantial* compliance with service of process requirements. *See Martinez v. CitiMortgage, Inc.*, 347 F. Supp. 3d 677, 692 (D.N.M. 2018). Here, Plaintiff has, several times over, demonstrated that he *substantially* required with the New Mexico requirement for *delivery* of the Complaint and Summonses in "a manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." Rule 1-004(E) NMRA.

Plaintiff understands he bears "the burden of establishing validity of service." *See F.D.I.C.. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). But, "[a] district court abuses its discretion [in deciding whether to dismiss a case for untimely service of process] if its decision is arbitrary, capricious, or whimsical." *Smyers v. Cnty. of Atchison, Kansas*, 336 Fed. Appx. 819, 820–21 (10th Cir. 2009). Here, it is important to note that though Rule 12(b)(4) is invoked, the Defendants are incorrect and do not actually mention that there is any defect with the summonses in this matter. *See* 2A James Wm. Moore and Jo Desha Lucas, *Moore's Federal Practice* ¶ 1207[2.–4] (2nd ed. 1994).

Under NMRA 1-004 (H), Plaintiff has made the prima facie showing that he delivered a copy of the Complaint and Summonses to Ms. Rossignol and directly to Judge Murphy via her proposed text, as admitted by the Defendants, and that they received that delivery. There is no further New Mexico jurisprudence or substantive argument offered by Defendants that supports the sort of hyper technical strict compliance that Defendants argue for here. In fact, NMRA 1-004(E) stands for the proposition of *substantial compliance* which was most certainly achieved by the multiple instances delivery undisputed by the Defendants. At a minimum, this appears to be a motion to dismiss based upon expected special treatment, that Defendants themselves would not or should not grant to the Defendants appearing in front of them.

Likewise, the Defendants do not dispute that delivery of the Complaint and Summonses was accomplished on the Attorney General, but rather argue that it was not done just how they would like it done in this instance. Again, there is no New Mexico precedent that supports that delivery consistent with NMRA 1-004(E) requires something other than what Plaintiff did here, and it is apparent that Plaintiff has substantially complied with the requirements. Importantly, *Derringer v. Turney*, 2001-NMCA-075, ¶ 18, 131 N.M. 40, 46, 33 P.3d 40, 46, stands uniquely for the proposition that service on the AG by delivery of a copy of the complaint and summons is not a prerequisite for this Court to obtain jurisdiction over these Defendants.

**DEFENDANTS' ARGUMENT THAT PLAINTIFF DID NOT ALLEGE PERSONAL PARTICIPATION IS MERITLESS**

A simple review of the Complaint highlights the ridiculous and meritless argument that the individual Defendants did not participate personally, but before proceeding to examine those factual allegations, it is more important to note that *none* of the individuals are sued for *damages*. The Complaint makes explicitly clear that Defendants Murphy, Murdock-Poff, Jones and

Rossignol are sued under Section 1983 ***only* for declaratory and injunctive relief**. *See* ECF Doc. No. 1, pages 2-3, 8-9, 11.[3] Thus, even though it unnecessary under Section 1983 jurisprudence to demonstrate personal involvement when the Defendants are not sued for damages, Plaintiff will proceed to highlight those allegations herein.

1. Defendant Murphy – Complaint allegations 15, 16, 17, 18, 19, 21, 25, and 26 demonstrate allegations of personal conduct that are alleged to have violated Plaintiff's constitutionally protected liberty.

2. Defendant Murdock-Poff – Complaint allegation 27 demonstrates an allegation of personal conduct that is alleged to have violated Plaintiff's constitutionally protected liberty.

3. Defendant Jones – Complaint allegations 19, 20, 22, and 23, demonstrate allegations of personal participation in conduct that are alleged to have violated Plaintiff's constitutionally protected liberty.

4. Defendant Rossignol – Complaint allegation 28 demonstrates an allegation of personal conduct that is alleged to have violated Plaintiff's constitutionally protected liberty.

Refusing service, having threatening letters served by state police, issuing administrative orders, and denying access to public hearings all "establish a deliberate, intentional act on the part of the defendant[s] [(each of them individually)] to violate the plaintiff's legal rights." *Porro v. Barnes*, 624 F.3d 1322, 1327–28 (10th Cir.2010).

**PLAINTIFF DID NOT PLEAD FOR DAMAGES UNDER SECTION 1983 SUCH THAT QUALIFIED IMMUNITY IS NOT APPLICABLE TO THIS CASE**

Because Plaintiff artfully and carefully pleaded that he was *only* seeking declaratory and

---

[3] *e.g.* "Defendant Mercedes Murphy is the chief judge of the Seventh Judicial District Court of New Mexico who is sued pursuant 42 U.S.C.A. §1983 *for **only** declaratory and injunctive relief* under for actions taken individually under the color of law." ECF Doc. No. 1, pg 2(emphasis added)

prospective injunctive relief against the individuals, Defendants' arguments regarding qualified immunity are wholly inapplicable to this case. In this regard, the Supreme Court and the Tenth Circuit have been completely clear that "[q]ualified immunity 'protects governmental officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Weise v. Casper*, 593 F.3d 1163, 1166 (10th Cir.2010) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)); *see also Pearson*, 555 U.S. at 232, 129 S.Ct. 808 ("Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right."). "[Q]ualified immunity is unavailable 'in a suit to enjoin future conduct ....' " *Pearson v. Callahan*, 555 U.S. 223, 242–43, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 859, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (Stevens, J., concurring)). Therefore, this Court should only assess whether qualified immunity applies if Plaintiff had brought claims for damages against the individual Defendants in their individual capacities, which he specifically did not.

### THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION

Defendants' only argument that the Court should not exercise supplemental jurisdiction is based upon the faulty premise that qualified immunity applies to suits seeking prospective injunctive relief. The Supreme Court has stated unequivocally that Defendants are wrong under that premise and without any other justification the Plaintiff's Civil Rights Act claim against the entity authorized by New Mexico law to be sued for violations of the New Mexico Bill of Rights arising out of the same conduct should be allowed to proceed under supplemental jurisdiction.

### *ROOKER-FELDMAN* IS WHOLLY INAPPLICABLE TO THIS CASE

Perhaps if Defendants had actually followed the law and the Rules of Civil Procedure for

New Mexico District Courts to *open* an **actual case** for contempt the *Rooker-Feldman* doctrine would apply if Plaintiff were asking this Court to review a decision made in the case had it ever existed. But Defendants never did that. They attempted to open a criminal prosecution as retaliation for Plaintiff's actions, but ultimately that case was dismissed by the Special Prosecutor, *see* ECF Doc. No. 33-1. Thus, as Defendant cites District Courts "do not have jurisdiction…over challenges to state court decisions **in particular cases** arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983)(emphasis added); *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923). But the *Rooker-Feldman* doctrine has no applicability to the conduct of state courts outside of *particular cases* and, in fact, the Supreme Court has specifically recognized the validity of the type of case Plaintiff brings here stating that "[f]or this reason the Virginia Court and its members **were** proper defendants *in a suit for declaratory and injunctive relief*, just as other enforcement officers and agencies were." *Supreme Court of Virginia v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 736, 100 S. Ct. 1967, 1977, 64 L. Ed. 2d 641 (1980)(emphasis added).

### DEFENDANTS HAVE NOT ESTABLISHED THAT PLAINTIFF SPOLIATED EVIDENCE - BECAUSE HE DID NOT - AND RULE 12 PROVIDES NO AVENUE FOR DISMISSAL AT THIS JUNCTURE

Again, for the edification of the Defendants, nothing in either state court version or Federal Rule of Civil Procedure 12(b) provides for dismissal for spoliation. Rule 12(b) provides:

> But a party may assert the following defenses by motion:
> **(1)** lack of subject-matter jurisdiction;
> **(2)** lack of personal jurisdiction;
> **(3)** improper venue;
> **(4)** insufficient process;
> **(5)** insufficient service of process;
> **(6)** failure to state a claim upon which relief can be granted; and
> **(7)** failure to join a party under Rule 19.

Rule 12 Fed. R. Civ. P.  Nothing in Defendants' Motion regarding spoliation fits in any of the 7 defenses contemplated by Rule 12 and Defendant cannot just assert a fact by mischaracterizing and warping a statement made by Plaintiff to have the Court construe that to be a failure to state fact upon which relief can be granted under *Iqbal* and *Twombly*. Defendants do not cite one single case outside of the discovery context where the Court dismissed a case and certainly none of the discovery cases dealt with a case at the pleading stage of the proceedings. This is a nonsensical red herring based upon a made-up fact, that is patently untrue on its face, misapplying law from discovery to a Rule 12 motion.  The Court should not be entertained, nor countenance this type of frivolous briefing.

## CONCLUSION

For the foregoing reason that the Motion, ECF Doc. No. 57 should be denied and the Court should award Plaintiff any relief that the Court deems just and proper in responding to the Motion.

Respectfully submitted,

WESTERN AGRICULTURE, RESOURCE
AND BUSINESS ADVOCATES, LLP

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.
Jared R. Vander Dussen, Esq.
400 Gold Ave SW, Suite 1000
Albuquerque, NM 87102
(505) 750-3060
abdunn@ablairdunn-esq.com
warba.llp.jared@gmail.com


Zach Cook, LLC

*/s/ Zach Cook*
Zach Cook
1202 Sudderth # 425
Ruidoso, NM 88345

9

(575) 937-7644<br>
zach@zachcook.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2023, I filed the foregoing via the CM/ECF causing all parties of record to be served electronically.

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.