## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JAMES SPRINGER,

      Plaintiff,

v.                                No. 1:23-cv-00499-MIS-JMR

SEVENTH JUDICIAL DISTRICT COURT
MERCEDES MURPHY,
SHANNON MURDOCK-POFF,
JASON JONES, and SUSAN ROSSIGNOL,

      Defendants.

### DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSED MOTION TO RENEW THE COURT'S CONSIDERATION OF PLAINTIFF'S SECOND MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

COMES NOW Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Suan Rossignol (collectively hereinafter "Defendants"), by and through their counsel of record, Garcia Law Group, LLC (Bryan C. Garcia, Rodney L. Gabaldon, and Jade Delfin), and hereby submit their Response to Plaintiff's Opposed Motion to Renew the Court's Consideration of Plaintiff's Second Motion for Preliminary Injunctive Relief.

### INTRODUCTION

This case arises from a series of incidents wherein Plaintiff refused to comply with court rules. On January 27, 2023 at the Seventh Judicial District Torrance County courthouse, James Springer ("Plaintiff") interrupted a hearing already in progress, without a mask as required by state mandate. and snuck a cellphone in the courtroom to secretly record his visit. On other occasions, Plaintiff also harassed court staff, recorded and reposted court hearings, and disrupted court business. As result of Plaintiff's misconduct, Chief Judge Mercedes Murphy ("Chief Judge Murphy") entered an Administrative Order and Amended Administrative Order (collectively,

"Administrative Orders") limiting Plaintiff's presence in the Seventh Judicial District Courthouses to his own matters or specific court business, and with a law enforcement escort.

Because of the Administrative Orders, Plaintiff brought claims against Defendants under 42 U.S.C. § 1983 alleging that Defendants had violated his constitutional rights, specifically his First Amendment and due process rights and requested a preliminary injunction and temporary restraining order ("First TRO Motion"). *See generally*, [Doc. 1]. This Court denied the request for preliminary injunction and temporary restraining order because Plaintiff failed to satisfy his burden of establishing a substantial likelihood of success on the merits of his claims. [Doc. 34]. Plaintiff requested this Court to reconsider its denial, alleging this Court was biased toward Defendants. [Doc. 36]. The Court granted the Motion in part, to account for Plaintiff's Declaration and omit that the Complaint was unverified, but denied in all other respects because the amendments did not alter the Court's conclusion that Plaintiff had failed to carry his burden of establishing entitlement to a preliminary injunction. [Doc. 39] This Court entered an Amended Order Denying Plaintiff's Request for Temporary Restraining Order/Preliminary Injunction [Doc. 38], which Plaintiff appealed. [Doc 39].

Plaintiff sought a stay pending appeal [Doc. 42], which the Court denied because Plaintiff failed to address the factors for a stay and injunction. [Doc. 62]. Those factors are similar to the factors in analyzing a request for temporary restraining order and preliminary injunction. *Id*. at 5. While the denial of the temporary restraining order and preliminary injunction was on appeal, Plaintiff filed a Second Motion for Temporary Preliminary Injunctive Relief ("Second TRO Motion") [Doc. 65], which this Court denied because Plaintiff failed to establish a likelihood of success on the merits of a claim and failed to establish irreparable injury. [Doc. 83]. Plaintiff voluntarily dismissed his appeal [Doc. 84] and requests that this Court reconsider its denial of the

2c7f78a5b056de1f

Second TRO Motion, specifically the portions the Court did not consider because the Court lacks jurisdiction to the extent the Second TRO sought an order enjoining enforcement of the Administrative Orders. [Doc. 85].

## LEGAL STANDARD

The Court has discretion whether to grant a motion to reconsider. The Federal Rules of Civil Procedure do not formally recognize a motion to reconsider. There are three categories of motions to reconsider:

> (i) a motion to reconsider filed within [28] days of the entry of judgment is treated as a motion to alter or amend the judgment under rule 59(e); (ii) a motion to reconsider filed more than [28] days after judgment is considered a motion for relief from judgment under rule 60(b); and (iii) a motion to reconsider any order that is not final is a general motion directed at the Court's inherent power to reopen any interlocutory matter in its discretion [under rule 54(b)].

*Anderson Living Tr. v. WPX Energy Prod., LLC*, 312 F.R.D. 620, 642 (D.N.M. 2015) (quoting *Price v. Philpot*, 420 F.3d 1158, 1167 & n.9 (10th Cir. 2005)).

Whether a motion for reconsideration should be considered a motion under rule 59 or rule 60 is not only a question of timing, but also "depends on the reasons expressed by the movant." *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011). Where the motion "involves reconsideration of matters properly encompassed in a decision on the merits," a court considers the motion under rule 59(e). *Phelps v. Hamilton*, 122 F.3d 1309, 1323-24 (10th Cir. 1997) (quoting *Martinez v. Sullivan*, 874 F.2d 751, 753 (10th Cir. 1989)). In other words, if the reconsideration motion seeks to alter the district court's substantive ruling, then it should be considered a Rule 59 motion and be subject to Rule 59's constraints. *Phelps v. Hamilton*, 122 F.3d at 1324.

For its part, the Tenth Circuit has found instructive the standard used to review a motion made under Rule 59(e). *See Ankeney v. Zavaras*, 524 Fed. Appx. 454, 458 (10th Cir. 2013) (unpublished). A motion for reconsideration under Rule 59(e) "gives the court an opportunity to correct manifest errors of law or fact and to review newly discovered evidence." *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citing *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.1992)). The court should alter or amend its judgment where the court has misapprehended the facts, the parties' positions, or the controlling law. *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks omitted) (citation omitted). "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel*, 846 F. Supp. at 1483. Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.

## ARGUMENT

### I.    PLAINTIFF HAS NOT MET THE REQUIREMENTS FOR RECONSIDERATION.

Plaintiff's request suggests that he seeks to alter the Court's ruling as to his Second TRO Motion. *See Phelps v. Hamilton*, 122 F.3d at 1324. Therefore, the analysis for the purpose of this Response will address Rule 59. In the Rule 59(e) context, there are three circumstances in which granting a motion to reconsider is appropriate; first, where there is an intervening change in the controlling law; second, when there is new evidence that was previously unavailable; and third, where there is a need to correct clear error or prevent manifest injustice. *Id.* (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to reconsider is also appropriate "where the court has misapprehended the facts, a party's position, or the controlling

law," but such motions are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in a prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012. "Absent extraordinary circumstances, ... the basis for the second motion must not have been available at the time the first motion was filed." *Id*.; *see also Matosantos Com. Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1209 n. 2 (10th Cir. 2001) (holding that a court, in reviewing a motion to reconsider, need not address new arguments raised by the parties); *United States v. Castillo-Garcia*, 117 F.3d 1179, 1197 (10th Cir. 1997) (emphasizing that "arguments raised for the first time in a motion for reconsideration are not properly before the court and generally need not be addressed").

Here, there has been no intervening change in the controlling law, no new evidence that was previously unavailable, nor a need to correct clear error or prevent manifest injustice. Neither has this Court misapprehended the facts, a party's position, nor the controlling law. Plaintiff's brief Motion states that the Court should now consider what it previously did not consider because Plaintiff dismissed his appeal. However, Plaintiff does not explain how dismissal of his appeal would warrant reconsideration of the denial of the Second TRO Motion. Plaintiff does not provide any argument as grounds for reconsideration, and Plaintiff's motion lacks any factual or legal analysis. Accordingly, Plaintiff has not met his burden for reconsideration and his Motion should be denied.

## II.   PLAINTIFF IS SEEKING TO REHASH ARGUMENTS THAT HAVE ALREADY BEEN REJECTED BY THE COURT.

A motion for reconsideration is granted only in "extraordinary circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1244-45 (10th Cir. 1991). *See also Albright v. Attorney's Title Ins. Fund*, No. 2:03-cv-00517, 2008 U.S. Dist. LEXIS 10875, 2008 WL 376247, at *2 (D. Utah. Feb. 11, 2008) (denying motion for reconsideration where Plaintiffs "merely disagree with the

order, restate their previous arguments and assert new arguments that were available to them at the time of the original briefing"); *The SCO Group, Inc. v. Novell, Inc.*, No. 2:04-cv-00139, 2007 U.S. Dist. LEXIS 68371, 2007 WL 2746953, at *1 (D. Utah Sept. 14, 2007) ("A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court.").

Plaintiff asks the Court to consider issues that were not within its jurisdiction during his appeal. As stated above, Plaintiff's Motion lacks any factual or legal argument, other than a vague request that the "Court review and consider those other portions of the Motion, especially the portions dealing with the allegation of violations of procedural due process." [Doc. 85, p. 1]. It is unclear from that statement, which comprises the entirety of the body of the motion, what Plaintiff's grounds are for reconsideration that are not mere disagreement with the Court's decision or rehashing of former arguments. Those arguments were already considered with Plaintiff's First TRO Motion, which Plaintiff appealed and later abandoned when he voluntarily dismissed his appeal. Plaintiff sought to revive those arguments in filing his Second TRO Motion, which was also denied. To the extent that Plaintiff is rehashing arguments from his First TRO, his instant Motion is effectively a third reconsideration motion.

Plaintiff may seek to remedy the deficiencies outlined above in his Reply brief, but such arguments are waived. A motion to reconsider is not the appropriate vehicle for parties to raise new arguments which could have been, but were not, presented in prior briefing. *Paraclete*, 204 F.3d at 1012. Arguments not waived in a party's initial briefing are waived and will not be considered on a motion to reconsider. *See e.g., Minshall v. McGraw Hill Broad. Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003) (recognizing that an argument first waived in a reply brief is waived and declining to consider it on a motion to reconsider). Further, issues not raised in the opening

brief are deemed abandoned or waived. *Coleman v. B-G Maint. Mgmt.*, 108 F.3d 1199, 1205 (10th Cir. 1997).

Plaintiff also ignores the other reasons for this Court's denial of his Second TRO Motion, which are that Plaintiff failed to establish a likelihood of success on the merits of a claim and failed to establish irreparable injury. [Doc. 83 at p. 20 and 23] The issues subject to the appeal of the denial of the First TRO Motion did not limit the Court's consideration of the remaining portions of Plaintiff's Second TRO Motion. *Id*. at 13. Assuming *arguendo*, that the Court did consider Plaintiff's request enjoining enforcement of the Administrative Orders, Plaintiff still would have failed to establish a likelihood of success on the merits of a claim and failed to establish irreparable injury. See generally, [Docs. 38 and 83]. Accordingly, Plaintiff's Motion should be denied.

## CONCLUSION

Plaintiff offers no intervening change in the controlling law, no new evidence that was previously unavailable, nor a need to correct clear error or prevent manifest injustice. Neither has this Court misapprehended the facts, a party's position, nor the controlling law. Further, to the extent that Plaintiff requests this Court to consider issues that were not within its jurisdiction during his appeal, those matters were already considered for Plaintiff's First TRO Motion, which was denied. Accordingly, Plaintiff has not met his burden for reconsideration and his Motion should be denied.

WHEREFORE, Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Suan Rossignol respectfully request that this Court deny Plaintiff's Opposed Motion to Renew the Court's Consideration of Plaintiff's Second Motion for Preliminary Injunctive Relief, and order all other relief that this Court deems just and proper.

Respectfully submitted,

**GARCIA LAW GROUP, LLC**

*/s/ Jade Delfin*
Bryan C. Garcia
Rodney L. Gabaldon
Jade Delfin
*Attorneys for Defendants*
6739 Academy Road NE, Suite 200
Albuquerque, NM 87109
(505) 629-1576 / (505) 652-1337 (fax)
bgarcia@garcialawgroupllc.com
rgabaldon@garcialawgroupllc.com
jdelfin@garcialawgroupllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CMECF on this the 16th day of January, 2024, which caused service to all counsel of record.

*/s/ Jade Delfin*
Jade Delfin