IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES SPRINGER,

    Plaintiff,

v.                                                            No. 1:23-cv-00499-MIS-JMR

SEVENTH JUDICIAL DISTRICT COURT
MERCEDES MURPHY,
SHANNON MURDOCK-POFF,
JASON JONES, and SUSAN ROSSIGNOL,

    Defendants.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C.A §1983; VIOLATIONS OF RIGHTS PROTECTED BY THE NEW MEXICO CIVIL RIGHTS ACT**

    COMES NOW Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Susan Rossignol (collectively hereinafter "Defendants"), by and through their counsel of record, Garcia Law Group, LLC (Bryan C. Garcia, Rodney L. Gabaldon, and Jade Delfin), hereby submit their Reply in support of their Motion to Dismiss Plaintiff's Amended Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § Violations of Rights Protected by the New Mexico Civil Rights Act.

**INTRODUCTION**

    This action about an obstinate visitor to the Seventh Judicial District Court ("7th JDC"), whose access was reasonably restricted after multiple incidents of disruption to the business of the court, failure to follow court rules, and harassment of court staff. Although Plaintiff attempts to characterize this action as First Amendment and due process violations, Plaintiff nonetheless fails

to state a claim for which relief may be granted and has failed to serve Defendants. Plaintiff also fails to assert any factual allegations of personal participation against any individually named Defendants Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Susan Rossignol. Further, said Defendant are entitled to qualified immunity. This Court should decline supplemental jurisdiction over Plaintiff's state law claim because Plaintiff's federal claims fail and due to *Rooker-Feldman* Finally, Plaintiff should be sanctioned because he intentionally spoliated evidence in bad faith, and continues to ever-increasingly harass Defendants and defense counsel. For these reasons, Plaintiff's Complaint should be dismissed.

## DISCUSSION

### I. PROCEDURAL NOTE.

To start, this Court has already recognized that Plaintiff has failed to establish a likelihood of success on the merits of a claim in both of his requests for a temporary restraining order and permanent injunction. *See* [Docs. 38 and 83]. Plaintiff's Amended Complaint, which contains the same allegations for his requests for a temporary restraining order and permanent injunction, suffers from the same fatal flaws.

### II. PLAINTIFF HAS NOT PROPERLY SERVED DEFENDANTS, NOR FOLLOWED SERVICE OF PROCESS FOR THE INDIVIDUALLY NAMED DEFENDANTS.

Plaintiff argues that he properly served Defendants Mercedes Murphy ("Chief Judge Murphy"), Shannon-Murdock-Poff ("Judge Murdock-Poff"), and Jason Jones ("Mr. Jones") through Susan Rossignol ("Ms. Rossignol"). As discussed in Defendants' Motion to Dismiss Amended Complaint, Plaintiff has not effected service nor properly served the attorney general as required under the rules of service. Further, Chief Judge Murphy, Judge Murdock-Poff, and Mr. Jones assert that have not been served. *See* [Doc. 67, Ex. A, ¶¶ 21-22]; [Doc. 77, Ex. A, ¶¶ 8-9]; and [Doc. 77, Ex. B, ¶¶ 15-16]. Although, Plaintiff contends that service was proper because Chief

Judge Murphy, Judge Murdock-Poff, and Mr. Jones were served through a court clerk of the Seventh Judicial District Court, he overlooks that they were named individually [Doc. 73, ¶¶ 3-6], not in their official capacity.

For personal service of an individual, the New Mexico Rules of Civil Procedure require:

(1) Personal service of process shall be made upon an individual by delivering a copy of a summons and complaint or other process:

(a) to the individual personally; or if the individual refuses to accept service, by leaving the process at the location where the individual has been found; and if the individual refuses to receive such copies or permit them to be left, such action shall constitute valid service; or

(b) by mail or commercial courier service as provided in Subparagraph (3) of Paragraph E of this rule.

(2) If, after the plaintiff attempts service of process by either of the methods of service provided by Subparagraph (1) of this paragraph, the defendant has not signed for or accepted service, service may be made by delivering a copy of the process to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years and mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process; or

(3) If service is not accomplished in accordance with Subparagraphs (1) and (2), then service of process may be made by delivering a copy of the process at the actual place of business or employment of the defendant to the person apparently in charge thereof *and by mailing a copy of the summons and complaint by first class mail to the defendant at the defendant's last known mailing address and at the defendant's actual place of business or employment*.

Rule 1-004(F) NMRA.

Plaintiff offers no evidence that he attempted to serve Chief Judge Murphy, Judge Murdock-Poff, and Mr. Jones personally. After alleging serving Chief Judge Murphy, Judge Murdock-Poff, and Mr. Jones through Ms. Rossignol, which Defendants deny is proper service,

Plaintiff did not mail a copy of the Summons and Complaint to their last known mailing addresses *and* their actual place of employment, as required by Rule 1-004(F) NMRA.

Defendants reassert that Plaintiff has not met his burden to show service on a designated registered agent, the chief executive officer, and/or any other person authorized by law to accept service of process under Fed. R. Civ. P. 4(j)(2),Rule 1-004(H)(1)(b) NMRA, nor Rule 1-004(H)(1)(c) NMRA. Service upon all Defendants is also insufficient because Plaintiff has not demonstrated service on the New Mexico Attorney General ("NMAG"), as required by Rule 1-004(H) (1)(b) NMRA and Rule 1-004(H) (1)(c) NMRA. Accordingly, the Amended Complaint should be dismissed for failure to effect service.

**III.   PLAINTIFF HAS FAILIED TO STATE A CLAIM AND HAS NOT ALLEGED HOW DEFENDANTS MERCEDES MURPHY, SHANNON-MURDOCK-POFF, JASON JONES, AND SUSAN ROSSIGNOL PERSONALLY PARTICIPATED IN THE ACTIONS GIVING RISE TO PLAINTIFF'S CLAIMS.**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that Plaintiff is entitled to relief. "The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Ashcroft v. Iqbal, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 1949 (2009) (internal citations and quotes omitted). Further, "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.*

Neither Plaintiff's Amended Complaint nor his Response to Defendants' Motion to Dismiss articulate how Chief Judge Murphy, Judge Murdock-Poff, Mr. Jones, and Ms. Rossignol engaged in the type of participation required to establish individual capacity liability. Further, Plaintiff does not plead allegations that would support his claims of First Amendment or due process violations, or even retaliation or conspiracy. Rather, Plaintiff relies on broad, conclusory assertions of

wrongdoing by Defendants, collectively and individually, but without any factual allegations to support those claims. Such bare assertions and conclusory statements are insufficient. *See Khalik v. United Air Lines,* Civil Action No. 10-cv-01490-DME-MJW, 2010 U.S. Dist. LEXIS 129598, at *6-7 (D. Colo. Dec. 7, 2010) (finding that plaintiff's complaint is devoid of factual support for her discrimination claim, and that allegations that are legal conclusions, bare assertions, or conclusory statements are not entitled to be assumed true under Iqbal); *see also Edwards v. Prime, Inc.,* 602 F.3d 1276, 1301 (11th Cir. 2010) (explaining that "[a]n introductory conclusion cannot take the place of factual allegations in stating a plausible claim for relief").

## IV.  DEFENDANTS MERCEDES MURPHY, SHANNON-MURDOCK-POFF, JASON JONES, AND SUSAN ROSSIGNOL PERSONALLY ARE ENTITLED TO QUALIFIED IMMUNITY.

Qualified immunity "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982) (stating that qualified immunity recognizes the "need to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority."). "[Q]ualified immunity is an immunity from suit rather than a mere defense to liability.*" Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Plaintiff states that he is not seeking monetary damages from Chief Judge Murphy, Judge Murdock-Poff, Mr. Jones, or Ms. Rossignol. However, Defendants should be entitled to qualified immunity because the doctrine "prevents undue interference with public affairs by cutting short baseless litigation against government actors." *Mecham v. Frazier*, 500 F.3d 1200, 1203 (10th Cir. 2007). Plaintiff has engaged, and continues to engage, in conduct that clearly violate court rules,

harass court staff, and disrupt the courts. Defendants should be shielded from harassment, distraction, and liability when, in this case, they are performing their duties reasonably by enforcing the Administrative Orders and upholding the decorum of the court. Accordingly, Plaintiff's Amended Complaint should be dismissed because Defendants are entitled to qualified immunity.

## V.  THIS COURT IS NOT THE PROPER JURISDICTION FOR PLAINTIFF'S STATE CLAIMS.

Because Plaintiff has failed to state a viable federal claim in Counts I, II, and III, and because the individual capacity defendants are entitled to qualified immunity, those claims should be dismissed. Accordingly, the Court should decline supplemental jurisdiction over Plaintiff's state law claims given Plaintiff's failure to bring any viable federal claims.

Further, Plaintiff's objection to enforcement of the Administrative Orders is misplaced in this Court. Plaintiff failed to follow numerous court rules promulgated by the New Mexico Supreme Court, which resulted in the Administrative Orders. To the extent that Plaintiff is challenging the Administrative Orders for limiting his access to the Seventh Judicial District courthouses to official court business and with a law enforcement escort, those Orders should be reviewed by the New Mexico Court Appeals and New Mexico Supreme Court. *See* Rule 12-201(A)(1)b) NMRA. To the extent that Plaintiff is challenging the Administrative Orders because he takes objection to the court rules, Plaintiff should be seeking relief from those rules from the New Mexico Supreme Court. In either case, Plaintiff is barred by *Rooker-Feldman* from appealing what is fundamentally a state claim to this Court, and Plaintiff's complaint should be dismissed.

## VI.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS SANCTION FOR INTENTIONAL SPOLIATION OF EVIDENCE.

Plaintiff states that he has not spoiled any evidence since receipt of the preservation letter. However, Plaintiff's obligation to preserve evidence is not triggered by a preservation letter. That obligation begins " when a party should have known that the evidence may be relevant to future litigation." *Browder v. City of Albuquerque*, 209 F. Supp. 3d 1236, 1243 (D.N.M. 2016) (citation and internal quotations omitted). Plaintiff's duty to preserve arises when he had notice that the documents might be relevant to a reasonably-defined future litigation, which he ultimately initiated. Nonetheless, Plaintiff admitted to spoliation the day after his counsel was served the preservation letter. [Doc. 29, Exhibit D at 14:22]. Since then Plaintiff has also taken down videos that demonstrate his other acts of misconduct at the Seventh Judicial District courthouses. Accordingly, Plaintiff's Amended Complaint should be dismissed as a sanction for intentional spoliation of evidence.

### VII.  PLAINTIFF'S HARASSMENT OF DEFENDANTS AND DEFENSE COUNSEL IS ONGOING AND ESCALATING.

When the 7th JDC first issued the Administrative Orders, it was prompted by Plaintiff's misconduct at the courthouse. As discussed in Defendants' Motion to Dismiss Amended Complaint, misconduct that led to the Administrative Orders include: disrupting a hearing in process, secretly recording in the courtroom, illicitly reposting recorded court proceedings, sneaking a cell phone into the courtroom, refusing to wear a mask while a mask-mandate was in force,  refusing to follow New Mexico Supreme Court rules and mandates, using rude and insulting language when addressing court personnel, and inciting viewers to flood the court with disruptive calls. [Doc. 77, ¶¶ 3-7]; see also [Doc. 67, Ex. A., ¶¶ 6-8]. Plaintiff's continued misconduct since the Administrative Orders include: repeatedly harassing Ms. Rossignol at the clerk window and calling her a prostitute; threatening Judge Craig Davis outside the Seventh Judicial District Courthouse in Socorro, New Mexico, yelling for him "to get his bitch ass out here"; refusing to

follow New Mexico Supreme Court rules and mandates; using rude and insulting language when addressing court personnel; and inciting viewers to flood the court with disruptive calls. [Doc. 77, ¶¶ 3-12]. Since Plaintiff filed his initial Complaint, Plaintiff's misconduct includes: asking law enforcement to arrest Ms. Rossignol for a reporting an armed person at the Seventh Judicial District courthouse in Torrance County, New Mexico; refusing to follow New Mexico Supreme Court rules and mandates; using rude and insulting language when addressing court personnel, Defendants, and defense counsel; and inciting viewers to flood the court and defense counsel with disruptive calls. [Doc. 77, ¶¶ 30-32]; *see also* [Doc. 67, p. 4-5].

On January 9, 2024, Plaintiff continued to harass Defendants and defense counsel. *See* James Freeman, Judges Think They are Immune from Criticism, YouTube (January 9, 2024), which is attached hereto as Exhibit A[1]. Plaintiff incited viewers to flood defense counsel with disruptive emails and calls. As a result of Plaintiff's call for flooding, defense counsel received harassing and threatening emails and phone calls. A copy of the harassing and threatening emails to defense is attached hereto as Exhibit B. A copy of the harassing and threatening voicemails is attached hereto as Exhibit C.

On January 9, 2024, Plaintiff continued to harass Defendants and defense counsel. *See* James Freeman, Criticising (sic) Judges Should Be PUNISHED!!!, YouTube (January 9, 2024), which is attached hereto as Exhibit D[2]. Plaintiff incited viewers to flood defense counsel with disruptive emails and calls. As a result of Plaintiff's call for flooding, defense counsel received harassing and threatening emails and phone calls. *See* Exhibit B and Exhibit C.

---

[1]    Available at https://www.youtube.com/watch?v=ut6BlN4rgcA. This video has been marked private.

[2]    Available at https://www.youtube.com/watch?v=LlGgmuR-nxM.

On January 12, 2024, Plaintiff continued to harass Defendants and defense counsel. *See* James Freeman, District 7 Court STILL won't fill my records request!, YouTube (January 12, 2024), which is attached hereto as Exhibit E[3]. Plaintiff went to Defendants' place of employment at the Torrance County courthouse. He sought to directly confront Defendants regarding their affidavits in this matter, Exhibit E at 3:04. Plaintiff further stated that he would be following Chief Judge Murphy to the legislative session. *Id*. at 16:24. When Plaintiff discovered that Chief Judge Murphy and Mr. Jones, Plaintiff stated that he would go to the Socorro County courthouse to confront them. *Id.* at 38:55. Plaintiff repeatedly incited viewers to flood defense counsel with disruptive emails and calls. As a result of Plaintiff's call for flooding, defense counsel received harassing and threatening emails and phone calls. *See* Exhibit B and Exhibit C.

After Plaintiff's attempt to confront Defendants at their place of employment, defense counsel sent Plaintiff's counsel correspondence requesting that Plaintiff cease and desist his harassment of Defendants and defense counsel, reminding Plaintiff to direct communication with Defendants through counsel, and reminding Plaintiff to preserve evidence related to this matter. A copy of this correspondence is attached hereto as Exhibit F. Plaintiff's counsel responded that he disagreed with the letter. A copy of Plaintiff's email is attached hereto as Exhibit G.

In response to Defendants' cease and desist letter, Plaintiff continued to harass defense counsel. *See* James Freeman, Jade Delfin Of (sic) Garcia Law Group - Stop Criticizing government OR else, YouTube (January 12, 2024), which is attached hereto as Exhibit H[4]. Plaintiff incited viewers to flood defense counsel with disruptive emails and calls. As a result of Plaintiff's call for

---

[3]   Available at https://www.youtube.com/watch?v=cPWGhS4Ygg0. During the livestream, the video was titled Torrance County Sheriff and District 7 Court.

[4]   Available at https://www.youtube.com/watch?v=sydIYZhKNUs.

flooding, defense counsel received harassing and threatening emails and phone calls. *See* Exhibit B and Exhibit C.

In *Stine v. United States*, Civil Action No. 07-cv-00121-WYD-KLM, 2008 U.S. Dist. LEXIS 122667 (D. Colo. Mar. 21, 2008). During the course of litigation, Stine called defense counsel a Nazi and accused her of having blood on her hand, accused the former magistrate judge of being biased and prejudicial to him, was belligerent in a deposition, and occupied the court with frivolous and unnecessary fillings. *Id*. at *10-13. The *Stine* court found that the plaintiff maliciously accused defense counsel of improper conduct, threatened and harassed defense counsel, maliciously accused a former judicial officer of improper conduct, and inundated the Court with meritless and frivolous filings, as lied under oath and filed false pleadings. *Id*. at *29. As a sanction for Stine' behavior, his case was dismissed with prejudice.

Plaintiff's misconduct is similar to the plaintiff's conduct in *Stine*. Plaintiff has repeatedly harassed Defendants and defense counsel, going so far as to personally confront Defendants at their place of employment even though both Plaintiff and Defendants are represented by counsel. Plaintiff threatened to follow Chief Judge Murphy to another courthouse and to the legislative session, implying that he would confront her at those places as well. Plaintiff has repeatedly used rude and insulting language to threaten and harass Defendants and defense, repeatedly released defense counsel's contact information online[5], and repeatedly incited viewers to harass and threaten defense counsel. Plaintiff threatened to continue harassing Defendants and defense

---

[5]  "[D]oxing" (sometimes spelled "doxing") is short for "dropping documents." *See* Mat Honan, Wired, *What is Doxing?*, https://www.wired.com/2014/03/doxing/ (Mar. 6, 2014). The practice involves "using the Internet to source out and collect someone's personal and private information and then publicly releasing that information online." Beth Brindle, *HowStuffWorks: What is Doxxing?*, https://bit.ly/2RAb86E (last visited Jan. 19, 2019). The "goal of doxxing is typically retribution, harassment or humiliation." *Id*.

*Vangheluwe v. Got News, LLC*, 365 F. Supp. 3d 850, 858-59 (E.D. Mich. 2019)

counsel. [Doc. 77, Ex. D at 1:30:03]. As promised, Plaintiff has incited his viewers to harass and threaten Defendants and defense counsel, and the harassment and threats have escalated each time.

Plaintiff may argue that he is not directly instructing anyone to send threatening and harassing messages to Defendants and defense counsel. However, Plaintiff has made a point to release defense counsel's contact information with the implicit urging and motivation to harass. This form of social media harassment is to "encourage people to send the victim unsolicited or threatening emails or send the victim excessive emails.." Impactly, *Social Media Harassment: 4 Types You Should Know,* https://www.getimpactly.com/post/social-media-harassment (last visited January 19, 2024). Since January 9, 2024, defense counsel have received over two dozen threatening and harassing messages sent at Plaintiff's behest. It is reasonable to conclude that Defendants and defense counsel will receive more and increasingly vitriolic threats and harassment from Plaintiff and from others at his urging.

Plaintiff ignores that it is his conduct that has prompted Defendants to request sanctions. Plaintiff's claims that Defendants are violating his First Amendment rights are unsupported. Putting aside the fact that Plaintiff is documenting his misconduct on his YouTube channel, the misconduct still remains. It was Plaintiff's disruptive behavior and violation of multiple court rules that prompted the Administrative Orders. Since then, Plaintiff's misconduct has escalated from interrupting a court hearing and harassing court staff, to inciting viewers to harass and threaten Defendants and defense counsel and attempting to confront Defendants as their place of employment, even though they are represented by counsel. Accordingly, Plaintiff should be sanctioned for his ongoing harassment.

## CONCLUSION

Plaintiff has not met his burden to show service on a designated registered agent, the chief executive officer, and/or any other person authorized by law to accept service of process, nor on the New Mexico Attorney General. Further, Plaintiff's complaint does not assert any factual allegations against any Seventh Judicial District official or employee upon which relief may be granted. Importantly, Defendants Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Susan Rossignol are also entitled to qualified immunity. Because Plaintiff's federals claims fail, this Court should decline supplemental jurisdiction over Plaintiff's state law claim. The *Rooker-Feldman* also prohibits this Court from reviewing state decisions. Finally, Plaintiff has also intentionally spoliated evidence in bad faith, as well as harassed Defendants and defense counsel; Plaintiff should be sanctioned accordingly. For the reasons described above, Defendants are entitled to dismissal of Plaintiff's Complaint.

**WHEREFORE**, Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Suan Rossignol request that this Court dismiss Plaintiff's Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § Violation s of Rights Protected by the New Mexico Civil Rights Act; award Defendants their costs and fees associated with responding to Plaintiffs' Complaint, and grant all other relief this Court deems just and proper.

Respectfully submitted,

**GARCIA LAW GROUP, LLC**

*/s/ Jade Delfin*
Bryan C. Garcia
Rodney L. Gabaldon
Jade Delfin
*Attorneys for Defendants*

6739 Academy Road NE, Suite 200<br>
Albuquerque, NM 87109<br>
(505) 629-1576 / (505) 652-1337 (fax)<br>
bgarcia@garcialawgroupllc.com<br>
rgabaldon@garcialawgroupllc.com<br>
jdelfin@garcialawgroupllc.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CMECF on this the 19th of January, 2024, which caused service to all counsel of record.

*/s/ Jade Delfin*
Jade Delfin