

6739 Academy Road NE
Suite 200
Albuquerque, NM  87109

505-843-7075
505-629-1576

505-505-652-1337 (Fax)

Bryan C. Garcia
Katherine E. Tourek
Rodney L. Gabaldón
Jade Delfin
Teague Williams
Andrew J. Deakyne
Jordan R. Quinlan

Of Counsel:
Hon. Stephen G. French (ret.)
W. Ann Maggiore

Attorneys & Counselors at Law

January 12, 2024

A. Blair Dunn
Jared R. Vander Dussen
Western Agriculture, Resource
and Business Advocates, LLP
400 Gold Ave. SW, Suite 1000
Albuquerque, NM 87102
abdunn@ablairdunn-esq.com
warba.llp.jared@gmail.com

Zach Cook
Zach Cook, LLC
1202 Sudderth #425
Ruidoso, NM 88345
zach@zachcook.com

   Re:  Springer v. Seventh Judicial District et al.
       Case No. 1:23-CV-00499

Dear Mr. Dunn, Mr. Vander Dussen, and Mr. Cook:

  The purpose of this letter is to demand your client James Springer aka James Freeman ("Plaintiff") immediately cease and desist defamation and harassment of Chief Judge Mercedes Murphy, Judge Shannon Murdock-Poff, Jason Jones, Shannon Rossignol, (collectively, "Defendants") and their counsel.

  On several occasions, Plaintiff has harassed and defamed Defendants and their counsel. Plaintiff is also stalking Defendants, and has stated his intentions to stalk and harass Defendants. Plaintiff has falsely accused Defendants and their counsel of crimes, malfeasance, and misconduct. Further, Plaintiff has incited his viewers and followers to harass and threaten Defendants and their counsel. As a result of Plaintiff's incitement Defendants and their counsel have received threatening and harassing communications on Plaintiff's behalf. These false allegations, harassment, stalking, incitement have interfered with court business at the Seventh Judicial District Court and the judicial process, and are prejudicial to Defendants. *See, e.g., Stine v. United States*, Civil Action No. 07-cv-

**EXHIBIT F**

Garcia Law Group, LLC
January 12, 2024
Page 2

00121-WYD-KLM, 2008 U.S. Dist. LEXIS 122667 (D. Colo. Mar. 21, 2008). Accordingly, Plaintiff has committed defamation, stalking, and harassment.

      Defendants demand Plaintiff immediately cease and desist from defaming, stalking, and harassing Defendants and their counsel. Moreover, Defendants demand Plaintiff immediately cease and desist inciting his viewers and followers to harass and threaten Defendants and their counsel. No statements should be made with false allegations about Defendants and their counsel, nor inciting Plaintiff's viewers and followers to harass and threaten Defendants and their counsel. Plaintiff should not engage in conduct in which he stalks Defendants. If Plaintiff does not cease and desist his contumacious behavior, Defendants will have no choice but to exercise their legal remedies which include, but are not limited to, seeking sanctions related to Plaintiff's defamatory, stalking, and harassing conduct and any other legal remedies available.

      Plaintiff is further reminded that he direct his communications to Defendants and their counsel through you, his attorney. Plaintiff has on several occasions attempted direct communication with this office in a threatening and harassing manner. Plaintiff also has been attempting to contact Defendants directly, even though they are represented by counsel, to confront Defendants about this litigation. Neither Defendants nor their counsel consent to direct communication by Plaintiff. Accordingly, Plaintiff's communications to Defendants and their counsel must go through you.

      Plaintiff also has a duty to maintain and preserve all evidence relevant to that litigation. Failure to comply with this notice may lead to, among other things, a claim of spoliation of evidence or potential evidence, and an adverse inference in litigation against you. *See, e.g., Rowe v. Albertsons, Inc.*, 116 Fed. Appx. 171 (10th Cir. 2004). Accordingly, Plaintiff must maintain and preserve in native format, and not destroy, conceal or alter, any documents, notes, work papers, memoranda, data bases, spreadsheets, communications, electronic files, e-mails, digital images, videos, voice mails, digital recordings, instant messages, text messages, social media profiles, communications or posts, including, but not limited to any Facebook profiles, communications or posts, as well as any other records in any form (collectively referred to as "Records"), either generated or received by Plaintiff, his employees, agents, contractors, or subcontractors, that are in your or Plaintiff's care, custody or control, and that relate or pertain to any aspect of the claims in Plaintiffs' Complaint.

      Thank you for your cooperation in this matter. If you have any questions or concerns, please let me know.

      Sincerely,

      Jade Delfin
      Rodney L. Gabaldon
      Bryan C. Garcia

JD/il