IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES SPRINGER,

       Plaintiff,

v.

                                      Civil Action No. 1:23-cv-00499-MIS-JMR

SEVENTH JUDICIAL DISTRICT COURT,
MERCEDES MURPHY,
SHANNON MURDOCK-POFF, JASON JONES,
and SUSAN ROSSIGNOL,

       Defendants.

**PLAINTIFF'S RENEWED OPPOSED *EXPEDITED* MOTION FOR LEAVE AND EXTENSION OF TIME TO FILE SURREPLY**

COMES NOW, Plaintiff, through undersigned counsel of record, and respectfully moves this court for leave and extension of time to file a surreply to the Defendant's Reply, ECF Doc. No. 89, that includes new factual allegations in support of the Motion to Dismiss well as provides new purported evidence in support of the Motion that Plaintiff has not had the opportunity to address and for his reasons states:

It appears that notions of fair play and due process in litigation as murky to the upset Defendants as understanding the rights of citizens to criticize their elected officials under the First Amendment and the New Mexico Bill of Rights. A significant portion of Defendants' Reply, Doc. 89, noted below, consists new argument relying on new evidence not contained in the Motion and it is incumbent that Plaintiff should be given the opportunity to address this new argument and new purported evidence, especially in light of the fact that the Motion was filed as Rule 12(b) motion, but seeks to have this Court review evidence not contained in the pleadings. Plaintiff's counsel did endeavor to comply with LR 7.1 to discern whether or not the Defendants opposed this relief, but Defendants refused to provide a position (of opposed or unopposed) on the Motion

1

and should be deemed to oppose the relief requested herein. *See* EXHIBIT 1 hereto. Additionally, because the Defendants have included significant new information and argument, Plaintiff should be allowed two weeks of time to prepare and file his surreply.

To correct the deficiencies in the Court's Order, ECF Doc. No. 95, Plaintiff identifies the following new allegations of evidence and argument based upon the at new allegations of evidence submitted after Plaintiff filed his response, ECF Doc. No. 86, included in the Defendants' Reply, ECF Doc. Nos. 89 and 90:

1. In the Reply, ECF 89, Defendants state the following in reliance on new exhibits previously unsupplied to the Plaintiff or the Court:

   On January 9, 2024, Plaintiff continued to harass Defendants and defense counsel. *See* **James Freeman, Judges Think They are Immune from Criticism, YouTube (January 9, 2024), which is attached hereto as Exhibit A1.** Plaintiff incited viewers to flood defense counsel with disruptive emails and calls. As a result of Plaintiff's call for flooding, defense counsel received harassing and threatening emails and phone calls. **A copy of the harassing and threatening emails to defense is attached hereto as Exhibit B. A copy of the harassing and threatening voicemails is attached hereto as Exhibit C.**

   On January 9, 2024, Plaintiff continued to harass Defendants and defense counsel. *See* **James Freeman, Criticising (sic) Judges Should Be PUNISHED!!!, YouTube (January 9, 2024), which is attached hereto as Exhibit D2**. Plaintiff incited viewers to flood defense counsel with disruptive emails and calls. As a result of Plaintiff's call for flooding, defense counsel received harassing and threatening emails and phone calls. *See* **Exhibit B and Exhibit C.**

   *Id.* at 8. (emphasis added)

2. In the Reply, ECF 89, Defendants state the following in reliance on new exhibits previously unsupplied to the Plaintiff or the Court:

   On January 12, 2024, Plaintiff continued to harass Defendants and defense counsel. *See* **James Freeman, District 7 Court STILL won't fill my records request!, YouTube (January 12, 2024), which is attached hereto as Exhibit E3.** Plaintiff went to Defendants' place of employment at the Torrance County courthouse. He sought to directly confront Defendants regarding their

2

>affidavits in this matter, **Exhibit E at 3:04**. Plaintiff further stated that he would be following Chief Judge Murphy to the legislative session. *Id*. **at 16:24**. When Plaintiff discovered that Chief Judge Murphy and Mr. Jones, Plaintiff stated that he would go to the Socorro County courthouse to confront them. *Id.* **at 38:55**. Plaintiff repeatedly incited viewers to flood defense counsel with disruptive emails and calls. As a result of Plaintiff's call for flooding, defense counsel received harassing and threatening emails and phone calls. *See* **Exhibit B and Exhibit C.**
>After Plaintiff's attempt to confront Defendants at their place of employment, defense counsel sent Plaintiff's counsel correspondence requesting that Plaintiff cease and desist his harassment of Defendants and defense counsel, reminding Plaintiff to direct communication with Defendants through counsel, and reminding Plaintiff to preserve evidence related to this matter. **A copy of this correspondence is attached hereto as Exhibit F.** Plaintiff's counsel responded that he disagreed with the letter. **A copy of Plaintiff's email is attached hereto as Exhibit G.**
>
>In response to Defendants' cease and desist letter, Plaintiff continued to harass defense counsel. *See* **James Freeman, Jade Delfin Of (sic) Garcia Law Group - Stop Criticizing government OR else, YouTube (January 12, 2024), which is attached hereto as Exhibit H4.** Plaintiff incited viewers to flood defense counsel with disruptive emails and calls. As a result of Plaintiff's call for flooding, defense counsel received harassing and threatening emails and phone calls. *See* **Exhibit B and Exhibit C.**

*Id.* at 9-10. (emphasis added).

All of the new exhibits identified to the Court by Defendants as evidence noted above and provided to the Court via lodging, ECF Doc. No. 90, are examples of speech and petitioning by Plaintiff that Defendants seek to have this Court punish Plaintiff for through the dismissal sought by the Motion that did not address any of what Defendants allege is evidence to support their Motion in the Reply. Plaintiff specifically requests leave to file a surreply address this new evidence offered by Defendants with an extension of two weeks from the date of the entry of an order granting such leave to file his surreply.

    WHEREFORE Plaintiff respectfully requests that the Court grant him leave and a two-week extension to file a surreply to the Defendants' pending Motion to Dismiss.

Respectfully submitted this 1st day of February 2023.

          Respectfully submitted,

          WESTERN AGRICULTURE, RESOURCE
          AND BUSINESS ADVOCATES, LLP

          */s/ A. Blair Dunn*
          A. Blair Dunn, Esq.
          Jared R. Vander Dussen, Esq.
          400 Gold Ave SW, Suite 1000
          Albuquerque, NM 87102
          (505) 750-3060
          abdunn@ablairdunn-esq.com
          warba.llp.jared@gmail.com

          Zach Cook, LLC

          */s/ Zach Cook*
          Zach Cook
          1202 Sudderth # 425
          Ruidoso, NM 88345
          (575) 937-7644
          zach@zachcook.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2024, I filed the foregoing via the CM/ECF causing all parties of record to be served electronically.

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.