# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JAMES SPRINGER,

      Plaintiff,

v.

                                        Case 1:23-cv-0499-MIS-JMR

SEVENTH JUDICIAL
DISTRICT COURT,
MERCEDES MURPHY,
SHANNON MURDOCK-POFF,
JASON JONES, and
SUSAN ROSSIGNOL,

      Defendants.

**ORDER DENYING PLAINTIFF'S RENEWED OPPOSED EXPEDITED MOTION FOR LEAVE AND EXTENSION OF TIME TO FILE SURREPLY, AND GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C.A. § 1983; VIOLATIONS OF RIGHTS PROTECTED BY THE NEW MEXICO CIVIL RIGHTS ACT**

**THIS MATTER** is before the Court on Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon Murdock-Poff, Jason Jones, and Susan Rossignol's Motion to Dismiss Plaintiff's Amended Complaint for Declaratory and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § 1983; Violations of Rights Protected by the New Mexico Civil Rights Act, ECF No. 77, filed December 11, 2023.  Plaintiff James Springer filed a Response on January 5, 2024, ECF No. 86, to which Defendants filed a Reply on January 19, 2024, ECF No. 89.  Also before the Court is Plaintiff's Renewed Opposed Expedited Motion for Leave and Extension of Time to File Surreply.  ECF No. 96.

Upon review of the Parties' submissions, the record, and the relevant law, the Court **DENIES** Plaintiff's Motion for Leave to File a Surreply, ECF No. 96, **GRANTS** Defendants'

Motion to Dismiss, ECF No. 77, **QUASHES** service as to Chief Judge Murphy, Judge Murdock-Poff, Defendant Jones, and the Seventh Judicial District Court, and **DISMISSES without prejudice** the Amended Complaint as to Defendant Rossignol for failure to state a claim upon which relief can be granted.

**I.    Background**

According to the Amended Complaint, "Plaintiff is an independent investigative journalist who produces content intended to expose to the general public cases of government fraud, waste, and abuse."  ECF No. 73 ¶ 8(2).[1]  Plaintiff displays the content on a YouTube channel he operates called James Freeman, which has approximately 440,000 subscribers.  Id. ¶¶ 11-12.

In February 2023, Plaintiff posted one or more videos featuring interactions with a domestic relations hearing officer in the Seventh Judicial District Court for Torrance County, as well as with court personnel and employees of the Torrance County Sheriff's Office.  Id. ¶ 14.

On February 28, 2023, the Chief Judge of the Seventh Judicial District, Defendant Mercedes C. Murphy ("Chief Judge Murphy"), issued an Administrative Order "in the interest of the safety and security of Judges, Special Commissioners, Hearing Officers, and other Court personnel," barring Plaintiff from entering the Torrance County District Courthouse in Estancia, New Mexico, "unless appearing for a hearing or having specific Court business, in which cases [Plaintiff] shall be escorted and accompanied by the Torrance County Sheriff's Office, while in the building."  ECF No. 73-1 ("Administrative Order"); see also ECF No. 73 ¶¶ 16-18.  The Administrative Order requires that upon entering the Torrance County District Courthouse, Plaintiff shall enter the Sheriff's Office and identify himself "as being an obstinate visitor . . .

---

[1]    The Amended Complaint contains two paragraphs numbered "8."  ECF No. 73.  The Court's citation to paragraph 8(2) refers to the second paragraph 8, sequentially.

alerting law enforcement that he must be escorted and accompanied pursuant to this Order, effective March 1, 2023."  ECF No. 73-1.

On March 1, 2023, two officers with the New Mexico State Police delivered a copy of the Administrative Order to Plaintiff.  ECF No. 73 ¶ 15.

On March 23, 2023, Chief Judge Murphy entered an Amended Administrative Order barring Plaintiff from entering other courthouses within the Seventh Judicial District, and specifically those in Torrance County, Catron County, Soccoro County, and Sierra County, "unless appearing for a hearing or having specific Court business, in which cases [Plaintiff] shall be escorted and accompanied by the [sic] law enforcement, while in any of the buildings."  ECF No. 73-3 ("Amended Administrative Order"); see also ECF No. 73 ¶ 21.

On May 18, 2023, Plaintiff attempted to attend a public hearing "as [a] member of the press to report on the case in a criminal matter before the Honorable Mercedes Murphy by way of a video conferencing platform."  Id. ¶ 25.  "After dialing in to the public hearing via the video conferencing platform, Judge Murphy summarily ejected Plaintiff from the video conferencing platform and from the public hearing without providing Plaintiff notice and an opportunity to be heard on the matter of whether he could attend the public hearing."  Id. ¶ 26.

"On May 24, 2023, Judge Shannon Murdock-Poff issued an order . . . excluding Plaintiff from a hearing in a civil matter . . . that Plaintiff planned to attend as a member of the press and the public."  Id. ¶ 27 (citing Order Excluding Presence, Luna v. Cooke-Lovato, Case No. D-722-DV-2019-00050 (7th Jud. Dist. Ct. (Torrance Cnty.) May 24, 2023), ECF No. 73-5).

"On multiple dates, [Defendant] Susan Rossignol has either refused service in the clerk's office or has required police presence to harass and intimidate Plaintiff when he entered the Estancia District Court house [sic] for the purpose of conducting court business associated to

3

making records requests." Id. ¶ 28.  On June 8, 2023, Defendant Rossignol had a Sheriff's Deputy remove Plaintiff from the courthouse.  Id.

On June 9, 2023, Plaintiff filed the original Complaint in this matter which contains the allegations recited above.  ECF No. 1 ¶¶ 8(2)-28.[2]  The same day, Plaintiff filed returns of service stating that a process server personally served each individual Defendant at the Seventh Judicial District Court on June 9, 2023, and served the Seventh Judicial District Court through Defendant Rossignol.  ECF Nos. 3-6, 8.  On July 19, 2023, Plaintiff filed a Certificate of Service "to certify that a Summonses and Complaint were served upon Defendants on June 9, 2023 . . . ."  ECF No. 12.

On November 27, 2023, Plaintiff filed an Amended Complaint for Declaratory and Injunctive Relief, alleging four causes of action:

- Count I alleges a claim under 42 U.S.C. § 1983 predicated on violations of the First Amendment rights to freedom of the press and speech (which Plaintiff characterizes as "viewpoint discrimination"[3]),[4] ECF No. 73 ¶¶ 33, 30-34;[5]

---

[2]    Like the Amended Complaint, the original Complaint contains two paragraphs numbered "8."  ECF No. 1.  The Court's citation to paragraph 8(2) refers to the second paragraph 8, sequentially.

[3]    It is unclear from the Amended Complaint and Plaintiff's Response what "viewpoint" Defendants are allegedly discriminating against.

[4]    The Amended Complaint does not specify which Defendants Count I is asserted against, but Chief Judge Murphy and Judge Murdock-Poff are the only Defendants named in Count I.

[5]    Count I of the Amended Complaint contains five paragraphs, numbered 33, 30, 31, 32, and 34, in that order.  The "General Allegations" Section also contains paragraphs numbered 31 and 32 which are different than the Paragraphs numbered 31 and 32 in Count I.

- <u>Count II</u> alleges a claim under 42 U.S.C. § 1983 predicated on unidentified substantive due process violations,[6] <u>id.</u> ¶¶ 35-39;

- <u>Count III</u> alleges a claim under 42 U.S.C. § 1983 predicated on procedural due process violations,[7] <u>id.</u> ¶¶ 40-45;

- <u>Count IV</u> alleges a violation of Article II, Sections 17, 18, and 23 of the New Mexico Constitution against Defendant Seventh Judicial District Court only, <u>id.</u> ¶¶ 46-49.

The Amended Complaint is asserted against the individual Defendants in their individual capacity, ECF No. 73 at 1, and does not seek monetary damages from the individual Defendants on Plaintiff's federal claims, <u>see</u> <u>id.</u> at 12-13.

The Amended Complaint generally contains the same allegations as the original Complaint, and also includes the following new allegations:

"On October 31 and November 1, 2023, Plaintiff entered the public areas of the Torrance County Courthouse facility in fully [sic] compliance with the 7th [sic] Judicial District Court's Administrative orders at issue in this matter and made several videos as part of his reporting and as expressive conduct[.]"   <u>Id.</u> ¶ 29 (citing James Freeman, <u>Picking Up Papers, Court Still Retaliating Against Me For Exposing Gordon Bennet</u>, YouTube (posted Nov. 1, 2023), <u>available at</u> https://www.youtube.com/watch?v=QUhGqPBXzF4&t=1s (last visited Feb. 9, 2024); James Freeman, <u>District 7 Court is Out Of Control Still And Sheriff's "Open Door Policy" = Locked Door</u>, YouTube (posted Oct. 31, 2023), <u>available at</u>

---

[6]    The Amended Complaint does not specify which Defendants Count II is asserted against, but alleges that "Defendants' actions constitute deprivations of those rights contrary to substantive due process." <u>Id.</u> ¶ 38. Thus, Count II appears to be asserted against all Defendants.

[7]    The Amended Complaint does not specify which Defendants Count III is asserted against, but Chief Judge Murphy, Judge Murdock-Poff, Mr. Jones, and Ms. Rossignol are the only Defendants named in Count III.

https://www.youtube.com/watch?v=krTXlwzlKbw (last visited Feb. 9, 2024)).   "In retaliation for Plaintiff's reporting and protected speech contained in the first video noted in the paragraph above, upon information and belief, the Defendants or employees of the Defendants acting at their direction conspired to have YouTube censor Plaintiff's video resulting in the following:"



Hi James Freeman,

We wanted to let you know our team reviewed your content, and we think it violates our **spam, deceptive practices and scams policy**. We know you may not have realized this was a violation of our policies, so we're not applying a strike to your channel. However, we have removed the following content from YouTube:

**URL:** https://g.co/kgs/9s85dM
**Location where URL was found:** Picking Up Papers, Court Still Retaliating Against Me For Exposing Gordon Bennet

We realize this may be disappointing news, but it's our job to make sure that YouTube is a safe place for all. If you think we've made a mistake, you can appeal this decision - you'll find more details below.

## What our policy says

If an external link goes to a site that contains spam, scams, and other deceptive practices it's not allowed on YouTube.

7

<u>Id.</u> ¶ 30.[8]   Plaintiff alleges that he "successfully appeal[ed]" YouTube's decision, "but upon information and belief, understand that that [sic] Defendants will continue to undertake these actions censor [sic] Plaintiff's reporting and speech unless enjoined by this Court."  <u>Id.</u> ¶ 32.

On December 11, 2023, Defendants filed the instant Motion arguing that the case should be dismissed for insufficient service of process, lack of jurisdiction under the <u>Rooker-Feldman</u> doctrine, failure to state a claim, as a sanction for spoliation of evidence, and as a sanction for harassing defendants and their attorney.  <u>See generally</u> ECF No. 77.  Plaintiff filed a Response, ECF No. 86, to which Defendants filed a Reply, ECF No. 89.[9]

On February 1, 2024, Plaintiff filed a Renewed Opposed Expedited Motion for Leave and Extension of Time to File Surreply.  ECF No. 96.

Additional facts will be developed where relevant to the Court's analysis.

## II.  Legal Standard

### a.  Insufficient service of process

Pursuant to Federal Rule of Civil Procedure 12(b)(5), a defendant may file a motion to dismiss for "insufficient service of process[.]"  Fed. R. Civ. P. 12(b)(5).  A Rule 12(b)(5) motion "challenges the mode or lack of delivery of a summons and complaint."  <u>Clear Spring Prop. & Cas. Co. v. Arch Nemesis, LLC</u>, Case No. 22-2435-DDC-TJJ, 2023 WL 6123741, at *9 (D. Kan. Sept. 19, 2023) (quoting <u>Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv.</u>, 871 F. Supp. 1331, 1349 (D. Kan. 1994)).  "When a defendant moves under Rule 12(b)(5) based on insufficient service

---

[8]    The Amended Complaint does not specify how Defendants allegedly "conspired to have YouTube censor Plaintiff's video."  <u>Id.</u> ¶ 30.

[9]    The Parties incorporate by reference arguments made in their briefing on Defendants' Motion to Dismiss the original Complaint.  <u>See</u> ECF No. 77 at 11-12 (incorporating by reference arguments made in ECF No. 57); ECF No. 86 at 2 (incorporating by reference arguments made in ECF No. 68).

of process, the burden shifts to plaintiff to make a prima facie showing that plaintiff properly served process." Id. (citing Fisher v. Lynch, 531 F. Supp. 2d 1253, 1259 (D. Kan. 2008)). "When considering whether plaintiff sufficiently served a defendant, a court may consider any 'affidavits and other documentary evidence' submitted by the parties and must resolve any 'factual doubts' in plaintiff's favor." Id. (quoting Fisher, 531 F. Supp. 2d at 1259). "[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." Pell v. Azar Nut Co., Inc., 711 F.2d 949, 950 n.2 (10th Cir. 1983) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1354, at 586–87 (1969)).

###### b. Subject matter jurisdiction

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." Henry v. Off. of Thrift Supervision, 43 F.3d 507, 511 (10th Cir. 1994). "[T]he party invoking federal jurisdiction[,]" generally the plaintiff, "bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 104 (1998). Rule 12(b)(1) allows defendants to raise the defense of the court's "lack of subject-matter jurisdiction" by motion. Fed. R. Civ. P. 12(b)(1).

Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." Ruiz v. McDonnell, 299 F .3d 1173, 1180 (10th Cir. 2002). A facial attack "questions the sufficiency of the complaint," and when "reviewing a facial attack . . . a district court must accept the allegations in the complaint as true." Holt v. United States, 46 F.3d 1000, 1002 (10th Cir.

1995) abrogated on other grounds by Cent. Green Co. v. United States, 531 U.S. 425, 437 (2001).
"In reviewing a factual attack, a party may go beyond allegations contained in the complaint and
challenge the facts upon which subject matter jurisdiction depends, which does not allow a
reviewing court to presume the truthfulness of the complaint's factual allegations." Pueblo of
Jemez v. United States, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015) (internal quotation marks and
citation omitted). "Instead, it gives the court wide discretion to allow affidavits, other documents,
and a limited evidentiary hearing to resolve disputed jurisdictional facts." Id. (internal quotation
marks and citation omitted).

### c. Failure to state a claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal if a
complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To
survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as
true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678
(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This pleading standard
does not impose a probability requirement, but it demands "more than a sheer possibility that a
defendant has acted unlawfully." Id. Mere "labels and conclusions" or "a formulaic recitation of
the elements of a cause of action" will not suffice. Twombly, 550 U.S. at 555. Although the court
must accept the truth of all properly alleged facts and draw all reasonable inferences in the
plaintiff's favor, the plaintiff still "must nudge the claim across the line from conceivable or
speculative to plausible." Brooks v. Mentor Worldwide LLC, 985 F.3d 1272, 1281 (10th Cir.
2021).

### d. Sanctions

"A spoliation sanction is proper where (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." Burlington N. & Santa Fe Ry. v. Grant, 505 F.3d 1013, 1032 (10th Cir. 2007) (citing 103 Invs. I, L.P. v. Square D Co., 470 F.3d 985, 989 (10th Cir. 2006)). Although district courts have discretion to dismiss a case for a discovery violation, "[d]ismissal is a severe sanction; therefore, it should be imposed only if a 'lesser sanction would not serve the ends of justice.'" LaFleur v. Teen Help, 342 F.3d 1145, 1151 (10th Cir. 2003) (quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)). District courts consider the following factors when considering whether dismissal is an appropriate sanction: "(1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective." Id.

Additionally, "[a] court's inherent power gives it the authority to impose 'a sanction for abuse of the judicial process, or, in other words, for bad faith conduct in litigation.'" Sun River Energy, Inc. v. Nelson, 800 F.3d 1219, 1227 (10th Cir. 2015) (quoting Farmer v. Banco Popular of N. Am., 791 F.3d 1246, 1256 (10th Cir. 2015)).

### III.   Discussion

Defendants argue that the case should be dismissed for insufficient service of process, lack of jurisdiction under the Rooker-Feldman doctrine, failure to state a claim, as a sanction for spoliation of evidence, and as a sanction for harassing defendants and their attorney. ECF No. 77 at 11-26.

11

As an initial matter, Plaintiff moves for leave to file a surreply to address "new allegations of evidence and argument" raised in Defendants' Reply brief.  ECF No. 96 at 2.  Specifically, Plaintiff wishes to respond to evidence and argument involving Plaintiff's alleged harassment of Defendants.  See id. at 2-3.  Because the Court does not reach that issue in this Order, a surreply would not be helpful to the Court's disposition.  Therefore, Plaintiff's Renewed Opposed Expedited Motion for Leave and Extension of Time to File Surreply, ECF No. 96, is **DENIED**.

The Court now turns to Defendants' Motion to Dismiss.  Because the issue of whether the Court has jurisdiction is a "threshold issue[,]" United States v. Springer, 875 F.3d 968, 973 (10th Cir. 2017), the Court begins there.

### a.  **Rooker-Feldman doctrine**

Defendants argue that Plaintiff's claims are barred by the Rooker-Feldman doctrine.  ECF No. 77 at 18-20.  They argue that "Plaintiff is disputing a state court decision, specifically, the Administrative Orders limiting his access to the Seventh Judicial District courthouses.  His claim therefore depends on this court finding that the state courts erred in entering the Orders."  Id. at 19.  They argue that the Rooker-Feldman doctrine prohibits such review.  Id.

Plaintiff argues that the Rooker-Feldman doctrine "has no applicability to the conduct of state courts outside of particular cases[,]"and the Administrative Orders at issue are not judicial decisions made in such a case.  ECF No. 68 at 7-8 (citing Sup. Ct. of Va. v. Consumers Union of the U.S., Inc., 446 U.S. 719, 736 (1980)).[10]

The Rooker-Feldman doctrine bars federal district courts from exercising appellate jurisdiction over final state-court judgments.  Lance v. Dennis, 546 U.S. 459, 463 (2006).  Rooker-

_____

[10]     As mentioned in note 9, supra, Plaintiff's Response incorporates by reference arguments made in his Response to Defendants' previous motion to dismiss.  See ECF No. 86 at 2 (incorporating by reference arguments made in ECF No. 68).

Feldman is "a narrow doctrine, confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"  Id. (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

　　　Here, Plaintiff is not a state-court loser complaining of injuries caused by a state-court judgment; indeed, there was no state-court proceeding or judgment.   Rather, Plaintiff is complaining of injuries caused by administrative orders excluding him from attending hearings, see ECF No. 73-5, and barring him from the courthouses of the Seventh Judicial District Court "unless appearing for a hearing or having specific Court business," and then only with a law enforcement escort, see ECF No. 73-3.  These administrative orders are not state-court judgments, and therefore Plaintiff's claims are not barred by the Rooker-Feldman doctrine.   See Christopherson v. Am. Strategic Ins. Corp., 999 F.3d 503, 509 (7th Cir. 2021) (finding Rooker-Feldman doctrine did not apply to a village's "administrative order" to raze and remove buildings from the plaintiff's property); Van Harken v. City of Chicago, 103 F.3d 1346, 1348-49 (7th Cir. 1997) (finding Rooker-Feldman doctrine did not apply to a city's administrative decision to adopt new procedures for adjudication of parking violations); see also Van Hoven v. Buckles & Buckles, P.L.C., 947 F.3d 889, 892 (6th Cir. 2020) (explaining that the Rooker-Feldman doctrine "applies only when a state court renders a judgment—when the court 'investigate[s], declare[s], and enforce[s] liabilities' based on application of law to fact") (quoting D.C. Ct. of App. v. Feldman, 460 U.S. 462, 479 (1983)).

　　　Thus, the Court is satisfied that it has jurisdiction to consider the Parties' remaining arguments, and turns next to whether Defendants were properly served.

b. **Sufficiency of service**

Next, Defendants argue that that the case should be dismissed under Rule 12(b)(5) for insufficient service of process.  ECF No. 57 at 10-14.[11]  They argue that Plaintiff failed to properly serve Defendants under Federal Rules of Civil Procedure 4(e) and (j)(2), and New Mexico Rule of Civil Procedure 1-004(H).  Id.  They concede that Plaintiff personally served Defendant Rossignol, id. at 10, but argue that Plaintiff attempted to serve the other individual Defendants and the Seventh Judicial District Court through Defendant Rossignol (the Clerk of Court), but Defendant Rossignol is not authorized to accept service on behalf of the Court or the other individual Defendants, id.  They further argue that Plaintiff failed to properly serve the Attorney General of New Mexico, as required under New Mexico Rule of Civil Procedure 1-004(H) in an action against an institution of the State and officers or employees of such an institution.  Id. at 12-14.  Defendants appear to indicate that Plaintiff mailed a copy of the Summons and Complaint to the Attorney General, but argue that such a delivery method is insufficient under the Federal and New Mexico Rules of Civil Procedure.  Id. at 14.

Plaintiff argues that he properly served the Seventh Judicial District Court under Rule 1-004(H)(1)(b) by hand-delivering it to Defendant Rossignol.  ECF No. 68 at 2-3.  Plaintiff further states that "while it is certainly plausible that Defendant Rossignol did not deliver the copies that had been delivered to her for Judge Murphy and Judge Murdock-Poff to them, instead notifying the Chief Justice directly, it is far more likely that she forwarded the documents to the Defendants and thus, delivery under NMRA 1-004(H)(1)(b) is confirmed to have been accomplished."  Id. at 3.  He asserts that he also sent a copy of the Summons and Complaint to Chief Judge Murphy's

---

[11]          As mentioned in note 9, supra, Defendants' Motion incorporates by reference arguments made in their previous motion to dismiss.  See ECF No. 77 at 11-12 (incorporating by reference arguments made in ECF No. 57).

proposed text inbox.  Id. at 5.  He further argues that the Attorney General of New Mexico received

a copy of the Summons and Complaint, but appears to concede that it was not delivered in strict

compliance with the relevant rules.  Id.  He argues that courts do not require strict compliance with

the rules of service, "but rather demand <u>substantial</u> compliance with service of process

requirements."  Id. at 4 (citing <u>Martinez v. CitiMortgage, Inc.</u>, 347 F. Supp. 3d 677, 692 (D.N.M.

2018)).  Plaintiff argues that he has demonstrated that he substantially complied with the rules of

service.  Id.

      "Before a federal court may exercise personal jurisdiction over a defendant, the procedural

requirement of service of summons must be satisfied."  <u>Omni Cap. Int'l, Ltd. v. Rudolf Wolff &</u>

<u>Co., Ltd.</u>, 484 U.S. 97, 104 (1987).  Under Federal Rule of Civil Procedure 4(e), an individual

defendant may be served by:

> **(1)** following state law for serving a summons in an action brought in courts of
> general jurisdiction in the state where the district court is located or where
> service is made; or
>
> **(2)** doing any of the following:
>
>> **(A)** delivering a copy of the summons and of the complaint to the individual
>> personally;
>>
>> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode
>> with someone of suitable age and discretion who resides there; or
>>
>> **(C)** delivering a copy of each to an agent authorized by appointment or by law
>> to receive service of process.

Fed. R. Civ. P. 4(e).  Under Rule 4(j), a state or state-created governmental organization "must"

be served by

> **(A)** delivering a copy of the summons and of the complaint to its chief executive
> officer; or

> **(B)** serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2).  Under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Under New Mexico's Rules of Civil Procedure, "[p]rocess shall be served in a manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend."  N.M. Rules Ann. 1-004(E)(1).  Service upon an officer, official, or employee of the State or one of its institutions may be made "by delivering a copy of the process to the officer, official or employee and to the attorney general[.]"  N.M. Rules Ann. 1-004(H)(1)(c).  Service upon an institution of the state may be made "by delivering a copy of the process to the head of the . . . institution and to the attorney general[.]"  N.M. Rules Ann. 1-004(H)(1)(b).

"For personal service, sufficiency of notice is guided by New Mexico Rule 1–004(F), which requires process to be made by one of the following methods, and in the following order." Exec. Consulting, Inc. v. Kilmer, 931 F. Supp. 2d 1139, 1140 (D.N.M. 2013).  First, personal service

> shall be made upon an individual by delivering a copy of a summons and complaint . . .

> (a) to the individual personally; or if the individual refuses to accept service, by leaving the process at the location where the individual has been found; and if the individual refuses to receive such copies or permit them to be left, such action shall constitute valid service; or

> (b) by mail or commercial courier service as provided in Subparagraph (3) of Paragraph E of this rule.

N.M. Rules Ann. 1-004(F)(1).  "Second, and only if the first method fails," <u>Exec. Consulting</u>, 931

F. Supp. 2d at 1140,

> service may be made by delivering a copy of the process to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years and mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process[.]

N.M. Rules Ann. 1-004(F)(2).  "Third, and only if the second method fails," <u>Exec. Consulting</u>,

931 F. Supp. 2d at 1140,

> service of process may be made by delivering a copy of the process at the actual place of business or employment of the defendant to the person apparently in charge thereof and by mailing a copy of the summons and complaint by first class mail to the defendant at the defendant's last known mailing address and at the defendant's actual place of business or employment.

N.M. Rules Ann. 1-004(F)(3).  <u>See also</u> <u>Edmonds v. Martinez</u>, 215 P.3d 62, 66 (N.M. Ct. App.

2009) (observing that Rule 1-004(F) establishes a "hierarchy of methods of service") (quoting

N.M. Rules Ann. 1-004 Committee Commentary which states that the means of service provided

in Rule 1-004(F)(2) "may only be used if there first was an attempt to serve process 'by either of

the methods of service provided by Subparagraph (1) of this paragraph[,]'" and that the means of

service provided in Rule 1-004(F)(3) "may be used only when service of process has been

attempted, unsuccessfully, in accordance with Rule 1-004(F)(1) and Rule 1-004(F)(2)").

Here, the Court finds that Defendant Rossignol was properly served pursuant to Federal

Rule of Civil Procedure 4(e)(2)(A) because a process server delivered a copy of the summons and

the Complaint to her personally.  <u>See</u> ECF No. 8 at 2.

However, the Court finds that the remaining Defendants were not properly served under

the Federal and New Mexico Rules of Civil Procedure.  Although Plaintiff filed returns of service

indicating that a process server "personally served" Chief Judge Murphy, Judge Murdock-Poff, and Defendant Jones on June 9, 2023, see ECF Nos. 4, 5, 6, each of those Defendants filed Affidavits averring that they were "not personally served a copy of the Complaint and Summons in this matter on June 9, 2023," see ECF No. 67-1, 77-1, 77-5.  Plaintiff does not dispute the Defendants' assertion that they were not personally served.  Nor does he argue that he perfected service under either of the other methods of service under Federal Rule of Civil Procedure 4(e)(2).  Thus, service upon Chief Judge Murphy, Judge Murdock-Poff, and Defendant Jones must have been accomplished, if at all, under New Mexico Rule of Civil Procedure 1-004(F) and (H)(1)(C).  See Fed. R. Civ. P. 4(e)(1).  However, Plaintiff has not argued, much less demonstrated, that service was accomplished by any of the methods listed in Rule 1-004(F)(1), (2), or (3).

Nor has Plaintiff demonstrated that the Attorney General of New Mexico was properly served under Rule 1-004(H)(1)(C).  The Parties appear to agree that Plaintiff mailed a copy of a Summons and Complaint to the Attorney General.  See ECF No. 57 at 14; ECF No. 68 at 5.  The Court observes that on August 10, 2023, Plaintiff's counsel filed a "Certificate of Service" stating that a Summons and Complaint "were mailed to the New Mexico Attorney General on July 29, 2023 in addition to the previous mailing of the complaint and summons in mid-June as an abundance of caution."  ECF No. 24.  However, Plaintiff has not argued or established that the Attorney General "or a person authorized by appointment, by law or by [Rule 1-004] to accept service of process upon the [Attorney General] sign[ed] a receipt for the envelope or package containing the summons and complaint[,]" as required by Rule 1-004(E)(3) for service by mail.  For all of these reasons, the Court finds that Plaintiff failed to properly serve Chief Judge Murphy, Judge Murdock-Poff, and Defendant Jones.  See Fulkerson v. N.M. Off. of Att'y Gen., Civ. No. 23-860 MV/SCY, 2024 WL 129177, at *2 (D.N.M. Jan. 11, 2024) (finding that the New Mexico

Attorney General was not properly served by mail under Rule 1-004(E)(3) because, at a minimum, "the certified mail receipt does not include any signatures from anyone with the NMOAG [New Mexico Office of Attorney General] or indicate that a person authorized to accept service signed for the envelope"); Kabana, Inc. v. King Larimar, Inc., No. CV 15-00995 WJ/CG, 2016 WL 10538834, at *3 (D.N.M. May 24, 2016) (finding that a defendant was not properly served by mail under Rule 1-004(E)(3) because a person authorized by the defendant did not sign a receipt for the envelope).

The Court further finds that Plaintiff failed to properly serve the Seventh Judicial District Court. Plaintiff has not argued or established that he accomplished service under Federal Rule of Civil Procedure 4(j)(2)(A) by "delivering a copy of the summons and of the complaint to its chief executive officer[.]" Although Plaintiff filed a return of service indicating that he served the Seventh Judicial District Court through Defendant Rossignol, ECF No. 3, Ms. Rossignol is the Clerk of Court for the Seventh Judicial District Court, see ECF No. 73 ¶ 6, not its chief executive officer. Indeed, Plaintiff's Amended Complaint alleges that Ms. Rossignol is the Clerk of Court for the Seventh Judicial District Court, id., and alleges that Defendant Jones is the Court Executive Officer, id. ¶ 5. Plaintiff has not argued or established that he served the Seventh Judicial District Court through Mr. Jones.

Thus, service upon the Seventh Judicial District Court must have been accomplished, if at all, under New Mexico Rule of Civil Procedure 1-004(H)(1)(B) "by delivering a copy of the process to the head of the [Seventh Judicial District Court] and to the attorney general[.]" N.M. Rules Ann. 1-004(H)(1)(B). In this regard, Defendants assert—and Plaintiff does not dispute— that Chief Judge Murphy is the "head" of the Seventh Judicial District Court for purposes of Rule 1-004(H)(1)(B). ECF No. 57 at 11. Plaintiff has not argued or established that he served the

Seventh Judicial District Court through Chief Judge Murphy by any of the methods for personal service listed in Rule 1-004(F)(1), (2), or (3).  And as discussed above, Plaintiff has not demonstrated that the Attorney General of New Mexico was properly served under Rule 1-004(H)(1)(C).  For all of these reasons, the Court finds that Plaintiff failed to properly serve the Seventh Judicial District Court.

The Court rejects Plaintiff's argument that service upon Chief Judge Murphy, Judge Murdock-Poff, Defendant Jones, and the Seventh Judicial District Court was proper because he substantially complied with the rules of service.  See ECF No. 68 at 4 (citing Martinez, 347 F. Supp. 3d at 692).  To begin with, Martinez does not stand for the principle that "substantial compliance" with the Federal and/or New Mexico Rules governing service of process is sufficient for a court to exercise personal jurisdiction over a defendant.  Rather, Martinez merely recognized that in Hulkill v. Oklahoma Native American Domestic Violence Coalition, the Tenth Circuit observed that the Oklahoma Supreme Court requires only substantial compliance with Oklahoma's rule governing service of process.  542 F.3d 794, 798 (10th Cir. 2008) (discussing Graff v. Kelly, 814 P.2d 489, 495 (Okla. 1991)).  Plaintiff cites no authority indicating that New Mexico state or federal courts apply a "substantial compliance" rule similar to Oklahoma's.  To the contrary, New Mexico state courts appear to require strict compliance.  See, e.g., Trujillo v. Goodwin, 116 P.3d 839, 841 (N.M. Ct. App. 2005) (rejecting the plaintiff's argument that the court "should overlook any technical deficiencies in the lack of personal service because the record reflects that [the defendant] had actual notice of the case and the date of the hearing[,]" and reversing the trial court's judgment because it "lacked power to issue a binding judgment"); see also High Country Landscapes, LLC v. McDonald, No. A-1-CA-37439, 2021 WL 288480, at *3 (N.M. Ct. App. Jan. 28, 2021) (affirming dismissal for improper service of process because even assuming due process

20

was satisfied by the defendant's actual or constructive knowledge of the complaint, the court "cannot overlook Defendant's failure to serve [the defendant] in compliance with our rules"). Indeed, in <u>Martinez</u>, Judge James O. Browning of the District of New Mexico granted the defendant's motion to quash service because Plaintiff failed to strictly comply with the rules governing service of process.  347 F. Supp. 3d at 692-93.  <u>See also</u> <u>Williamson v. Sena</u>, 229 F.R.D. 663, 667 (D.N.M. 2005) ("Even service that succeeds in providing a defendant with actual notice of a lawsuit, but fails to satisfy rule 4's technical requirements, will not permit the court to render a personal judgment against the defendant absent a waiver of the defective service.").

In sum, the Court finds that because Plaintiff failed to properly serve process upon Chief Judge Murphy, Judge Murdock-Poff, Defendant Jones, and the Seventh Judicial District Court, the Court lacks personal jurisdiction over those Defendants.  The Court further finds that because those Defendants were not served within 90 days after the Complaint was filed, pursuant to Rule 4(m), the Court "must dismiss the action without prejudice against" those Defendants "or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  <u>See also</u> <u>Pell</u>, 711 F.2d at 950 n.2 ("[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.") (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1354, at 586–87 (1969)).

Although Plaintiff does not argue that his failure to timely effect service on Defendants is excusable by good cause, the Court declines to dismiss this case without prejudice as to Chief Judge Murphy, Judge Murdock-Poff, Defendant Jones, and the Seventh Judicial District Court at this time.  The Court notes that Plaintiff attempted to serve those Defendants, and those Defendants do not appear to have been prejudiced by the insufficient service.  <u>See</u> <u>Gallan v. Bloom Bus. Jets,</u>

LLC, 480 F. Supp. 3d 1173, 1179 (D. Colo. Aug. 20, 2020) (finding that although the plaintiff failed to argue that his failure to timely effect service on the defendants was excusable by good cause, dismissal "would be inappropriate" because, inter alia, the plaintiff attempted to serve the defendants within the time provided by Rule 4(m) and the defendants did not demonstrate that "the technical inadequacy of service prejudiced them in any way").  Thus, pursuant to Rule 4(m), the Court will quash service and order that service upon Chief Judge Murphy, Judge Murdock-Poff, Defendant Jones, and the Seventh Judicial District Court be made within twenty-one days of the date of this Order.  Failure to properly serve those Defendants within twenty-one days of the date of this Order may result in a dismissal without prejudice as to those Defendants.

Because the Court lacks personal jurisdiction over Chief Judge Murphy, Judge Murdock-Poff, Defendant Jones, and the Seventh Judicial District Court, the Court will analyze the remaining issues solely with regard to Defendant Rossignol.

### c.  Failure to state a claim

Defendants argue that the Court should dismiss the Amended Complaint for failure to state a claim because it fails to allege how the defendants personally participated in the actions giving rise to Plaintiff's claims.  ECF No. 77 at 12-15 (citing Robertson v. Las Animas Cnty. Sheriff's Dep't, 500 F.3d 1185, 1195 (10th Cir. 2007); Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996)). They argue that the Amended Complaint relies on "general, conclusory assertions for relief against" Defendants without supporting factual averments.  Id. at 13.  They further argue that Plaintiff's federal claims are barred by qualified immunity, id. at 16-18, and that the Court should decline to exercise supplemental jurisdiction over the state law claim, id. at 18.

Plaintiff appears to argue—without citation to supporting authority—that because he is seeking only declaratory and injunctive relief, he is not required to plead Defendants' personal

participation in the actions giving rise to his claims.  ECF No. 68 at 5-6.  He further argues that, in any event, the Complaint does allege Defendants' personal participation in the actions giving rise to his claims.  Id. at 6 (citing ECF No. 1 ¶¶ 15-23, 25-28).  Plaintiff further argues that because he is not seeking damages, his claims are not barred by qualified immunity.  Id. at 6-7 (citing Pearson v. Callahan, 555 U.S. 223, 232 (2009); Weise v. Casper, 593 F.3d 1163, 116 (10th Cir. 2010)).

In their Reply, Defendants argue that neither the Amended Complaint nor Plaintiff's Response brief "articulate how Chief Judge Murphy, Judge Murdock-Poff, Mr. Jones, and Ms. Rossignol engaged in the type of participation required to establish individual capacity liability." ECF No. 89 at 4.  Defendants maintain that the Amended Complaint relies only on conclusory statements without factual allegations to support them.  Id. at 4-5.  Defendants further argue that they "should be entitled to qualified immunity because the doctrine 'prevents undue interference with public affairs by cutting short baseless litigation against government actors.'"  Id. at 5 (quoting Mecham v. Frazier, 500 F.3d 1200, 1203 (10th Cir. 2007)).  In this regard, they argue that "Plaintiff has engaged, and continues to engage, in conduct that clearly violate court rules, harass [sic] court staff, and disrupt the courts. Defendants should be shielded from harassment, distraction, and liability when, in this case, they are performing their duties reasonably by enforcing the Administrative Orders and upholding the decorum of the court."  Id. at 5-6.

As an initial matter, the Court agrees with Plaintiff that Defendant Rossignol is not entitled to qualified immunity.  "Qualified immunity 'protects governmental officials from liability for civil damages insofar as their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.''"  Weise, 593 F.3d at 1166 (quoting Pearson, 555 U.S. at 231 (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982))) (emphasis added).  "[Q]ualified immunity does not protect a public official against a claim for

declaratory or injunctive relief[.]"  Vincent v. Yelich, 718 F.3d 157, 177 (2d Cir. 2013) (citations

omitted).  See also Wall v. Wade, 741 F.3d 492, 498 n.9 (4th Cir. 2014) (observing that the doctrine

of qualified immunity "has no application to suits for declaratory or injunctive relief"); Hydrick v.

Hunter, 669 F.3d 937, 939-40 (9th Cir. 2012) ("Qualified immunity is only an immunity from a

suit for money damages, and does not provide immunity from a suit seeking declaratory or

injunctive relief."); Yates v. Stadler, 217 F.3d 332, 333 n.2 (5th Cir. 2000) ("[Q]ualified immunity

is not a defense to Plaintiffs' claims for declaratory and injunctive relief . . . ."); Ratliff v. DeKalb

Cnty, Ga., 62 F.3d 338, 340 n.4 (11th Cir. 1995) ("Because qualified immunity is only a defense

to personal liability for monetary awards resulting from government officials performing

discretionary functions, qualified immunity may not be effectively asserted as a defense to a claim

for declaratory or injunctive relief.").  Here, the Amended Complaint seeks only declaratory and

injunctive relief on Plaintiff's Section 1983 claims, not monetary damages.  See ECF No. 73 at

12-13.  Accordingly, Defendant Rossignol is not entitled to qualified immunity on Plaintiff's

Section 1983 claims.

   However, the Court finds that the Amended Complaint otherwise fails to state a claim upon

which relief can be granted against Defendant Rossignol.  Although the Amended Complaint does

not specify which counts are asserted against Defendant Rossignol, it appears to the Court that the

only claims that can possibly encompass actions by Defendant Rossignol are Counts II and III.

See Notes 4, 6, and 7, supra.  Count I of the Amended Complaint only mentions Chief Judge

Murphy and Judge Murdock-Poff, ECF No. 73 ¶¶ 31-32, and the Amended Complaint specifies

that Count IV is asserted against the Seventh Judicial District Court only, id. ¶¶ 46-49.  Count II

claims that "Defendants" violated Plaintiff's substantive due process rights, id. ¶ 38, and Count III

alleges that "[t]he Orders issued by Defendants Murphy, Murdock-Poff, Jones and Rossignol

deprive Plaintiff his fundamental liberty interests in speech, press and petitioning without due process of law . . . [,]" id. ¶ 44.  Thus, the Court will confine its analysis to whether Counts II and III state a claim against Defendant Rossignol.

  To begin with, the Court rejects Plaintiff's argument that because he is not seeking damages for his Section 1983 claims, he is not required to plead Defendants' personal participation in the conduct giving rise to those claims.  Plaintiff cites no authority supporting this argument.  Plaintiff's failure to cite authority supporting his position "suggests either that there is no authority to sustain [his] position or that it expects the court to do [his] research." Rapid Transit Lines, Inc. v. Wichita Developers, Inc., 435 F.2d 850, 852 (10th Cir. 1970).  The Court declines the invitation. See id.; see also Springer v. Seventh Jud. Dist. Ct., Case 1:23-cv-00499-MIS-JMR, 2023 WL 7130541, at *4 (D.N.M. Oct. 30, 2023).

  Rather, the Court finds that "[p]ersonal participation is an essential allegation in a [§] 1983 claim." Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted).  See also Brown v. Montoya, 662 F.3d 1152, 1163 (10th Cir. 2011) ("A § 1983 defendant sued in an individual capacity may be subject to personal liability and/or supervisory liability. Personal liability 'under § 1983 must be based on personal involvement in the alleged constitutional violation.'") (quoting Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997)); Trujillo v. Williams, 465 F.3d 1210, 1227-28 (10th Cir. 2006) (affirming district court's dismissal of Section 1983 claim because the complaint failed to allege personal participation by the defendants); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993) (same).  "[I]n a § 1983 action it is 'particularly important' that 'the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.'" Brown, 662 F.3d at 1163 (quoting

Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1215 (10th Cir. 2011).  Consequently, "collective allegations against the state" defendants—i.e., allegations that "Defendants'" conduct violated Plaintiff's rights—are insufficient.  Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008) (citing Twombly, 550 U.S. at 565 n.10).

In his original Response brief, ECF No. 68 at 6, the only allegation Plaintiff identifies as supporting Defendant Rossignol's personal participation in the conduct giving rise to his claims is Paragraph 28 of the Amended Complaint, which states:

> On multiple dates, Susan Rossignol has either refused service in the clerk's office or has required police presence to harass and intimidate Plaintiff when he entered the Estancia District Court house [sic] for the purpose of conducting court business associated to making records requests. This culminated in an outright refusal to accept Plaintiff's requests for service on June 8, 2023 and Ms. Rossignol requiring that Torrance County Sheriff's Deputy Young chase Plaintiff from the building which he did.

ECF No. 1 ¶ 28.[12]  For the reasons that follow, the Court finds that Counts II and III fail to state a claim against Defendant Rossignol.

### 1.  Count II: substantive due process

Count II alleges a claim under 42 U.S.C. § 1983 for a violation of Plaintiff's substantive due process rights.  Id. ¶¶ 35-39.  It alleges that "Plaintiffs [sic] have protected liberty interests in free speech, free press and petitioning for redress under the First Amendment made applicable to the states under Fourteenth Amendment."  Id. ¶ 36.  It alleges that "Defendants' actions constitute deprivations of those rights contrary to substantive due process."  Id. ¶ 38.  He appears to allege that Defendants' actions "shock[] the conscious [sic]."  Id. ¶ 37.

---

[12]        Paragraph 28 of the original Complaint and Amended Complaint are identical.

"Substantive due process arises from the Fourteenth Amendment's protections against governmental deprivations 'without due process of law.'" Williams v. Berney, 519 F.3d 1216, 1220 (10th Cir. 2008) (quoting U.S. Const. amend. XIV, § 1). "Under this framework, due process protections are accorded primarily 'to matters relating to marriage, family, procreation, and the right to bodily integrity.'" Id. (quoting Albright v. Oliver, 510 U.S. 266, 272 (1994)). "And, moreover, in extending these concepts to further bar 'certain government actions regardless of the fairness of the procedures used to implement them,' the Supreme Court has emphasized 'that only the most egregious official conduct can be said to be arbitrary in the constitutional sense.'" Id. (quoting Cnty. of Sacramento v. Lewis, 523 U.S. 833, 840 (1998)).

"What differentiates a constitutional transgression from an ordinary common law tort is a 'level of executive abuse of power . . . that . . . shocks the conscience.'" Id. (quoting Lewis, 523 U.S. at 846). See also Uhlrig v. Harder, 64 F.3d 567, 573 (10th Cir. 1995) ("[T]he standard for judging a substantive due process claim is whether the challenged government action would 'shock the conscience' of federal judges.'") (some internal quotation marks omitted) (quoting Collins v. City of Harker Heights Tex., 503 U.S. 115, 126 (1992)). "In other words, the executive abuse represents 'arbitrary action of government' and requires a showing of government officials 'abusing their power, or employing it as an instrument of oppression.'" Williams, 519 F.3d at 1220 (quoting Lewis, 523 U.S. at 845-46). "What 'shocks [the conscience] in one environment may not be so patently egregious in another, and our concern with preserving the constitutional proportions of substantive due process demands an exact analysis of circumstance before any abuse of power is condemned as conscience shocking." Id. (quoting Lewis, 523 U.S. at 850).

"Given the latitude [courts] ordinarily afford government actors operating in their official capacities, [courts] recognize constitutional torts only 'in the narrowest of circumstances[.]'" Id.

(quoting <u>Becker v. Kroll</u>, 494 F.3d 904, 922 (10th Cir. 2007)).  "The tortious conduct alleged 'must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing <u>government</u> power . . . . [It] must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking.'" <u>Id.</u> (quoting <u>Livsey v. Salt Lake Cnty.</u>, 275 F.3d 952, 957-58 (10th Cir. 2001)).  "Not surprisingly, little governmental action is held unconstitutional under th[is] formulation[]."  <u>Id.</u> (quoting 1 Martin A. Schwartz, <u>Section 1983 Litigation</u> § 3.05[D], at 3–116 (4th ed. 2006)) (internal quotation marks omitted).

"Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" <u>Albright</u>, 510 U.S. at 273 (quoting <u>Graham v. Connor</u>, 490 U.S. 386, 395 (1989)).  Stated differently, if a substantive due process claim falls within the ambit of a specific constitutional protection, the claim must be analyzed under the standards governing the specific constitutional protection, not under the "shocks the conscience" standard.  <u>See</u> <u>Dubbs v. Head Start, Inc.</u>, 336 F.3d 1194, 1203 (10th Cir. 2003) (finding that the plaintiffs' substantive due process claim was "more precisely addressed under the Fourth Amendment[,]" and therefore the "shocks the conscience" standard did not apply).

Here, Count II is explicitly predicated on specific constitutional protections—to wit, "free speech, free press and petitioning for redress under the First Amendment . . . ."  ECF No. 73 ¶ 36. Plaintiff has failed to allege or argue an independent substantive due process challenge to Defendant's alleged retaliation.  For that reason alone, the Court finds that Count II fails to state a claim for substantive due process violations against Defendant Rossignol upon which relief can be

granted.  See Progeny v. City of Wichita, Kan., Case No. 6:21-CV-01100-EFM-ADM, 2022 WL

93406, at *15 (D. Kan. Jan. 10, 2022) (dismissing substantive due process claim implicating right

to free association because it was more appropriately analyzed under the First Amendment);

Yazzie v. Bd. of Cnty. Comm'rs for Rio Arriba Cnty., No. CIV 15-109 JAP/SCY, 2015 WL

13651028, at *6 (D.N.M. Oct. 22, 2015) (dismissing substantive due process claim because the

"Plaintiff's claim of retaliation related to his loss of employment is grounded in First Amendment

rights of free speech and association . . ." and the plaintiff "failed to allege an independent

substantive due process challenge to Defendants' employment decision"); see also McRoberts v.

Rosas, Case No. 21-2470-DDC-TJJ, 2022 WL 4482481, at *11 (D. Kan. Sept. 27, 2022)

(dismissing substantive due process claim because it fell under the Fourth Amendment); Hirt v.

Unified Sch. Dist. No. 287, CASE NO. 2:17-CV-02279-HLT, 2018 WL 6326412, at *7 (D. Kan.

Dec. 4, 2018) (finding that substantive due process claim based on a free speech violation was

"subsume[d]" by a separate First Amendment claim).

    The question becomes whether the Court should dismiss Count II with leave to replead it

as a First Amendment claim, or simply analyze Count II under the standards governing claims

alleging violations of the freedoms of speech, the press, and petitioning for redress of grievances.

The Court finds that dismissal with leave to replead is the better option for two reasons.  First,

although the Amended Complaint contains a claim (Count I) alleging a violation of Plaintiff's First

Amendment rights, Defendant Rossignol is not named in that Count.  See ECF No. 73 ¶¶ 33, 30-

34.  Because Count II attempts to shoehorn an alleged First Amendment violation into a substantive

due process claim, the Court finds that Count II violates Rule 8 in that it fails to give Defendant

Rossignol fair notice of the First Amendment claim against her.  See Burnett v. Mortg. Elec.

Registration Sys., Inc., 706 F.3d 1231, 1235 (10th Cir. 2013) (stating that "to comply with Rule

8(a)(2), the complaint must ''give the defendant fair notice of what the . . . claim is and the grounds upon which it rests''") (quoting <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (quoting <u>Twombly</u>, 550 U.S. at 555)). Second, the Parties' briefs do not analyze Count II under First Amendment standards. Dismissing Count II with leave to replead it as a First Amendment claim will give the Parties the opportunity to properly brief the issue to the Court, if Defendants believe that the repleaded claim is subject to dismissal.

For these reasons, Count II is **DISMISSED without prejudice,** with leave to amend.

### 2. Count III: procedural due process

Count III alleges a claim under 42 U.S.C. § 1983 for a violation of Plaintiff's procedural due process rights. ECF No. 73 ¶¶ 36-41. Plaintiff alleges that "[t]he Orders issued by Defendants Murphy, Murdock-Poff, Jones and Rossignol deprive Plaintiff his fundamental liberty interests in speech, press and petitioning without due process of law, based solely upon discretion of the Defendants." <u>Id.</u> ¶ 41. He alleges that he has not been afforded "pre-deprivation or post deprivation process that allows for any opportunity, much less a meaningful opportunity, to be heard and address the propriety of the government's actions." <u>Id.</u> ¶ 38.

The Fourteenth Amendment to the U.S. Constitution states: "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Tenth Circuit prescribes a two-step inquiry in determining whether an individual's procedural due process rights were violated: "'(1) Did the individual possess a protected [liberty or] property interest to which due process protection was applicable? (2) Was the individual afforded an appropriate level of process?'" <u>Camuglia v. City of Albuquerque</u>, 448 F.3d 1214, 1219 (10th Cir. 2006) (quoting <u>Clark v. City of Draper</u>, 168 F.3d 1185, 1189 (10th Cir. 1999)). "A constitutionally protected liberty or property interest may be a creation of federal law (including the Constitution

itself—at least for liberty interests) or of state law."  <u>Al-Turki v. Tomsic</u>, 926 F.3d 610, 614 (10th Cir. 2019).  "To be constitutionally cognizable, 'the interest must rise to more than an abstract need or desire and must be based on more than a unilateral hope.'"  <u>PJ ex rel. Jensen v. Wagner</u>, 603 F.3d 1182, 1199 (10th Cir. 2010) (quoting <u>Ky. Dep't of Corrs. v. Thompson</u>, 490 U.S. 454, 460 (1989).

The Court finds that Plaintiff fails to allege any facts showing that he has been deprived of a constitutionally protected liberty or property interest.  As previously stated, Plaintiff cites only one allegation in the Amended Complaint that speaks to Defendant Rossignol's personal participation in the conduct giving rise to Plaintiff's procedural due process claim:

> On multiple dates, Susan Rossignol has either refused service in the clerk's office or has required police presence to harass and intimidate Plaintiff when he entered the Estancia District Court house for the purpose of conducting court business associated to making records requests. This culminated in an outright refusal to accept Plaintiff's requests for service on June 8, 2023 and Ms. Rossignol requiring that Torrance County Sheriff's Deputy Young chase [sic] Plaintiff from the building which he did.

ECF No. 73 ¶ 28.

The Court finds that Plaintiff does not have a protected liberty or property interest in unrestricted access to the Seventh Judicial District Court Clerk's Office.  <u>See</u> <u>Schultz v. San Joaquin Cnty. Sheriff's Dep't</u>, No. 2:19-cv-02468-DAD-KJN, 2024 WL 35992, at *6 (E.D. Cal. Jan. 3, 2024) (recommending dismissal of procedural due process claim alleging that the plaintiff was deprived access to the courthouse without an opportunity to be heard because "in the only cases the court has found addressing the issue, district courts have held that there is no constitutionally protected liberty interest in unrestricted access to a courthouse") (citing <u>Gessner v. Plummer</u>, No. 3:10–cv–223, 2011 WL 2712529, at *11 (S.D. Ohio June 1, 2011) ("[T]he plaintiff points to no state law which creates the liberty interest he claims, to wit, the right to enter

a courthouse and move about inside unaccompanied by security personnel . . . . In the absence of

state law creating the liberty interest he claims, [the plaintiff] has no procedural due process right,

either pre- or post-deprivation, to a hearing.   It is just not the case that the United States

Constitution gives persons within the jurisdiction of the States a right to a hearing at which any act

taken by a public official must be justified by that public official."), <u>report and recommendation</u>

<u>adopted</u>, No. 3:10-cv-00223, 2011 WL 2711286 (S.D. Ohio July 13, 2011); <u>Brewer v. U.S.</u>

<u>Marshals Courthouse Sec.</u>, No. 3:15-cv-00497-MCR-EMT, 2015 WL 7731468, at *3 (N.D. Fla.

Nov. 12, 2015) ("[S]imply because [the plaintiff] is a member of the public, she has no

constitutionally protected liberty interest in unrestricted and unlimited access to a federal

courthouse."), <u>report and recommendation adopted</u>, No. 3:15-cv-00497-MCR-EMT, 2015 WL

7734136 (N.D. Fla. Nov. 30, 2015)).

The Court further finds that Plaintiff does not have a protected liberty or property interest

in access to courthouse records.  <u>See</u> <u>London v. City of Redlands</u>, Case No. EDCV 17–0185–JFW

(KK), 2017 WL 3953984, at *3 (C.D. Cal. Sept. 5, 2017) (dismissing procedural due process claim

because "[t]he Fourteenth Amendment 'do[es] not guarantee the public a right of access to

information generated or controlled by government'" and therefore "Plaintiff does not have a

constitutionally-protected right to access government records, much less a constitutionally-

protected right to have his records <u>request acknowledged</u> or a right to have records <u>provided in a</u>

<u>timely fashion</u>.")  (quoting <u>Houchins v. KQED, Inc.</u>, 438 U.S. 1, 16 (1978)).

Because Plaintiff has failed to meet the "the threshold requirement for a procedural due

process claim" of alleging a constitutionally-protected liberty or property interest, <u>Wagner</u>, 603

F.3d at 1201, Count III fails to state a claim upon which relief can be granted as to Defendant

Rossignol.

#### IV.     Conclusion

For the foregoing reasons: (1) the Court lacks personal jurisdiction over Chief Judge Murphy, Judge Murdock-Poff, Defendant Jones, and the Seventh Judicial District Court, <u>see</u> Section III(b), <u>supra</u>; and (2) the Amended Complaint fails to state a claim against Defendant Rossignol, <u>see</u> Section III(c), <u>supra</u>.   As such, the Court need not, and declines to, address Defendants' arguments that this case should be dismissed as a sanction for spoliation of evidence,[13] and/or as a sanction for harassing defendants and their attorney.[14]  <u>See</u> ECF No. 77 at 20-26.

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's Renewed Opposed Expedited Motion for Leave and Extension of Time to File Surreply, ECF No. 96, is **DENIED**;

2. Defendants' Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 77, is **GRANTED IN PART** consistent with this Order;

3. Service upon Chief Judge Murphy, Judge Murdock-Poff, Defendant Jones, and the Seventh Judicial District Court is hereby **QUASHED;**

4. Plaintiff shall have twenty-one days from the date of this Order to properly serve Chief Judge Murphy, Judge Murdock-Poff, Defendant Jones, and the Seventh Judicial District Court under the Federal and New Mexico Rules of Civil Procedure;

5. Failure to properly serve Chief Judge Murphy, Judge Murdock-Poff, Defendant Jones, and the Seventh Judicial District Court within twenty-one days of the date of this Order may result in dismissal without prejudice as to those Defendants;

---

[13]        Any future motion for sanctions for spoliation of evidence should be filed as a discovery motion.

[14]        Although the Court declines, at this time, to consider whether this case should be dismissed as a sanction for Plaintiff's alleged harassment of Defendants and their attorney, Defendants may wish to pursue remedies available to them under New Mexico law, if appropriate.  <u>See</u> N.M. Stat. Ann. § 30-3A-2.

**6.** Counts II and III of the Amended Complaint are **DISMISSED WITHOUT PREJUDICE** as to Defendant Rossignol, with leave to file a Second Amended Complaint within twenty-one days of the date of this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE