**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**JAMES SPRINGER,**

              **Plaintiff,**

**v.**

                                        **Civil Action No. 1:23-cv-00499-MIS-JMR**

**SEVENTH JUDICIAL DISTRICT COURT,
MERCEDES MURPHY,
SHANNON MURDOCK-POFF, JASON JONES,
and SUSAN ROSSIGNOL,**

              **Defendants.**

**2ND _AMENDED_ COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF FOR CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C.A. §1983;
VIOLATIONS OF RIGHTS PROTECTED BY THE NEW MEXICO CIVIL
RIGHTS ACT;**

COMES NOW Plaintiff with his Second Amended Complaint for declaratory relief only against the individually named Defendants acting in their individual capacities under the color of law, and for damages against the Seventh Judicial District Court pursuant to the New Mexico Civil Rights Act, and states as follows in support thereof.

**INTRODUCTION**

Thomas Paine in <u>American Crisis</u> stated that: "tyranny, like hell, is not easily conquered, yet, we have this consolation with us, that the harder the conflict, the more glorious the triumph." Alexander Hamilton said, "There is no liberty if the power of judging be not separated from the legislative and executive powers." Federalist 78, Federalist Papers (Clinton Rossiter, ed., New York: Penguin Books, 1961). Robert Bork articulated well that a respect by the judiciary for the balance of powers as originally intended by the framers must:

> appeal to a common sense of what judges' roles ought to be in a properly
> functioning constitutional democracy. Judges are to not overturn the will of
> legislative majorities absent a violation of a constitutional right, as those

rights were understood by the Framers.

John E. Thompson, "What's the Big Deal? The Unconstitutionality of God in the Pledge of Allegiance", 38 Haw. C.R.-C.L.L. Rev. 563, Summer: citing Robert Bork, the Tempting of America: The Usurpation of Law By Politics (1999)."There is in all of us a strong disposition to believe that anything lawful is also legitimate. This belief is so widespread that many persons have erroneously held that things are 'just' because law makes them so." Frédéric Bastiat, *The Law*, The Foundation for Economic Education, Inc., Irvington-on-Hudson, New York 10533. Here, the Seventh Judicial District's employees appear to have fallen prey to the fallacy that just because the operate with the authority of the judiciary that they themselves are above the law and must pay no heed to the rights of the citizens and of the press.

## PARTIES AND JURISDICTION

1.  Plaintiff James Springer is currently a resident of Torrance County, New Mexico. Plaintiff is reporter who acts as member of the press to inform citizens on the happenings of their government.

2.  Defendant New Mexico Seventh Judicial District Court is as public body as defined in NMSA 1978, §41-4A-2 who is sued for damages and injunctive relief against its employees from taking further actions that interfere with Plaintiff's rights protected by the New Mexico Bill of Rights.

3.  Defendant Mercedes Murphy is the chief judge of the Seventh Judicial District Court of New Mexico who is sued pursuant 42 U.S.C.A. §1983 for *only* declaratory and injunctive relief under for actions taken individually under the color of law.

4. Defendant Shannon Murdock-Poff is a judge of the Seventh Judicial District Court of New Mexico who is sued for declaratory and injunctive relief *only* for actions taken individually under the color of law.

5. Defendant Jason Jones is the Court Executive Officer of the Seventh Judicial District Court of New Mexico who is sued for declaratory and injunctive relief *only* for actions taken individually under the color of law.

6.  Defendant Susan Rossignol is a clerk of the Seventh Judicial District Court of New Mexico who is sued for declaratory and injunctive relief *only* for actions taken individually under the color of law.

7. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983 because, Plaintiffs allege a current and imminent continuing violation of their rights under the laws and Constitution of the United States. Additionally, the Court in its discretion may exercise pendant jurisdiction to address claims arising under the state law of New Mexico, specifically NMSA § 41-4A-1 *et. seq.*

8. The Court may declare the legal rights and obligations of the parties in this action pursuant to 28 U.S.C. § 2201 because this action presents an actual controversy within the Court's jurisdiction.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b). All Defendants are residents of and/or perform their official duties in this district. In addition, all of the events giving rise to the claims in this Complaint arose in this district.

## GENERAL ALLIGATIONS

8.    Plaintiff is an independent investigative journalist who produces content intended to expose to the general public cases of government fraud, waste, and abuse.

9.     In the first quarter of 2023, Plaintiff engaged in investigative journalism at the Moriarty Magistrate Courthouse.

10.     While most of Plaintiff's investigative journalism focuses on police misconduct and abuse of power, Plaintiff also exercises his First Amendment rights to produce content related to other government officials besides police officers, including (but not limited to) local elected officials and government employees, and judicial officers and administrators.

11.     Plaintiff displays the content described in Paragraphs 8 thru 10 above on a YouTube channel he operates called James Freeman.

12.     Approximately 444,000 people around the world subscribe to and enjoy Plaintiff's YouTube channel called James Freeman.

13.     The content Plaintiff posts on his YouTube channel and on other social media platforms often receives tens of thousands of views and frequently sparks robust debate about matters of public interest related to constitutional rights, the workings of government and other related matters.

14.     In February of 2023, Plaintiff posted one or more videos featuring interactions with a domestic relations hearing officer in the Seventh Judicial District Court for Torrance County, as well as with court personnel and employees of the Torrance County Sheriff's Office.

15.     On or about March 1, 2023, two officers with the New Mexico State Police hand delivered to Plaintiff an Administrative Order entered on March 28, 2023 and signed by the Honorable Mercedes Murphy, Chief Judge of the Seventh Judicial District. See exhibit attached hereto and incorporated herein by reference as Exhibit "1."

16.     Pursuant to the Administrative Order attached hereto as Exhibit "1," Plaintiff is banned from entering the Torrance County District Court at the Neil Mertz Judicial Complex, 903 N. 5th Street, Estancia, NM 87016 unless appearing for a hearing or having specific court business.

17.     In the event that Plaintiff is to appear at the location described above in Paragraph 13, the Administrative Order attached hereto as Exhibit "1" requires that Plaintiff is escorted by and accompanied by the Torrance County Sheriff's Office while in the building.

18.     The Administrative Order attached hereto as Exhibit "1" further orders, adjudges and decrees that, upon entering the Neil Mertz Judicial Complex, Plaintiff shall enter the Torrance County Sherriff's Office and identify himself as being an obstinate visitor and alert law enforcement that Plaintiff must be escorted and accompanied pursuant to the Administrative Order.

19.     On or about March 1, 2023, at the same time officers of the New Mexico State Police hand delivered to Plaintiff the Administrative Order attached hereto as Exhibit "1," those same officers also hand delivered to Plaintiff a letter from Jason Jones, Court Executive Officer of the Seventh Judicial District Court. See exhibit attached hereto and incorporated herein by reference as Exhibit "2."

20.     The letter attached hereto as Exhibit "2" describes the contents of the Administrative Order attached hereto as Exhibit "1," but provides no notice of wrongdoing Plaintiff is alleged to have committed such that he could legally be deprived of his rights under the New Mexico Bill of Rights.

21.     On March 23, 2023, the Chief Judge of the Seventh Judicial District Court entered an Amended Administrative Order amending the Administrative Order attached hereto as Exhibit "3" to include a ban on Plaintiff entering various other properties of the Seventh Judicial District. See exhibit attached hereto and incorporated herein by reference as Exhibit "3."

22.     On March 23, 2023, Jason Jones, Seventh Judicial District Court Executive Officer signed a letter addressed to Plaintiff in which Mr. Jones explains the content of the Amended Administrative Order attached hereto as Exhibit "3." See exhibit attached hereto and incorporated herein by reference as Exhibit "4."

23.     In the letter attached hereto as Exhibit "4," Jason Jones alleges that Plaintiff entered the Moriarty Magistrate Court for non-court business and was being "disruptive and threatening" in the courthouse.

24.     Plaintiff was never given notice and an opportunity to be heard on the matter of the deprivation of his rights under the First Amendment, Fourteenth Amendment or Article II of the New Mexico Constitution that resulted from the actions of the Defendants as described in Paragraphs 15 through 23 herein.

25.     On May 18, 2023, Plaintiff attempted to exercise his rights as guaranteed under the United States Constitution and the New Mexico Constitution by attending a public hearing as member of the press to report on the case in a criminal matter before the Honorable Mercedes Murphy by way of a video conferencing platform.

26.     After dialing in to the public hearing via the video conferencing platform, Judge Murphy summarily ejected Plaintiff from the video conferencing platform and from the public hearing without providing Plaintiff notice and an opportunity to be heard on the matter of whether he could attend the public hearing.

27.     On May 24, 2023, Judge Shannon Murdock-Poff issued an order, Exhibit 5 attached hereto, excluding Plaintiff from a hearing in a civil matter D-722-DV-2019-00050m that Plaintiff planned to attend as a member of the press and the public.

28.     On multiple dates, Susan Rossignol has either refused Plaintiff's statutory right

under New Mexico law to petition his government for redress by inspecting public records in the clerk's office.

29.     Defendant Rossignol out of retaliation has required state police presence to harass and intimidate Plaintiff when he entered the Estancia District Court house for the purpose of conducting court business associated to making records requests.

30.     This retaliation culminated in an outright refusal to accept protected petitioning activity to exercise his statutory right to request public records on June 8, 2023 and Ms. Rossignol requiring that Torrance County Sheriff's Deputy Young chase Plaintiff from the building which he did.

31.     On October 31 and November 1, 2023, Plaintiff entered the public areas of the Torrance County Courthouse facility in fully compliance with the 7th Judicial District Court's Administrative orders at issue in this matter and made several videos as part of his reporting and as expressive conduct:

https://www.youtube.com/watch?v=QUhGqPBXzF4&t=1s

https://www.youtube.com/watch?v=krTXlwzlKbw

32.     In retaliation for Plaintiff's reporting and protected speech contained in the first video noted in the paragraph above, upon information and belief, the Defendants or employees of the Defendants acting at their direction conspired to have YouTube censor Plaintiff's video resulting in the following:



Hi James Freeman,

We wanted to let you know our team reviewed your content, and we think it violates our **spam, deceptive practices and scams policy**. We know you may not have realized this was a violation of our policies, so we're not applying a strike to your channel. However, we have removed the following content from YouTube:

**URL:** https://g.co/kgs/9s85dM
**Location where URL was found:** Picking Up Papers, Court Still Retaliating Against Me For Exposing Gordon Bennet

We realize this may be disappointing news, but it's our job to make sure that YouTube is a safe place for all. If you think we've made a mistake, you can appeal this decision - you'll find more details below.

## What our policy says

If an external link goes to a site that contains spam, scams, and other deceptive practices it's not allowed on YouTube.

33.     This type of government action is violative of the rights protected by the United States and New Mexico Constitutions and is precisely the type of conduct that Fifth Circuit has affirmed to warrant preliminary injunctive relief in *Missouri v. Biden*, 83 F.4th 350, 362 (5th Cir. 2023), *cert. granted sub nom. Murthy v. Missouri*, 2023 WL 6935337 (U.S. Oct. 20, 2023)

34.     Plaintiff has been able to successfully appeal the actions to censor his speech and press, but upon information and belief, understand that that Defendants will continue to undertake these actions censor Plaintiff's reporting and speech unless enjoined by this Court.

35.     Further, Defendant Rossignol, upon information and belief, at the direction of Defendant Murphy, falsely reported to the New Mexico State Police that Plaintiff was an armed threat and proceeded to close her government office to the public during normal business hours in an effort to place Plaintiff' life in jeopardy and to deprive him of his statutory and constitutional rights to petition his government for redress.

## COUNT I: VIOLATION OF FREEDOM OF THE PRESS AND SPEECH - VIEWPOINT DISCRIMINATION – 42 U.S.C. § 1983 (As to Defendants Murphy and Murdock-Poff)

36.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30.     The First Amendment of the United States Constitution protects an individual's freedom of expression/freedom of speech and the individual's right to petition their government for redress, moreover the First Amendment prohibits infringement on the freedom of the press to report on the affairs of government by the government.

31.     As a government actors, individually, acting under the color of law, Judge Murphy and Judge Murdock-Poff engaged in viewpoint discrimination by banning and excluding Plaintiff from a public places and hearings prohibiting him attending and reporting on public matters.

32.     Judge Murphy and Judge Murdock-Poff do not enjoy judicial immunity here for their administrative orders. "A judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Forrester v. White*, 484 U.S. 219, 227-29 (1988); *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)). This important legal principle was recently applied to bail in the context of suing members of the judiciary in *Schultz v. State*, Case No. 5:17-cv-00270-MHH (N.D. Ala. 2018) wherein the district court there applied the guidance from the Eleventh Circuit that a court looks to the "nature and function" of the act, "not the propriety of the act itself, and consider[s] whether the nature and function of the particular act is judicial." *See* ECF Doc. 198 p. 13 (applying *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018). Under *McCullough*, a court should consider:

> the nature and functions of the alleged acts are judicial by considering four factors:
>
>> (1) the precise act complained of is a normal judicial function; (2) the events involved occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the confrontation arose directly and immediately out of a visit to the judge in his official capacity.

*McCullough*, 907 F.3d at 1331. None of the conduct complained of fits within the *Mireles* definition of judicial conduct warranting absolute judicial immunity.

37.     As a direct and proximate result of the retaliatory actions, Plaintiff suffered injuries consisting of deprivation of a Constitutional Right, Plaintiff seeks declaratory relief and injunctive relief to halt the continuation of these deprivations.

**COUNT II – VIOLATION OF FREEDOM OF THE PRESS AND SPEECH – FIRST AMENDMENT RETALIATION (INCLUDING DENIAL OF THE PROTECTED LIBERTY INTEREST IN PETITIONING THE GOVERNMENT) – 42 U.S.C. § 1983 (All Defendants)**

38.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

39.     The Plaintiffs have protected liberty interests in free speech, free press and petitioning for redress under the First Amendment made applicable to the states under Fourteenth Amendment.

40.     Defendants Jason Jones and Susan Rossignol have each undertaken retaliatory efforts (Jones to issue threatening letters designed to chill Plaintiff's exercise of speech, press and petitioning and Rossignol to refuse Plaintiff's statutory right to inspect public records, to give false reports to state police about Plaintiff being an armed threat endangering his life, and cutting off his ability to petition his government by closing the government office during normal business hours when Plaintiff was present.) Upon information, all retaliatory efforts, including excluding Plaintiff from Defendant Murdock-Poff's public hearing were undertaken at the direction and in agreement with Defendant Murphy.

41.     Defendants' actions constitute deprivations of those rights out of retaliation for their exercise designed to chill a person of ordinary firmness from continuing to exercise those rights to speech, press and petitioning.

42.     Plaintiff seeks declaratory and injunctive relief to halt these deprivations of his First Amendment Rights.

**COUNT III - PROCEDURAL DUE PROCESS - 42 U.S.C. § 1983**

43.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

44.     The Fourteenth Amendment to the United States Constitution forbids a state from depriving anyone of life, liberty, or property without due process of law.

45.     No due process protections have been afforded to Plaintiff, as required by the United States Constitution of a pre-deprivation or post deprivation process that allows for any

opportunity, much less a meaningful opportunity, to be heard and address the propriety of the government's actions.

46.     All fundamental rights comprised within the term liberty, including but not limited to, the rights to be free from bodily restraint, the right to contract and engage in the common occupations of life, the right to acquire useful knowledge, to worship God according to the dictates of one's own conscience, and to generally enjoy the privileges long associated with the rights of free people are guaranteed substantive due process rights under the Fourteenth Amendment.

47.     The Orders issued by Defendants Murphy and Murdock-Poff and the actions taken by Jones and Rossignol deprive Plaintiff his fundamental liberty interests in speech, press and petitioning without due process of law, based solely upon discretion of the Defendants.

48.     Plaintiff seeks declaratory and injunctive relief to halt these deprivations of his First Amendment Rights without affording him procedural due process.

**COUNT IV: VIOLATION OF N.M. CONST. ART. II, § 17, ART. II, §18, and ART. II, §23 (ONLY AS TO THE DEFENDANT SEVENTH JUDICIAL DISTRICT COURT)**

49.     Plaintiff herein incorporates all the foregoing paragraphs.

50.     Defendant Seventh Judicial District Court violated Plaintiff's constitutional rights of freedom of speech, freedom of press, freedom of assembly, and due process when that Defendant entered the Administrative Order and Amended Administrative Order attached hereto as Exhibits "1" "3" and "5" and when that Defendant had those Orders and the letters attached hereto as Exhibits "2" and "4" served on Plaintiff with no notice and opportunity to be heard.

51.     For the exercise of speech protected by N.M. CONST. ART. II, § 17, Defendant Seventh Judicial District Court retaliated against Plaintiff by ejecting him from the public hearing on May 18, 2023, by denying him access as member of the press to Defendant Murdock-Poff's

public hearing, denying him statutory rights to access public records and harassing with unnecessary and chilling law enforcement presence.

52.     Because the Defendant acting through its agents have violated Plaintiff's rights protected by the Bill of Rights of the New Mexico Constitution with disregard for the harm it would cause Plaintiff, the Plaintiff is entitled to judgement establishing that his rights were violated and for actual damages associated to those violations as well as attorney's fees and costs.

## JURY DEMAND

Plaintiffs request a trial by a jury of twelve (12) persons.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs demand judgment in their favor, against Defendants jointly and severally, and seek relief as follows:

(1)     a Declaratory Judgment that issuance and enforcement of the administrative orders and the denial of access to court property and services is unconstitutional for the reasons stated herein, and that the actions of the individual Defendants were unlawful and unconstitutional;

(2)     a Declaratory Judgment that the actions of the Seventh Judicial District Court through its employees violated Plaintiff's rights protected by the New Mexico Bill of Rights by interfering with his protected speech, his right to freedom of the press and interfering with his right to petition his government for redress;

(3)     for an award of actual damages against the Seventh Judicial District under the New Mexico Civil Rights Act;

(4)     a temporary restraining order to prohibit individual Defendants from enforcing the administrative orders at issue, issuing any further orders or taking any action to ban

or exclude Plaintiff from any public space or hearing or to deny him any service afforded to the public included but not limited to requesting records;

(5)     a preliminary and permanent injunction to prohibit Defendants from enforcing the administrative orders or promulgating new ones that prohibit Plaintiff from entering public spaces or attending public hearings without first affording him due process of law;

(6)     award of costs and expenses, including reasonable attorneys' fees under 42 U.S.C. § 1988 and NMSA 1978, §41-4A-3; and,

(7)     such other relief as this Court deems appropriate.

Respectfully submitted this 21st day of February 2024.

WESTERN AGRICULTURE, RESOURCE
AND BUSINESS ADVOCATES, LLP

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.
Jared R. Vander Dussen, Esq.
400 Gold Ave SW, Suite 1000
Albuquerque, NM 87102
(505) 750-3060
abdunn@ablairdunn-esq.com
warba.llp.jared@gmail.com


Zach Cook, LLC

*/s/ Zach Cook*
Zach Cook
1202 Sudderth # 425
Ruidoso, NM 88345
(575) 937-7644
zach@zachcook.com


CERTIFICATE OF SERVICE

14

I hereby certify that on February 21, 2024, I filed the foregoing via the CM/ECF causing all parties of record to be served electronically.

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.