## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JAMES SPRINGER,

       Plaintiff,

v.                                  No. 1:23-cv-00499-MIS-JMR

SEVENTH JUDICIAL DISTRICT COURT
MERCEDES MURPHY,
SHANNON MURDOCK-POFF,
JASON JONES, and SUSAN ROSSIGNOL,

       Defendants.

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C.A §1983; VIOLATIONS OF RIGHTS PROTECTED BY THE NEW MEXICO CIVIL RIGHTS ACT

COMES NOW Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Susan Rossignol (collectively hereinafter "Defendants"), by and through their counsel of record, Garcia Law Group, LLC (Bryan C. Garcia, Rodney L. Gabaldon, and Jade Delfin), and, in lieu of an Answer, hereby moves to dismiss Plaintiff's Second Amended Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § Violations of Rights Protected by the New Mexico Civil Rights Act[1].

## INTRODUCTION

This action arises from an incident that occurred on January 27, 2023 at the Seventh Judicial District Torrance County courthouse. On that day, James Springer ("Plaintiff") interrupted

---

[1] As required by D.N.M. LR Civ. 7.1(a), Defendants notified counsel of this motion prior to its filing. Due to the nature of this motion and Plaintiff's position on prior dismissal motions, it is presumed that this motion is opposed.

a hearing already in progress, without a mask as required by state mandate. and snuck a cellphone in the courtroom to secretly record his visit. As result of Plaintiff's misconduct, Chief Judge Mercedes Murphy ("Chief Judge Murphy") entered an Administrative Order and Amended Administrative Order (collectively, "Administrative Orders") limiting Plaintiff's presence in the Seventh Judicial District Courthouses to his own matters or specific court business, and with a law enforcement escort.

On June 9, 2023, Plaintiff filed his *Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § Violation s of Rights Protected by the New Mexico Civil Rights Act; Emergency Request for a Temporary Restraining Order; Request for Preliminary Injunction, Permanent Injunctive Relief and Damages* ("Complaint") [Doc. 1]. Plaintiff filed his *Amended Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § Violation s of Rights Protected by the New Mexico Civil Rights Act* ("First Amended Complaint") [Doc. 73] on November 27, 2023. Plaintiff then filed his *Second Amended Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § Violation s of Rights Protected by the New Mexico Civil Rights Act* ("Second Amended Complaint") [Doc. 99] on February 21, 2024. In Plaintiff's Amended Complaint, Plaintiff alleges a claim under 42 U.S.C. § 1983 predicated on violations of the First Amendment rights for viewpoint discrimination, *id.* ¶¶ 36-37, a claim under 42 U.S.C. § 1983 predicated on First Amendment retaliation, *id.* ¶¶ 38-42; a claim under 42 U.S.C. § 1983 predicated on procedural due process violations, *id.* ¶¶ 43-48; and a violation of Article II, Sections 17, 18, and 23 of the New Mexico Constitution, *id.* ¶¶ 49-52. In his prayer for relief, Plaintiff requests a declaratory judgment that the Administrative Orders are unconstitutional and that employees of the Seventh Judicial District Court have violated Plaintiff's rights. *Id.* at p. 13-14. Plaintiffs also

seek actual and punitive damages for their alleged injuries, and for preliminary and permanent injunctions against Defendants. *Id.* at p. 14. Defendants seek dismissal because, despite two amendments, Plaintiff fails to state a claim.

## LEGAL STANDARD

The Court must dismiss a complaint under Rule 12(b)(6) if it fails "to state a claim upon which relief can be granted." "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id. See also Mocek v. City of Albuquerque*, 813 F.3d 912, 921 (10th Cir. 2015) (stating that in reviewing a 12(b)(6) motion, courts should "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable"). A court is under no mandate to accept a plaintiff's conclusory allegations. *Id.* ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."). Nor is it under a mandate to "accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (internal quotations omitted). Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

When examining a complaint under Rule 12(b)(6), the Court must determine "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). In doing so, the Court should "consider the complaint as a whole, along with the documents incorporated by reference into the

complaint." *Nakkhumpun v. Taylor*, 782 F.3d 1142, 1146 (10th Cir. 2015). Thus, the question that

confronts the court in a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail

but whether the allegations entitle the plaintiff to offer evidence to support his claim. *Scheuer v.*

*Rhodes*, 416 U.S. 232, 236 (1974). However, the Court may also properly consider facts for which

it may take judicial notice, such as those facts which are a matter of public record. *Harjo v. City of*

*Albuquerque*, 307 F. Supp. 3d 1163, 1185 (D.N.M. 2018) (Browning, J.) (quoting *GFF Corp. v.*

*Associated Wholesale Grocers*, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997)).

## FACTUAL BACKGROUND

1.      At the beginning of 2023, the State of New Mexico had a mask mandate in effect

for its courtrooms.[2] *See* [Doc.67-1, ¶4], [Doc. 77-1], ¶3, [Doc. 77-2].

2.      The Seventh Judicial District Courthouses has also posted signed notifying visitors

that recording devices, including cell phones, are prohibited. [Doc. 77-3].

3.      On or about January 27, 2023, Plaintiff entered a courtroom at the Seventh Judicial

District Court to observe a hearing before Hearing Officer Gordon Bennett ("HO Bennett"). *See*

[Doc. 25-2, ¶ 4]. *See also* [Doc. 29, Ex. A[3]], [Doc. 29, Ex. B[4]], [Doc.67-1, ¶6]. At this hearing, HO

---

[2]      See Supreme Court of the State of New Mexico, *In the Matter of the Amendment of the New Mexico Judiciary Public Health Emergency Protocols for the Safe and Effective Administration of the New Mexico Judiciary During the COVID-19 Public Health Emergency*, Order No. 21-8500-015, available at https://www.nmcourts.gov/wp-content/uploads/2021/06/Order-No_-21-8500-015-and-Amended-PHE-Protocols-29-Jun 21.pdf#:~:text=NEW%20MEXICO%20JUDICIARY%20PUBLIC%20HEALTH%20EMERGENCY%20 PROTOCOLS%20EMERGENCY,Face%20Mask%20Requirements.%20On-Site%20Employees%20and%20Telework%20Procedures.

[3]      Available   at   https://www.youtube.com/watch?v=KZ-EhXuOZNM   (last   accessed December 11, 2023).
[4]      Available          at          https://www.youtube.com/watch?v=uuUvl-P2WLo&list=PLEHv5tmOgVtWcbMJjIl2psTeZSGZsMRs0 (last accessed December 11, 2023).

Bennett asked Plaintiff to put on a mask, identify himself, and whether he was recording with a cell phone. [Doc. 29, Ex. A at 4:04-6:45] and [Doc. 38, p. 3-4]. Plaintiff refused to put on a mask, to identify himself, and confirm that he was recording with a cell phone. *Id*. HO Bennett warned Plaintiff that if he continued his misconduct, he may charge Plaintiff with contempt. *Id.* Plaintiff left the courtroom, stating that he would be back. *Id.*

4.      Plaintiff posted videos of his interactions with HO Bennett on his YouTube channel. [Doc. 99, ¶ 14], [Doc. 25-4, ¶ 4], and [Doc. 38, p. 4].

5.      Plaintiff asked the Torrance County Sheriff's Office whether they would be enforcing the mask mandate, who responded, "We're not going to enforce a mask mandate in the courtroom or anywhere else, okay." . [Doc. 29, Ex. A at 0:01] and [Doc. 38, FN 6].

6.      On February 28, 2023, Chief Judge Murphy entered an Administrative Order ("Administrative Order") in the interest of the safety and security of its Judges, Special Commissioners, Hearing Officers, and other Court personnel. *See* [Doc. 99-1]. The Administrative Order further explained that Plaintiff is an obstinate visitor, is banned from the Torrance County District Court unless appearing for a hearing or having specific Court business, and must be escorted by the Torrance County Sheriff's Office while in the building. *Id.* [Doc. 99, ¶¶ 16-18].

7.      On March 1, 2023, Plaintiff received a letter from the Court Executive Officer, Jason Jones ("Mr. Jones"), notifying him that court staff were being harassed on his behalf and provided him a copy of the Administrative Order. [Doc. 99, ¶ 15, 19] *See* [Doc. 99-2].

8.      When Plaintiff visited the Torrance County courthouse in March 2023, the Court Clerk, Susan Rossignol ("Ms. Rossignol"), asked Plaintiff where his law enforcement escort was,

pursuant to the Administrative Order. *See* [Doc. 25-2, ¶ 4[5]]. Plaintiff responded, "Yeah, I'm pretty sure prostitution is illegal in New Mexico. I don't know if you're trying to solicit me right now but I don't appreciate it. As a matter of fact, I think I'll head over to the Sheriff's Department right now and let them know that you're trying to solicit me. Is that what you're doing?" *Id.* Ms. Rossignol gave a copy of the Administrative Order to Plaintiff, who remarked, "I don't know what sua sponte is. I don't know what that is. I think it's something to do with the hooker that they're trying to have walk around the courthouse with me." *Id.* at 5:16.

9.      Plaintiff also entered the Moriarty Magistrate Court for non-court business. Court staff and personnel reported he was being disruptive and threatening in the courthouse. [Doc. 99, ¶ 23]. Specifically, Plaintiff refused to identify himself or sign it, demanded that Judge Craig Davis ("Judge Davis")"get his bitch ass out here", and used expletives while addressing court staff. *See* [Doc.67-1, ¶9].

10.     Chief Judge Murphy amended the Administrative Order to include the courthouses in Torrance County, Catron County, Socorro County, and Sierra County. [Doc. 99, ¶ 22]. *See* Doc. 99-3].

11.     On April 24, 2034, Plaintiff submitted an Inspection of Public Records Act ("IPRA") request calling Judge Davis a "man in black dress" and Chief Judge Murphy a "cunt". Plaintiff provided his request for a sample IPRA request on his YouTube channel. *See* [Doc.67-1, ¶11].

---

[5]      Available at https://www.youtube.com/watch?v=d-lFYUWxXoA (last accessed December 11, 2023). The video Court Clerk Tries to Force an Escort on Me [Doc. 29, Ex. C.], available at https://www.youtube.com/watch?v=HAh-9kQpq6A (last accessed December 11,2023), has been marked private from public viewing.

12.     On May 18, 2023, Plaintiff was removed from hearing over which Chief Judge Murphy was presiding, [Doc. 1, ¶¶ 25-26], due to his previous harassment of court judges and staff, as well for recording court proceedings in violation of Rule 23-107 NMRA and reposting edited versions on his YouTube channel. *See* [Doc.67-1, ¶13].

13.     On May 24, 2023, Judge Shannon Murdock-Poff ("Judge Murdock-Poff") entered an Order Excluding Presence in Cause No. D-722-DV-2019-00050, citing that Plaintiff intended to attend the hearing with the intent to record the proceedings, and specifically banning him from the hearing. [Doc. 99, ¶ 27].

14.     Due to Plaintiff's continued refusal to follow New Mexico Court rules and the Administrative Orders, the Seventh Judicial District Court sent Plaintiff a Notice of Order to Show Cause Hearing set for June 16, 2023. A week before the hearing, Plaintiff filed the present Complaint. Because they were named as Defendants in this matter, Chief Judge Murphy and Judge Murdock-Poff recused themselves from the state court proceedings.

15.     Since entry of the Administrative Orders, Plaintiff has continued to have access the Seventh Judicial District courthouse and continues to video record his visits. *See* [Doc. 67, Ex. A, ¶ 23] and [Doc. 77-6].

16.     On June 9, 2023, Plaintiff filed his Complaint. [Doc. 1]. On November 27, 2023, Plaintiff filed his First Amended Complaint [Doc. 73].

17.     On February 9, 2024, this Court entered its *Order Denying Plaintiff's Renewed Opposed Motion for Leave and Extension of Time to File Sur-Reply, and Granting Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § 1983, Violations of Rights Protected by th New Mexico Civil Rights Act* [Doc. 97].

18.     The Order found that Plaintiff failed to properly serve the Seventh Judicial District, Chief Judge Murphy, Judge Murdock-Poff, and Mr. Jones. *Id.*, pg. 22.

19.     The only claims remaining were Counts II and III as to Ms. Rossignol, for which Plaintiff failed to state a claim. *Id.*, pg. 26.

20.     The Order directed Plaintiff to properly serve the Seventh Judicial District, Chief Judge Murphy, Judge Murdock-Poff, and Mr. Jones. *Id.*, pg. 33.

21.     Counts II and III were dismissed without prejudice, with leave to amend. *Id.*, pg. 34.

22.     On February 21, 2024, Plaintiff filed his Second Amended Complaint. [Doc. 99]. For the purposes of this Motion, Defendants refer to the Second Amended Complaint as Plaintiff's Complaint.

23.     Defense counsel accepted service on behalf of all Defendants on February 21, 2024 [Doc. 100].

## LEGAL ARGUMENT

**I.     THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT STILL FAILS TO STATE A CLAIM.**

The Second Amended Complaint is nearly verbatim of the First Amended Complaint. The only changes are corrections to the numbering, specifying which Defendants Counts I and II are against, the addition of Paragraph 35, changing Count II to violation of free speech claim[6], and the revision of paragraph 40[7]. These minor revisions fail to cure the pleading deficiencies in Plaintiff's First Amended Complaint. *See Dusen v. Cullins*, No. 23-3119-JWL, 2023 U.S. Dist. LEXIS 102921 (D. Kan. June 13, 2023) (finding that plaintiff's amended complaint failed to cure

---

[6]     Even though the heading has changed, the content paragraphs of Count II remain the same with the addition of Paragraph 40.

[7]     Paragraph No. 37 in Plaintiff's First Amended Complaint.

deficiencies set forth in court's memorandum); *Hailes v. Kelly*, No. 23-3111-JWL, 2023 U.S. Dist. LEXIS 123831 (D. Kan. July 18, 2023).(finding that plaintiff's amended complaint fails to state a claim or cure deficiencies of original complaint); *McVey v. Miller*, No. 20-3210-SAC, 2021 U.S. Dist. LEXIS 97574, (D. Kan. May 24, 2021) (finding plaintiff's amended complaint failed to cure the deficiencies and response failed to show good cause why this matter should not be dismissed for failure to state a claim.

Plaintiff still fails to state a claim even after two amendments. *See Fuentes v. Chavez*, 314 F. App'x 143, 145 (10th Cir. 2009) (concluding that "another opportunity to amend would be futile" where the district court told the plaintiff "plainly to add more facts," yet he failed to do so); *Ngatuvai v. Breckenridge*, 446 F. App'x 129, 130 (10th Cir. 2011) (concluding that "dismissal with prejudice was appropriate because [the plaintiff] had been afforded ample opportunity to cure the deficiencies in his . . . complaint"). "There is a limit to how many bites even a pro se plaintiff can have at the apple." *Fuentes*, 314 F. App'x at 145. At this point, even through counsel, Plaintiff has met that limit in this case. Accordingly, the Second Amended Complaint should be dismissed with prejudice.

## II.   DEFENDANTS MERCEDES MURPHY, SHANNON-MURDOCK-POFF, JASON JONES, AND SUSAN ROSSIGNOL ARE ENTITLED TO DISMISSAL OF ALL CLAIMS AGAINST THEM BECAUSE PLAINITIFF FAILS TO ALLEGE HOW THEY PERSONALLY PARTICIPATED IN THE ACTIONS GIVING RISE TO PLAINTIFF'S CLAIMS.

"It is axiomatic that, to prevail on a damages claim for a constitutional violation pursuant to §1983, the plaintiff must show that the defendant, acting under color of state law, 'personally participated in the alleged violation.'" *Robertson v. Las Animas County Sheriff's Dept*., 500 F.3d 185, 1193 (10th Cir.2007) (quoting *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir.1996)). "The plaintiff must show the defendant personally participated in the alleged violation, and conclusory

allegations are not sufficient to state a constitutional violation." *Jenkins*, 81 F.3d at 994. *See also Porro v. Barnes*, 624 F.3d 1322, 1327–28 (10th Cir.2010) ("To establish a violation of §1983...the plaintiff must establish a *deliberate, intentional* act on the part of the defendant to violate the plaintiff's legal rights.") (further quotations omitted) (emphasis added); *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir.2010).

The Tenth Circuit is clear that claims regarding cumulative "defendants" do not establish individual capacity personal participation. In *Brown v. Montoya*, 662 F.3d 1152 (10th Cir. 2011), the Court evaluated a claim where an inmate pled guilty to false imprisonment and served time in the correctional facility. When he was released, his probation officer directed him to register as a sex offender. The plaintiff sued to be removed from the sex offender registry and the sex offender section of the probation department; he prevailed. He then brought suit against the Secretary of Corrections and the probation officer in both their official capacities and their individual capacities. Among other rulings, the district court denied the Secretary's motion to dismiss. On appeal, the Tenth Circuit found that broad claims stated against groups of "defendants" did not establish individual capacity claims against the Secretary. In reversing the district court, the Tenth Circuit relied on *Iqbal* for the proposition that "it is particularly important that the complaint *make clear exactly who is alleged to have done what to whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Id*. at 1163 (quotation removed) (emphasis added).

A review of the Complaint illustrates a lack of allegations regarding the type of participation required to establish individual capacity liability. The complaint makes general, conclusory assertions for relief against Chief Judge Murphy, Judge Murdock-Poff, Mr. Jones, and Ms. Rossignol, but does not assert any factual claims of liability. Plaintiff does not identify specific

actions, beyond conclusory allegations without supporting factual averments, taken by particular defendants that could form the basis of a constitutional violation. Plaintiff mixes the actions of individual defendants and fails to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.

Plaintiff's Complaint, as in *Brown*, "fails to isolate the allegedly unconstitutional acts of" these named defendants. *Id.* at 1165. Accordingly, for the reasons expressed in *Brown*, Plaintiff's Complaint fails to state a plausible claim against the individual capacity defendants because it lacks any substantive allegations that the individual capacity defendants took any individual act which deprived plaintiff of a constitutional right. Further, the complaint contains no allegation which meets the Tenth Circuit's test for personal participation, including knowledge, policy making, deliberate indifference, and personal conduct. Because the Second Amended Complaint contains broad, conclusory allegations, the claims fail to state an individual capacity claim, and the claims against Chief Judge Murphy, Judge Murdock-Poff, Mr. Jones, and Ms. Rossignol should be dismissed.

III.  **COUNTS I AND II SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM AS TO HOW CHIEF JUDGE MURPHY AND JUDGE MURDOCK VIOLATED FREEDOM OF THE PRESS AND SPEECH THROUGH VIEWPOINT DISCRIMINATION AND AS TO HOW DEFENDANTS VIOLATED FREEDOM OF THE PRESS AND SPEECH THROUGH FIRST AMENDMENT RETALIATION.**

Section 1983 provides that a person acting under color of state law who "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. The statute "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n.3, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979); *see also Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (explaining

there can be no violation of Section 1983 because the statute is a remedial vehicle). Section 1983 does not allow plaintiffs to create a federal case out of "every violation of state common law." *Pierce v. Gilchrist*, 359 F.3d 1279, 1285 (10th Cir. 2004).

Accordingly, "[t]he first inquiry in any § 1983 suit…is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker*, 443 U.S. at 140 (quoting 42 U.S.C. § 1983). In Count I, Plaintiff alleges a claim under 42 U.S.C. § 1983 predicated on violations of the First Amendment rights to freedom of the press and speech. Plaintiff alleges that Chief Judge Murphy and Judge Murdock-Poff "engaged in viewpoint discrimination by banning and excluding Plaintiff from a public places and hearings prohibiting him attending and reporting on public matters." [Doc. 99], ¶ 31. In Count II, Plaintiff alleges a claim under 42 U.S.C. § 1983 that Defendants have retaliated against him and deprived Plaintiff of his right to free speech, free press, and petitioning for redress under the First Amendment. *Id.*, ¶¶ 39-41. However, Plaintiff still fails to plead factual allegations concerning any First Amendment violations committed, only conclusory statements. Plaintiff also alleges retaliatory actions but similarly fails to plead any factual allegations concerning retaliatory actions.

Plaintiff fails to state what actions Chief Judge Murphy and Judge Murdock-Poff took that could be characterized as "viewpoint discrimination" or what conduct were "retaliatory actions", much less how Plaintiff was allegedly injured. The Administrative Orders allow Plaintiff to access the Seventh Judicial courthouses and require Plaintiff have a law enforcement escort when he does. Access limited by having a law enforcement escort is not an exclusion from a public place nor a prohibition on reporting on public matters. Indeed, Plaintiff's numerous visits to the Seventh Judicial courthouse in Torrance County since entry of the Administrative Orders, and his own

videos documenting the same, are in contradiction to the allegation that he has been excluded from the courthouse or that he has been prohibited from reporting on those visits.

It is further unclear what actions Defendants took that could be characterized as "retaliatory efforts". Plaintiff claims that the cover letters for the Administrative Orders were threatening. [Doc. 99], ¶ 40. A plain reading of those letters show that they were merely providing Plaintiff notice of the Administrative Orders. *See generally*, [Doc. 99-2] and [Doc. 99-4]. Plaintiff claims that Defendants had refused to allow him to inspect public records, [Doc. 99], ¶ 40, but gives no factual allegations other than a conclusory accusation. Plaintiffs claims that Defendants called New Mexico State Police to threaten and endanger his life, and that Defendants closed the Seventh Judicial District courthouse to "[cut]" off his ability to petition his government." [Doc. 99], ¶ 40. On October 31, 2023, a visitor entered the courthouse with a firearm. *See* [Doc. 67], Exhibit D at 24:12. Because an armed visitor entered the courthouse, it was reasonable to close the courthouse and call law enforcement for assistance. Plaintiff claims that Defendants excluded him from hearings in retaliation. [Doc. 99], ¶ 40. However, Plaintiff was denied access to the May 18, 2023 hearing due to his previous disruptive and harassing behavior, as well as his recording of court proceedings[8]. [Doc. 67-1], ¶ 12. Plaintiff was denied access to the May 23, 2023 hearing because he intended to record the proceedings. [Doc. 99-5]. Despite the harassment Defendants have experienced from Plaintiff., none of the Defendants, nor anyone on their behalf, has reported Plaintiff's YouTube videos. *See* [Doc. 67-1], ¶24; [Doc. 77-1], ¶17; [Doc. 77-5], ¶10.Thus, Plaintiff fails to show how these alleged efforts were retaliatory.

---

[8]     New Mexico Courts prohibit the recording and rebroadcasting of hearings. *See* New Mexico Courts, *Courtroom Conduct, Security, and Attire*, https://www.nmcourts.gov/ccsa/ (last visited March 6, 2024); *See also* New Mexico Judiciary Remote Proceedings and Meetings Standards, No. 10, available at https://supremecourt.nmcourts.gov/wp-content/uploads/sites/3/2023/10/Remote-Appearance-Standards.pdf.

The First Amendment is violated when a governmental actor precludes constitutionally protected speech because of the viewpoint expressed. *See Pahls v. Thomas*, 718 F.3d 1210, 1230 (10th Cir. 2013) (discussing *mens rea* requirement); *Monteiro v. City of Elizabeth*, 436 F.3d 397, 404-05 (3rd Cir. 2006). However, Plaintiff has not pled facts that demonstrate how Chief Judge Murphy or Judge Murdock-Poff have precluded his speech nor what viewpoint he is not allowed to express. The Administrative Orders were issued after incidents wherein Plaintiff had disrupted a hearing, refused to wear a mask, secretly recorded hearings, posted recordings of hearings, snuck his cell phone into the courthouse, and harassed court staff. Each incident of misconduct is disruptive; collectively, the misconduct interferes with court business and does not qualify as "speech".

Prohibiting such conduct is not viewpoint biased, nor even remotely qualifies as speech. Plaintiff's misconduct expressly violates the New Mexico Court rules, and his blatant disregard for court rules necessitated a reasonable limit on his access to the courthouse. [Doc. 67-1], ¶ 19. Notably, Plaintiff has not been denied access to the Seventh Judicial courthouses altogether. Because of his misconduct, Plaintiff is required to have a law enforcement escort while visiting the Seventh Judicial courthouses for official court business. *See generally*, [Doc. 99-1] and [Doc. 99-3]. Nowhere do the Administrative Orders state that Plaintiff is prohibited from expressive activities[9]. *Id*.

The function of a courthouse and its courtrooms is principally to facilitate the smooth operation of a government's judicial functions. A courthouse serves

to provide a locus in which civil and criminal disputes can be adjudicated. Within this staid environment, the presiding judge is charged with the responsibility of maintaining proper

---

[9]     With respect to the YouTube complaint, Defendants have not reported any of Plaintiff's videos. As Plaintiff has stated, thousands of viewers have seen his videos and any one of them could have submitted the report.

order and decorum. In carrying out this responsibility, the judge must ensure that the courthouse is a place in which rational reflection and disinterested judgment will not be disrupted…The proper discharge of these responsibilities includes the right (and, indeed, the duty) to limit, to the extent practicable, the appearance of favoritism in judicial proceedings, and particularly, the appearance of political partiality.

*Berner v. Delahanty*, 129 F.3d 20, 26 (1st Cir. 1997) (citations and internal quotation marks omitted), cert. denied, 523 U.S. 1023, 140 L. Ed. 2d 470, 118 S. Ct. 1305 (1998). These purposes are likely to be incompatible with expressive activities inside a courthouse. Other courts have concluded on this basis that the interior of a courthouse is not a public forum. *See United States v. Grace, 461 U.S. 171, 178-80, 75 L. Ed. 2d 736, 103 S. Ct. 1702 (1983) Grace,* (involving Supreme Court building and grounds); *Sammartano v. First Judicial Dist. Court*, 303 F.3d 959, 966 (9th Cir. 2002) (holding that judicial and municipal complexes are nonpublic forums); *Sefick v. Gardner*, 164 F.3d 370, 372 (7th Cir. 1998) ("The lobby of the…courthouse is not a traditional public forum or a designated public forum, not a place open to the public for the presentation of views…*It is a nonpublic forum*." (citation and internal quotation marks omitted)(emphasis added), cert. denied, 527 U.S. 1035, 144 L. Ed. 2d 794, 119 S. Ct. 2393 (1999); *Berner*, 129 F.3d at 26 ("A courthouse—and, especially, a courtroom—is a nonpublic forum.").

The fact that the public is admitted into the courthouse during specified hours does not render it a public forum. As a nonpublic forum, the government retains the right to regulate conduct for the maintenance of the courthouse's particular official uses. Defendants reassert that Plaintiff's misconduct (disrupting a hearing, refusing to wear a mask, secretly recording hearings, posting recordings of hearings, bringing prohibited devices into the courthouse, and harassing court staff) is not speech. Even when Plaintiff violates New Mexico Court rules, he is able to say and publish what he wants, as evidenced on his YouTube channel and wherever else Plaintiff may post. However, that does not mean that his misconduct is condoned or welcome in the courthouse.

Because there was no speech, Plaintiff has not been deprived of a right secured by the Constitution and laws, specifically the First Amendment. Accordingly, Counts I and II should be dismissed.

## IV.    COUNT III SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM AS TO HOW DEFENDANTS VIOLATED HIS PROCEDURAL DUE PROCESS.

In Count III, Plaintiff alleges a claim under 42 U.S.C. § 1983 predicated on procedural due process violations. [Doc. 99]. ¶¶ 43-48. The heading of Count III of the Second Amended Complaint still does not specify which Defendants Count III is asserted against, but Chief Judge Murphy, Judge Murdock-Poff, Mr. Jones, and Ms. Rossignol are the Defendants named in Count III. Plaintiff states that Administrative "Orders issued by Defendants Murphy, Murdock-Poff, Jones and Rossignol deprive Plaintiff his fundamental liberty interests in speech, press and petitioning without due process of law, based solely upon discretion of the Defendants." *Id*. ¶ 47. Similar to Counts I and II, there are no factual allegations pled in the Complaint concerning any procedural due violations committed, only conclusory statements, and it is unclear what actions any Defendant took that could be characterized as such.

In "assess[ing] whether an individual was denied procedural due process, courts must engage in a two-step inquiry," first asking whether "the individual possess[ed] a protected interest such that the due process protections" apply. *Brown v. Montoya*, 662 F.3d 1152, 1167 (10th Cir. 2011). The second part of the test is whether "the individual [was] afforded an appropriate level of process." *Id.* at 1167.

As discussed above, the courthouse is a limited public forum. Therefore, public access can be limited. Here, Plaintiff does not possess a protected interest such that due process protections apply. *See Brewer v. U.S. Marshals Courthouse Sec.*, No. 3:15-cv-00497-MCR-EMT, 2015 U.S. Dist. LEXIS 160213, 2015 WL 7731468, at *3 (N.D. Fla. Nov. 12, 2015) ("[S]imply because [the

plaintiff] is a member of the public, she has no constitutionally protected liberty interest in unrestricted and unlimited access to a federal courthouse."), report and recommendation adopted, No. 3:15-cv-00497-MCR-EMT, 2015 U.S. Dist. LEXIS 160211, 2015 WL 7734136 (N.D. Fla. Nov. 30, 2015)). Plaintiff is still able to access the Seventh Judicial District courthouses for official court business, provided that he is accompanied by a law enforcement escort. *See Gessner v. Plummer, No. 3:10-cv-223, 2011 U.S. Dist. LEXIS 75538, at \*26 (S.D. Ohio June 1, 2011)* ("The right to be present is not the same as a right to be there unaccompanied."). Plaintiff cites no authority which grants him unlimited access to the courthouse. Failing this first part of the test, Plaintiff does not have a due process claim and Count III should be dismissed.

Even though the second part of the test need not be address, Defendants assert that Plaintiff was afforded an appropriate level of process. The Seventh Judicial District courthouse in Torrance County had, and currently has, signs posted at the entrance of the courthouse of the New Mexico Court rules such as the prohibition of cell phones and recording devices, and the mask requirement during the time the mandate was in effect. These New Mexico Court rules and others, are publicly available and can also be accessed online. Therefore, Plaintiff had notice of the rules and was afforded an appropriate level of process. *See Reagan Outdoor Advert. v. Salt Lake City Corp.*, No. 2:19-cv-00435, 2021 U.S. Dist. LEXIS 24128, at \*7 (D. Utah Feb. 6, 2021), citing *United States v. Locke*, 471 U.S. 84, 108, 105 S. Ct. 1785, 85 L. Ed. 2d 64 (1985) ("In altering substantive rights through enactment of rules of general applicability, a legislature generally provides constitutionally adequate process simply by enacting the statute, publishing it, and, to the extent the statute regulates private conduct, affording those within the statute's reach a reasonable opportunity both to familiarize themselves with the general requirements imposed and to comply with those requirements." Even though Plaintiff had notice that his conduct violated New Mexico

Court rules, he chose to contemptuously violate them. Because Defendants met the low threshold of process, they did not deny federal constitutional due process.

Plaintiff's claim for due process violations fails under both parts of the test. Accordingly, Count III should be dismissed.

**V.     COUNT IV SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM AS TO HOW THE SEVENTH JUDICIAL DISTRICT VIOLATED THE STATE CONSTITUTION OF NEW MEXICO.**

In Count IV, Plaintiff alleges that the Seventh Judicial District has violated his state constitutional rights. [Doc. 99], ¶¶ 49-52. Although Plaintiff references Article II, Sections 17, 18, and 23 of the New Mexico Constitution in the heading, he cites only to Section 17 in his Complaint. *Id.* ¶ 51. The relevant section cited states, "Every person may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that right; and no law shall be passed to restrain or abridge the liberty of speech or of the press." N.M. Const. Art. II, § 17. As discussed above, Defendants have not prohibited from speaking, writing, or publishing his sentiments on any subject. The Administrative Orders address Plaintiff's conduct, not speech. Plaintiff provides no allegations or factual averments to support any state constitutional violations.

With respect to N.M. Const. Art. II, § 18 ("No person shall be deprived of life, liberty or property without due process of law; nor shall any person be denied equal protection of the laws" and N.M. Const. Art. II, § 23 ("The enumeration in this constitution of certain rights shall not be construed to deny, impair or disparage others retained by the people"), Plaintiff similarly provides no allegations or factual averments to support any state constitutional violations. As discussed above, Plaintiff had sufficient notice of the New Mexico Court rules and blatantly disregarded them. Defendant therefore did not violate Plaintiff's due process rights.

Plaintiff's state constitutional claims suffer the same deficiencies as his federal claims in that he fails to state a claim. Rather, Plaintiff relies on conclusory statements instead of providing factual allegations. Accordingly, Count IV should be dismissed.

**CONCLUSION**

Plaintiff's Second Amended Complaint still does not assert any factual allegations against any Seventh Judicial District official or employee upon which relief may be granted. For the reasons described above, Defendants are entitled to dismissal of Plaintiff's Complaint.

**WHEREFORE**, Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Susan Rossignol request that this Court dismiss Plaintiff's Second Amended Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § Violation s of Rights Protected by the New Mexico Civil Rights Act;  award Defendants their costs and fees associated with responding to Plaintiffs' Complaint, and grant all other relief this Court deems just and proper.

Respectfully submitted,

**GARCIA LAW GROUP, LLC**

*/s/ Jade Delfin*
Bryan C. Garcia
Rodney L. Gabaldon
Jade Delfin
*Attorneys for Defendants*
6739 Academy Road NE, Suite 200
Albuquerque, NM 87109
(505) 629-1576 / (505) 652-1337 (fax)
bgarcia@garcialawgroupllc.com
rgabaldon@garcialawgroupllc.com
jdelfin@garcialawgroupllc.com

I hereby certify that on this 6th day of
March, 2024, the foregoing was filed
via the CM/ECF system and served via
email to the following:

WESTERN AGRICULTURE, RESOURCE
AND BUSINESS ADVOCATES, LLP
A. Blair Dunn, Esq.
Jared R. Vander Dussen, Esq.
400 Gold Ave SW, Suite 1000
Albuquerque, NM 87102
(505) 750-3060
abdunn@ablairdunn-esq.com
warba.llp.jared@gmail.com

-and-

ZACH COOK, LLC
Zach Cook
1202 Sudderth # 425
Ruidoso, NM 88345
(575) 937-7644
zach@zachcook.com

*Attorneys for Plaintiff*

*/s/ Jade Delfin*
Jade Delfin