IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES SPRINGER,

        Plaintiff,

v.

                                              Civil Action No. 1:23-cv-00499-MIS-JMR

SEVENTH JUDICIAL DISTRICT COURT,
MERCEDES MURPHY,
SHANNON MURDOCK-POFF, JASON JONES,
and SUSAN ROSSIGNOL,

        Defendants.

**RESPONSE TO MOTION TO DISMISS ECF DOC. NO. 105**

COMES NOW, Plaintiff, through undersigned counsel, with his Response to the Motion to Dismiss, ECF Doc. No. 77, and for his reasons states:

**INTRODUCTION**

As with the previously filed versions (ECF Doc, Nos. 57 and 77) of the instant Motion to Dismiss Doc. 105, asks this Court to not only weigh the facts contained in the pleadings, but asks this Court to go outside the pleadings to consider facts and evidence. As such, in the event that this Court were to treat the instant Motion as a motion for summary judgment under Rule 56, Plaintiff hereby incorporates all factual support he has offered in his Motions for injunctive relief or in response to any other motions lodged by the Defendants in this matter as disputing the facts offered by Defendants in the instant Motion. What is clear is that neither summary judgment (because there are genuinely disputed material facts at issue) or dismissal pursuant to Rule 12(b)(6) are appropriate at this juncture. Because Defendant has framed the instant motion as a Rule 12(b)(6) Motion, Plaintiff proceeds to address the Motion as if the Court is construing the facts in Plaintiff's favor, as it must in evaluating dismissal via Rule 12(b)(6) to only address the arguments

1

of Defendants as a matter of law.

## LAW REGARDING MOTIONS TO DISMISS UNDER RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)(*citing Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991)). The complaint's sufficiency is a question of law, and, when considering a rule 12(b)(6) motion, a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the nonmoving party, and draw all reasonable inferences in the plaintiff's favor. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pled factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." (*citing Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006)).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. " 'At the motion-to-dismiss stage, the court does not weigh the evidence,' and 'is interested only in whether it has jurisdiction and whether the [p]laintiffs plead a claim to relief that is plausible on its face.' "

*Rivero v. Bd. of Regents of Univ. of New Mexico*, No. CIV 16-0318 JB\SCY, 2019 WL 1085179, at *47 (D.N.M. March 7, 2019)(Browning, J.)(*quoting Begay v. Pub. Serv. Co. of N.M.*, 710 F. Supp. 2d 1161, 1199 (D.N.M. 2010)(Browning, J.)).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570, 127 S.Ct. 1955; *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). This standard requires "'more than a sheer possibility that a defendant has acted unlawfully.'" *Nowell v. Medtronic Inc.*, 372 F.Supp.3d 1166, 1245 (D.N.M. 2019)(Browning, J.)(quoting Ashcroft v. Iqbal, 556 U.S. at 678, 129 S.Ct. 1937). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis omitted). "A court will not construe a plaintiff's pleadings 'so liberally that it becomes his advocate.'" *Rivero v. Bd. of Regents of Univ. of New Mexico*, 2019 WL 1085179, at *48 (*quoting Bragg v. Chavez*, No. CIV 07-0343 JB/WDS, 2007 WL 5232464, at *25 (D.N.M. Aug. 2, 2007)(Browning, J.)). The Tenth Circuit has stated:

> "'[P]lausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citations omitted)(*quoting Bell Atl.*

*Corp. v. Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). *See Gallegos v. Bernalillo Cnty. Bd. of Cnty. Comm'rs*, 278 F. Supp. 3d 1245, 1259 (D.N.M. 2017)(Browning, J.).

## ARGUMENT

I.  **Plaintiff's Pleading Satisfies *Iqbal* and *Twombly* While Curing the Deficiencies Set Forth by the Court in Its MOO, ECF Doc. No. 97**

Though the Defendants' Motion is completely opaque and does not set forth any explanation as to how Plaintiff's operative Amended Complaint does not resolve the Court's requirements, Plaintiff endeavors herein to explain why it does to respond to the Motion. The Court's MOO finds:

> Count II claims that "Defendants" violated Plaintiff's substantive due process rights, id. ¶ 38, and Count III alleges that "[t]he Orders issued by Defendants Murphy, Murdock-Poff, Jones and Rossignol deprive Plaintiff his fundamental liberty interests in speech, press and petitioning without due process of law . . . [,]" id. ¶ 44. Thus, the Court will confine its analysis to whether Counts II and III state a claim against Defendant Rossignol.
>
> …
>
> Here, Count II is explicitly predicated on specific constitutional protections—to wit, "free speech, free press and petitioning for redress under the First Amendment . . . ." ECF No. 73 ¶ 36. Plaintiff has failed to allege or argue an independent substantive due process challenge to Defendant's alleged retaliation. For that reason alone, the Court finds that Count II fails to state a claim for substantive due process violations against Defendant Rossignol upon which relief can be granted.
>
> …
>
> Because Count II attempts to shoehorn an alleged First Amendment violation into a substantive due process claim, the Court finds that Count II violates Rule 8 in that it fails to give Defendant Rossignol fair notice of the First Amendment claim against her… Second, the Parties' briefs do not analyze Count II under First Amendment standards. Dismissing Count II with leave to replead it as a First Amendment claim will give the Parties the opportunity to properly brief the issue to the Court, if Defendants believe that the repleaded claim is subject to dismissal.

MOO at 26-30. Whereas, the Plaintiff, repleaded Count II as to all Defendants as a First Amendment Retaliation claim stating specifically that:

> 40. Defendants Jason Jones and Susan Rossignol have each undertaken retaliatory

4

> efforts (Jones to issue threatening letters designed to chill Plaintiff's exercise of speech, press and petitioning and Rossignol to refuse Plaintiff's statutory right to inspect public records, to give false reports to state police about Plaintiff being an armed threat endangering his life, and cutting off his ability to petition his government by closing the government office during normal business hours when Plaintiff was present.) Upon information, all retaliatory efforts, including excluding Plaintiff from Defendant Murdock-Poff's public hearing were undertaken at the direction and in agreement with Defendant Murphy.

Doc. 99 at 11. The Court's MOO goes on to state that:

> As previously stated, Plaintiff cites only one allegation in the Amended Complaint that speaks to Defendant Rossignol's personal participation in the conduct giving rise to Plaintiff's procedural due process claim.

MOO at 31. And in Response Plaintiff added paragraph nos. 28 – 35 which plausibly allege actions taken by the Defendants (including Defendant Rossignol personally) to abridge his fundamental rights to speech, press and petitioning without affording him *any* procedural due process before or after infringing upon those rights.

## II. Plaintiff's Complaint Contains Allegations for Personal Actions By Each Defendant that *Satisfy Iqbal* and Twombly.

Again, Plaintiff has a hard time deciphering the Motion to understand what plausibly pleaded factual allegations taken as true are missing to establish personal actions taken by each of these Defendants. The Second Amended Complaint contains allegations in Nos. 15-21, 26, 32, 35, 40, and 47 that plausibly discuss personal involvement or actions taken by Defendant Murphy which, if taken as true, plausibly support the claims in SAC.  As to Defendant Murdock-Poff, the SAC  contains allegations in Nos. 27, 32, 40, and 47 that plausibly discuss personal involvement or actions taken by Defendant Murdock Poff which, if taken as true, plausibly support the claims in SAC. As to Defendant Jones, the SAC contains allegations in Nos. 19, 20, 22, 23, 32, and 40 that plausibly discuss personal involvement or actions taken by Defendant Jones which, if taken as true, plausibly support the claims in SAC.  As to Defendant Rossignol, the SAC contains

allegations in Nos. 28-30, 32, 35, and 40 that plausibly discuss personal involvement or actions taken by Defendant Rossignol which, if taken as true, plausibly support the claims in SAC.

### III.  Defendants' Motion Asks the Court to Construe Facts Contrary to Rule 12(b)(6)

Here, Defendants' Motion is dependent upon the Court construing facts to find that Plaintiff engaged in misconduct that justified the Defendants various actions to *abridge* Plaintiff from engaging in reporting, by excluding him from hearings or making his ability to report on hearings or the goings on of the district courthouses difficult.  Defendants imply that because they have not completely deprived Plaintiff of all hearings that they have not *abridged* his rights to press.  But there is no holding from this Circuit or the Supreme Court that minimizes and therefore makes some abridgement acceptable.  As discussed more fully in the previous Response and incorporated herein again, the proper course for correcting misconduct in the Court house is contempt.  Not exclusionary orders, threatening letters that falsely state that Plaintiff has threatened anyone, or denying Plaintiff his statutory right (IPRA under NM law) to petition the government for public records. Yet, instead, the Defendants, all of them, angered by the content of Plaintiff's reporting and speech, took measures as clearly pleaded in the SAC to censor or abridge Plaintiff's speech and reporting.  It is not <u>plausible</u> for *Defendants* to allege that all of the actions taken by them to exclude or deny Plaintiff access or to impair and harass his access for reporting taken months after he entered the Court room **one time** without a mask and recorded a proceeding, were because of that singular incident and had nothing to do with the content of his reporting.  The insistent discussion of things that Plaintiff has said about them long after that singular incident that they find offensive betrays that Plaintiffs allegations of retaliation are beyond a doubt the truth regarding the motivations of the Defendants.

### IV.  Defendants Have Afforded Plaintiff *Zero* Due Process Before Abridging His

6

**Rights to Speech, Press and to Petition.**

Defendants' Motion proceeds to erroneously argue *why* Plaintiff was not owed *any* procedural due process. Defendants' motion seems to concede that Defendants owe members of the public due process if they are going to curtail fundamental liberties to speech, press and to petition the government for redress, but then seems to muddle that freedom with unlimited access, which is not what Plaintiff has pleaded. To be sure, Defendants' may, subject to certain constitutional scrutiny, limit a person's constitutional freedoms, but what they may not do is limit one specific person's fundamental liberties without affording that person some sort of procedural due process before and after they take the actions to restrain or abridge those freedoms. Here, beyond question, Defendants took actions that limit or in some instance completely abridge <u>*only*</u> Plaintiff's liberty, not the public's, through some generally applicable rule. Excluding him, and only him, from reporting on a public hearing, for example, without opportunity for a hearing before he was excluded, with no opportunity for appeal, does not satisfy the Supreme Court's test for procedural due process. The Supreme Court recently reiterated that citizens are entitled to procedural due process when they are deprived of liberty stating:

> Here, the specific constitutional right allegedly infringed is procedural due process. A procedural due process claim consists of two elements: (i) deprivation by state action of a protected interest in life, liberty, or property, and (ii) inadequate state process. See *Zinermon v. Burch*, 494 U.S. 113, 125, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). Importantly, the Court has stated that a procedural due process claim "is not complete when the deprivation occurs." *Id.*, at 126, 110 S.Ct. 975. Rather, the claim is "complete" only when "the State fails to provide due process." *Ibid.*

*Reed v. Goertz*, 598 U.S. 230, 236, 143 S. Ct. 955, 961, 215 L. Ed. 2d 218 (2023). Yet, the Motion says nothing of *any* process, much less any adequate process, that the Defendants provided to Plaintiff either before or after they issued orders or refused services to Plaintiff to limit or abridge his fundamental liberties.

7

**V.      Defendants' Inability to See How Their Actions *Restrain* or *Abridge* Liberty of Speech or Press is Troubling**

As noted above, Defendants' Motion rests on the premise that, as long as they have not ***completely prohibited*** Plaintiff from speech, press or petitioning, then they have not violated his civil rights. But, that premise enjoys absolutely no support in either the United States Constitution or the New Mexico Bill of Rights as part of the plain language of either document. In what should be obvious to these Defendants, as part of the New Mexico judiciary, the Bill of Rights does not say that     *no law shall be passed to **bar or completely prohibit** the liberty of speech or of the press.* W     hat it clearly provides is that "no law shall be passed ***to restrain or abridge*** the liberty of speech or of the press." N.M. Const. Art. II, § 17 (emphasis added).  It is either disingenuous or deeply concerning that members of the judicial branch cannot discern from pleadings how excluding a member of the press from a hearing or limiting a member of the press's speech through retaliation to treat them like a criminal, requiring law enforcement supervision out of retaliation for the content of that speech on YouTube, does not ***restrain or abridge*** Plaintiff's rights here. Likewise, how they can *restrain or abridge* **only** Plaintiff's rights without giving him ***any*** sort of process before or after without it being a denial of due process of law does not violate the Bill of Rights.  The fact that there is <u>no</u> citation in the Motion to support such a premise betrays that the contention is utterly meritless.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in ECF Doc. Nos. 68 and 86, the Motion, ECF Doc. No. 105 should be denied.

Respectfully submitted,

WESTERN AGRICULTURE, RESOURCE
AND BUSINESS ADVOCATES, LLP

8

        */s/ A. Blair Dunn*
        A. Blair Dunn, Esq.
        Jared R. Vander Dussen, Esq.
        400 Gold Ave SW, Suite 1000
        Albuquerque, NM 87102
        (505) 750-3060
        abdunn@ablairdunn-esq.com
        warba.llp.jared@gmail.com

        Zach Cook, LLC

        */s/ Zach Cook*
        Zach Cook
        1202 Sudderth # 425
        Ruidoso, NM 88345
        (575) 937-7644
        zach@zachcook.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2023, I filed the foregoing via the CM/ECF causing all parties of record to be served electronically.

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.