IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES SPRINGER,

      Plaintiff,

v.                                              No. 1:23-cv-00499-MIS-JMR

SEVENTH JUDICIAL DISTRICT COURT
MERCEDES MURPHY,
SHANNON MURDOCK-POFF,
JASON JONES, and SUSAN ROSSIGNOL,

      Defendants.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C.A §1983; VIOLATIONS OF RIGHTS PROTECTED BY THE NEW MEXICO CIVIL RIGHTS ACT**

    COMES NOW Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Susan Rossignol (collectively hereinafter "Defendants"), by and through their counsel of record, Garcia Law Group, LLC (Bryan C. Garcia, Rodney L. Gabaldon, and Jade Delfin), hereby submit their Reply in support of their Motion to Dismiss Plaintiff's Second Amended Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § Violations of Rights Protected by the New Mexico Civil Rights Act.

**INTRODUCTION**

    This action is about an obstinate visitor to the Seventh Judicial District Court ("7th JDC"), whose access was reasonably restricted after multiple incidents of disruption to the business of the court, failure to follow court rules, and harassment of court staff. Even after two attempts to amend

his Complaint, Plaintiff still fails to state a claim for which relief may be granted. and still fails to assert any factual allegations beyond bare conclusory statements. For these reasons, Plaintiff's Complaint should be dismissed.

## DISCUSSION

### I. THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT STILL FAILS TO STATE A CLAIM.

Plaintiff's Second Amended Complaint fails to cure the deficiencies in the original Cormplaint and the First Amended Complaint. "In considering a motion to dismiss, all well-pleaded factual allegations, *as distinguished from conclusory allegations*, are accepted as true and viewed in the light most favorable to the nonmoving party." *Charles W. v. United Behavioral Health*, 2019 U.S. Dist. LEXIS 218564, 2019 WL 6895331, *1 (D. Utah Dec. 18, 2019) (citing *GFF Corp v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997)) (emphasis added). Plaintiff claims that Defendants violated his rights but, like his two previous attempts, fails to plausibly plead how Defendants allegedly did no. Simply stating that Defendants violated Plaintiff's rights does not make it so.

At this point, Plaintiff has had multiple bites at the proverbial apple and should not have another. "A court may deny leave [to amend] on account of 'undue delay, bad faith or dilatory motive on the part of the movant, *repeated failure to cure deficiencies by amendments previously allowed*, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment.'" *Hasan v. AIG Property Cas. Co.*, 935 F.3d 1092, 1101 (10th Cir. 2019) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)) (first and second brackets added, subsequent brackets in original). Applying this standard, this Court having previously afforded Plaintiff two opportunities to amend its earlier complaints and Plaintiff

having failed to cure the previous deficiencies, Plaintiff's claims should be dismissed with prejudice.

## II. PLAINTIFF STILL FAILS TO ALLEGE HOW DEFENDANTS MERCEDES MURPHY, SHANNON-MURDOCK-POFF, JASON JONES, AND SUSAN ROSSIGNOL PERSONALLY PARTICIPATED IN THE ACTIONS GIVING RISE TO PLAINTIFF'S CLAIMS.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that Plaintiff is entitled to relief. "The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Ashcroft v. Iqbal, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 1949 (2009) (internal citations and quotes omitted). Further, "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.*

Neither Plaintiff's Second Amended Complaint nor his Response to Defendants' Motion to Dismiss Second Amended Complaint articulate how Chief Judge Murphy, Judge Murdock-Poff, Mr. Jones, and Ms. Rossignol engaged in the type of participation required to establish individual capacity liability. Further, Plaintiff does not plead allegations that would support his claims of First Amendment or due process violations, or even retaliation or conspiracy. Rather, Plaintiff relies on broad, conclusory assertions of wrongdoing by Defendants, collectively and individually, but without any factual allegations to support those claims. Such bare assertions and conclusory statements are insufficient. *See Khalik v. United Air Lines,* Civil Action No. 10-cv-01490-DME-MJW, 2010 U.S. Dist. LEXIS 129598, at *6-7 (D. Colo. Dec. 7, 2010) (finding that plaintiff's complaint is devoid of factual support for her discrimination claim, and that allegations that are legal conclusions, bare assertions, or conclusory statements are not entitled to be assumed true under Iqbal)*; see also Edwards v. Prime, Inc.,* 602 F.3d 1276, 1301 (11th Cir. 2010) (explaining

that "[a]n introductory conclusion cannot take the place of factual allegations in stating a plausible claim for relief").

### III.  PLAINTIFF'S SECOND AMENDED COMPLAINT FAILS TO PLEAD FACTUAL ALLEGATIONS FOR A FIRST AMENDMENT RETALIATION CLAIM.

Again, merely stating Defendants engaged in First Amended retaliation does not make it so. The Tenth Circuit has stated that "any form of official retaliation for exercising one's freedom of speech, including prosecution, threatened prosecution, bad faith investigation, and legal harassment, constitutes an infringement of that freedom." *Lackey v. County of Bernalillo*, 1999 U.S. App. LEXIS 75, No. 97-2265, 1999 WL 2461, at **3 (10th Cir. Jan. 5, 1999). A First Amendment retaliation claims requires proof of the following elements: (1) that the plaintiff "was engaged in constitutionally protected activity"; (2) that the defendant's actions caused the plaintiff "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) that the "defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Id.* That approach has been followed by other circuits. *See, e.g, Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1283, 1300-01 (9th Cir. 1999); *Bloch v. Ribar*, 156 F.3d 673, 678 (6th Cir. 1998).

Plaintiff's Complaint lacks factual allegations to meet these elements. First, Plaintiff fails to plead how disrupting a hearing already in progress, entering the courthouse without a mask as required by state mandate, sneaking a cellphone into the courtroom to secretly record his visit, and harassing and threatening court personnel is constitutionally protected activity. Further, courthouses universally prohibit recording devices so Plaintiff cannot show that it is his constitutionally protected right to violate court rules. Second, Plaintiff fails to plead how Defendants' actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity. To this day, Plaintiff is permitted access to the Seventh

Judicial District Court, provided that he is there for official court business and is escorted by law enforcement. Despite the New Mexico court rules prohibiting recording devices, Plaintiff continues to film in the courthouses and post his videos on YouTube. Although Plaintiff may feel inconvenienced by the justified and reasonable restrictions to the Seventh Judicial District courthouse, inconvenience is not an injury. Finally, Plaintiff fails to plead how Defendants' adverse action was substantially motivated as a response to Plaintiff's exercise of constitutionally protected conduct. As described in Defendants' Motion, and throughout the record, the Administrative Orders were motivated by Plaintiff's egregious misconduct in the courthouse and his ongoing disregard for court rules. Having failed to do more than make broad, conclusory statements, Plaintiff's claim for First Amendment retaliation fails and should be dismissed.

## IV. PLAINTIFF'S SECOND AMENDED COMPLAINT FAILS TO PLEAD FACTUAL ALLEGATIONS FOR A PROCEDURAL DUE PROCESS CLAIM.

As stated above, merely stating Defendants violated Plaintiff's due process rights does not make it so. The two-part inquiry for due process violation in *Brown v. Montoya*, 662 F.3d 1152, 1167 (10th Cir. 2011) requires (1) whether the individual possessed a protected interest such that the due process protections apply, and (2) whether the individual was afforded an appropriate level of process. Plaintiff's Complaint and Response still broadly assert that Defendants violated his due process rights.

However, Plaintiff's Complaint lacks factual allegations to meet the *Brown* test. First, the courthouse is a limited public forum so public access can be limited. Plaintiff fails to plead how limited access to the courthouse grants him protected interest such that the due process protections apply. Accordingly, Plaintiff does not possess a protected interest such that due process protections apply. *See Brewer v. U.S. Marshals Courthouse Sec.*, No. 3:15-cv-00497-MCR-EMT, 2015 U.S. Dist. LEXIS 160213, 2015 WL 7731468, at *3 (N.D. Fla. Nov. 12, 2015). Second, fails to plead

how he was not afforded an appropriate level of process. The Seventh Judicial District Court had signs posted by the doors and the New Mexico Court have made its rules publicly available. Such postings were sufficient to put Plaintiff on notice that his misconduct was prohibited at the courthouse and provide constitutionally adequate process simply by enacting the statute and publishing it. Therefore, Plaintiff had a reasonable opportunity both to familiarize himself with the general requirements imposed and to comply with those requirements because Plaintiff did not have a protected interest such that due process protection would apply and because afforded an appropriate level of process of the rules for a New Mexico courthouse, Plaintiff's claim for violation of due process fails and should be dismissed.

V. **PLAINTIFF STILL FAILS TO STATE A CLAIM AS TO HOW THE SEVENTH JUDICIAL DISTRICT VIOLATED THE STATE CONSTITUTION OF NEW MEXICO.**

Plaintiff's state constitutional claims suffer the same deficiencies as his federal claims in that he fails to state a claim. The relevant sections of the New Mexico state constitution are the state equivalents to Plaintiff's federal free speech and due process claims.  Rather, Plaintiff relies on conclusory statements instead of providing factual allegations. With respect to free speech, Defendants have not prohibited from speaking, writing, or publishing his sentiments on any subject. The Administrative Orders address Plaintiff's conduct, not speech. The restrictions to the courthouse require Plaintiff to have a law enforcement escort and do not prohibit Plaintiff from speaking, writing, or publishing on any platform. With respect to due process, Plaintiff had sufficient notice of the New Mexico Court rules and blatantly disregarded them. Plaintiff provides no allegations or factual averments to support any state constitutional violations, and his violation of the state constitution claim should be dismissed.

## CONCLUSION

Plaintiff still has not asserted any factual allegations against any Seventh Judicial District official or employee upon which relief may be granted. Despite multiple opportunities, Plaintiff has not cured the deficiencies in his Complaint. For the reasons described above, Defendants are entitled to dismissal with prejudice of Plaintiff's Second Amended Complaint.

**WHEREFORE**, Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Suan Rossignol request that this Court dismiss Plaintiff's Second Amended Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § Violation s of Rights Protected by the New Mexico Civil Rights Act; award Defendants their costs and fees associated with responding to Plaintiffs' Complaint, and grant all other relief this Court deems just and proper.

Respectfully submitted,

**GARCIA LAW GROUP, LLC**

*/s/ Bryan C. Garcia*
Bryan C. Garcia
Rodney L. Gabaldon
Jade Delfin
*Attorneys for Defendants*
6739 Academy Road NE, Suite 200
Albuquerque, NM 87109
(505) 629-1576 / (505) 652-1337 (fax)
bgarcia@garcialawgroupllc.com
rgabaldon@garcialawgroupllc.com
jdelfin@garcialawgroupllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CMECF on this the 17th of April, 2024, which caused service to all counsel of record.

*/s/ Bryan C. Garcia*
Bryan C. Garcia