IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JAMES SPRINGER,**

        **Plaintiff,**

**v.**

        **Civil Action No. 1:23-cv-00499-MIS-JMR**

**SEVENTH JUDICIAL DISTRICT COURT,**
**MERCEDES MURPHY,**
**SHANNON MURDOCK-POFF, JASON JONES,**
**and SUSAN ROSSIGNOL,**

        **Defendants.**

## RESPONSE TO COURT'S ORDER TO SHOW CAUSE ECF DOC. NO. 111

COMES NOW, Plaintiff, through undersigned counsel, with his Response to the Order to Show Cause, ECF Doc. No. 111, and for his reasons states:

### REASONS SHOWING CAUSE

At the onset, Plaintiff wishes to emphasize that it is his deep concern that First Amendment Rights should not mean less nor violations of those civil rights be excused more, merely because the persons and entity violating civil rights are part of a state judiciary. Plaintiff has raised the concern that this Court is influenced by this external information previously in his Motion, Doc. 40 and because the Court's *sua sponte* action here that goes beyond simply examining immunities as provided for in *Hennessey v. Univ. of Kan. Hosp. Auth.*, 53 F.4th 516, 531 (10th Cir. 2022) and *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) to address matters not raised by the Defendants as part of their *third* Motion to Dismiss regarding individual capacity suits for injunctive relief under Section 1983 versus official capacity suits, he respectfully renews those concerns here. Namely, that the Court is pressing into the realm of advocacy instead of neutrally arbitrating the between the parties to the dispute, while having already shown greater deference to

1

the judicial defendants in the initial stages of this litigation. To reiterate, Plaintiff respectfully offers that this situation, a dispute between a private citizen and members of a state judiciary, requires more of the appearance of neutrality, not less, to maintain or to restore public confidence in the judicial branches of government, that may have been shaken here.

Before addressing the Court's concerns about immunities, Plaintiff turns to the concerns of individual capacity suits versus official capacity suits for injunctive relief to stop violations of civil rights under Section 1983. To begin with, the Court's point is well taken, but just as before if the Court wishes for amendment to correct this issue, Plaintiff will absolutely oblige now that the Court has put the need for amendment squarely at issue. Plaintiff is well aware that his claims against Seventh Judicial District Court and more specifically the members (judges or staff) thereof are proper defendants *only* for declaratory and injunctive relief pursuant to the Supreme Court's holding that:

> However, we have never held that judicial immunity absolutely insulates judges from declaratory or injunctive relief with respect to their judicial acts. The Courts of Appeals appear to be divided on the question whether judicial immunity bars declaratory or injunctive relief;[13] we have not addressed the question.[14]
> *736 **1977 We need not decide whether judicial immunity would bar prospective relief, for we believe that the Virginia Court and its chief justice properly were held liable in their enforcement capacities. As already indicated, § 54–74 gives the Virginia Court independent authority of its own to initiate proceedings against attorneys. For this reason the Virginia Court and its members were proper defendants in a suit for declaratory and injunctive relief, just as other enforcement officers and agencies were.

*Supreme Court of Virginia v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 735–36, 100 S. Ct. 1967, 1976–77, 64 L. Ed. 2d 641 (1980). Thus, because Mr. Springer is not suing because of a *decision made in a case before the Defendants*, the Supreme Court has concluded that Defendants, here, are proper defendants in their official capacity and Plaintiff will willingly amend his complaint to note that individual defendants are sued for their actions taken in their official

capacities for *only* declaratory and injunctive relief to halt the violations of his civil rights by these Defendants.

Likewise, the Supreme's Court decision noted above, also appears to be dispositive of this Court's concerns for judicial immunity. In *Supreme Court of Virginia*, the Supreme Court addressed concerns about the Virginia Supreme Court's regulation of the conduct of attorneys in that state. The Supreme Court, as noted in the cited passage above, found that regulation of the conduct of attorney's practicing before the Virginia courts, namely First Amendment advertising, was an *enforcement* action not a judicial action qualifying for absolute judicial immunity. Likewise, here, the Court has potentially identified, and Defendants have alleged that what animated the suppression of Plaintiff's rights to speech and press through administrative orders and exclusion from public hearings was the enforcement of decorum (First Amendment conduct of speech and press) of private citizens appearing in Defendants' courtrooms. There is patently no functional difference between the regulation of attorneys by members of the judiciary in the practice of law before the courts and the *enforcement* (if that is the actual reason for their actions versus ire towards the content of Plaintiff's speech and reporting) of rules of decorum on Plaintiff here.

Moreover, the important distinction at play here of a suit for declaratory and injunctive relief versus absolute judicial immunity from suit for damages was stressed in *Supreme Court of Virginia* stating that "[a]dhering to the doctrine of *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872), we have held that judges defending against § 1983 *735 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)." <u>Id.</u> at 734–35. The Supreme Court's consideration on *Stump* in *Supreme*

*Court of Virginia* is also helpful here because it marks the extension of the law to more analogous facts in a suit seeking only declaratory and injunctive relief in a more recent decision of the Supreme Court. (*Supreme Court of Virginia* is good law that is not questioned by any subsequent decision of the Supreme Court or the Tenth Circuit and supersedes the Court's cited cases). Plaintiff here is *not seeking damages* under Section 1983 for the individual Defendants' enforcement actions taken against him, *i.e.* excluding him from the building without chilling law enforcement escorts or excluding him from public hearings as punishment for an earlier minor violation of the rules requiring masking and prohibiting videotaping. Thus, based upon the Supreme Court's clear holding in *Supreme Court of Virginia*, Defendants here are not entitled to absolute judicial immunity for their enforcement actions taken to infringe upon Plaintiff's rights to speech and press as his suit is limited to declaratory and injunctive relief.

Finally, with regard to the Court's concerns over Eleventh Amendment immunity for the Seventh Judicial District Court, notably, the Court's concerns are focused on exception or waivers of the immunity under the New Mexico Tort Claims Act, but entirely misses the waiver of Eleventh Amendment immunity for violations of civil rights adopted by the Legislature in 2021 in the New Mexico Civil Rights Act stating:

> The state shall not have sovereign immunity for itself or any public body within the state for claims brought pursuant to the New Mexico Civil Rights Act, and the public body or person acting on behalf of, under color of or within the course and scope of the authority of the public body provided pursuant to the New Mexico Civil Rights Act shall not assert sovereign immunity as a defense or bar to an action.

NMSA 1978 § 41-4A-9. Thus, Mr. Springer is a person who "claims to have suffered a deprivation of any rights, privileges or immunities pursuant to the bill of rights of the constitution of New Mexico due to acts or omissions of a public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body [and he} may maintain an action to

4

establish liability and recover actual damages and equitable or injunctive relief in any New Mexico district court. NMSA 1978 § 41-4A-3. New Mexico has waived the sovereign immunity enshrined in the Eleventh Amendment and this Court, just like in Tort Claims Act claims may exercise supplemental jurisdiction to hear those claims arising under the same set of facts under 28 U.S.C.A. § 1367(a).

## **CONCLUSION**

For the foregoing reasons this Court should not dismiss the instant matter and should grant leave to Plaintiff to amend to sue the individual Defendants in their official capacities for declaratory and injunctive relief pursuant to Section 1983.

Respectfully submitted,

WESTERN AGRICULTURE, RESOURCE
AND BUSINESS ADVOCATES, LLP

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.
Jared R. Vander Dussen, Esq.
400 Gold Ave SW, Suite 1000
Albuquerque, NM 87102
(505) 750-3060
abdunn@ablairdunn-esq.com
warba.llp.jared@gmail.com


Zach Cook, LLC

*/s/ Zach Cook*
Zach Cook
1202 Sudderth # 425
Ruidoso, NM 88345
(575) 937-7644
zach@zachcook.com

CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2023, I filed the foregoing via the CM/ECF causing all parties of record to be served electronically.

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.