FILED
United States Court of Appeals
Tenth Circuit

October 31, 2024

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

JAMES SPRINGER,

    Plaintiff - Appellant,

v.

SEVENTH JUDICIAL DISTRICT COURT; MERCEDES MURPHY; SHANNON MURDOCK-POFF; JASON JONES; SUSAN ROSSIGNOL,

    Defendants - Appellees.

No. 24-2087
(D.C. No. 1:23-CV-00499-MIS-JMR)
(D. N.M.)

_____

**ORDER**
_____

Before **TYMKOVICH**, **CARSON**, and **FEDERICO**, Circuit Judges.
_____

    This matter is before us *sua sponte* to consider the court's jurisdiction over this appeal. *See Hill v. Vanderbilt Cap. Advisors, LLC*, 702 F.3d 1220, 1223 (10th Cir. 2012) (this court has "an independent duty to examine [its] own jurisdiction").

    The district court dismissed appellant James Springer's complaint. [ECF No. 114]. However, the district court expressly granted Mr. Springer leave to amend his complaint within 14 days. [*Id.* at 19]. Rather than amend his complaint within the allotted time, Mr. Springer appealed the district court's dismissal order. [ECF No. 115].

    This court entered an order directing Mr. Springer to show cause why appellate jurisdiction existed, given that an order that dismisses a plaintiff's complaint while

expressly granting leave to amend is not a final decision. *Moya v. Schollenbarger*, 465 F.3d 444, 451 (10th Cir. 2006). We have before us Mr. Springer's response to that order and the appellees' subsequent submission responding both to our order and Mr. Springer's response. For the reasons articulated below, we conclude that we lack jurisdiction to consider this appeal.

In *Moya*, we said that when a plaintiff would "rather appeal a non-final dismissal than amend the complaint . . . he should announce his election to stand on his pleading, let a final order or judgment be entered dismissing the action, and then appeal from that order or judgment." *Moya*, 465 F.3d at 451 n.9 (citation omitted).

Here, Mr. Springer filed his notice of appeal the same day the district court entered its order dismissing his complaint. He did not announce his intention to stand on his pleading, nor did he wait for the 14-day amendment window to close—either of which may have allowed the district court to enter a final order or judgment dismissing this action. The district court's order dismissing Mr. Springer's complaint but expressly providing leave to amend is not a final order. Consequently, it is not presently appealable, and we are without jurisdiction to consider this appeal.

**APPEAL DISMISSED.**

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk